UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Case No. **1:07-cv-00654 (RCL)** |
| PHILIPP HOLZMANN, A.G., | ) ) ) |
| WACHOVIA BANK, N.A., | ) ) ) |
| B. L. HARBERT INTERNATIONAL, LLC, | ) ) |
| SABBIA AKTIENGESELLSCHAFT, | ) ) ) |
| HARBERT INTERNATIONAL ESTABLISHMENT, INC., | ) ) ) |
| BILL L. HARBERT, SR., | ) ) ) |
| and | ) ) |
| BILLY HARBERT, JR., | ) ) |
| Defendants. | ) |

## DEFENDANT WACHOVIA BANK, N.A.'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wachovia Bank, N.A. ("Wachovia"), by counsel, respectfully moves that the Court dismiss Plaintiff's claims against Wachovia on the grounds that Plaintiff fails to state a claim upon which relief can be granted.

The grounds for this motion are fully set forth in the accompanying Statement of Points and Authorities in Support of Defendant Wachovia Bank, N.A.'s Motion to Dismiss. Wachovia has also attached a Proposed Order for the Court's consideration.

-2-

                                               **WACHOVIA BANK, N.A.**

                                               By: _____
                                                              Counsel

Mark B. Bierbower (D.C. Bar #320861)
Dianne M. Keppler (D.C. Bar #468580)
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500
(202) 778-2201 (fax)

Brent L. VanNorman (VA Bar #45956)
**HUNTON & WILLIAMS LLP**
500 E. Main Street, Suite 1000
Norfolk, Virginia 23510
(757) 640-5300
(757) 625-7720 (fax)

-3-

## CERTIFICATE OF SERVICE

I do hereby certify that on this 11th day of June, 2007, I sent copies of the foregoing **DEFENDANT WACHOVIA BANK, N.A.'S MOTION TO DISMISS** and the attached **STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WACHOVIA BANK, N.A.'S MOTION TO DISMISS** and **PROPOSED ORDER** to be served via First Class Mail, postage prepaid, upon the following:

Dr. Hoda Elemary
21 Lo Conte
Laguna Niguel, California 92677

*Plaintiff, Pro Se*

Roger S. Goldman, Esq.
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

*Counsel for Defendants B.L. Harbert International, LLC, Harbert International Establishment, Inc., Bill L. Harbert, Sr. and Billy Harbert Jr.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. **1:07-cv-00654 (RCL)** |
| ) | |
| PHILIPP HOLZMANN, A.G., ) | |
| ) | |
| WACHOVIA BANK, N.A., ) | |
| ) | |
| B. L. HARBERT INTERNATIONAL, LLC, ) | |
| ) | |
| SABBIA AKTIENGESELLSCHAFT, ) | |
| ) | |
| HARBERT INTERNATIONAL ) | |
| ESTABLISHMENT, INC., ) | |
| ) | |
| BILL L. HARBERT, SR., ) | |
| ) | |
| and ) | |
| ) | |
| BILLY HARBERT, JR., ) | |
| ) | |
| Defendants. ) | |

STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT
<u>WACHOVIA BANK, N.A.'S MOTION TO DISMISS</u>

I.     PRELIMINARY STATEMENT

Wachovia Bank, N.A. ("Wachovia") has been sued by *pro se* Plaintiff Dr. Hoda Elemary ("Plaintiff") in the above-captioned matter. Plaintiff's Complaint, however, fails to state a claim upon which relief can be granted. Accordingly, under Federal Rule of Civil Procedure 12(b)(6), the Complaint against Wachovia should be dismissed.

## II. FACTUAL BACKGROUND

1. Dr. Hoda Elemary is a *pro se* plaintiff alleging that this Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. See Complaint ¶ 1.

2. In the caption, Plaintiff names seven defendants, including: Philipp Holzmann A.G.; Wachovia; B.L. Harbert International, LLC ("HILLC"); Sabbia Aktiengesellschaft ("Sabbia"); Harbert International Establishment, Inc.; Bill L. Harbert, Sr.; and Billy Harbert, Jr.

3. The vast majority of allegations contained in the Complaint are directed at Bill L. Harbert, Sr. and Billy Harbert, Jr.

4. Outside of the caption of the case, Wachovia, and its predecessor in interest South Trust Bank,[1] are referenced in only eight paragraphs of the Complaint (out of 104 total paragraphs). These references, in their entirety, are as follows:

- [D]efendant WACHOVIA BANK, N.A. is a national banking association having its designated main office in the State of North Carolina. Complaint ¶ 1.

- Plaintiff and Senator Dole were successful in . . . b) extending by three years the DOJ's prosecution of the False Claims Case, thereby enabling Mr. Harbert Sr. to retain in his South Trust Bank stock portfolio $56 million (the lesser amount requested by the government) in South Trust Bank shares, which more than doubled in value immediately after Wachovia Bank, N.A. acquired South Trust Bank. Complaint ¶ 25.

- Mr. Harbert Sr. organized a phantom equipment-leading [sic] transaction in which Sabbia would purport to make lease payments to South Trust Bank in Birmingham, Alabama in respect of equipment which was never, in fact, purchased. Complaint ¶ 91.

- During the period September, 1989 to December, 1992, payments aggregating in excess of $4,000,000 were wired by Sabbia from Contrade Ormond, Burrus Banque Privee SA Geneve in Geneva, Switzerland (the "Originating Bank") to South Trust Bank in Birmingham, Alabama (the "Receiving Bank"). Complaint ¶ 92.

---

[1] Further references to Wachovia include South Trust Bank, which was acquired by Wachovia subsequent to many of the events described in the Complaint.

- Each of the amounts transferred in the aforesaid wire transfers from the Originating Bank to the Receiving Bank therefore constitute "the proceeds of specified unlawful activity" within the meaning of 18 U.S.C. § 1956(a)(1). Complaint ¶ 95.

- Defendant was aware that the amounts being transferred from the Originating Bank to the Receiving Bank represented "the proceeds of some form of unlawful activity," to wit, the phantom equipment-leasing scheme, within the meaning of 18 U.S.C. § 1956(a)(1). Complaint ¶ 96.

- The receipt by the Receiving Bank of each of the amounts being transferred from the Originating Bank constituted a "financial transaction" within the meaning of 18 U.S.C. § 1956(c)(4)(A)(i). Complaint ¶ 97.

- During the relevant times, the conducting by Defendant of the wire transfers from the Originating Bank to the Receiving Bank, as stated herein in paragraphs 91-93, therefore constituted in each case the laundering of monetary instruments, as proscribed and prohibited by 18 U.S.C. § 1956(a)(1)(A). Complaint ¶ 99.

5.   The Complaint contains seven "Causes of Action" directed "against" specific defendants, as summarized in the table below.[2] None of the Causes of Action are directed "against" Wachovia.

|   | Cause of Action | "Against" Defendants |
|---|---|---|
| 1. | Interference with Prospective Economic Advantage | HILLC, Billy Harbert Jr. |
| 2. | Breach of Contract | Mr. Harbert Sr. |
| 3. | Quantum Meruit | Mr. Harbert Sr. |
| 4. | Termination in Violation of Public Policy | Mr. Harbert Sr. |
| 5. | Suppression of Facts (Fraud) | Holzmann, HILLC, Sabbia Bilhar,[3] Mr. Harbert Sr., |

---

[2] Under each of her seven Causes of Action, Plaintiff includes a subheading in which she identifies the party or parties against whom the cause of action presumably pertains. Each of these subtitles begins with the word "Against" followed by the party's (or parties') name.

[3] Wachovia is unsure what entity is being referenced by the abbreviation "Bilhar," but without question, the abbreviation does not refer to either Wachovia or South Trust Bank.

|   |   | Billy Harbert Jr. |
|---|---|---|
| 6. | Violation of 18 U.S.C. § 1964 (Civil RICO) | Billy Harbert Jr. |
| 7. | Violation of 18 U.S.C. § 1964 (Civil RICO) | Mr. Harbert Sr. |

### III.  ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of an action where the Complaint fails "to state a claim upon which relief can be granted." "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim." *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 151 (D.D.C. 2007). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The court must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor." *Id.* at 151-52 (citing *Marcharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003)). When analyzing a Rule 12(b)(6) motion, a court should consider only the facts alleged in the complaint, documents attached as exhibits, and matters upon which the court can take judicial notice. *Id.* at 152 (citation omitted).

At no point in the Complaint does the Plaintiff here allege that Wachovia acted in any manner that was improper, illegal or tortious. Plaintiff never suggests that Wachovia had even the slightest awareness of the numerous illegal and insidious acts Plaintiff accuses Mr. Harbert, Sr. and Billy Harbert, Jr. of performing. All of Wachovia's acts, as alleged in the Complaint, were merely acts performed by financial institutions in the ordinary course of lawfully

conducting business (e.g., acquiring another bank, receiving money for customers via wire transfers, etc.). Further, no set of reasonable inferences from the Complaint implicate Wachovia.

While Plaintiff named Wachovia as one of seven defendants, Plaintiff did not include Wachovia in any of her seven Causes of Action. And for good reason—Wachovia was not involved in any improper conduct. Moreover, it does not appear that Wachovia is a necessary party for purposes of obtaining the requested relief. As such, keeping Wachovia in this case will simply increase the costs for everyone involved and will benefit no one. Under Rule 12(b)(6), Plaintiff's Complaint against Wachovia should be dismissed.

## IV. CONCLUSION

As discussed above, Plaintiff has failed to state a cause of action upon which relief can be granted. Wachovia respectfully asks that the Court dismiss it as a defendant in this matter.

WACHOVIA BANK, N.A.

By: _____
Counsel

Mark B. Bierbower (D.C. Bar #320861)
Dianne M. Keppler (D.C. Bar #468580)
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500
(202) 778-2201 (fax)

Brent L. VanNorman (VA Bar #45956)
**HUNTON & WILLIAMS LLP**
500 E. Main Street, Suite 1000
Norfolk, Virginia 23510
(757) 640-5300
(757) 625-7720 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. **1:07-cv-00654 (RCL)** |
| | ) |
| PHILIPP HOLZMANN, A.G., | ) |
| | ) |
| WACHOVIA BANK, N.A., | ) |
| | ) |
| B. L. HARBERT INTERNATIONAL, LLC, | ) |
| | ) |
| SABBIA AKTIENGESELLSCHAFT, | ) |
| | ) |
| HARBERT INTERNATIONAL ESTABLISHMENT, INC., | ) |
| | ) |
| BILL L. HARBERT, SR., | ) |
| | ) |
| and | ) |
| | ) |
| BILLY HARBERT, JR., | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING
<u>WACHOVIA BANK, N.A.'S MOTION TO DISMISS</u>**

For the reasons set forth in the Wachovia Bank, N.A.'s Motion to Dismiss and its accompanying Statement of Points and Authorities, it is hereby ORDERED that Plaintiff's Complaint against Wachovia Bank, N.A. in the above-captioned matter be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Clerk shall see to the entry of this Order and send copies thereof to counsel of record as specified on the attached list by regular mail.

It is so ORDERED.

Entered: _____           _____
                                     United States District Judge

-2-

Below are the addresses of counsel of record and the *Pro Se* Plaintiff for copies of the Order Granting Wachovia Bank N.A.'s Motion to Dismiss to be mailed:

Mark B. Bierbower
Dianne M. Keppler
**HUNTON & WILLIAMS, LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109

Brent L. VanNorman
**HUNTON & WILLIAMS LLP**
500 E. Main Street, Suite 1000
Norfolk, Virginia 23510

*Counsel for Wachovia Bank, N.A.*

Dr. Hoda Elemary
21 Lo Conte
Laguna Niguel, California 92677

*Plaintiff, Pro Se*

Roger S. Goldman, Esq.
**LATHAM & WATKINS LLP**
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

*Counsel for Defendants B.L. Harbert International, LLC, Harbert International Establishment, Inc., Bill L. Harbert, Sr. and Billy Harbert Jr.*