**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DR. HODA ELEMARY,

　　　　　　　　Plaintiff,

　　　　　v.

PHILIPP HOLZMANN A.G.; WACHOVIA BANK,
N.A.; B.L. HARBERT INTERNATIONAL, LLC;
SABBIA AKTIENGESELLSCHAFT; HARBERT
INTERNATIONAL ESTABLISHMENT, INC.; BILL
L. HARBERT, SR.; AND BILLY HARBERT, JR.,

　　　　　　　　Defendants.

NO: 1:07-cv-00654-RCL

Hon. Royce C. Lamberth

Oral Argument Requested

**MOTION OF DEFENDANTS BILL L. HARBERT, SR. AND HARBERT
INTERNATIONAL ESTABLISHMENT, INC. TO DISMISS**

Pursuant to Rules 12(b)(2) and 12(b)(3) of the Rules of Civil Procedure, Defendant

Harbert International Establishment, Inc. ("HIE, Inc.") hereby respectfully moves to dismiss

Plaintiff's Fifth Cause of Action for lack of personal jurisdiction and improper venue.

Defendants Bill L. Harbert, Sr. and HIE, Inc. also hereby respectfully move to dismiss Plaintiff's

Fourth, Fifth and Seventh Causes of Action for failure to state a claim upon which relief can be

granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this Motion,

Defendants submit the accompanying Memorandum of Law and [Proposed] Order.

Dated:  June 27, 2007

Respectfully submitted,

　_/s/ Roger S. Goldman_____
Roger S. Goldman
(D.C. Bar No. 333294)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: roger.goldman@lw.com

Of Counsel:
Matthew H. Lembke
    (*pro hac vice* pending)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Attorneys for Bill L. Harbert, Sr. and
Harbert International Establishment, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DR. HODA ELEMARY,

        Plaintiff,

    v.

PHILIPP HOLZMANN A.G.; WACHOVIA BANK,
N.A.; B.L. HARBERT INTERNATIONAL, LLC;
SABBIA AKTIENGESELLSCHAFT; HARBERT
INTERNATIONAL ESTABLISHMENT, INC.; BILL
L. HARBERT, SR.; AND BILLY HARBERT, JR.,

        Defendants.

NO: 1:07-cv-00654-RCL

Hon. Royce C. Lamberth

Oral Argument Requested

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION OF DEFENDANTS BILL L. HARBERT, SR.**
**AND HARBERT INTERNATIONAL ESTABLISHMENT, INC. TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ...........................................................................................................1

PROCEDURAL BACKGROUND...................................................................................1

ARGUMENT ..................................................................................................................4

I.      PERSONAL JURISDICTION OVER HIE, INC. IS NOT PRESENT. ...............................4

II.     PLAINTIFF CANNOT SHOW THAT THE DISTRICT OF COLUMBIA IS A
        PROPER VENUE FOR HER CLAIM AGAINST HIE, INC. UNDER 28 U.S.C.
        § 1391..................................................................................................................6

III.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED AGAINST MR. HARBERT, SR. OR HIE, INC. ...........................7

        A.      Standard of Review................................................................................7

        B.      Plaintiff Fails to State a Claim for Termination in Violation of Public
                Policy Against Mr. Harbert, Sr. ..............................................................8

        C.      Plaintiff Fails To State A Claim For Suppression Of Facts (Fraud) Against
                Mr. Harbert, Sr. Or HIE, Inc..................................................................10

        D.      Plaintiff Fails to State a Civil RICO Claim Against Mr. Harbert, Sr. ....11

CONCLUSION..............................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Adams v. George W. Cochran & Co.*,
   597 A.2d 28 (D.C. 1991) ................................................................................................9

*Anderson v. USAA Cas. Ins. Co.*,
   221 F.R.D. 250 (D.D.C. 2004) ......................................................................................11

*Bell Atlantic Corp. v. Twombly*,
   127 S.Ct. 1955 (May 21, 2007) ...................................................................................7, 8

*Bowie v. Gonzales*,
   433 F. Supp. 2d 24  (D.D.C. 2006) ...............................................................................8

*Center for Law and Educ. v. Dept. of Educ.*,
   396 F.3d 1152 (D.C. Cir. 2005) ....................................................................................8

*Community for Creative Non-Violence v. Reid*,
   490 U.S. 730 (1989) ......................................................................................................9

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ......................................................................................7

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ......................................................................................7

*Elemary v. Harbert*,
   No. CV06-4723 RGK (PJWx) (C.D. Cal. Feb. 28, 2007) ............................................2

*Elemary v. Harbert*,
   No. CV06-4723 RGK (PJWx) (C.D. Cal. filed July 28, 2006) ....................................2

*Elemary v. Harbert*,
   No. CV06-4723 RGK (PJWx) (C.D. Cal. filed Oct. 30, 2006) ....................................3

*Elemary v. Harbert*,
   No. SC094189 (L.A. Super. Ct. filed June 8, 2007) ....................................................4

*Elemary v. Philip Holzmann A.G.*,
   No. 1:07-cv-654 (D.D.C. filed Apr. 10, 2007) ............................................................3

*Elemary v. Steering*,
   No. BC370218 (L.A. Super. Ct. filed Apr. 27, 2007) ..................................................3

*Glenn v. First Nat. Bank in Grand Junction*,
   868 F.2d 368 (10th Cir. 1989) ....................................................................................12

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
   199 F.3d 1343 (D.C. Cir. 2000) ....................................................................................6

*Gustave-Schmidt v. Chao*,

226 F. Supp. 2d 191 (D.C. 2002)…………………………………………………………7

*Hicks v. Ass'n of Am. Medical Colleges*,
   Civil Action No. 07-00123(ESH), 2007 WL 1577841 (D.D.C. May 31, 2007) ...............7

*Howard v. Wolff Broadcasting Corp.*,
   611 So. 2d 307 (Ala. 1992) .......................................................................................8

*Int'l Shoe v. Washington*,
   326 U.S. 310 (1945) .................................................................................................6

*Khajavi v. Feather River Anesthesia Medical Group*,
   84 Cal. App. 4th 32 (2000) ......................................................................................9

*King v. Kitchen Magic Inc.*,
   391 A.2d 1184 (D.C. App. 1978) ............................................................................10

*Kowal*,
   16 F.3d at 1276 .......................................................................................................8

*Lerner v. Fleet Bank, N.A.*,
   318 F.3d 113 (2d Cir. 2003) ...................................................................................12

*Mason v. African Dev. Found.*,
   355 F. Supp. 2d 85 (D.D.C. 2004)..........................................................................10

*Nationwide Mutual Ins Co v. Darden*,
   503 U.S. 318 (1992) .................................................................................................9

*Nix v. Hoke*, 62
   F. Supp. 2d 110 (D.D.C. 1999).......................................................................11, 12,
   13

*Scheck v. Gen. Elec. Corp.*,
   No. 91-1594, 1992 WL 13219 (D.D.C. Jan. 7, 1992) ....................................................11

*Sedima, S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 (1985) ...............................................................................................12

*Smith v. Hope Village, Inc.*,
   481 F. Supp. 2d 172, 207 n.28 (D.D.C. 2007)………………………………………………8

*Weinbaum v. Goldfarb, Whitman & Cohen*,
   46 Cal. App. 4th 1310 (1996) ...................................................................................9

*Whitfield v. Corp. for Pub. Broadcasting*,
   No. 90-1960 (JHG), 1990 WL 204695 (D.D.C. Nov. 30, 1990)......................................11

*Wright v. Dothan Chrysler Plymouth Dodge, Inc.*,
   658 So. 2d 428 (Ala. 1995) ......................................................................................8

*Wright v. Towns*,
   No. 90-0565(JHG), 1991 WL 100388 (D.D.C. May 30, 1991) .........................................11

*Zhengxing v. Nathanson*,
  215 F. Supp. 2d 114 (D.D.C. 2002), *aff'd*, 2002 U.S. Dist. LEXIS 27293 ......................9, 10

## STATUTES

18 U.S.C. § 1962(c) .................................................................................................................12

18 U.S.C. § 1964(c) .................................................................................................................11

28 U.S.C. § 1391 .......................................................................................................................6

28 U.S.C. § 1391(a) ...............................................................................................................1, 6

28 U.S.C. § 1391(a)(1) ..............................................................................................................6

28 U.S.C. § 1391(a)(2) ..............................................................................................................7

28 U.S.C. § 1391(a)(3) ..............................................................................................................7

D.C. Code § 12-301 .................................................................................................................10

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(2)..............................................................................................................1

Fed. R. Civ. P. 12(b)(3)..............................................................................................................1

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 7

Fed. R. Civ. P. 9(b)..............................................................................................................1, 11

## INTRODUCTION

Defendants Bill L. Harbert, Sr. ("Mr. Harbert, Sr.") and Harbert International Establishment, Inc. ("HIE, Inc.") hereby respectfully move this Court to dismiss them as Defendants under Plaintiff Hoda Elemary's Complaint (the "Complaint"). This Court lacks personal jurisdiction over Defendant HIE, Inc., which has had no contacts with the District of Columbia. Fed. R. Civ. P. 12(b)(2). Even if jurisdiction could be exercised over Defendant HIE, Inc., the District of Columbia is an improper venue for this action because none of the events that give rise to Plaintiff's claims against HIE, Inc. occurred within this District. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391(a). The Complaint also fails to state a claim upon which relief can be granted against Mr. Harbert, Sr. or HIE, Inc.. The Complaint fails to plead sufficient facts (and, with respect to Plaintiff's Fraud claim, with anywhere near the requisite particularity) to satisfy the necessary elements of Plaintiff's Termination in Violation of Public Policy, Suppression of Facts (Fraud), and Civil RICO claims. Plaintiff has failed to satisfy the requirements of Rules 9(b) and 12(b)(6) with respect to these claims, and this Court should dismiss Mr. Harbert, Sr. as a Defendant under Plaintiff's Fourth, Fifth, and Seventh Causes of Action, and HIE, Inc. as a Defendant under Plaintiff's Fifth Cause of Action.[1]

## PROCEDURAL BACKGROUND

In a spree of repetitive and overlapping litigation, Plaintiff has now filed *four* lawsuits surrounding her purported termination as a "Case Manager" by Mr. Harbert, Sr. Although this is the first time Plaintiff has appeared as a party before this Court, she has made nearly identical claims against Mr. Harbert, Sr., co-Defendant Billy Harbert, Jr. ("Mr. Harbert, Jr."), and other Harbert-related individuals and entities in at least two other actions, spinning a bewildering tale

---

[1] Mr. Harbert, Sr. and HIE, Inc. also incorporate herein the related facts and arguments contained in the Motion of Defendants Billy Harbert, Jr. and B.L. Harbert International, LLC to Dismiss, filed contemporaneously herewith.

filled with wild claims of irrelevant self-importance, Compl. ¶ 4 ("A majority of the United

States Senators . . .have credited Plaintiff with playing a pivotal role in lobbying Congress to

support Operation Desert Storm . . . ."), and outlandish accusations.  *See id.* ¶ 20 (accusing

Defendants of seeking "a rogue Federal Bureau of Investigation agent to . . . 'terminate'

[Plaintiff] for a lofty price . . . .").  (Indeed, in recent correspondence, Plaintiff's counsel has

gone so far as to assert that Plaintiff "used her influence and contacts to secure a ruling from the

District Court that dismissed Mr. Harbert from the False Claims Case.")[2]  These lawsuits are part

of Plaintiff's continuing effort to harass Defendants with nonstop frivolous litigation.

In July 2006, Plaintiff filed in the Central District of California a nearly identical

complaint, raising nearly identical claims, against Mr. Harbert, Sr. and twenty-one other

defendants—including co-Defendants Mr. Harbert, Jr., HILLC, Wachovia Bank, N.A., Sabbia

Aktiengessellschaft, and HIE, Inc., and no fewer than nine attorneys and law firms.  *Elemary v.

Harbert*, No. CV06-4723 RGK (PJWx) (C.D. Cal. filed July 28, 2006).  Because the majority of

events on which Plaintiff based her claims took place in Alabama, Mr. Harbert, Jr. and several

other defendants in that suit moved to transfer the case to the United States District Court for the

Northern District of Alabama.  Court granted the motion on February 28, 2007.  Compl. ¶ 5.[3]  By

that time, Plaintiff had filed a *second* lawsuit in that court, seeking liquidated damages purportedly

triggered by the filing of the motion to transfer and personal jurisdiction challenges by Mr. Harbert,

Jr. and other defendants.[4]  Mr. Harbert, Jr. and Mr. Harbert, Sr. are contemporaneously filing

---

[2] *See* Letter from Brain J. Jacobs to Yasmin N. Best et al., dated June 14, 2007 (attached as Exhibit 1 to Certain Defendants' Request for Judicial Notice, filed concurrently herewith).

[3] *See* Civil Minutes, *Elemary v. Harbert*, No. CV06-4723 RGK (PJWx) (C.D. Cal. Feb. 28, 2007) (attached as Exhibit 2 to Certain Defendants' Request for Judicial Notice, filed concurrently herewith).

[4] *See* Complaint, *Elemary v. Harbert*, No. SA CV07-0217 RGK (PJWx) (C.D. Cal. filed Feb. 20, 2007) (attached as Exhibit 3 to Certain Defendants' Request for Judicial Notice, filed

motions to dismiss that case.

Refusing to accept the Central District of California's determination that her claims properly belong in Alabama, Plaintiff quickly dismissed the complaint after her initial suit was transferred.  Compl. ¶ 5.  She then filed the instant action—Plaintiff's *third* lawsuit—in this Court against Mr. Harbert, Sr., Mr. Harbert, Jr., and several Harbert-related entities she had previously joined as defendants in the now-dismissed suit.[5]  The seven-count Complaint in this case contains nearly identical claims and allegations as Plaintiff's original (and now-dismissed) complaint.[6]

Apparently not satisfied with having previously filed three lawsuits, Plaintiff filed a *fourth* on April 27, 2007 in the Superior Court of the State of California for the County of Los Angeles.[7]  Instead of naming the same defendants whom she named in her prior complaints, however, Plaintiff this time brought suit against only three named defendants—Mr. Harbert, Sr., Mr. Harbert, Jr., and Jerry L. Steering—and twenty-five other "Doe" defendants.  On June 5, 2007, Mr. Harbert, Jr. and Mr. Harbert, Sr. removed the case to the Central District of California, on the grounds that Defendant Steering was fraudulently joined and the court had diversity jurisdiction.  Mr. Harbert, Sr. and Mr. Harbert, Jr. have filed motions to dismiss and to transfer that case to the Northern District of Alabama, which are currently pending before the court.

Plaintiff was still not through filing lawsuits against the Harbert family.  Plaintiff's *fifth* complaint was filed on June 8, 2007 in the Superior Court of the State of California for the

concurrently herewith).

[5] Plaintiff also for the first time joined Philipp Holzmann A.G. as a co-Defendant in this case.

[6] *Compare* Complaint for Damages, *Elemary v. Philip Holzmann A.G.*, No. 1:07-cv-654 (D.D.C. filed Apr. 10, 2007), *with* First Amended Complaint for Damages, *Elemary v. Harbert*, No. CV06-4723 RGK (PJWx) (C.D. Cal. filed Oct. 30, 2006) (attached as Exhibit 4 to Certain Defendants' Request for Judicial notice, filed concurrently herewith).

[7] *See* Complaint, *Elemary v. Steering*, No. BC370218 (L.A. Super. Ct. filed Apr. 27, 2007) (attached as Exhibit 5 to Certain Defendants' Request for Judicial Notice, filed concurrently herewith).

County of Los Angeles.[8]  In that action, Plaintiff brought suit only against Mr. Harbert, Sr., alleging this time that she and Mr. Harbert, Sr. have been secretly married for the last fifteen years and demanding money for various alleged slights by Mr. Harbert, Sr.  That case remains pending in California state court.

Plaintiff's actions in the eleven months that have elapsed since she first filed suit against Mr. Harbert, Sr. and Mr. Harbert, Jr. demonstrate a cavalier disregard for the judicial process and a singular obsession with avoiding proper venue for her claims.  She has now filed some four actions in two federal courts and one state court related to her alleged claims.  This abuse of the legal system, which has imposed substantial costs on the various Defendants, should not be countenanced or allowed to continue.  To the extent that Plaintiff has valid claims, which Defendants deny, they obviously should be litigated in a single forum.  As Judge Klausner in the Central District of California already concluded, the appropriate forum is the Northern District of Alabama.  Mr. Harbert, Sr., Mr. Harbert, Jr., HILLC, and HIE, Inc. today are filing a motion to transfer this case to the Northern District of Alabama concurrently with their respective Motions to Dismiss.  This Court should curb Plaintiff's abuse of the courts and grant Defendants' Motion to Transfer.  In the alternative, this Court should dismiss Plaintiff's claims against Defendants Bill L. Harbert, Sr. and HIE, Inc., for the reasons stated below.

## ARGUMENT

## I.     PERSONAL JURISDICTION OVER HIE, INC. IS NOT PRESENT.

In the interest of brevity, Defendant HIE, Inc. hereinafter relies on the legal principles and arguments relating to personal jurisdiction set forth in the Motion of Defendants Billy L. Harbert, Jr. and B.L. Harbert International, LLC to Dismiss (the "Harbert, Jr./HILLC Motion"),

---

[8] Complaint for Damages, *Elemary v. Harbert*, No. SC094189 (L.A. Super. Ct. filed June 8, 2007) (attached as Exhibit 12 to Certain Defendants' Request for Judicial Notice).

4

filed contemporaneously herewith.  Therefore, rather than repeating the law as set forth in the

Harbert, Jr./HILLC Motion, only the facts relevant to HIE, Inc., and the legal conclusions that

follow from those facts, will be provided herein.

Nowhere in Plaintiff's Complaint does she even attempt to provide any basis for this

Court to exercise personal jurisdiction over HIE, Inc..  Instead, she vaguely alleges that

"jurisdiction" is generally proper in this District because of a purported agreement between her

and Mr. Harbert, Sr., in which they purportedly "expressly conveyed their will for jurisdiction

and venue" to be proper in the Central District of California.  Compl. ¶ 4.  Plaintiff further

alleges that she and Mr. Harbert, Sr. executed a letter on January 7, 2004, in which they "agreed

that the proper and second choice for venue is the United States District Court for the District of

Columbia."  *Id.*  However, Plaintiff does not attach this letter to her Complaint, and she fails to

explain how this "letter" could have bound HIE, Inc., when it is clear from the context of her

allegations that she and Mr. Harbert, Sr. were the only alleged parties to the letter.  *Id.*

Under the legal principles discussed in the Harbert, Jr./HILLC Motion, Plaintiff has

failed to establish that HIE, Inc. is subject to personal jurisdiction in the District of Columbia.

HIE, Inc. neither is incorporated in the District of Columbia nor maintains its principal place of

business in the District.  *See* Compl. ¶ 1.  Accordingly, as a non-resident of this District, HIE,

Inc. must have some minimum contacts with this forum before this Court may exercise

jurisdiction over it.

As an initial matter, a review of the Complaint suggests that Plaintiff may be confused

about the identity of HIE, Inc..  Plaintiff identifies HIE, Inc. in her Complaint as "a Liechtenstein

corporation having its principal place of business in the Swiss Confederation."  Compl. ¶ 1.  In

fact, HIE, Inc. is an Alabama corporation with its principal place of business in Alabama.  *See*

Declaration of Billy Harbert, Jr. ("Harbert Decl.") ¶ 9 (filed concurrently herewith) & Exh. A

(Corporate Details from the Alabama Secretary of State showing HIE, Inc.'s place of

incorporation to be Jefferson County, Alabama, attached hereto).[9]  In any event, HIE, Inc. is a

"shelf" corporation—that is, after it was formed in 1999, it was figuratively put on a shelf and is

maintained solely for purposes of preserving that corporate name.  *Id.* at ¶ 10.  In this regard,

HIE, Inc. has never conducted any business *at all*, in the District of Columbia or elsewhere.  *Id.*

Because HIE, Inc. has had *no* contacts whatever with this forum, the exercise of jurisdiction over

this entity clearly would be inappropriate.  *See, e.g.*, *GTE New Media Servs. Inc. v. BellSouth*

*Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316

(1945)).

## II.  PLAINTIFF CANNOT SHOW THAT THE DISTRICT OF COLUMBIA IS A PROPER VENUE FOR HER CLAIM AGAINST HIE, INC. UNDER 28 U.S.C. § 1391.

As with its personal jurisdiction arguments, HIE, Inc. hereinafter will rely on the legal

principles and arguments relating to venue set forth in the Harbert, Jr./HILLC Motion.  *See*

Harbert, Jr./HILLC Motion at 14–31.  In the interest of brevity, only the facts relevant to HIE,

Inc., and the legal conclusions that follow from those facts, will be provided herein.

Even if a District of Columbia court could exercise personal jurisdiction over HIE, Inc.,

the District of Columbia is not a proper venue for the claim brought by Plaintiff against HIE, Inc.

in this action.  As noted in the Harbert, Jr./HILLC Motion, venue for this action is governed by

28 U.S.C. § 1391(a), which sets out three possible methods for establishing venue.  Harbert,

Jr./HILLC Motion at 12-13.

Subsection (a)(1) of 1391 Section 1391 is inapplicable here for the same reasons as those

---

[9] Such records for corporations incorporated or registered in Alabama can be found at the Alabama Secretary of State's website, located at http://www.sos.state.al.us/sosinfo_vb/ inquiry.aspx?area=Corporations.

provided in the Harbert, Jr./HILLC Motion.  *Id.* at 13.  Subsection (a)(2) also provides no basis

to establish venue in this District for Plaintiff's claims against HIE, Inc.  A review of Plaintiff's

allegations makes clear that none of the events on which she bases her claim against HIE, Inc.

took place in the District of Columbia.  Therefore, Plaintiff has failed to satisfy Subsection

1391(a)(2)'s requirement that "a substantial part of the events or omissions giving rise to" her

claims against Moving Defendants occurred in this District, and venue is accordingly not proper

here under that subsection for those claims.  The fallback provision of Subsection 1391(a)(3) is

inapplicable here for the same reasons as discussed in the Harbert, Jr./HILLC Motion: The

Northern District of Alabama would be an appropriate venue under Section 1391(a)(2).  Harbert,

Jr./HILLC Motion at 14.

Because venue is not proper in the District of Columbia for Plaintiff's claim against HIE,

Inc., this Court should dismiss HIE, Inc. from this action.

## III.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST MR. HARBERT, SR. OR HIE, INC.

### A.    Standard of Review

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim upon which relief can be granted if it does not plead "enough facts to state

a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955,

1974 (May 21, 2007); *accord Hicks v. Ass'n of Am. Medical Colleges*, No. 07-00123(ESH), 2007

WL 1577841, *2 (D.D.C. May 31, 2007).  When assessing a motion to dismiss pursuant to Rule

12(b)(6), a court may consider the factual allegations in the complaint, any documents attached

to or incorporated in the complaint, and matters appropriate for judicial notice.  *See Gustave-*

*Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.C. 2002).  The Court "must accept as true all facts

alleged by the nonmoving party and must draw all inferences in favor of the nonmoving party."

*Center for Law and Educ. v. Dept. of Educ.*, 396 F.3d 1152, 1156 (D.C. Cir. 2005). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). To the contrary, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do; instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. 1955, 1965 (2007). [10]

### B. Plaintiff Fails to State a Claim for Termination in Violation of Public Policy Against Mr. Harbert, Sr.

Under District of Columbia law, "wrongful termination in violation of a clear public policy is an exception to the traditional at-will employment doctrine" that an employer may discharge an employee for any reason, at any time. *Bowie v. Gonzales*, 433 F. Supp. 2d 24 , 30 (D.D.C. 2006). Because Plaintiff fails to plead any facts demonstrating that she had *any* type of employment relationship with Mr. Harbert, Sr.—a necessary predicate to her claim for Termination in Violation of Public Policy—this Court should dismiss Plaintiff's Fourth Cause of Action.[11] Furthermore, even if Plaintiff had sufficiently alleged that she was an employee of Defendant Bill Harbert, Sr., her claim should still be dismissed because she has failed to allege that her termination was related to any violation of public policy.

A claim for termination in violation of public policy is available only to an at-will

---

[10] Mr. Harbert, Sr. and HIE, Inc. assert that under District of Columbia choice of law rules, Alabama law would apply to Plaintiff's claims. *See, e.g., Smith v. Hope Village, Inc.*, 481 F. Supp. 2d 172, 207 n.28 (D.D.C. 2007). For purposes of this Motion, however, Mr. Harbert, Sr. and HIE, Inc. assume that District of Columbia law applies.

[11] This claim would also be subject to dismissal under Alabama law because Alabama does not recognize the tort of termination in violation of public policy, except in limited situations not present here. *See Wright v. Dothan Chrysler Plymouth Dodge, Inc.*, 658 So. 2d 428, 431 (Ala. 1995); *Howard v. Wolff Broadcasting Corp.*, 611 So. 2d 307, 312-13 (Ala. 1992).

employee against an employer.  *See*, *e.g.*, *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C. 1991) ("[A] discharged at-will employee may sue his or her former employer for wrongful discharge); *see also Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 53 (2000) ("As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy.") (quoting *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal. App. 4th 1310, 1315 (1996)).  Because Plaintiff alleges no facts showing that she was Mr. Harbert, Sr.'s at-will employee, she has state a claim for termination in violation of public policy.

The so-called "September 21 Agreement" on which Plaintiff relies certainly does not on its face establish an employment relationship.  Simply titled "Agreement," it states that its purpose "is to confirm the parties' relevant prior agreements on *key issues* and to establish *a forum* to transact their business and communicate more efficiently . . . ."  Compl. Ex. C (emphasis added).  Indeed, neither the agreement nor the nature of Plaintiff's work as alleged in the Complaint bears any indicium of an employment agreement.  *See*, *e.g.*, *Zhengxing v. Nathanson*, 215 F. Supp. 2d 114, 117-18 (D.D.C. 2002), *aff'd*, 2002 U.S. Dist. LEXIS 27293.[12] The agreement, for example, does not provide for the type of benefits (such as life or health insurance) that an employer often provides.  The contract purports to establish a "forum" for transacting business and communicating, but otherwise does not restrict Plaintiff from availing herself of other professional opportunities.  Indeed, it does not even purport to call itself an employment agreement; the handwritten note above Defendant Bill Harbert, Sr.'s apparent

---

[12] *See*, *e.g.*, *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992) (among the factors relevant to determining status as an employee are: (1) "the hiring party's right to control the manner and means by which the product is accomplished"; (2) "the skill required"; (3) "whether the hiring party has the right to assign additional projects to the hired party"; (4) "the extent of the hired party's discretion over when and how long to work"; (5) "the method of payment"; (6) "the hired party's role in hiring and paying assistants; and (7) "the provision of employee benefits.") (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)).

signature refers to the agreement as a "master contract agreement." Compl. Ex. D. There is no indication that either Mr. Harbert, Sr. or Plaintiff intended or believed that the contract created an employment relationship. Because Plaintiff has failed to allege—in anything more than the most conclusory terms—any *facts* that would weigh in favor of her being considered an employee, she has of necessity also failed to allege a breach of any implied covenant of continued employment. *See*, *e.g.*, *Zhengxing*, 215 F. Supp. 2d at 118-19; *Mason v. African Dev. Found.*, 355 F. Supp. 2d 85, 90-92 (D.D.C. 2004).

There is also nothing in the Complaint showing that Mr. Harbert, Sr.'s alleged termination of Plaintiff was in violation of public policy. There are no alleged facts showing that Mr. Harbert, Sr.'s alleged decision to terminate Plaintiff was in any way related to unnamed defendants' claimed request that she "conceal" evidence from the United States in connection with the False Claims Act suit. Compl. ¶ 53. Indeed, the Complaint does not allege that Mr. Harbert, Sr. even *knew* of the alleged scheme to withhold evidence, much less show that he impermissibly used her alleged refusal to do so as the basis for her termination. Accordingly, this Court should dismiss Plaintiff's Termination Claim.

## C. Plaintiff Fails To State A Claim For Suppression Of Facts (Fraud) Against Mr. Harbert, Sr. Or HIE, Inc.

The Harbert, Jr./HILLC Motion explains in detail why the Complaint fails to state a claim for fraud with the requisite particularity. Mr. Harbert, Sr. and HIE, Inc. hereby join the Harbert, Jr./HILLC Motion in its entirety. In sum, this Court should dismiss Plaintiff's fraud claim because it is barred by the applicable three-year statute of limitations. *See King v. Kitchen Magic Inc.*, 391 A.2d 1184, 1186 (D.C. App. 1978) ("[An action for fraud] must be brought within three years from the time the fraud either is discovered or reasonably should have been discovered"); *see also* D.C. Code § 12-301. (stating that the statute of limitations on actions not listed is three

years).  Plaintiff was on notice of the wrongdoing she now alleges was concealed from her, and

the statute of limitations on Plaintiff's fraud claim therefore began to run, long before April 10,

2004—three years prior to the filing of this lawsuit.  *See* Harbert, Jr./HILLC Motion at 20-23.

This Court should also dismiss Plaintiff's fraud claim for failure to plead fraud with

particularity under Rule 9(b).  Fed. R. Civ. P. 9(b); *see* Harbert, Jr./HILLC Motion at 23-26.

Plaintiff has simply failed to show the "who, what, when, where and how" of the alleged fraud

with respect to *any* Defendant.  *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C.

2004).  Plaintiff's conclusory and vague pleading violates Rule 9(b), and this Court should

therefore dismiss Mr. Harbert, Sr. and HIE, Inc. as Defendants under Plaintiff's fraud claim.

### D.    Plaintiff Fails to State a Civil RICO Claim Against Mr. Harbert, Sr.

Like Plaintiff's Civil RICO claim against Mr. Harbert, Jr., [13] Plaintiff's Civil RICO claim

against Mr. Harbert, Sr. must fail as a matter of law because Plaintiff has failed to allege that she

suffered an injury to her "business or property" as a proximate result of Mr. Harbert, Sr.'s

alleged RICO violations, and she therefore has failed to demonstrate standing to bring the claim.

Only a person "injured in his business or property by reason of a violation of section

1962" has standing to bring a civil RICO claim. 18 U.S.C. § 1964(c).  A RICO plaintiff must

therefore show "that the proximate cause of his injury is the defendant's conduct."  *Nix v. Hoke*,

62 F. Supp. 2d 110, 115 (D.D.C. 1999); *see also Scheck v. Gen. Elec. Corp.*, No. 91-1594, 1992

WL 13219, at * (D.D.C. Jan. 7, 1992) (dismissing plaintiff's Civil RICO claim for lack of

---

[13] As detailed in the Harbert, Jr./HILLC Motion, to state a claim for Civil RICO, a
plaintiff must establish that the "defendants engage[d] 'in a pattern of racketeering activity' in a
manner forbidden by § 1962, 'and the racketeering activities injure[d] the plaintiff in his business
or property.'"  *Wright v. Towns,* No. 90-0565(JHG), 1991 WL 100388, at *3 (D.D.C. May 30,
1991).  She must to so by alleging facts that "identify the speakers, the dates and times of the
communications or the context thereof, the recipients of the information, or the substance of the
allegedly fraudulent statements."  *Id.*; *see also Whitfield v. Corp. for Pub. Broadcasting*, No. 90-
1960 (JHG), 1990 WL 204695, at *4 (D.D.C. Nov. 30, 1990).

standing, where plaintiff's complaint alleged only "vague suggestions that [his] career was negatively affected").[14]  "Proximate case may be found in the RICO context if the alleged violation of § 1962 is 'a substantial factor in the sequence of responsible causation.'"  *Nix*, 62 F. Supp. 2d at 115.

Plaintiff alleges that Mr. Harbert, Sr. organized a phantom equipment-leasing transaction that constituted a scheme to defraud in violation of RICO.  *See* Compl. ¶¶ 91–92.  The Complaint, however, contains no facts demonstrating that this alleged conduct proximately caused any injury to Plaintiff's "business or property."  Instead, as with her Civil RICO claim against Mr. Harbert, Jr., *see* Compl. ¶ 85, Plaintiff baldly states that "[b]y reason of the violation of 18 U.S.C. § 1962(c) committed by Mr. Harbert, Sr., Plaintiff was injured in her business or property in a sum at present unknown, but in excess of $3,000,000, including, but not limited to, by payment of attorney's fees."  Compl. ¶ 104.  And again, Plaintiff pleads only that she will "amend the Complaint to set forth said damages as such time as they have been ascertained."  *Id.*

Such a conclusory allegation is not enough to satisfy Plaintiff's burden of demonstrating standing to bring a RICO claim.[15]  It is Plaintiff's burden to demonstrate how she suffered a $3,000,000 injury to her "business or property" as a proximate result of Mr. Harbert, Sr.'s allegedly unlawful conduct.  *See, e.g.*, *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 372 (10th Cir. 1989) (a court is not "obligated to construct a [RICO] cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead the cause of

---

[14]  *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003).

[15]  The generic, conclusory nature of Plaintiff's statement regarding the injury to her "business and property" is evidenced by the fact that Plaintiff provides nearly the same statement of injury in support of her Civil RICO claim against Mr. Harbert, Jr., *see* Harbert, Jr. Motion, ¶ 85; the only variation between the two statements is the dollar amount of the damages claimed. The ease with which Plaintiff interchangeably uses the same statement demonstrates that the statement is totally devoid of any specific *factual* allegations showing that Plaintiff sustained injury to her "business and property."

action himself"). Plaintiff fails to carry that burden, offering only the bare statement that she was "injured in her business and property." This is insufficient as a matter of law. *See*, *e.g.*, *Nix*, 62 F. Supp. 2d at 116; *Scheck*, 1992 WL 13219, at *3.

## CONCLUSION

For the foregoing reasons, this Court should Dismiss Plaintiff Hoda Elemary's Fourth, Fifth, and Seventh Causes of Action Against Defendant Bill L. Harbert, Sr. and Plaintiff's Fifth Cause of Action against Defendant Harbert International Establishment, Inc.

Dated: June 27, 2007                    Respectfully submitted,

                                                   /s/ Roger S. Goldman
                                                   Roger S. Goldman
(D.C. Bar No. 333294)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: roger.goldman@lw.com

Of Counsel:
Matthew H. Lembke
   (*pro hac vice* pending)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Attorneys for Defendants Bill L. Harbert, Sr.
and Harbert International Establishment, Inc.

## CERTIFICATE OF SERVICE

I, Roger Goldman, hereby certify on this 27th day of June 2007, that I filed the foregoing {Motion to Dismiss, Memorandum of Law and Proposed Order} via the Court's CM/ECF system, which will send a notice of electronic filing to the following CM/ECF users:

**Mark Butler Bierbower**
mbierbower@hunton.com

I further certify that the foregoing documents were sent via first class mail, postage pre-paid to the following non CM/ECF user:

**HODA ELEMARY**
21 Le Conte
Laguna Niguel, CA 92677

/s/ Roger Goldman
Roger Goldman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. HODA ELEMARY,<br><br>      Plaintiff,<br><br>      v.<br><br>PHILIPP HOLZMANN A.G.; WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR.,<br><br>      Defendants. | NO: 1:07-cv-00654-RCL<br><br>Hon. Royce C. Lamberth |

## DECLARATION OF BILLY HARBERT, JR.

I, BILLY HARBERT, JR., Defendant in the above-styled action, declare as follows:

1.    I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2.    I am a resident of the State of Alabama.

3.    I do not own property in the District of Columbia.

4.    I travel to the District of Columbia an average of once a year to meet with officials from the State Department. The purpose of these trips is to discuss construction projects related to overseas embassies in which Bill L. Harbert International, LLC ("HILLC"), of which I am the President, is involved.

5.    I do not conduct any personal business in the District of Columbia. I do not personally employ any person who lives in the District of Columbia, nor do I hold any licenses issued by the District of Columbia or any department or official thereof.

6.    I have never seen, spoken to, or taken any other action, on my own behalf or while acting for HILLC, with regards to Hoda Elemary, Plaintiff in this action, while in the District of Columbia.

7.    HILLC was formed in 1999. It is a Delaware limited liability corporation having its principal place of business is in Birmingham, Alabama.

8.    HILLC has never had any operations in the District of Columbia, nor has it ever been authorized to do business in the District of Columbia.

9.    Harbert International Establishment, Inc. ("HIE, Inc.") was also formed in 1999. It is an Alabama corporation with its principal place of business in Birmingham, Alabama.

10.    HIE, Inc. has never conducted any business anywhere. It is a "shelf" corporation that is maintained solely for purposes of preserving that corporate name.

11.    HIE has never had any operations or employees in the District of Columbia, and has never been authorized to do business in the District of Columbia.

12.    My father, Bill L. Harbert, Sr., a co-Defendant in this action, is eighty-three (83) years old and a resident of Alabama. He has been diagnosed as suffering from dementia. In connection with litigation in the United States District Court for the District of Columbia, testimony concerning his medical condition was recently submitted. A copy of that testimony is attached hereto as Exhibit A. In response to that testimony, the court ruled that my father would not be required to give testimony in that action.

13.    My father has executed a durable power of attorney. My two sisters (Anne Moulton and Elizabeth Cornay) and I are authorized to act jointly as his attorneys-in-fact, and we will collectively manage his defense in this litigation. My two sisters reside in Birmingham, Alabama.

2

14.    My father has not left the State of Alabama in over eighteen months except to travel to a beach home in Florida that is less than seventy-five (75) miles beyond Alabama's border. He cannot travel without assistance, and, even with assistance, travel is difficult for him physically and emotionally.

15.    I have reviewed the allegations made in Plaintiff's Amended Complaint pertaining to a "hitman" that I allegedly dispatched to harm her on April 14, 2005. I did not dispatch any such "hitman" in April 2005 or at any other time, and the allegations in the Amended Complaint of my involvement concerning the individual who purportedly visited Plaintiff's home and assaulted her on April 14, 2005, are false. I have no knowledge concerning any physical attack or assault on Plaintiff or resulting injuries to her that occurred in April 2005 or any other time. I have never hired or otherwise directed any person to physically harm, injure, or murder Plaintiff, nor am I aware of any other person ever having hired or otherwise directed anyone to do so. I also have never hired or otherwise directed anyone to visit Plaintiff's home for any purpose.

16.    Any records pertaining to Hoda Elemary's employment as an independent contractor for Bill L. Harbert, Sr. are kept and maintained by Evangeline Hoover, my father's secretary, in Birmingham, Alabama. The business records of corporations related to that employment are maintained in Alabama, as are the business records of HILLC. My father and I also maintain our business records in Alabama.

17.    Hoda Elemary has visited Birmingham, Alabama to meet with Bill L. Harbert, Sr. on several occasions in the last five years.

18.    Earl Hilliard resides in Birmingham, Alabama.

19.    Evangeline Hoover resides in Birmingham, Alabama.

3

20.    Alan Hall resides in Birmingham, Alabama.

21.    Henry Frohsin resides in Birmingham, Alabama.

22.    Rusty Moulton is my brother-in-law and resides in Birmingham, Alabama.

23.    William M. Sharp, Sr. resides in the State of Florida.

24.    Bryan Lavine resides in Atlanta, Georgia.

25.    June Ann Sauntry resides in Atlanta, Georgia.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on June 27, 2007.


_____
Billy L. Harbert, Jr.



# CORPORATE DETAILS

**Office of the Secretary of State**
**State of Alabama**

INITIATE NEW BROWSE

```
Corporation                                                    D/C 201-819
  Legal Name:   Harbert International Establishment, Inc.

Place Of Inc:   Jefferson County

Date Of Inc.:   03-25-1999

Reg Agent...:   HARBERT, BILLY L JR
                820 SHADES CREEK PARKWAY
                BIRMINGHAM, AL   35209

Prin Address:   BIRMINGHAM, AL

Capital Amt.:   $100 Authorized  --- Paid In

Nat Of Bus..:   CONSTRUCTION BUSINESS

Names Of Inc:   THUSTON, W LEE
```

TRANSACTION LIST          2006 ▼   ANNUAL REPORTS





© 2007, Office of the Secretary of State, State of Alabama

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DR. HODA ELEMARY,

               Plaintiff,

        v.

PHILIPP HOLZMANN A.G.; WACHOVIA BANK,
N.A.; B.L. HARBERT INTERNATIONAL, LLC;
SABBIA AKTIENGESELLSCHAFT; HARBERT
INTERNATIONAL ESTABLISHMENT, INC.; BILL
L. HARBERT, SR.; AND BILLY HARBERT, JR.,

               Defendants.

NO: 1:07-cv-00654-RCL

Hon. Royce C. Lamberth

**[PROPOSED] ORDER**

The Matter came before the Court on _____, 2007 on the Motion of

Defendants Bill L. Harbert, Sr. and Harbert International Establishment, Inc. to Dismiss.  The

Court being fully advised in the premises, IT IS HEREBY ORDERED that Defendants' Motion

is GRANTED.

The Court hereby ORDERS that Counts Four, Five, and Seven of Plaintiff Hoda

Elemary's Complaint against Bill L. Harbert, Sr. be, and hereby are, DISMISSED.

The Court FURTHER ORDERS that Count Five of Plaintiff Hoda Elemary's Complaint

against Harbert International Establishment, Inc. be, and hereby is, DISMISSED.

ENTERED:

By the Court:

Date:_____

_____
Hon. Royce C. Lamberth
United States District Judge

cc:

Roger S. Goldman
(D.C. Bar No. 333294)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

Matthew H. Lembke
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

Hoda Elemary
21 Le Conte
Laguna Niguel, CA 92677