UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. HODA ELEMARY, *pro se*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-654 (RCL) |
| PHILIPP HOLZMANN A.G., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Upon consideration of the motions [9, 10] for leave to appear *pro hac vice*, the motions [9, 10] are hereby GRANTED, and it is hereby ORDERED that Brent L. Van Norman, Esq. and Matthew H. Lembke, Esq., may appear *pro hac vice* in the above-captioned matter.

Further, Wachovia Bank, B.L. Harbert International, LLC ("BLHI"), Billy Harbert, Jr. ("Harbert Jr."), Harbert International Establishment, Inc. ("HIE"), and Bill L. Harbert, Sr. ("Harbert") have all filed motions to dismiss [7, 13, 14] with attached exhibits. In addition, BLHI, HIE, Harbert, and Harbert Jr. have filed a motion [11] to change venue. Plaintiff Dr. Hoda Elemary is representing herself, *pro se*. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* plaintiff of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment,

"any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

> Under Rule 56(e) of the Federal Rules of Civil Procedure:
>
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as Dr. Elemary who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise plaintiff that she must respond to defendant's previously filed motion within fourteen days of the date of this Order.  If plaintiff does not respond, the Court will treat the motions as conceded and dismiss the complaint.

Finally, there is nothing on the docket of the Clerk of Court reflecting service on defendants Wachovia Bank or Philipp Holzmann A.G.

Rule 4(a) of the Federal Rules of Civil Procedure indicates that a plaintiff shall be responsible for *prompt* service of the summons and complaint.  Rule 4(g) states that the person serving the process shall make proof of service to the Court *promptly*, and in any event, within the time during which the person served must respond to the process.

Accordingly, it is hereby ORDERED that plaintiff shall, within the next ten (10) days, file with the Clerk of Court either proof of service or a status memorandum indicating all steps taken to date to effect service.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 16, 2007.