RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 JUL 30 PM 11:06
NANCY M.
MAYER-WHITTINGTON
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY, | Case No. 1:07-cv-00654-RCL |
| Plaintiff, | |
| vs. | Hon. Royce C. Lamberth |
| PHILIPP HOLZMANN A.G WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR., | Oral Argument Requested |
| Defendants | |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION**

**OF CERTAIN DEFENDANTS TO TRANSFER VENUE**

**RECEIVED**

JUL 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## INTRODUCTION

The First Cause of Action (Interference with Prospective Economic Advantage) (Complaint, ¶¶34-41) alleges the successful interference by defendant Billy Harbert, Jr. ("Billy Harbert Jr.") with the $15 million settlement proposed by the Department of Justice (the "DOJ") and otherwise accepted by defendant Bill L. Harbert, Sr. ("Mr. Harbert Sr."), thereby depriving Plaintiff of the $2,050,000 success fee she would otherwise have earned under the September 21 Agreement; the Second Cause of Action (Breach of Contract) (id., ¶¶42-47) alleges the breach of the September 21 Agreement by Mr. Harbert Sr.; the Third Cause of Action (Quantum Meruit) (id., ¶¶48-50) seeks compensation for the reasonable value of services performed by Plaintiff under the November 3, 2003 Trust and the September 21 Agreement; the Fourth Cause of Action (Termination in Violation of Public Policy) (id., ¶¶51-57) seeks relief in tort for the termination of the September 21 Agreement; the Fifth Cause of Action (Suppression of Facts) (id., ¶¶58-65) arises out of events which led to the filing of the False Claim Case.

## STATEMENT OF FACTS

{**The facts of the case relevant to this motion together with the Rebuttal: Request For Judicial Notice are attached hereto as Exhibit "A" and made a part hereof**}. A brief summary of the essential facts is provided in the following paragraph

## BACKGROUND

The Sixth Cause of Action (Civil RICO) (id., ¶¶66-85) alleges the commission of violations of the Hobbs Act, 18 U.S.C. §1951, in an attempt to bring about the termination of the November 3, 2003 Trust and the September 21 Agreement; and the Seventh Cause of Action (Civil RICO) (id., ¶¶86-104) alleges the laundering of monetary instruments in violation of 18 U.S.C. §1956(a)(1)(A) in connection with a phantom equipment-leasing transaction organized by 'Mr. Harbert Sr. with defendant Sabbia

1

Aktiengesellschaft. At all relevant times, Plaintiff spent half of the year in Washington, dealing with the White House and the United States Congress. Complaint, ¶29.

Defendant Harbert International Establishment, Inc. ("Establishment") has moved to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2) and for improper venue under Rule 12(b)(3), and additionally Billy Harbert Jr. and Establishment (sometimes collectively hereinafter referred to as "Defendants") have moved under Rule 12(b)(6) to dismiss the Fourth, Fifth and Seventh Causes of Action against Mr. Harbert Sr. and the Fifth Cause of Action against Establishment (the "Motion"). As set forth hereinafter, the Motion should be denied in all respects.

The within action arises in its entirety out of the events and circumstances attending plaintiff Dr. Hoda Elemary ("Plaintiff")'s activities as exclusive case manager of the qui tam case United States of America ex rel. Richard F. Miller v. Philipp Holzmann A.G. et al., United States District Court for the District of Columbia case no. 1:95CV01231 WBB (the "False Claims Case"), the trial of which recently concluded in this Court and which is referenced in paragraph 8 of the Complaint for Damages herein (the "Complaint"), and culminating in the execution and delivery of the September 21 Agreement in 2004 as described in paragraph 43 of the Complaint.

The First Cause of Action (Interference with Prospective Economic Advantage) (Complaint, ¶34-41) alleges the successful interference by defendant Billy Harbert, Jr. ("Billy Harbert Jr.") with the $15 million settlement proposed by the Department of Justice (the "DOJ") and otherwise accepted by defendant Bill L. Harbert, Sr. ("Mr. Harbert Sr."), thereby depriving Plaintiff of the $2,050,000 success fee she would otherwise have earned under the September 21 Agreement; the Second Cause of Action (Breach of Contract) (id., ¶¶42-47) alleges the breach of the September 21 Agreement by Mr. Harbert Sr.; the Third Cause of Action (Quantum Meruit) (id., ¶¶48-50) seeks compensation for the reasonable value of services performed by Plaintiff under the

2

September 21 Agreement; the Fourth Cause of Action (Termination in Violation of Public Policy) (id., ¶¶51-57) seeks relief in tort for the termination of the September 21 Agreement; the Fifth Cause of Action (Suppression of Facts) (id., ¶¶58-65) arises out of events which led to the filing of the False Claims Case; the Sixth Cause of Action (Civil RICO) (id., ¶¶66-85) alleges the commission of violations of the Hobbs Act, 18 U.S.C. §1951, in an attempt to bring about the termination of the September 21 Agreement; and the Seventh Cause of Action (Civil RICO) (id., ¶¶86-104) alleges the laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A) in connection with a phantom equipment-leasing transaction organized by Mr. Harbert Sr. with defendant Sabbia Aktiengesellschaft. At all relevant times, Plaintiff spent half of the year in Washington, dealing with the White House and the United States Congress. Complaint, ¶29.

Defendants B.L. Harbert International, LLC ("HILLC"), Harbert International Establishment, Inc. ("Establishment"), Mr. Harbert Sr. and Billy Harbert Jr. (collectively hereinafter sometimes referred to as "Defendants") have moved to transfer venue to the Northern District of Alabama pursuant to 28 U.S.C. §1404(a) (the "Motion"). As set forth hereinafter, the Motion should be denied.

## ARGUMENT

Defendants admit that the bulk of the six Defendants herein are not residents of Alabama-- two individuals are residents of Alabama, two companies have their principal place of business therein, two Defendants are based in Europe, and one Defendant is a national banking association headquartered in North Carolina. Motion, p. 5. In light of this inconvenient fact, the bulk of the Motion is an attempt to apply traditional 28 U.S.C. § 1404(a) factors to justify transfer of venue to the Northern District of Alabama. Motion, pp. 7-17. Defendants' arguments fail under the jurisprudence applicable to such clauses. "The venue transfer provisions of Section 1404(a) are not meant to merely shift

3

the inconvenience to the plaintiff." <u>Reed Elsevier, Inc. v. Innovator Corp.</u>, 105 F.Supp.2d 816, 821 (S.D. Ohio 2000) (internal quotation marks omitted). The party seeking transfer must show a clear balance of inconveniences to him. <u>Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc.</u>, 615 F.Supp. 225, 227 (N.D. Ill. 1985). In effect, Defendants are seeking to replace their claimed inconvenience -- unconvincing given all parties' representation by large local firms -- with Plaintiffs. They need to make a powerful case.

This, Defendants have not done. As grudgingly acknowledged by Defendants, the plaintiffs choice of forum is given substantial weight (see, Motion, p. 8), and will not ordinarily be disturbed unless the "convenience" and "justice" factors strongly favor it. <u>Securities Investor Protection Corp. v. Vigman</u>, 764 F.2d 1309, 1317 (9th Cir. 1985). While Defendants attempt to downplay both Plaintiffs ties to the forum and its relationship to the events alleged in the Complaint, the fact remains that during the relevant times, Plaintiff resided for half the year in Washington (Complaint, ¶89). The False Claims Case which she managed was litigated in this very Court (id., ¶8); Senator Bob Dole, with whom Plaintiff worked closely, resided in this district (see, id., ¶¶14, 18 & 25); the DOJ, with whom Plaintiff negotiated, is located in this district (see, id., ¶¶2, 10, 18 & 25); and all relevant meetings and settlement conferences took place in this district (id., ¶2). Where the plaintiff, as here, is an individual and the defendant is a large corporation, the defendants' assertion of monetary expense and difficulty in litigating in a distant forum are largely to be disregarded. <u>Miracle v. NYP Holdings, Inc.</u>, 87 F.Supp.2d 1060, 1073 (D. Hawaii 2000). Given the size and wealth of the defendant corporations arrayed against

Plaintiff, this principle works here to powerful effect. See, Harbert Decl., 14.

4

Defendants claim that Plaintiffs claims herein arose in Alabama (Motion, p. 9), but this district -- both as the locus of the USAID, which financed the Cairo Waste Water project, and the situs of the False Claims Case, which Plaintiff managed, is a better choice for this status. Next, while Defendants attempt to frame a transfer argument based on the alleged convenience of witnesses (see, Motion, pp. 10-14), a party moving for change of venue must identify the witnesses and present a generalized statement of what their testimony would be. Heller Fin'l, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989). This, Defendants did not do, confining themselves merely to identifying non-parties referred in the Complaint.

Finally, Defendants attempt to argue that Alabama law supplies the law applicable to this case, arguing that this is the result mandated by Washington's "governmental interests analysis." Motion, pp. 15-17. However, while Plaintiff by no means concedes this to be the case -- an agreement between Plaintiff and Mr. Harbert Sr. specifies California law as governing any disputes (Complaint, Exh. "A") -- there is no showing attempted by Defendants that this Court would be unable to ascertain Alabama (or California!) law if called upon to do so. This factor is a draw.

Accordingly, looking at the "private interest factors" cited on page 7 of the Motion, two factors, (1) (plaintiffs privilege of choosing the forum) and (3) (location where the claim arose) favor Plaintiff; two appear neutral, (2) defendants' preferred forum and (4) convenience of the parties; and two may favor Defendants, (5) convenience of witnesses (but only to the extent of unavailability for trial) and (6) ease of access to sources of proof. In other words, the private interest factors are a wash. Of the public interest factors, Defendants admit that the last two, relative congestion in the courts and local interest, are a wash, while the first, the transfer familiarity with governing law, is also a wash because the governing **law** is that of California. Recalling that the moving party must make an <u>affirmative</u> showing in order to overcome the

plaintiffs choice of forum, Defendants are seen not to have met their burden.

## CONCLUSION

For the foregoing reasons, the Motion should be denied. Respectfully submitted,

Dated: July 30, 2007

                                        Dr. Hoda Elemary
                                        21 Le Conte
                                        Laguna Niguel, CA 92677
                                        Tel.: (949) 715-2022
                                        Fax: (949) 715-2060

                                        Plaintiff In Propria Persona

PROOF OF SERVICE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 467 South Arnaz Drive, Suite 319A, Los Angeles, California 90048.

On July 30, 2007, I served the foregoing document described as MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE on the interested parties in this action by facsimile and by placing true copies thereof enclosed in (a) sealed envelope(s) addressed as follows:

> Roger S. Goldman
> LATHAM &
> WATKINS LLP 555
> 11th Street, N.W.
> Suite 1000
> Washington, D.C. 20004
>
> Matthew H. Lembke
> BRADLEY ARANT ROSE &
> WHITE LLP One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL 35203

I deposited this envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

BRIAN J. JACOBS
Type or Print Name                    Signature

## PROOF OF SERVICE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 467 South Arnaz Drive, Suite 319A, Los Angeles, California 90048.

On July 30, 2007, I served the foregoing document described as MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE on the interested parties in this action by facsimile and by placing true copies thereof enclosed in (a) sealed envelope(s) addressed as follows:

Roger S. Goldman
LATHAM &
WATKINS LLP 555
11th Street, N.W.
Suite 1000
Washington, D.C. 20004

Matthew H. Lembke
BRADLEY ARANT ROSE &
WHITE LLP One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

I deposited this envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.



BRIAN J. JACOBS
Type or Print Name                    Signature

7