RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JUL 30  PM 11: 05

NANCY M.
MAYER-WHITTINGTON
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DR. HODA ELEMARY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| PHILIPP HOLZMANN A.G WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR., | ) |
| Defendants | ) |

Case No. 1:07-cv-00654-RCL

Hon. Royce C. Lamberth

Oral Argument Requested

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION
OF DEFENDANTS BILL L. HARBERT, SR. AND
HARBERT INTERNATIONAL ESTABLISHMENT, INC. TO DISMISS**

RECEIVED

JUL 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED

JUL 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF FACTS

**{The facts of the case relevant to this motion together with the Rebuttal: Request For Judicial Notice are attached hereto as Exhibit "A" and made a part hereof}.** A brief summary of the essential facts is provided in the following paragraph.

The within action arises in its entirety out of the events and circumstances attending plaintiff Dr. Hoda Elemary ("Plaintiff')'s activities as exclusive case manager of the qui tam case United States of America ex rel. Richard F. Miller v. Philipp Holzmann A.G. et al., United States District Court for the District of Columbia case no. 1:95CV01231 WBB (the "False Claims Case"), the trial of which recently concluded in this Court and which is referenced in paragraph 8 of the Complaint for Damages herein (the "Complaint"), and culminating in the execution and delivery of the September 21 Agreement in 2004 as described in paragraph 43 of the Complaint.

## INITIAL LEGAL ANALYSIS

The First Cause of Action (Interference with Prospective Economic Advantage) (Complaint, 734-41) alleges the successful interference by defendant Billy Harbert, Jr. ("Billy Harbert Jr.") with the $15 million settlement proposed by the Department of Justice (the "DOJ") and otherwise accepted by defendant Bill L. Harbert, Sr. ("Mr. Harbert Sr."), thereby depriving Plaintiff of the $2,050,000 success fee she would otherwise have earned under the September 21 Agreement; the Second Cause of Action (Breach of Contract) (id., ¶¶42-47) alleges the breach of the September 21 Agreement by Mr. Harbert Sr.; the Third Cause of Action (Quantum Meruit) (id., ¶¶48-50) seeks compensation for the reasonable value of services performed by Plaintiff under the September 21 Agreement; the Fourth Cause of Action (Termination in Violation of Public Policy) (id., ¶¶51-57) seeks relief in tort for the termination of the September 21 Agreement; the Fifth Cause of Action (Suppression of Facts) (id.,

¶¶58-65) arises out of events which led to the filing of the False Claims Case; the Sixth Cause of Action (Civil RICO) (id., ¶¶66-85) alleges the commission of violations of the Hobbs Act, 18 U.S.C. §1951, in an attempt to bring about the termination of the September 21 Agreement; and the Seventh Cause of Action (Civil RICO) (id., ¶¶86-104) alleges the laundering of monetary instruments in violation of 18 U.S.C. §1956(a)(1)(A) in connection with a phantom equipment-leasing transaction organized by 'Mr. Harbert Sr. with defendant Sabbia Aktiengesellschaft. At all relevant times, Plaintiff spent half of the year in Washington, dealing with the White House and the United States Congress. Complaint, ¶29.

Defendant Harbert International Establishment, Inc. ("Establishment") has moved to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2) and for improper venue under Rule 12(b)(3), and additionally Billy Harbert Jr. and Establishment (sometimes collectively hereinafter referred to as "Defendants") have moved under Rule 12(b)(6) to dismiss the Fourth, Fifth and Seventh Causes of Action against Mr. Harbert Sr. and the Fifth Cause of Action against Establishment (the "Motion"). As set forth hereinafter, the Motion should be denied in all respects.

## ARGUMENT

I.  **THIS COURT HAS PERSONAL JURISDICTION OVER ESTABLISHMENT** first seeks relief under Rule 12(b)(2) on the ground that it is not subject to

the personal jurisdiction of the courts of the District of Columbia, and, therefore, of this Court (Motion, pp. 4-6), citing to Billy Harbert Jr.'s and B.L. Harbert International, LLC's concurrently-filed motion (the "Harbert Sr./HILLC Motion") with respect to this

2

issue (Motion, pp. 4-5). For the reasons set forth in Plaintiffs opposition to the Harbert Sr./HILLC Motion, incorporated herein by this reference, and noting that the Alabama Secretary of State Corporate Details printout itself establishes that Establishment is an instrumentality of Billy Harbert, Jr. (see, Motion, Exh. "A"), the Motion should be denied.

## IL VENUE IS PROPER IN THE DISTRICT OF COLUMBIA UNDER 28 U.S.C. §1391

Establishment next seeks relief under Rule 12(b)(3) on the ground that the venue of this action was not properly laid in this Court (Motion, pp. 6-7), citing to the Harbert Sr./HILLC Motion with respect to this issue (ibid.). For the reasons set forth in Plaintiffs opposition to the Harbert Sr./HILLC Motion, incorporated herein by this reference, the Motion should be denied. **III. THE FOURTH CAUSE OF ACTION OF THE COMPLAINT PROPERLY STATES A CLAIM FOR TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST MR. HARBERT SR. AND ESTABLISHMENT AND SHOULD NOT BE DISMISSED**

With respect to the Fourth Cause of Action, sounding in termination in violation of public policy, the Motion claims that Plaintiff is not alleged to be an employee (Motion, pp. 8-10), and, even if she is, that the termination was not shown to be in violation of any public policy (id., p. 10). These objections are not easy to understand. In paragraph 52 of the Complaint, it is alleged that "Plaintiff was employed by Mr. Harbert Sr. as exclusive case manager for the False Claims Case and the declaratory relief action from April, 2002 to April, 2005 . . . ." While the Motion goes on to attack the September 21 Agreement as not establishing an employment relationship (see, id., pp. 9-10), it must be remembered that that agreement was entered into in September, 2004 -- more than two years after the start of the pleaded employment relationship. The Motion's

3

argument is just another example of the common defense tactic of criticizing a plaintiff for not proving his or her case in the complaint. This is not a pleader's responsibility under either Federal or District of Columbia pleading rules, and the Motion's argument is merit less. The same criticism can be directed at the Motion's curious claim that no violation of public policy is alleged, as Plaintiffs refusal to conceal evidence from the United States, and her consequent termination, are alleged in paragraphs 53 and 54. The Motion is without merit and should be denied.

## IV. THE FIFTH CAUSE OF ACTION OF THE COMPLAINT PROPERLY STATES A CLAIM FOR FRAUD AGAINST MR. HARBERT SR. AND ESTABLISHMENT AND SHOULD NOT BE DISMISSED

The Motion next attacks Plaintiffs Fifth Cause of Action, sounding in fraud (Motion, pp. 10-11), citing to the Harbert Sr./HILLC Motion with respect to this issue (ibid.). For the reasons set forth in Plaintiffs opposition to the Harbert Sr./HILLC Motion, incorporated herein by this reference, the Motion should be denied.

## V. THE SEVENTH CAUSE OF ACTION OF THE COMPLAINT PROPERLY STATES A CIVIL RICO CLAIM AGAINST MR. HARBERT SR. AND SHOULD NOT BE DISMISSED

Finally, Defendants seek the dismissal of the Seventh Cause of Action, sounding in civil RICO, on the single ground that the Complaint fails adequately to allege that Plaintiff was injured in her "business or property" as a result of the pleaded RICO violations, and thus lacks standing to bring this claim. Motion, pp. 11-13. This claim, however, is erroneous. Paragraph 21 of the Complaint alleges that "[t]he Harbert Contractors encouraged foreign corporations to join them in defrauding the American taxpayer and the recipient Middle East governments with the effect of severely undermining Plaintiffs credibility with Middle East heads of states with whom Plaintiff had enjoyed a very lucrative business relationship," while paragraph 22 alleges that

"Plaintiff sustained substantial losses in her theatres of operation, including, but not limited to, permanent damages as the direct and proximate result of the fraud and concealment by Defendants of the facts of the bid-rigging scheme." The phantom equipment-leasing scheme alleged in the Seventh Cause of Action simultaneously assisted Mr. Harbert Sr. in concealing the fact of the operation of, as well as his personal involvement in, the bid-rigging scheme, as well as providing a source of funds for payment to the participants. In the manner described in the Complaint, these effects contributed to the destruction of Plaintiffs business as an intermediary between U.S. corporations and the Middle East, to her detriment in the amount alleged in paragraph 104. Defendants' attack on the Seventh Cause of Action has no merit and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.

Respectfully submitted,

Dated: July 27, 2007

Dr. Hoda Elemary
21 Le Conte
Laguna Niguel,
CA 92677
Tel: (949) 715-2022
Fax: (949) 715-2060

Plaintiff In Propria Persona

5

**PROOF** OF SERVICE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 467 South Arnaz Drive, Suite 319A, Los Angeles, California 90048.

On July 30, 2007, I served the foregoing document described as **MEMORANDUM** OF LAW IN **OPPOSITION TO** THE **MOTION** OF **DEFENDANTS BILL** L. HARBERT, SR. AND **HARBERT INTERNATIONAL ESTABLISHMENT,** INC. **TO DISMISS** on the interested parties in this action by facsimile and by placing true copies thereof enclosed in (a) sealed envelope(s) addressed as follows:

> Roger S. Goldman
> LATHAM &
> WATKINS LLP 555
> 11th Street, N.W.
> Suite 1000
> Washington, D.C. 20004
>
> Matthew H. Lembke
> BRADLEY ARANT ROSE &
> WHITE LLP One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL 35203

I deposited this envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.


BRIAN J. JACOBS_____
Type or Print Name     Signature

*EXHIBIT A*

## INCORPORATED SCHEDULE

**A FULL REBUTTAL TO DEFENDANTS' SCORCHED EARTH LITIGATION TACTICS ENUMERATING SPECIFIC PRACTICES BY DEFENDANTS: <u>REQUEST FOR JUDICIAL NOTICE</u>**

With a premeditated intent to cause Plaintiff irreparable damage to secure the lion share of Mr. Harbert's Estate, Defendant Billy Harbert, Jr. convinced Mr. Harbert under duress enticing him with an illusionary likel ihood that the Harbert Defendants would prevail against the United States in the FalseClaim Case if they go to trial, Mr. Harbert elected to breach his agreements with Plaintiff, who had negotiated with the Department of Justice and with the help of Senator Dole and John F. Boese a dramatically lesser amount of $15,000,000 settlement ( than the ultimate verdict assessed the damages to be ). Attached hereto is a true and correct copy of the Department of Justice March 18, 2005 confirmation of the $15,000,000 settlement as Exhibit "B" and made a part hereof, which Mr. Harbert reneged on paying after agreeing to do so.

## II. <u>AN OVERVIEW OF A REBUTTAL TO DEFENDANTS' SCORCHED EARTH LITIGATION PRACTICES</u>

*A LEGAL PRESENTATION* UNDER THE CAPTION "ARGUMENT" IS PROVIDED HEREINBELOW IN SECTION IV.  *A PRESENTATION OF THE FACTS* CAN BE FOUND IN SECTION II PAGE 1 "AN OVERVIEW OF A REBUTTAL…" AND IN THE 'INCORPORATED SCHEDULE' VALIDATED BY

OFFICIAL EVIDENCE FROM THE UNITED STATES THAT EXPOSES

DEFEDANTS FOR FABRICATION OF FALSE ALEGATIONS IN THE INSTANT

CASE.

The Court's rulings depend on the credibility of facts presented by counsel. However, unless the facts are rebutted and proven to be false, the Court does not have the time to research the validity of every fact presented to it. Plaintiff provides herein independent documents, including letters from the United States Senate, the President of the United States -- as well as a legally transcribed recording of a conversation with Defendant Bill L. Herbert, based on mutual consent, in addition to the actual recording of Bill L. Harbert ("Mr. Harbert .") conducted on May 16, 2007 -- as prima facie evidence to rebut counsel Lembke's and Goldman's knowingly fabricated statements to mislead the Court in their statements cited in the motion of Defendant Billy Harbert, Jr. and B.L. Harbert International, LLC to dismiss, in a similar motion by Mr. Harbert Sr. and defendants motion to transfer venue.

In the interests of brevity, Plaintiff will prove that 11 of the referenced 13 lines have no basis in fact or law, and constitute the basis provided by Defendants to make it impossible for any court interested in justice to grant their motion based on Messrs. Lembke's and Goldman's flagrant and daring attempt to trick the Court to grant their motion on false grounds. Based on the multiple misrepresentations in the first 13 line paragraph, it is evident that the systematic deliberate misrepresentations, which are fraught through out the document making it impossible for the Court to rely on the credibility of Defendants' alleged facts. In the interest of brevity listed herein below and continued in the " Incorporated Schedule" are an example of Defendants

2

misrepresentations numbered in Arabic Numerals.

1- In point of <u>fact, in the aforementioned initial 13 lines of the "Procedural</u>

<u>Background" section, Defendants reference "[Plaintiff's] spinning a bewildering tale</u>

<u>filled with wild claims of irrelevant self importance, Compl. Para. 4 ('a majority of the</u>

<u>United States Senators . . . have credited Plaintiff with playing a pivotal role in lobbying</u>

<u>Congress to support Operation Desert Storm ...')".</u>

**Messrs. Lembke and Goldman have deliberately misled the Court into**

**believing that indeed Plaintiff spun a bewildering tale filled with wild claims of**

**irrelevant self importance.  However, the quotation referenced by these counsel**

**misquoted and deliberately undermined the serious work of a United States**

**Senator seeking to provide necessary security for Plaintiff in her travels on  behalf**

**of the United States in the troubled Middle East.**

**Attached hereto is a true and correct copy of Senator Dianne Feinstein's**

**letter as Exhibit "C" and made a part hereof.  Senator Feinstein stated in her**

**request to a foreign leader ". . . It is based on the vital services Ms. Elemary**

**provided Congress, which have been determined to serve U.S. national interests. A**

**majority of the United States Senators have overwhelmingly endorsed Ms.**

**Elemary's work and have credited her with playing a private role in lobbying the**

**Congress to support Operation Desert Storm, as it did on January 12, 1991;**

**forgive Egypt's $7 billion debt, as it did on October 19, 1990; and, undertake many**

**supportive initiatives."**

*Plaintiff respectfully requests the Court to take judicial notice of Senator*

*Feinstein's letter and of the 2nd page of Defendant Billy Harbert Jr. 's motion to dismiss,*

3

*which contains the above mentioned misrepresentation , a true and correct copy of which is annexed hereto as Exhibit "D" and incorporated herein by this reference.*

It is evident that an official statement of the United States Congress crediting and defining Plaintiff's achievements on behalf of the United States has been despicably disfigured and misrepresented to the Court, placing unwarranted blame on Plaintiff for "making wild claims of irrelevant self-importance" for statements that were never made by Plaintiff but by a United States Senator, with whom Messrs. Lembke & Goldman should vent their dissatisfaction and disagreement as the author of the letter, for daring to acknowledge Plaintiff's work. Accordingly, by granting this motion the Court would be granting Messrs. Lembke and Goldman the power to control what Congress writes about Plaintiff, if the Court elects to believe their fabricated allegation. But if it does not, the Court has an obligation to rule on the basis of the truth and deny this motion.

To this end, the Court and Plaintiff have been reduced to engaging in an unpleasant disciplinary action to correct child-like trickery. It is through these stabs in the dark that civility in the courtroom has nearly ceased to exist and regrettably replaced by a new methodology by Defendants to obviate justice. The end result is that Plaintiff's constitutional right to have his or her day in court has been submerged with courts permitting this course of conduct to go on unnoticed.

The Court, in light of the misrepresentation cited herein, must deny Defendants' motion and restrict Mr. Lembke's conduct to only make factual statements to the Court if he is to continue to appear in front of this Court. During his two year involvement of this matter, Mr. Lembke managed to presume, violate

4

*and insult Senator Bob Dole, Attorney General Alberto Gonzales, Mr. Michael F. Hertz of the Civil Division, Department of Justice and a host of Senators and Ju*

The Court has the power to regulate the conduct of attorneys appearing before it. Mr. Lembke, who submitted the initial draft of the referenced (motion to dismiss) to Mr. Goldman (of Latham & Watkins) and who is not admitted to practice before this Court, was recently granted leave by the Court to appear in this case pro hac vice. Accordingly, this Court retains the power to restrict or withdraw this privilege in light of Mr. Lembke's abuse of the privilege to practice before it. In particular, Mr. Lembke's initiative knowingly to perpetrate a fraud on this Court and Plaintiff's ability to provide the Court in a timely manner with sufficient grounds to deny Defendants' motion to dismiss because it will be exposed by independent documents herein that Defendants' motion is based on false and fabricated statements and illusionary facts.

Messrs. Lembke and Goldman have not only intentionally misinformed the Court and fabricated facts, but have failed to serve Plaintiff with copies of the filed documents, which constitutes additional grounds for denying the motion. Fortunately, Plaintiff learned as recently as a few days ago, on July 21, 2007, upon receipt of the Court's July 16, 2007 order that notified Plaintiff that Defendants had responded. It is evident that Defendants sought to intentionally withhold from Plaintiff their false and fictional submission to the Court of motions to dismiss by fraudulently misleading and misinforming the Court of proof of service when in fact Defendants despicably and willfully refrained from mailing copies of their motions to plaintiff.

In so doing, Defendants unlawfully sought to trick the Court into believing that

5

Plaintiff's silence signals plaintiff's agreement with Defendants' concocted facts, when nothing could be further from the truth. Plaintiff vehemently objects to Defendants' dishonorable conduct in this incident as well as on their Physical attempt on the lives of Plaintiff and former U.S. Congressman Earl Hilliard, first black Congressman since reconstruction from the State of Alabama. Plaintiff respectfully request the Court for Judicial Notice of official U.S. and state documents including Police Reports of these incidents. True and correct copies of these official documents are collectively attached hereto as Exhibit "E" and made a part hereof.

## PLAINTIFF RESPECTFULLY REQUEST THE COURT, IN LIGHT OF DEFENDANTS' S DISHONORABLE CONDUCT,TO PROCEED WITH OUT DELAY AND WITHOUT CONSENTING TO FURTHER DELIATORY TACTICS BY DEFENDANTS TO OBVIATE THIS COURT OF EVER HEARING PLAINTIFF'CLAIMS AND FURTHER INTIMIDATE PLAINTIFF AND HER ASSOCIATES, THUS CIRCUMVENT PLAINTIFF'S RIGHT TO A FAIR HEARING AND INSURE THAT BILLY HARBERT, Jr. WOUL WALK AWAY UNPUNISHED FOR HIS LEGALTRANSGRESSIONS.

Through the motions of Billy Harbert Jr. and <u>Mr</u>. Harbert <u>Sr</u>. to dismiss, which Mr. Harbert Sr. was not informed of, and the motion to transfer venue, Messrs. Lembke and Goldman now seek the <u>C</u>ourt's approval -- not only to whitewash their client **<u>Billy Harbert Jr.'s serious crimes,, but <u>further to discredit Plaintiff's credibility to ensure the Court grants their motions on a false <u>basis and to destroy Plaintiff's reputation within the United States Congress.</u>**

Messrs. Lembke and Goldman state in the motion to dismiss by Billy Harbert Jr., <u>Mr.</u>

6

Harbert <u>Sr.</u> and their motion to transfer venue under the caption "PROCEDURAL BACKGROUND" no less than five fabricated and false statements in the first paragraph of this section. The remainder of the motion to dismiss by Billy Harbert Jr. and a similar motion by Mr. Harbert Sr., as well as their motion to transfer venue, are fraught with deliberate misrepresentations to the <u>C</u>ourt as are contained in the first 13 lines of "PROCEDURAL BACKGROUND." *dges.*

*This court is respectfully requested to take judicial notice of Mr. Lembke's October 12, 2006 demeaning and insulting letter to Plaintiff, whose charges and claims against Plaintiff have been diametrically opposed and rejected out of hand by Bill L. Harbert on May 16, 2007, even though Mr. Lembke's letter purportedly claims to be written on behalf of Bill L. Harbert. The Court is also requested to take judicial notice of Mr. Roger Goldman's March 28, 2000 letter written in similar manner. Plaintiff collectively attaches as Exhibit "C" true and correct copies of Messrs. Lembke's & Goldman's letters which are incorporated herein by this reference.*

The evidence provided herein below confirms that Mr. Lembke has utilized this Court as a sanctuary deliberately to confuse and conceal from the Court Billy Harbert Jr.'s guilt of the crimes committed to date.

<u>*Bill L. Harbert legally transcribed conversation with Plaintiff based on mutual consent is attached hereto to this opposition as Exhibit "D" and incorporated herein by this reference. Plaintiff, additionally, attaches as Exhibit "E" a true and correct copy of the actual recording of the above-referenced conversation that was engineered by Kent Gibson Forensic Audio and incorporated herein by this reference.*</u>

<u>*If the above referenced difference between Senator Feinstein's letter and*</u>

7

*Messrs. Lembke & Goldman's deliberate misrepresentation of it is not sufficient to convince the Court of Defendants' counsels' motive, a comparison of the referenced letters of Messrs. Lembke & Goldman and the transcript of Mr. Harbert in his own voice stating the complete opposite of the content of these two letters provide a confirmation beyond a doubt of the extent to which these counsel have been prepared to go to change the focus from the claims made against Billy Harbert Jr. and Plaintiff's complaint and the true facts as can now be ascertained by independent, true and correct sources.*

## INCORPORATED SCHEDULE

**A FULL REBUTTAL TO DEFENDANTS' SCORCHED EARTH LITIGATION TACTICS ENUMERATING SPECIFIC PRACTICES BY DEFENDANTS: <u>REQUEST FOR JUDICIAL NOTICE</u>**

With a premeditated intent to cause Plaintiff irreparable damage to secure the lion share of Mr. Harbert's Estate, Defendant Billy Harbert, Jr. convinced Mr. Harbert under duress enticing him with an illusionary likel ihood that the Harbert Defendants would prevail against the United States in the FalseClaim Case if they go to trial, Mr. Harbert elected to breach his agreements with Plaintiff, who had negotiated with the Department of Justice and with the help of Senator Dole and John F. Boese a dramatically lesser amount of $15,000,000 settlement ( than the ultimate verdict assessed the damages to be ). Attached hereto is a true and correct copy of the Department of Justice March 18, 2005 confirmation of the $15,000,000 settlement as Exhibit "B" and made a part hereof, which Mr. Harbert reneged on paying after agreeing to do so.

## II. <u>AN OVERVIEW OF A REBUTTAL TO DEFENDANTS' SCORCHED EARTH LITIGATION PRACTICES</u>

*<u>A LEGAL PRESENTATION</u>* UNDER THE CAPTION "ARGUMENT" IS PROVIDED HEREINBELOW IN SECTION IV. *<u>A PRESENTATION OF THE FACTS</u>* CAN BE FOUND IN SECTION II PAGE 1 "AN OVERVIEW OF A REBUTTAL..." AND IN THE 'INCORPORATED SCHEDULE' VALIDATED BY

OFFICIAL EVIDENCE FROM THE UNITED STATES THAT EXPOSES DEFEDANTS FOR FABRICATION OF FALSE ALEGATIONS IN THE INSTANT CASE.

The Court's rulings depend on the credibility of facts presented by counsel. However, unless the facts are rebutted and proven to be false, the Court does not have the time to research the validity of every fact presented to it. Plaintiff provides herein independent documents, including letters from the United States Senate, the President of the United States -- as well as a legally transcribed recording of a conversation with Defendant Bill L. Herbert, based on mutual consent, in addition to the actual recording of Bill L. Harbert ("Mr. Harbert .") conducted on May 16, 2007 -- as prima facie evidence to rebut counsel Lembke's and Goldman's knowingly fabricated statements to mislead the Court in their statements cited in the motion of Defendant Billy Harbert, Jr. and B.L. Harbert International, LLC to dismiss, in a similar motion by Mr. Harbert Sr. and defendants motion to transfer venue.

In the interests of brevity, Plaintiff will prove that 11 of the referenced 13 lines have no basis in fact or law, and constitute the basis provided by Defendants to make it impossible for any court interested in justice to grant their motion based on Messrs. Lembke's and Goldman's flagrant and daring attempt to trick the Court to grant their motion on false grounds. Based on the multiple misrepresentations in the first 13 line paragraph, it is evident that the systematic deliberate misrepresentations, which are fraught through out the document making it impossible for the Court to rely on the credibility of Defendants' alleged facts. In the interest of brevity listed herein below and continued in the " Incorporated Schedule" are an example of Defendants

2

misrepresentations numbered in Arabic Numerals.

1- In point of <u>fact, in the aforementioned initial 13 lines of the "Procedural</u>

<u>Background" section, Defendants reference "[Plaintiff's] spinning a bewildering tale</u>

<u>filled with wild claims of irrelevant self importance, Compl. Para. 4 ('a majority of the</u>

<u>United States Senators . . . have credited Plaintiff with playing a pivotal role in lobbying</u>

<u>Congress to support Operation Desert Storm ...')".</u>

**Messrs. Lembke and Goldman have deliberately misled the Court into**

**believing that indeed Plaintiff spun a bewildering tale filled with wild claims of**

**irrelevant self importance. However, the quotation referenced by these counsel**

**misquoted and deliberately undermined the serious work of a United States**

**Senator seeking to provide necessary security for Plaintiff in her travels on behalf**

**of the United States in the troubled Middle East.**

**Attached hereto is a true and correct copy of Senator Dianne Feinstein's**

**letter as Exhibit "C" and made a part hereof. Senator Feinstein stated in her**

**request to a foreign leader ". . . It is based on the vital services Ms. Elemary**

**provided Congress, which have been determined to serve U.S. national interests. A**

**majority of the United States Senators have overwhelmingly endorsed Ms.**

**Elemary's work and have credited her with playing a private role in lobbying the**

**Congress to support Operation Desert Storm, as it did on January 12, 1991;**

**forgive Egypt's $7 billion debt, as it did on October 19, 1990; and, undertake many**

**supportive initiatives."**

*Plaintiff respectfully requests the Court to take judicial notice of Senator*

*Feinstein's letter and of the 2nd page of Defendant Billy Harbert Jr.'s motion to dismiss,*

*which contains the above mentioned misrepresentation , a true and correct copy of which is annexed hereto as Exhibit "D" and incorporated herein by this reference.*

**It is evident that an official statement of the United States Congress crediting and defining Plaintiff's achievements on behalf of the United States has been despicably disfigured and misrepresented to the Court, placing unwarranted blame on Plaintiff for "making wild claims of irrelevant self-importance" for statements that were never made by Plaintiff but by a United States Senator, with whom Messrs. Lembke & Goldman should vent their dissatisfaction and disagreement as the author of the letter, for daring to acknowledge Plaintiff's work. Accordingly, by granting this motion the Court would be granting Messrs. Lembke and Goldman the power to control what Congress writes about Plaintiff, if the Court elects to believe their fabricated allegation. But if it does not, the Court has an obligation to rule on the basis of the truth and deny this motion.**

**To this end, the Court and Plaintiff have been reduced to engaging in an unpleasant disciplinary action to correct child-like trickery. It is through these stabs in the dark that civility in the courtroom has nearly ceased to exist and regrettably replaced by a new methodology by Defendants to obviate justice. The end result is that Plaintiff's constitutional right to have his or her day in court has been submerged with courts permitting this course of conduct to go on unnoticed.**

**The Court, in light of the misrepresentation cited herein, must deny Defendants' motion and restrict Mr. Lembke's conduct to only make factual statements to the Court if he is to continue to appear in front of this Court. During his two year involvement of this matter, Mr. Lembke managed to presume, violate**

4

*and insult Senator Bob Dole, Attorney General Alberto Gonzales, Mr. Michael F. Hertz of the Civil Division, Department of Justice and a host of Senators and Ju*

The Court has the power to regulate the conduct of attorneys appearing before it. Mr. Lembke, who submitted the initial draft of the referenced (motion to dismiss) to Mr. Goldman (of Latham & Watkins) and who is not admitted to practice before this Court, was recently granted leave by the Court to appear in this case pro hac vice. Accordingly, <u>this Court retains the power to restrict or withdraw this privilege</u> in light of Mr. Lembke's abuse of the privilege to practice before it. In particular, Mr. Lembke's initiative knowingly to perpetrate a fraud on this Court and Plaintiff's ability to provide the Court in a timely manner with sufficient grounds to deny Defendants' motion to dismiss because it will be exposed by independent documents herein that Defendants' motion is based on false and fabricated statements and illusionary facts.

<u>Messrs. Lembke and Goldman have not only intentionally misinformed the Court and fabricated facts, but have failed to serve Plaintiff with copies of the filed documents, which constitutes additional grounds for denying the motion.</u> Fortunately, Plaintiff learned as recently as a few days ago, on July 21, 2007, upon receipt of the Court's July 16, 2007 order that notified Plaintiff that Defendants had responded. It is evident that Defendants sought to intentionally withhold from Plaintiff their false and fictional submission to the Court of motions to dismiss by fraudulently misleading and misinforming the Court of proof of service when in fact Defendants despicably and willfully refrained from mailing copies of their motions to plaintiff.

In so doing, Defendants unlawfully sought to trick the Court into believing that

5

Plaintiff's silence signals plaintiff's agreement with Defendants' concocted facts, when nothing could be further from the truth. Plaintiff vehemently objects to Defendants' dishonorable conduct in this incident as well as on their Physical attempt on the lives of Plaintiff and former U.S. Congressman Earl Hilliard, first black Congressman since reconstruction from the State of Alabama. Plaintiff respectfully request the Court for Judicial Notice of official U.S. and state documents including Police Reports of these incidents. True and correct copies of these official documents are collectively attached hereto as Exhibit "E" and made a part hereof.

**PLAINTIFF RESPECTFULLY REQUEST THE COURT, IN LIGHT OF DEFENDANTS' S DISHONORABLE CONDUCT, TO PROCEED WITH OUT DELAY AND WITHOUT CONSENTING TO FURTHER DELIATORY TACTICS BY DEFENDANTS TO OBVIATE THIS COURT OF EVER HEARING PLAINTIFF'CLAIMS AND FURTHER INTIMIDATE PLAINTIFF AND HER ASSOCIATES, THUS CIRCUMVENT PLAINTIFF'S RIGHT TO A FAIR HEARING AND INSURE THAT BILLY HARBERT, Jr. WOUL WALK AWAY UNPUNISHED FOR HIS LEGALTRANSGRESSIONS.**

Through the motions of Billy Harbert Jr. and Mr. Harbert Sr. to dismiss, which Mr. Harbert Sr. was not informed of, and the motion to transfer venue, Messrs. Lembke and Goldman now seek the Court's approval -- not only to whitewash their client **Billy Harbert Jr.'s serious crimes,, but further to discredit Plaintiff's credibility to ensure the Court grants their motions on a false basis and to destroy Plaintiff's reputation within the United States Congress.**

Messrs. Lembke and Goldman state in the motion to dismiss by Billy Harbert Jr., Mr.

6

Harbert <u>Sr.</u> and their motion to transfer venue under the caption "PROCEDURAL

BACKGROUND" no less than five fabricated and false statements in the first paragraph

of this section. The remainder of the motion to dismiss by Billy Harbert Jr. and a similar

motion by Mr. Harbert Sr., as well as their motion to transfer venue, are fraught with

deliberate misrepresentations to the <u>C</u>ourt as are contained in the first 13 lines of

"PROCEDURAL BACKGROUND." *dges.*

*This court is respectfully requested to take judicial notice of Mr. Lembke's*

*October 12, 2006 demeaning and insulting letter to Plaintiff, whose charges and*

*claims against Plaintiff have been diametrically opposed and rejected out of hand by*

*Bill L. Harbert on May 16, 2007, even though Mr. Lembke's letter purportedly claims*

*to be written on behalf of Bill L. Harbert. The Court is also requested to take judicial*

*notice of Mr. Roger Goldman's March 28, 2000 letter written in similar manner.*

*Plaintiff collectively attaches as Exhibit "C" true and correct copies of Messrs.*

*Lembke's & Goldman's letters which are incorporated herein by this reference.*

The evidence provided herein below confirms that Mr. Lembke has utilized this

Court as a sanctuary deliberately to confuse and conceal from the Court Billy Harbert

Jr.'s guilt of the crimes committed to date.

*<u>Bill L. Harbert legally transcribed conversation with Plaintiff based on mutual</u>*

*<u>consent is attached hereto to this opposition as Exhibit "D" and incorporated herein by</u>*

*<u>this reference. Plaintiff, additionally, attaches as Exhibit "E" a true and correct copy</u>*

*<u>of the actual recording of the above-referenced conversation that was engineered by</u>*

*<u>Kent Gibson Forensic Audio and incorporated herein by this reference.</u>*

*<u>If the above referenced difference between Senator Feinstein's letter and</u>*

*Messrs. Lembke & Goldman's deliberate misrepresentation of it is not sufficient to convince the Court of Defendants' counsels' motive, a comparison of the referenced letters of Messrs. Lembke & Goldman and the transcript of Mr. Harbert in his own voice stating the complete opposite of the content of these two letters provide a confirmation beyond a doubt of the extent to which these counsel have been prepared to go to change the focus from the claims made against Billy Harbert Jr. and Plaintiff's complaint and the true facts as can now be ascertained by independent, true and correct sources.*

**PROOF** OF SERVICE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 467 South Arnaz Drive, Suite 319A, Los Angeles, California 90048.

On July 30, 2007, I served the foregoing document described as **MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANTS BILL L. HARBERT, SR. AND HARBERT INTERNATIONAL ESTABLISHMENT, INC. TO DISMISS** on the interested parties in this action by facsimile and by placing true copies thereof enclosed in (a) sealed envelope(s) addressed as follows:

> Roger S. Goldman
> LATHAM &
> WATKINS LLP 555
> 11th Street, N.W.
> Suite 1000
> Washington, D.C. 20004

> Matthew H. Lembke
> BRADLEY ARANT ROSE &
> WHITE LLP One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL 35203

I deposited this envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.



BRIAN L. LARSON
Type or Print Name    Signature