IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PHILIPP HOLZMANN A.G.; WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR.,<br><br>　　Defendants. | NO: 1:07-cv-00654-RCL<br><br>Hon. Royce C. Lamberth<br><br>Oral Argument Requested |

**REPLY BRIEF IN SUPPORT OF THE
MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE**

TABLE OF CONTENTS

Page

I.    PLAINTIFF HAS CONSENTED TO THE TRANSFER OF CLAIMS BASED ON THESE SAME ALLEGATIONS TO THE NORTHERN DISTRICT OF ALABAMA. ...............................................................................................................1

II.    PLAINTIFF'S CLAIMS SHOULD BE HEARD IN THE NORTHERN DISTRICT OF ALABAMa. ........................................................................................3

    A.    The Parties ................................................................................................3
    B.    The Allegations In Plaintiff's Complaint .................................................4

III.    THE RELEVANT FACTORS STRONGLY SUPPORT TRANSFERRING THIS ACTION. ...................................................................................................................4

IV.    CONCLUSION ....................................................................................................6

Defendants B.L. Harbert International, LLC ("HILLC"); Harbert International Establishment, Inc. ("HIE, Inc."); Bill L. Harbert, Sr. ("Mr. Harbert, Sr."); and Billy Harbert, Jr. ("Mr. Harbert, Jr.") (collectively, "Movants") respectfully submit this Reply Brief in support of their motion to transfer venue filed in the above-styled action on June 27, 2007 (the "Motion to Transfer"). In that motion, Movants explained that this litigation should be transferred to the Northern District of Alabama because of that district's much more substantial connection with Plaintiff's claims. Movants demonstrated that an analysis of the various relevant factors weighed strongly in favor of transfer. In her opposition to this motion, Plaintiff largely ignores the legal issues governing transfer and instead attempts to evade transfer by creating confusion regarding the circumstances of her case. *See* Mem. of Law in Opp'n to Mot. of Certain Defts. to Transfer Venue ("Transfer Opp."). Indeed, Plaintiff's oppositions to the Motion to Transfer and Movants' respective motions to dismiss are based almost entirely on vitriol and assertions of irrelevant "facts." Setting aside Plaintiff's bombast and dramatic storytelling, it is clear that Plaintiff has failed to counter any of the valid arguments favoring transfer presented in the Motion to Transfer, and on the basis of those arguments this Court should grant Movants' motion and transfer this action to the Northern District of Alabama.

I.  **PLAINTIFF HAS CONSENTED TO THE TRANSFER OF CLAIMS BASED ON THESE SAME ALLEGATIONS TO THE NORTHERN DISTRICT OF ALABAMA.**

The Motion to Transfer details the various lawsuits Plaintiff has brought against Movants in her spree of repetitive and overlapping litigation. Mot. to Transfer at 1–5. One of those lawsuits was filed in California state court before being removed to the Central District of California. *Id.* at 3–4 (discussing *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal.) (hereinafter the "California Lawsuit")). Mr. Harbert, Sr. and Mr. Harbert, Jr. are two of the three remaining defendants in the California Lawsuit. Mr. Harbert, Sr. and Mr. Harbert, Jr. moved to

1

transfer the California Lawsuit pursuant to 28 U.S.C. § 1404, to the Northern District of Alabama on June 20, 2007.[1]

On the same day Plaintiff filed her Transfer Opposition in this case, she also filed a pleading in the California Lawsuit consenting to the transfer of her claims therein to the Northern District of Alabama.[2] In her consent pleading, Plaintiff notified the court that she would not oppose the motion filed by Mr. Harbert, Sr. and Mr. Harbert, Jr. to transfer the California Lawsuit to the Northern District of Alabama.[3]

The California Lawsuit and the present action are similar in almost all relevant respects. Plaintiff's claims in the California Lawsuit are based on the same allegations regarding the termination of her business relationship with Mr. Harbert, Sr. as the present action, and Plaintiff's categorizations of the damages she has allegedly suffered due to the conduct of the defendants in each case are virtually identical in the two complaints.[4] Because the allegations and claims in the California Lawsuit essentially duplicate the claims in the present action, Plaintiff's concession in the California Lawsuit that the Northern District of Alabama is a more appropriate venue for her claims significantly undermines her cursory arguments in opposition to the transfer of this action. These overlapping claims should be decided by a single court, and

---

[1] *See* Notice of Motion and Motion of Certain Defendants to Transfer Venue, *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal. filed June 20, 2007) (attached as Exhibit 1 to Certain Defendants' Second Request for Judicial Notice, filed concurrently herewith).

[2] *See* Statement of Non-Opposition to Motion of Certain Defendants to Transfer Venue, *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal. filed July 30, 2007) (attached as Exhibit 2 to Certain Defendants' Second Request for Judicial Notice, filed concurrently herewith).

[3] *See id.*

[4] *Compare* Complaint for Damages, ¶ 22(a)-(d), *Elemary v. Philip Holzmann A.G.*, No. 1:07-cv-654 (D.D.C. filed Apr. 10, 2007) (hereinafter "Complaint"), *with* Complaint, ¶ 23(a)-(d), *Elemary v. Steering*, No. BC370218 (L.A. Super. Ct. filed Apr. 27, 2007) (attached as Exhibit 5 to Certain Defendants' Request for Judicial Notice (filed June 27, 2007).

2

transfer of this case to the Northern District of Alabama—where Plaintiff concedes a substantially similar case should be transferred—is an important step toward ending Plaintiff's forum-shopping spree and allowing litigation to proceed in a relatively efficient fashion.[5]

## II.  PLAINTIFF'S CLAIMS SHOULD BE HEARD IN THE NORTHERN DISTRICT OF ALABAMA.

The parties to this action, as well as Plaintiff's claims herein, have a significantly more substantial connection to the Northern District of Alabama than to this District. Plaintiff's assertions to the contrary are almost entirely conclusory, and, where she does attempt to assert facts relevant to the current action to support her argument, she more often than not is inaccurate and even self-contradictory in her allegations.

### A.  The Parties

A significant basis for Plaintiff's argument is her incorrect assertion that "Defendants admit that the bulk of the six Defendants herein are not residents of Alabama...." Transfer Opp. at 3. However, she then explains that, of those six Defendants, two Defendants are individual residents of Alabama and two other Defendants are businesses with their principal place of business in Alabama. *Id.* The fact that four of the "six" Defendants[6] are Alabama residents demonstrates that the "bulk" of the Defendants are in fact residents of Alabama. Accordingly, Plaintiff's statement that Movants "admitted" anything to the contrary is proven false by her own

---

[5] Indeed, the California Lawsuit would be the *second* case to be transferred to the Northern District of Alabama. The Central District of California transferred Plaintiff's first lawsuit—which raised nearly identical claims against Movants—to the Northern District of Alabama in February 2007. *See* Mot. to Transfer at 2–3. Plaintiff quickly dismissed that lawsuit after it was transferred. *See id.* at 3.

[6] Plaintiff refers to "the six Defendants herein" despite the fact that her Complaint names seven Defendants. Plaintiff may have been alluding to the fact that she has only served six Defendants. Regardless, four Alabama residents would constitute the "bulk" of either six or seven Defendants, as the relevant definition of "bulk" as used by Plaintiff is "the main or greater part." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 162 (11th ed. 2006).

3

supporting argument. Furthermore, despite Plaintiff's avowal that she "resided for half the year in Washington," Plaintiff does not claim that she is domiciled in the District of Columbia, and she states in her complaint that she is a citizen of California. *See* Complaint ¶ 1. For all of the above reasons, this Court should give no weight to Plaintiff's argument that the Northern District of Alabama has a relatively insignificant connection to the parties in this case.

> B.   **The Allegations In Plaintiff's Complaint**

The allegations that form the basis of Plaintiff's Complaint in this action arose out of actions in Alabama, not in Washington, D.C. In her Transfer Opposition, Plaintiff attempts to suggest that this case relates in some way to such alleged activities as her work with former Senator Bob Dole; her meetings and negotiation with the Department of Justice; the financing by the United States Agency for International Development of the Cairo Waste Water project; and other meetings and work that took place in regards to the "False Claims Case" that was litigated in this district. Transfer Opp. at 4–5. Of course, her claims in this case—which include, *inter alia*, interference with prospective economic advantage, breach of contract, termination in violation of public policy, and suppression of facts (fraud)—do not arise out of these alleged activities, but rather out of the termination of her business relationship with Mr. Harbert, Sr. Plaintiff does not explain how any of those claims could have arisen from any of the alleged activities in the District of Columbia listed in her Transfer Opposition or recounted in her Complaint. Accordingly, her response regarding where her claims in this case arose is wholly irrelevant.

**III.   THE RELEVANT FACTORS STRONGLY SUPPORT TRANSFERRING THIS ACTION.**

In the Motion to Transfer, Movants presented a detailed factual analysis, which Plaintiff makes no attempt to refute in anything more than the most cursory manner. Mot. to Transfer at

4

7–17; Transfer Opp. at 5–6. Movants' analysis showed that: (1) Plaintiff's choice of forum is not given significant weight under these circumstances; (2) Movants' choice of forum was appropriate; (3) Plaintiff's claims arose, if at all, in the Northern District of Alabama; (4) of the minimum eighteen potential witnesses listed along with their relevance to this action—from which their general areas of testimony may be inferred—at least fifteen of those potential witnesses resided in the Northern District of Alabama, or a great deal closer thereto than to this district; (5) one party and at least one critical witness cannot or will not travel to this district to participate in litigation of this action;[7] (6) a substantially larger portion of the evidence is found in Alabama; and (7) Alabama law will apply to Plaintiff's claims and, accordingly, the Alabama federal court will be more familiar with the applicable law. Mot. to Transfer at 7–17. Weighing the last six factors against the weakened deference given Plaintiff's choice of forum in this case, it is clear that transfer is appropriate under the governing standard.

Instead of addressing this standard for transfer, Plaintiff merely complains that some of the Defendants she has sued are large corporations, and thus she should be entitled to maintain this action in the venue of her choice. Transfer Opp. at 4. Plaintiff has failed to counter Movants' analysis with any valid, relevant arguments in her opposition brief. The factors pertinent to this Court's determination whether to transfer weigh solidly in favor of Movants. Accordingly, this case, if not dismissed pursuant to the various motions to dismiss filed by Movants, is especially suitable for transfer.

---

[7] Plaintiff's Transfer Opposition does not address Movants' arguments regarding the physical and medical hardships that would likely entirely preclude Mr. Harbert, Sr., and witness Evangeline Hoover from traveling to this District. *See* Mot. to Transfer at 13–14.

## IV.  CONCLUSION

For the reasons set forth above and in Movants' Motion to Transfer, Movants respectfully request that the Court transfer this action to the United States District Court for the Northern District of Alabama.

Dated: August 9, 2007							Respectfully submitted,

							  /s/ Roger S. Goldman
							Roger S. Goldman
							(D.C. Bar No. 333294)
							LATHAM & WATKINS LLP
							555 11th Street, N.W.
							Suite 1000
							Washington, D.C. 20004
							Tel: (202) 637-2200
							Fax: (202) 637-2201
							Email: roger.goldman@lw.com

							Of Counsel:
							Matthew H. Lembke
							BRADLEY ARANT ROSE & WHITE LLP
							One Federal Place
							1819 Fifth Avenue North
							Birmingham, AL 35203
							Tel: (205) 521-8000
							Fax: (205) 521-8800
							Email: mlembke@bradleyarant.com

							Attorneys for Defendants B.L. Harbert
							International, LLC, Harbert International
							Establishment, Inc., Bill L. Harbert, Sr., and
							Billy Harbert, Jr.

## CERTIFICATE OF SERVICE

    I, Roger S. Goldman, hereby certify on this 9th day of August, 2007 that I filed the foregoing {Reply Brief In Support Of The Motion Of Certain Defendants To Transfer Venue} via the Court's CM/ECF system, which will send a notice of electronic filing to the following CM/ECF users:

**Mark Butler Bierbower**
mbierbower@hunton.com

    I further certify that I had the foregoing documents sent via certified mail and Federal Express, postage pre-paid to the following non CM/ECF user:

**Hoda Elemary**
21 Le Conte
Laguna Niguel, CA 92677


        /s/ Roger Goldman
        Roger Goldman