## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. HODA ELEMARY,

     Plaintiff,

     v.

PHILIPP HOLZMANN A.G.; WACHOVIA
BANK, N.A.; B.L. HARBERT
INTERNATIONAL, LLC; SABBIA
AKTIENGESELLSCHAFT; HARBERT
INTERNATIONAL ESTABLISHMENT, INC.;
BILL L. HARBERT, SR.; AND BILLY
HARBERT, JR.,

     Defendants.

NO: 1:07-cv-00654-RCL

Hon. Royce C. Lamberth

Oral Argument Requested

## REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS BILLY HARBERT, JR. AND B.L. HARBERT INTERNATIONAL, LLC TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iv

INTRODUCTION ..........................................................................................1

I.    PLAINTIFF HAS FAILED TO ESTABLISH THAT THIS COURT HAS
      PERSONAL JURISDICTION OVER MR. HARBERT, JR. OR HILLC. ........................1

      A.    The Exercise of Personal Jurisdiction Would Violate the District of
            Columbia's Long-Arm Statute...................................................................1

      B.    Plaintiff Has Failed To Establish That Due Process Permits The Exercise
            Of Specific Jurisdiction Over Defendants. ............................................3

            1.    Plaintiff Has Not Met Her Burden of Showing that Defendants
                  Have Committed Any Intentional Act Relevant to this Case. ....................4

            2.    Plaintiff Does Not Allege Any Act Expressly Aimed at the District
                  of Columbia. ................................................................................5

            3.    Plaintiff Has Not Established Any Injury In The District Of
                  Columbia.......................................................................................6

II.   PLAINTIFF HAS NOT SHOWN THAT THIS DISTRICT IS A PROPER
      VENUE FOR HER CLAIMS AGAINST DEFENDANTS IN THIS ACTION. ...............6

III.  PLAINTIFF's CLAIMS AGAINST MR. HARBERT, JR. AND HILLC
      SHOULD BE DISMISSED. ..........................................................................7

      A.    This Court Should Deny Plaintiff's Requests For Judicial Notice And
            Ignore Plaintiff's Submission Of "Facts" Not Found In Her Complaint.................7

      B.    Plaintiff Has Failed To State A Claim For Interference With Prospective
            Economic Advantage. ................................................................................8

            1.    Plaintiff Has Failed To Allege That Defendants Knew Of The
                  Alleged Employment Contract. ..................................................................8

            2.    Plaintiff Has Also Failed To Allege That Defendants Acted With
                  The Requisite Intent.......................................................................9

      C.    Plaintiff Has Failed to State A Claim For Suppression Of Facts (Fraud).............10

            1.    Plaintiff's Claims Are Time-Barred........................................................10

            2.    Plaintiff Has Failed To Satisfy Rule 9(b)'s Requirement That She
                  Plead Fraud With Sufficient Particularity...................................................12

    D.     Plaintiff Has Failed To State A Claim For Civil RICO. .........................................14

           1.     Plaintiff Lacks Standing To Bring Her Civil RICO Claim........................14

           2.     Plaintiff Fails To Plead The Requisite Association Between Mr. Harbert, Jr. And HILLC ............................................................................14

CONCLUSION.........................................................................................................................16

TABLE OF AUTHORITIES

**CASES**                                                                          **PAGES**

*Anderson v. USAA Casualty Insurance Co.*,
    221 F.R.D. 250 (D.D.C. 2004)...................................................................................12

*Bell Atlantic Corp.*,
    127 S. Ct. 1955, 1965 (2007).....................................................................9, 10, 12, 13

*Bergen v. Rothschild*,
    648 F.Supp. 582 (D.D.C. 1986) ...............................................................................11

*California v. Texas*,
    457 U.S. 164 (1982)......................................................................................................5

*Conerly v. Westinghouse Electric Corp.*,
    623 F.2d 117 (9th Cir. 1980) ...................................................................................12

*Genetic System Corp. v. Abbott Laboratories*,
    691 F.Supp. 407 (D.D.C. 1988)...........................................................................9, 10

*Gussin v. Shockey*,
    725 F.Supp. 271 (D. Md. 1989) ...............................................................................15

*Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*,
    187 F.3d 941 (8th Cir. 1999) ...................................................................................14

*Havens v. Patton Boggs*,
    05-01454(HHK), 2006 WL 1773473 (D.D.C. June 26, 2006) .....................................7

*In re U.S. Office Products Sec. Litigation*,
    326 F. Supp. 2d 68 (D.D.C. 2004)...........................................................................12

*Jolly v. Eli Lilly & Co.*,
    44 Cal.3d 1103 (Cal. 1988)................................................................................10, 11

*Kopff v. Battaglia*,
    425 F.Supp.2d 76 (D.D.C. 2006) .......................................................................1, 2, 4

*Lisa M. v. Henry Mayo Newhall Memorial Hospital*,
    12 Cal. 4th 291 (Cal. Ct. App. 1995) ......................................................................16

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) .......................................................................................12

*Nix v. Hoke*,
  62 F. Supp. 2d 110 (D.D.C. 1999) ..............................................................14

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479 (1985) ..............................................................................14, 15

*Simpson v. Socialist People's Libyan Arab Jamahiriya*,
  362 F. Supp. 2d 168 (D.D.C. 2005) ..............................................................7

*United States v. Quinn*,
  403 F. Supp. 2d 57 (D.D.C. 2005) ................................................................3

*Wright v. Towns,*
  No. 90-0565 (JHG), 1991 WL 100388 (D.D.C. May 30, 1991) ..................15

## STATE AND FEDERAL STATUTES & RULES

28 U.S.C. § 1391 ..............................................................................................6

D.C. Code § 13-423(a) ................................................................................2, 3

Fed. R. Evid. 201(d) ........................................................................................7

## INTRODUCTION

Plaintiff's Opposition to Defendants Billy L. Harbert, Jr. ("Mr. Harbert, Jr.") and B.L. Harbert International, LLC's ("HILLC") (collectively, "Defendants") Motion to Dismiss ("Opp. To Harbert, Jr./HILLC Motion") is based almost entirely on vitriol and irrelevant assertions of fact not found in the Complaint. However, setting aside Plaintiff's dramatic storytelling, the Opposition fails to rebut the legal arguments Mr. Harbert, Jr. and HILLC made in their Motion to Dismiss. This Court lacks jurisdiction over Mr. Harbert, Jr. and HILLC, and the District of Columbia is an improper venue for this action. This Court should therefore dismiss Mr. Harbert, Jr. and HILLC as defendants under Plaintiff's Complaint. Alternatively, because Plaintiff's Complaint fails to state a claim upon which relief can be granted against Mr. Harbert, Jr. or HILLC, this Court should dismiss Mr. Harbert, Jr. as a Defendant under Plaintiff's First, Fifth, and Sixth Causes of Action, and HILLC as a Defendant under Plaintiff's First and Fifth Causes of Action.[1]

## ARGUMENT

I.  **PLAINTIFF HAS FAILED TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER MR. HARBERT, JR. OR HILLC.**

   A.  **The Exercise of Personal Jurisdiction Would Violate the District of Columbia's Long-Arm Statute.**

The District of Columbia's restrictive long-arm jurisdictional statute precludes the exercise of personal jurisdiction over Defendants by this Court in this case. To establish specific jurisdiction over Defendants, Plaintiff must establish that the exercise of jurisdiction would be "within the scope of the District of Columbia's long-arm statute." *Kopff v. Battaglia*, 425 F.

---

[1] Mr. Harbert, Jr. and HILLC also incorporate herein that facts and arguments contained in the Reply Brief In Support Of Motion Of Defendants Bill L. Harbert, Sr. And Harbert International Establishment, Inc. To Dismiss, filed contemporaneously herewith.

Supp. 2d 76, 81 (D.D.C. 2006). Plaintiff concedes that the relevant long-arm statute is D.C. Code § 13-423(a)(4). Opp. To Harbert, Jr./HILLC Motion at 13. That statute permits the exercise of personal jurisdiction over an outside actor who causes injury within the District of Columbia only "if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." Mot. to Dismiss at 9 (quoting D.C. CODE § 13-423(a)(4)).

Plaintiff cannot satisfy the first prong of this requirement—injury within the District— because her alleged injury, even if legally cognizable, is not relevant to her claims in this action. Plaintiff argues that she meets this injury prong because her "good standing with the U.S. Senate" was harmed. Opp. To Harbert, Jr./HILLC Motion at 13. However, there is no basis in law to suggest that such an alleged deprivation of good standing with the Senate is a legally cognizable injury. Even if one could prove such an injury and its extent, the purportedly attendant damages would present impossible questions of calculation. Furthermore, this alleged injury is clearly not relevant to any of the causes of action in Plaintiff's complaint. "Deprivation of good standing," if a legally cognizable injury at all, would be associated with a cause of action in the nature of a defamation claim. Plaintiff has not presented a claim in any way comparable to defamation in this action.

In addition, Plaintiff should be judicially estopped from arguing that she suffered any injury in this District because she has previously argued, and a court agreed, that this purported injury was suffered in California. As noted in Defendants' Motion to Dismiss, Plaintiff has alleged, and the Central District of California has found, that any alleged injuries caused by the conduct complained of by Defendants in both this action and a previous California case occurred in California. Mot. to Dismiss at 10 & nn. 12–14. Accordingly, she should be judicially

estopped from now arguing that these injuries actually occurred in the District of Columbia.  *See, e.g.*, *United States v. Quinn*, 403 F. Supp. 2d 57, 64 (D.D.C. 2005) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal citations omitted)).

Plaintiff also fails to satisfy the second part of the long-arm statute, which requires certain defined activity within this District, because her argument is based solely on a bare and unspecific assertion whose significance she does not attempt to explain.  Specifically, Plaintiff's argument appears to be that she believes that Defendants have spent a great deal of time, at some unspecified point in the past, in the District of Columbia.  She baldly asserts, without further explanation or evidentiary support, that "Defendants" made "constant A. [*sic*] appearances in Washington in connection with the False Claims Case," as well as that Defendants participated in meetings in the District of Columbia regarding the Cairo Waste Water Treatment Project. Opp. To Harbert, Jr./HILLC Motion at 13–14.  She does not explain how these alleged activities fall under the auspices of D.C. Code § 13-423(a)(4), nor does she explain how the alleged bid-rigging she discusses, which allegedly took place in the 1980s, could possibly be relevant to HILLC, which was first formed in 1999.  Mot. to Dismiss at 5 n.10.  Plaintiff has not shown that the District of Columbia's long-arm statute encompasses her claims in this case.

**B.    Plaintiff Has Failed To Establish That Due Process Permits The Exercise Of Specific Jurisdiction Over Defendants.**

Even if the District of Columbia had an unrestrictive long-arm statute that permitted this Court to exercise its personal jurisdiction to the full extent allowed by due process, the exercise of personal jurisdiction over Defendants would not be appropriate in this case because Plaintiff has failed to satisfy even the minimal due process requirements for personal jurisdiction.

Plaintiff concedes that Defendants are not subject to general jurisdiction in the District of Columbia. Opp. To Harbert, Jr./HILLC Motion at 11. In her argument regarding specific jurisdiction, she accuses Defendants of "ignor[ing] most of the jurisprudence developed under tort law with respect to in personam jurisdiction." *Id.* However, Plaintiff fails to provide any facts concerning Defendants that would create personal jurisdiction over them here under that jurisprudence, despite the fact that she bears the burden of establishing that the exercise of specific jurisdiction over Defendants is appropriate. *See Kopff*, 425 F. Supp. 2d at 80–81.

### 1.    Plaintiff Has Not Met Her Burden of Showing that Defendants Have Committed Any Intentional Act Relevant to this Case.

Assuming that a "wrongful intentional act" is one of the requirements for the exercise of specific jurisdiction under due process, as Plaintiff asserts, Plaintiff has not satisfied this requirement. Opp. To Harbert, Jr./HILLC Motion at 11. She does not attempt to specify what wrongful act or acts Defendants have committed that may be relevant to this action. Instead, she asserts that "defamation, intentional infliction of emotional distress, and invasion of privacy" are examples of acts that may constitute "wrongful intentional acts" that would satisfy this aspect of the due process requirements. *Id.* at 11–12. However, none of Plaintiff's claims in this action is based on any of these types of acts. *See id.* at 12 (listing five of seven claims in Plaintiff's Complaint). Accordingly, even assuming *arguendo* that Plaintiff is correct that defamation and the other torts mentioned may be "wrongful intentional acts" as discussed above, those torts are plainly irrelevant to this particular lawsuit.

No particular "act" on the part of either Defendant is alleged in Plaintiff's Opposition. Because Plaintiff has failed to satisfy her burden, the purposeful direction test requires that her claims against Defendants be dismissed for lack of personal jurisdiction.

### 2. Plaintiff Does Not Allege Any Act Expressly Aimed at the District of Columbia.

Next, assuming that an "expressly aimed act" is another of the requirements for the exercise of specific jurisdiction under due process, as Plaintiff asserts, Plaintiff has also failed to satisfy this requirement. She does not attempt to show that Defendants "expressly aimed" an intentional act—whatever that act might have been—at the District of Columbia. Instead, her only argument is that "Billy Harbert, Jr. knew that Plaintiff had residence [*sic*] in the District of Columbia." Opp. To Harbert, Jr./HILLC Motion at 12.

It is unclear from this phrasing what precisely Plaintiff intended to assert here, but no interpretation exists that would result in an act "expressly aimed" at this District. If Plaintiff intended to assert that she was a domiciled resident in the District of Columbia, that assertion is belied by her statement in her complaint that she is a citizen of California, not the District of Columbia.[2] If Plaintiff instead meant to claim that she maintained a residence there for part of the year, without being domiciled in the District of Columbia, her status as a part-time inhabitant of the District cannot transform acts alleged to have been taken against her into acts "expressly aimed" at the judicial district in which she happened to spend a significant amount of time.

Because Plaintiff cannot legitimately claim to be a District of Columbia domiciliary, she is in essence arguing that she should be entitled to pursue her claims in that District because she spent a significant amount of time here. That is not a proper basis for the exercise of jurisdiction over out-of-state defendants with insufficient contacts with the forum state, and the Court should not allow an exception to that rule in this case.

---

[2] *See* Compl. ¶ 1; *see also California v. Texas*, 457 U.S. 164, 165 (1982) ("[I]t is the law of each State that an individual has but one domicile.").

### 3. Plaintiff Has Not Established Any Injury In The District Of Columbia.

Finally, Plaintiff has also failed to show that she suffered an injury in this District, as the due process constraints on personal jurisdiction require. Plaintiff claims that she suffered a significant injury in the District of Columbia because she was allegedly "deprived of her good standing with the U.S. Senate in Washington." Opp. To Harbert, Jr./HILLC Motion at 13. As noted above, even if there were a legal basis to suggest that an alleged deprivation of good standing with the Senate is a legally compensable injury, Plaintiff has not brought any claim in the nature of defamation. Accordingly, this purported injury is not relevant to her claims in this case and this argument, like those preceding it, falls short of satisfying Plaintiff's burden of establishing that this Court could exercise such jurisdiction over Defendants.

## II. PLAINTIFF HAS NOT SHOWN THAT THIS DISTRICT IS A PROPER VENUE FOR HER CLAIMS AGAINST DEFENDANTS IN THIS ACTION.

Plaintiff has not shown that venue is proper in this District. Plaintiff does not argue that a single act or omission by Defendants occurred in this District. She instead resorts to her argument that her alleged "damages to her standing within the political community" and her alleged emotional distress place venue here. Opp. To Harbert, Jr./HILLC Motion at 16. However, Plaintiff's alleged damages are not a proper basis for venue under any part of 28 U.S.C. § 1391(a). Plaintiff also discusses case law regarding the establishment of venue based on significant communications by a defendant with a resident plaintiff of the chosen district, but does not explain how that law relates to either Defendants or herself in this case. Opp. To Harbert, Jr./HILLC Motion at 16. Plaintiff has not put forth a legitimate argument that venue is appropriate in this District, and this Court should find that it is not.

### III.     PLAINTIFF'S CLAIMS AGAINST MR. HARBERT, JR. AND HILLC SHOULD BE DISMISSED.

#### A.     This Court Should Deny Plaintiff's Requests For Judicial Notice And Ignore Plaintiff's Submission Of "Facts" Not Found In Her Complaint.

Plaintiff has peppered her Opposition with a host of "facts" not found in her Complaint, claiming that this Court can and should rely on these facts in considering Mr. Harbert, Jr. and HILLC's Motion to Dismiss. *See, e.g.*, Opp. To Harbert, Jr./HILLC Motion at 1–10, 25–28. This Court should not consider these purported facts, because they were not a part of Plaintiff's Complaint and they are not properly subject to judicial notice because they are neither "generally known within the territorial jurisdiction of the trial court," nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 362 F. Supp. 2d 168, 178 n.8 (D.D.C. 2005); *see, e.g.*, *Havens v. Patton Boggs*, 05-01454(HHK), 2006 WL 1773473, at *4 n.8 (D.D.C. June 26, 2006) ("'The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)'") (*quoting* 2 James Wm. Moore *et al.*, Moore's Federal Practice § 12.34 at 12-69 (3d ed. 2000)).[3]  Plaintiff cannot gratuitously add post-hoc facts and information to support her claim; the Complaint alone must plead facts sufficient to state her claims. *See Havens*, 2006 WL 1773473, at *4 n.8.

---

[3] Indeed, aside from a letter purportedly from Senator Feinstein, Plaintiff appears to have failed to attach the documents she cites, including those of which she has requested this Court take judicial notice. This omission alone is reason for this Court to disregard these facts. Fed. R. Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

**B.    Plaintiff Has Failed To State A Claim For Interference With Prospective Economic Advantage.**

      **1.    Plaintiff Has Failed To Allege That Defendants Knew Of The Alleged Employment Contract.**

Plaintiff's Complaint contains *no* facts showing that Mr. Harbert, Jr. had knowledge of the so-called September 21 Agreement—a necessary element of Plaintiff's Tortious Interference With Prospective Economic Advantage ("TIPEA") claim.  *See* Motion of Defendants Billy Harbert, Jr. and B.L. Harbert International LLC to Dismiss (hereinafter "Harbert, Jr./HILLC Motion") at 15–16.[4]  Instead, Plaintiff seeks to draw only the wholly unreasonable inference that "because Plaintiff had been working with *John* Harbert since 1979 and had been acting as exclusive case manager on the False Claims Case since April 2001," Mr. Harbert, Jr. must have known about the existence and terms of Plaintiff's purported employment contract with Mr. Harbert, Sr.  Compl. ¶ 38 (emphasis added).  "[I]t is only reasonable," Plaintiff argues, "that after five years, everybody at top management of the Harbert enterprises would know of Plaintiff's contract."  Opp. to Harbert, Jr./HILLC Motion at 17.  Plaintiff protests that requiring her to plead sufficient facts to satisfy a necessary element of her claim places too high a burden on her at this stage in the litigation.  *Id.* at 16 (accusing Defendants of "[a]ppearing to confuse a plaintiffs [sic] task at the pleading stage with his task at trial").[5]

Plaintiff's bare allegation is not enough.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

[4] As discussed in Defendants' Opening Brief, Plaintiff's TIPEA claim against HILLC is entirely derivative of her claim against Mr. Harbert, Jr.  *See* Harbert, Jr./HILLC Motion at 15 n.19.

[5] Contrary to Plaintiff's assertions in the Opposition, Defendants do not seek to require her to describe their knowledge of her employment contract in excruciating detail; rather, the Defendants' Motion is based on Plaintiff's failure to make a single allegation that Mr. Harbert, Jr. knew about the existence of a *written contract* between Mr. Harbert, Sr. and Plaintiff.  *See* Harbert, Jr./HILLC Motion at 15–16.

formulaic recitation of the elements of a cause of action will not do; instead, "[f]actual

allegations must be enough to raise a right to relief above the speculative level...." *Bell Atl.*

*Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Here, Plaintiff's allegation that Mr. Harbert, Jr.

knew of the Agreement is the very type of "label[] and conclusion[], and . . . formulaic recitation

of the elements" that the Supreme Court has held insufficient; the facts in the Complaint do

nothing to support the naked conclusion that Mr. Harbert, Jr. knew of the agreement.

Even if the Complaint could reasonably be read to allege that Mr. Harbert, Jr. was

generally aware of some kind of relationship between Plaintiff and Mr. Harbert, Sr. it

nevertheless fails to allege any facts even remotely suggesting that Mr. Harbert, Jr. was aware of

the specific terms of the September 21 Agreement—or even that it was an employment contract.

*See* Harbert, Jr./HILLC Motion at 15–16.  Plaintiff herself alleges that the September 21

Agreement was drafted some years into her relationship with Mr. Harbert, Sr., and two years

after she started working as case manager.  Mem. of Law in Opp'n to the Mot. of Defts. Bill L.

Harbert, Sr. and Harbert International Establishment, Inc. to Dismiss ("Opp. To Harbert, Sr./HIE,

Inc. Motion") at 3.  Plaintiff cannot impute knowledge of the alleged employment contract to Mr.

Harbert, Jr. without alleging a single fact or event that would have put him on notice that her

association with Mr. Harbert, Sr. was subject to a formal contract.

### 2. Plaintiff Has Also Failed To Allege That Defendants Acted With The Requisite Intent.

Plaintiff's Complaint also fails to allege any fact even remotely suggesting that Mr.

Harbert, Jr. acted "intentionally and maliciously" to deprive Plaintiff of "actual and prospective

business relationships."  *Genetic Sys. Corp. v. Abbott Labs.*, 691 F. Supp. 407, 422–23 (D.D.C.

1988).  Plaintiff argues that her general allegations that Billy Harbert, Jr. developed an

"obsession seeking to destroy Plaintiff financially or physically," Compl. ¶ 14, and that he

"harassed Plaintiff's counsel," *id.* ¶ 22(c), are sufficient to show that Mr. Harbert, Jr. acted intentionally and maliciously.  But those allegations are not tied, even in the most cursory way, to Mr. Harbert, Jr.'s alleged "disruption of the settlement negotiations between DOJ and Plaintiff"—the only conduct that is alleged to have "constituted intentional interference with the terms of the September 21 Agreement"—or any other effort to deprive Plaintiff of the benefits of the September 21 Agreement.  *Id.* ¶ 39.  As noted above, such bald and conclusory allegations are not enough, *see, e.g.*, *Bell Atlantic Corp.*, 127 S. Ct. at 1965, particularly in light of the fact that in the only allegation directly relating to these negotiations, Plaintiff only alleges that Mr. Harbert, Jr. "insisted that he could do a better job than Plaintiff in negotiating a lower figure than $15 million," Compl.  ¶ 10, and, as discussed above, the Complaint otherwise contains no allegation showing that Mr. Harbert, Jr. even knew about the existence or terms of the September 21 Agreement.  These statements cannot as a matter of law rescue Plaintiff's TIPEA claim.  *See, e.g.*, *Genetic Sys. Corp.*, 691 F. Supp. at 423 ("[A]llegations that [defendant] intentionally interfered, induced, or caused a breach or termination of [a] relationship or expectancy are too vague to withstand . . . motions [to dismiss].").

### C. Plaintiff Has Failed to State A Claim For Suppression Of Facts (Fraud).

#### 1. Plaintiff's Claims Are Time-Barred.

Plaintiff cannot rescue her time-barred fraud claim by arguing that Mr. Harbert, Sr. and other defendants "actively concealed the facts of their involvement in the bid-rigging scheme from Plaintiff" until some unspecified time after April 10, 2004 (three years before her Complaint was filed).  Opp. to Harbert, Jr./HILLC Motion at 18.  The facts alleged in Plaintiff's own Complaint—that, for example, she was employed as sole case manager in a lawsuit brought against Defendants for bid-rigging—show conclusively that Plaintiff was at least on inquiry notice of the facts underlying her purported claim.  *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103,

1111 (Cal. 1988) (inquiry notice exists where Plaintiff has reason to suspect that the facts underlying her claims exist).  Once reasonable suspicions are aroused, Plaintiff is charged with sufficient knowledge to pursue her claims.  *See Bergen v. Rothschild,* 648 F. Supp. 582, 585 (D.D.C. 1986) ("'Any fact that should excite [plaintiff's] suspicion is the same as actual knowledge of the claim; the means of knowledge is the same thing, in effect, as the knowledge itself.'") (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co*., 523 F.2d 389, 394 (6th Cir. 1975)).

Plaintiff herself alleges that she was the "sole spokesperson and exclusive case manager for Mr. Harbert Sr. for four years," *i.e.* between April 2001 and 2005, "primarily in the False Claims Case and later in the declaratory relief case, in which the Harbert Contractors sought to reduce the $54 million criminal fine imposed on them by the antitrust [bid rigging] case." Compl. ¶ 18.  Plaintiff insists, however, that despite her intimate involvement in those cases, she could not have at least suspected that Defendants were actually involved in bid-rigging because "the fact that something is pleaded in a complaint does not make it true."  Opp. to Harbert, Jr./HILLC Motion at 20.  The dispositive question is whether Plaintiff should at least have had *some suspicion* regarding the bid-rigging she alleges was concealed from her.  In this regard, even if the existence of the lawsuit in itself was not enough to create a suspicion that the Harberts were involved in bid-rigging, it certainly should have been enough when combined with the 2002 *plea agreement* of Bilhar International Establishment.  *See* Exhibit 10 to Certain Defendants' Request for Judicial Notice (filed June 27, 2007).  Plaintiff simply has no basis to

11

argue that, given her involvement in these matters since 2001, she would not have had at least "a suspicion of wrongdoing" sufficient to trigger the statute of limitations.[6]

### 2. Plaintiff Has Failed To Satisfy Rule 9(b)'s Requirement That She Plead Fraud With Sufficient Particularity.

Plaintiff's argument that the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure cannot apply to her fraud claim because it would impose too high a hurdle for her at this stage of the litigation is without basis in law. *See* Opp. to Harbert, Jr./HILLC Motion at 21 (asserts that requiring a litigant to make specific factual allegations is "an impossible pleading standard" for a claim based on concealment). Plaintiff must plead facts sufficient to demonstrate how, when, where, to whom, and by what means the fraud occurred—regardless whether her claim alleges an affirmative misrepresentation or fraudulent concealment. *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004); *see also Bell Atl. Corp.,* 127 S. Ct. at 1974; *In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68, 81 (D.D.C. 2004); *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980) ("[T]he plaintiff must plead with particularity the facts which give rise to the claim of fraudulent concealment."); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief.").[7] As discussed in Defendants' Motion to Dismiss, Plaintiff's allegations do not nearly meet Rule 9(b)'s requirements. Plaintiff makes no

---

[6] Plaintiff's other allegations further support this conclusion that she had knowledge—or, at minimum, a reasonable suspicion—of the alleged wrongdoing in 2001. For example, Plaintiff alleges that "when Plaintiff agreed to become the exclusive case manager for the False Claims Case, Defendants concealed from Plaintiff the *extent* of [Defendants'] culpability in the bid-rigging scheme." Compl. ¶ 62 (emphasis added). That Plaintiff does not allege that she lacked *any* knowledge that Defendants were culpable, but rather only that she was not aware of *the extent* of that culpability, only highlights the absurdity of Plaintiff's claimed ignorance.

[7] Plaintiff must also plead facts demonstrating that she exercised due diligence in trying to discover the truth. *Conerly*, 623 F.2d at 120 (citing *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F. 2d 248, 250 (9th Cir. 1978)).

specific allegations about when or how Mr. Harbert, Jr. purportedly learned about or authorized bid-rigging, much less how he or any other Defendant endeavored to conceal it from Plaintiff. *See* Harbert, Jr./HILLC Motion at 23–25.

Plaintiff's convoluted attempt at avoiding the consequences of her failure to show that any Defendant owed her a disclosure duty only highlights the deficiencies in her pleadings. *See id.* at 19, 23–25. Plaintiff argues that she need not allege a disclosure duty if "[D]efendant actively conceals the facts from the Plaintiff" and/or "the facts are known or accessible only to the defendant, who knows they are not known or reasonably discoverable by the [P]laintiff." Opp. to Harbert, Jr./HILLC Motion at 21. The Complaint, however, does not contain even a cursory allegation showing that any Defendant had exclusive knowledge of the alleged bid-rigging; indicating that Plaintiff did not have access to the facts; or describing how any Defendant "actively concealed" the facts from her.

Plaintiff's Complaint does not provide remotely close to the level of specificity required by Rule 9(b). As Plaintiff herself concedes, "the fact that something is pleaded in a complaint does not make it true." *Id.* at 20. At the very least, a complaint must give each defendant an opportunity to determine the events that gave rise to the filing of a lawsuit so that he may defend himself. *See Bell Atl. Corp.*, 127 S. Ct. at 1973-74. After reading Plaintiff's fraud allegations, one is left to deduce that at some point in the past, a fraud was committed by a constellation of people and corporations, through a variety of unnamed acts over an indeterminate period of time, of which Plaintiff was the victim, and of which Plaintiff did not become aware until some unspecified time after April 10, 2004. That is not enough to sustain a cause of action for fraud.

13

### D.     Plaintiff Has Failed To State A Claim For Civil RICO.

#### 1.     Plaintiff Lacks Standing To Bring Her Civil RICO Claim.

For Plaintiff to have standing to bring a civil RICO claim, she must show a direct causal

link between an injury to her "business or property" and the Defendant's alleged RICO violation.

*See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985); *Nix v. Hoke*, 62 F. Supp. 2d 110,

115 (D.D.C. 1999).  Plaintiff's Complaint identifies the alleged March 2005 automobile accident

involving former Congressman Hilliard and the purported April 2005 attack at her home as

predicate acts of extortion giving rise to this cause of action.  Compl. ¶¶ 76–78.  In this regard,

Plaintiff in her Opposition claims that her allegation that the purported assault "cause[d] Plaintiff

to break her shoulder and suffer incapacitation and intolerable physical pain for over seven

months following the assault," *id.* ¶ 22, shows an injury to her business.  Opp. to Harbert,

Jr./HILLC Motion at 22–23 ("Plaintiff was personally, physically injured, as a result of which

she could not work for seven months.").  Her Complaint, however, fails to connect her shoulder

injuries to *any* business losses.  *See* Harbert, Jr./HILLC Motion at 28–29.[8]  She does not allege in

her Complaint that the injury prevented her from engaging in her normal course of business, nor

does she allege that she would have had other or different business opportunities but for the

alleged RICO injury.  Because she has failed to plead a business injury resulting from the alleged

racketeering activity, Plaintiff lacks standing to bring her civil RICO claim.

#### 2.     Plaintiff Fails To Plead The Requisite Association Between Mr. Harbert, Jr. And HILLC

Plaintiff also has failed to plead sufficient facts showing the association of Mr. Harbert,

Jr. with the purported RICO enterprise, HILLC, or how HILLC was involved in a pattern of

---

[8] Personal injuries are not injuries to "business or property" within the meaning of the RICO statute. *See, e.g.*, *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 954 (8th Cir. 1999).

racketeering under the RICO statute. *See id.* at 29–30. Plaintiff does not make any allegations whatsoever about how Mr. Harbert, Jr. associated with HILLC to violate the law. *See, e.g.*, *Gussin v. Shockey*, 725 F. Supp. 271, 277 (D. Md. 1989) ("The association must include an aspect of purpose to violate the act."). Nor does Plaintiff's Complaint provide even the slightest indication of how HILLC was involved in any racketeering activity. Civil RICO is defined as *the conduct of an enterprise* through a pattern of racketeering activity that causes injury to the Plaintiff's "business or property." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. at 495; *Wright v. Towns,* No. 90-0565 (JHG), 1991 WL 100388, at *3 (D.D.C. May 30, 1991). Neither of the two alleged predicate RICO violations—an attempt on the life of a former Congressman by an unknown party and an attack against Plaintiff by an unknown party—has anything to do with HILLC. Nothing in Plaintiff's pleadings connects either the March 2005 automobile accident or alleged April 2005 attack with HILLC or any of the RICO defendants other than Mr. Harbert, Jr. (And the allegations against Mr. Harbert, Jr. in the Complaint consist of nothing but raw, unsupported speculation, devoid of any supporting facts, that Mr. Harbert, Jr. was behind the April attack.) Compl. ¶¶ 76, 78.

Plaintiff in her Opposition nevertheless argues that she can somehow impute these actions to HILLC through respondeat superior because Billy Harbert, Jr. was an officer of that Company. Opp. to Harbert, Jr./HILLC Motion at 23 (arguing that "the relation of HIILLC to the predicate acts is that of respondeat superior"). However, nowhere in her Complaint does Plaintiff make any allegations to support even the most basic elements of respondeat superior or put Defendants on notice that she was proceeding under such a theory. For example, Plaintiff herself admits that respondeat superior requires that the employee's conduct be in the scope of employment. *See id.* at 23–24 ("The respondeat superior doctrine makes an employer

vicariously liable for torts of its employee committed within the 'scope of the employment.'")

(quoting *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 296 (Cal. Ct. App.

1995)).  But she does not allege that Mr. Harbert, Jr. acted in the course and within the scope of

his employment with HILLC when he allegedly "engaged in repeated career and life threats

against Plaintiff," Compl. ¶ 76, or in performing his alleged role in the March 2005 accident or

the April 2005 attack.  Indeed, the only mention of HILLC in Plaintiff's civil RICO claim is

Plaintiff's bare allegation that "Billy Harbert, Jr. was 'associated with' [HILLC]."  Compl. ¶ 69.

That bald, conclusory allegation is not sufficient.  Because Plaintiff again fails to aver the

requisite facts for her to make out her claim, her civil RICO claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss.

Dated:  August 9, 2007                         Respectfully submitted,

                                                 /s/ Roger S. Goldman
                                                Roger S. Goldman
                                                (D.C. Bar No. 333294)
                                                LATHAM & WATKINS LLP
                                                555 11th Street, N.W.
                                                Suite 1000
                                                Washington, D.C. 20004
                                                Tel: (202) 637-2200
                                                Fax: (202) 637-2201
                                                Email: roger.goldman@lw.com

                                                Of Counsel:
                                                Matthew H. Lembke
                                                BRADLEY ARANT ROSE & WHITE LLP
                                                One Federal Place
                                                1819 Fifth Avenue North
                                                Birmingham, AL 35203
                                                Tel: (205) 521-8000
                                                Fax: (205) 521-8800
                                                Email: mlembke@bradleyarant.com

                                                Attorneys for Defendants Billy Harbert, Jr. and
                                                B.L. Harbert International, LLC

**CERTIFICATE OF SERVICE**

I, Roger S. Goldman, hereby certify on this 9th day of August, 2007 that I filed the foregoing {Reply Brief in Support of Motion of Defendants Billy Harbert, Jr. and B.L. Harbert International, LLC to Dismiss} via the Court's CM/ECF system, which will send a notice of electronic filing to the following CM/ECF users:

**Mark Butler Bierbower**
mbierbower@hunton.com

I further certify that I had the foregoing documents sent via certified mail and Federal Express, postage pre-paid to the following non CM/ECF user:

**Hoda Elemary**
21 Le Conte
Laguna Niguel, CA 92677

/s/ Roger S. Goldman
Roger S. Goldman

17