**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. HODA ELEMARY,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILIPP HOLZMANN A.G.; WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR.,<br><br>    Defendants. | NO: 1:07-cv-00654-RCL<br><br>Hon. Royce C. Lamberth<br><br>Oral Argument Requested |

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS BILL L. HARBERT, SR. AND HARBERT INTERNATIONAL ESTABLISHMENT, INC. TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

I.   PLAINTIFF HAS FAILED TO ASSERT ANY BASIS FOR THE EXERCISE
     OF PERSONAL JURISDICTION OVER HIE, INC. ..........................................................1

II.  PLAINTIFF HAS NOT SHOWN THAT THIS DISTRICT IS A PROPER
     VENUE FOR HER CLAIM AGAINST HIE, INC. IN THIS ACTION. ...........................2

III. THE COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN
     BE GRANTED AGAINST MR. HARBERT, SR. AND HIE, INC. ...................................3

   A.   Plaintiff Has Failed to State a Claim for Termination in Violation of
        Public Policy Against Mr. Harbert, Sr. ....................................................................3

   B.   Plaintiff Has Failed to State A Claim For Suppression Of Facts (Fraud) ...............6

   C.   Plaintiff Has Failed to State a Claim for Civil RICO. .............................................6

CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

**CASES** **PAGES**

*Abrahams v. Young & Rubicam Inc.*,
　79 F.3d 234 (2d Cir. 1996)..................................................................................7

*Adams v. George W. Cochran & Co.*,
　597 A.2d 28 (D.C. 1991) .....................................................................................4

*Bowie v. Gonzales*,
　433 F. Supp. 2d 24 (D.D.C. 2006) ......................................................................5

*Glenn v. First National Bank in Grand Junction*,
　868 F.2d 368 (10th Cir. 1989) .............................................................................7

*Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*,
　187 F.3d 941 (8th Cir. 1999) ...............................................................................8

*Holmes v. Securities Investor Protection Corp.*,
　503 U.S. 258 (1992).............................................................................................7

*In re America Express Co. Shareholder Litigation*,
　39 F.3d 395 ..........................................................................................................7

*Khajavi v. Feather River Anesthesia Medical Group*,
　84 Cal. App. 4th 32 (Cal. Ct. App. 2000) ...........................................................4

*Nix v. Hoke*,
　62 F.Supp.2d 110 (D.D.C. 1999).........................................................................6

*Sedima, S.P.R.L. v. Imrex Co.*,
　473 U.S. 479 (1985).............................................................................................6

## INTRODUCTION

Plaintiff's Opposition to Defendants Bill L. Harbert, Sr. ("Mr. Harbert, Sr.") and Harbert International Establishment, Inc.'s ("HIE, Inc.") (collectively, "Defendants") Motion to Dismiss ("Opp. to Harbert, Sr./HIE Motion") is based almost entirely on vitriol and irrelevant assertions of fact not found in the Complaint. However, setting aside Plaintiff's bombast, the Opposition fails to rebut the legal arguments made in Defendants' Motion to Dismiss. This Court lacks jurisdiction over HIE, Inc., and the District of Columbia is an improper venue for Plaintiff's claims against HIE, Inc. This Court should therefore dismiss HIE, Inc. as a defendant under Plaintiff's Complaint. Moreover, because Plaintiff's Complaint fails to state a claim upon which relief can be granted against Mr. Harbert, Sr. with respect to her Termination in Violation of Public Policy, Suppression of Facts (Fraud), and Civil RICO claims, or against HIE, Inc. with respect to her Suppression of Facts (Fraud) claim, this Court should dismiss them as Defendants under those causes of action.[1]

## I. PLAINTIFF HAS FAILED TO ASSERT ANY BASIS FOR THE EXERCISE OF PERSONAL JURISDICTION OVER HIE, INC.

Plaintiff makes no meaningful response in either her Complaint in this action or her Opposition to the Motion to Dismiss to explain how HIE, Inc. could be subject to personal jurisdiction in this Court. *See* Opp. to Harbert, Sr./HIE Motion. Plaintiff makes no effort in her Opposition to address any of HIE, Inc.'s arguments regarding jurisdiction. Instead, Plaintiff alleges only that HIE, Inc. is an "instrumentality" of co-Defendant Billy Harbert, Jr. ("Mr.

---

[1] Mr. Harbert, Sr. and HIE, Inc. also incorporate herein that facts and arguments contained in the Reply Brief In Support Of Motion Of Defendants Bill L. Harbert, Jr. And B.L. Harbert International, LLC To Dismiss ("Harbert, Jr./HILLC Reply"), filed contemporaneously herewith.

Harbert, Jr."), and incorporates the arguments in her opposition to the "Harbert Sr./HILLC Motion."[2]

Plaintiff's response is wholly insufficient because, in part, she fails to explain either her conclusory designation of HIE, Inc. as an "instrumentality," or the relevance of that designation. Even assuming that this allegation is a correct and precise statement of fact, nowhere does Plaintiff explain why any corporate "instrumentality" of Mr. Harbert, Jr. must be subject to personal jurisdiction in this District. She completely fails to address HIE, Inc.'s arguments that it would be a violation of both due process and the District of Columbia's long-arm jurisdictional statute for this Court to exercise personal jurisdiction over HIE, Inc., which has not taken any action whatsoever, anywhere, since its formation.

## II.   PLAINTIFF HAS NOT SHOWN THAT THIS DISTRICT IS A PROPER VENUE FOR HER CLAIM AGAINST HIE, INC. IN THIS ACTION.

Plaintiff has not shown that venue is proper in this District for her claim against HIE, Inc. Plaintiff does not argue that a single act or omission by HIE, Inc. occurred in this District. Instead, as with her response to HIE, Inc.'s personal jurisdiction arguments, she merely incorporates the arguments in her opposition to the "Harbert Sr./HILLC Motion." Opp. to Harbert, Sr./HIE Motion at 3. Plaintiff has not put forth a legitimate argument that venue is appropriate in this District, and this Court should find that it is not and dismiss HIE, Inc. as a defendant in this action.

---

[2] Presumably, Plaintiff intended to refer to a "Harbert Jr./HILLC Motion," as this incorporation of her opposition to Mr. Harbert, Sr.'s motion itself appears in her opposition to Mr. Harbert, Sr.'s motion.

### III. THE COMPLAINT FAILS TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED AGAINST MR. HARBERT, SR. AND HIE, INC.

#### A. Plaintiff Has Failed to State a Claim for Termination in Violation of Public Policy Against Mr. Harbert, Sr.

Plaintiff's sole argument regarding the sufficiency of her claim of termination in violation of public policy is that Defendants are requiring her to plead too much at this stage of the litigation. *See* Opp. to Harbert, Sr./HIE Motion at 3. Contrary to her assertions, however, Defendants' Motion to Dismiss does not "criticize" Plaintiff for not proving her case at this stage, but rather only shows that Plaintiff failed her basic, threshold obligation to plead sufficient facts, and that even the few facts she has pled demonstrate that her claim cannot succeed as a matter of law.

In her Complaint, Plaintiff claims in a conclusory fashion that she was employed by Mr. Harbert, Sr., and that her termination breached the alleged September 21 Agreement. Compl. ¶¶ 35–39. As explained in Defendants' Motion ("Harbert, Sr./HIE, Inc. Motion"), it is clear from the September 21 Agreement that the actual professional relationship she describes does not have the requisites of an employee/employer relationship. Harbert, Sr./HIE, Inc. Motion at 9-10. Plaintiff does not dispute this. Rather, in her Opposition, she argues that the September Agreement is not the sole source of the parameters of the "employment" relationship because the relationship predates the September 21 Agreement. She states that the September 21 Agreement was entered into "more than two years after the start of the pleaded employment agreement." Opp. to Harbert, Sr./HIE, Inc. Motion at 3. As a threshold matter, there is not a single allegation made in the Complaint (or even in her Opposition) that describes the nature of the prior arrangements or relationship between Plaintiff and Mr. Harbert, Sr., let alone describes its terms or parameters in a way that would create an employment relationship. Compl. ¶¶ 16, 18, 38, 52 (alleging only that, at some time Mr. Harbert, Sr. and his brother "sought Plaintiff's assistance

3

and intervention to secure" contracts overseas; that Mr. Harbert, Sr. "sought her intervention once again"; that Plaintiff was exclusive case manager from 2002-2005; and that Plaintiff was employed by Mr. Harbert, Sr. as exclusive case manager and sole spokesperson for the False Claims Case and the declaratory relief action from April 2002 to April 2005).

Even if these loose and conclusory statements were enough to plead the existence of an employment relationship prior to September 2004, however, it is clear from Plaintiff's own Complaint that Plaintiff's arrangement with Mr. Harbert, Sr. at the time of Plaintiff's purported termination was governed by the September 21 Agreement. Thus, for example, the damages Plaintiff seeks for her allegedly unlawful termination consist of the monies she alleges she was owed under that Agreement. Compl. ¶ 56. And regardless of any prior relationship and associated terms or conditions, the September 21 Agreement itself purports to "confirm the parties' relevant prior agreements on key issues," Compl. Ex. G at 1, and be consistent with any prior, informal agreements or arrangements. In this regard, as discussed more fully in Defendants' Opening Brief, that agreement does not establish an employment relationship as a matter of law.

The issue is not whether Plaintiff had some nature of professional relationship with Mr. Harbert, Sr., as she asserts, but rather whether that professional relationship was an employment relationship. *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C. 1991); *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 53 (Cal. Ct. App. 2000) ("As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy."). And nothing in Plaintiff's Complaint or the September 21 Agreement demonstrates that any of the indicia of an employer-employee relationship existed. *See* Harbert, Sr./HIE, Inc. Motion at 9–10. The September 21 Agreement on its face states that it is meant to

4

establish a forum to transact their business, not to establish an employment relationship. *Id.* The agreement also lacks all of the hallmarks of a traditional employment agreement. *Id.* Because the Complaint itself demonstrates that Plaintiff was not an employee, Plaintiff has failed to state a claim for breach of an implied covenant of continued employment.

The Complaint also fails to allege any facts showing that Plaintiff's alleged termination was in violation of public policy. Plaintiff herself alleges that her termination by Mr. Harbert, Sr. occurred as a result of actions undertaken by Mr. Harbert, Jr. and others for personal reasons—not because Mr. Harbert, Sr. engaged in any illegal activity. Compl. ¶¶ 12–13, 39, 43, 45, 72. Thus, for example, Plaintiff alleges that Mr. Harbert, Sr. "breached the November 3 Trust and the September 21 Agreement by permitting Billy Harbert, Jr. to interfere with Plaintiff's performance of her duties under, *and thereby resulting in the termination of*, the September 21 Agreement." *Id.* ¶ 45. Plaintiff reiterates this allegation in her Opposition, stating: "[w]ith . . . intent to cause Plaintiff irreparable damage **to secure the lion share of Mr. Harbert [Sr.'s] estate,** Defendant Billy Harbert, Jr. convinced Mr. Harbert [Sr.] . . . that the Harbert Defendants would prevail . . . in the False Claims Case if they [went] to trial" and for this reason "Mr. Harbert [Sr.] elected to breach his agreements with Plaintiff." Opp. to Harbert, Jr./HILLC Motion at 1. Plaintiff simply ignores the fact that her Complaint repeatedly alleges that she was terminated by Mr. Harbert, Sr. because he was either tricked or coerced to do so by Mr. Harbert, Jr., and that such allegations override her conclusory (and abstruse) allegation that "Defendants' conduct" was "a proximate" cause of Mr. Harbert, Sr.'s decision to terminate her. Compl. ¶ 54; *see, e.g.*, *Bowie v. Gonzales*, 433 F. Supp. 2d 24, 30 (D.D.C. 2006) (A plaintiff's wrongful termination cause of action must be "'firmly anchored in either the Constitution or in a statute or regulation which clearly reflects the particular "public policy" being relied upon,'" and "'there

5

must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.'") (quoting *Warren v. Coastal Int'l Secs., Inc.*, 96 Fed. Appx. 722, 722-23 (D.C. Cir. 2004)).

### B. Plaintiff Has Failed to State A Claim For Suppression Of Facts (Fraud).

Plaintiff relies on arguments made in her opposition to Defendants Billy Harbert, Jr. and HILLC's Motion to Dismiss in asserting that her fraud claim against Mr. Harbert, Sr. should not be dismissed. *See* Opp. to Harbert, Jr./HILLC Motion at 18-26. For the reasons explained in the Harbert, Jr./HILLC Reply, which Defendants hereby incorporate by reference, Plaintiff has not filed her fraud claim within the applicable limitations period, and she has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). Harbert, Jr./HILLC Reply at 10-13.

### C. Plaintiff Has Failed to State a Claim for Civil RICO.

For Plaintiff to have standing to bring a civil RICO claim, Plaintiff must show a direct causal link between an injury to her "business or property" and the Defendant's alleged RICO violation. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495–96 (1985); *Nix v. Hoke*, 62 F. Supp. 2d 110, 115 (D.D.C. 1999). Plaintiff, however, has failed to do so in her Complaint. In her Opposition, Plaintiff points to the allegation that "Plaintiff sustained substantial losses in her theatres of operation, including, but not limited to, permanent damages as a direct and proximate result of the fraud and concealment by Defendants of the facts of the bid-rigging scheme." Opp. to Harbert, Sr./HIE, Inc. Motion at 5 (quoting Compl. ¶ 22). This allegation, however, does not save her claim. As a threshold matter, Plaintiff has alleged various instances of money laundering—not bid-rigging—as the predicate RICO violations. Compl. ¶¶ 92–100. Yet, Plaintiff attributes her claimed losses only to the alleged bid-rigging scheme. Plaintiff also fails to explain specifically what "substantial losses" or "permanent damages" she suffered or how

6

those losses were proximately caused by Mr. Harbert, Sr.'s alleged RICO violations. *See, e.g.*, *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 372 (10th Cir. 1989) (a court is not "obligated to construct a [RICO] cause of action from allegations in a complaint filed by a party who was unwilling or unable to plead the cause of action himself.").

More importantly, the allegation itself attributes Plaintiff's "substantial losses" to other conduct of Defendants—namely, "*fraud and concealment* by Defendants of the facts of the bid-rigging scheme"—not to the alleged money laundering (or even bid-rigging) scheme. Compl. ¶ 22. Indeed, Plaintiff further explains in her Complaint that "Defendants' damages inflicted on Plaintiff arose through four categories of unlawful actions"—none of which includes Mr. Harbert, Sr.'s alleged RICO violation.[3] It is well-settled that a RICO plaintiff's alleged injuries must have been "by reason of" a RICO violation. *See, e.g.*, *Holmes v. Secs. Investor Protection Corp.*, 503 U.S. 258, 265–70 (1992) (to establish injury to business or property "by reason of" a RICO violation, a plaintiff must allege that the predicate acts both factually and proximately caused his injury). In this regard, Plaintiff's alleged injuries must "flow from the harms that the predicate acts . . . were intended to cause and the laws against them were intended to prevent." *Abrahams v. Young & Rubicam Inc.*, 79 F.3d 234, 238 (2d Cir. 1996). Because Plaintiff has not and cannot allege that she was "the target of the [alleged] racketeering enterprise"—the alleged money laundering scheme—she has failed to state a valid RICO claim. *Id.* (citation omitted); *see also In re Am. Express Co. S'holder Litig.*, 39 F.3d 395, 400 (2d Cir. 1994) (affirming dismissal

---

[3] These categories are: (1) "demanding that Plaintiff either break the law by altering evidence detrimental to the Harbert Contractors that was required to be surrendered to the United States, or have her employment terminated"; (2) "discrediting Plaintiff in the presence of many United States Senators, the White House and DOJ officials"; (3) "coercing . . . Plaintiff to dramatically reduce her income and expenses and lose her position as exclusive case manager, or agree to cover up crucial evidence concerning Defendants' Swiss Bank Records"; and (4) "physically assaulting and pushing Plaintiff down the stairs by a hired Myrmidon of the Harbert Contractors . . . ." Compl. ¶ 22.

7

of RICO claim where the harm to the plaintiffs was caused by the public exposure of the scheme and not by the scheme itself).

Plaintiff's reliance on her abstruse allegation that the Harbert Contractors' alleged "encourage[ment of] foreign corporations to join them in defrauding the American taxpayer and recipient Middle East governments" had the effect of "severely undermining Plaintiff's credibility with Middle East heads of states with whom Plaintiff had enjoyed a very lucrative business relationship," Compl. ¶ 21, is equally unavailing.  Plaintiff's claimed reputational injuries were not directly caused by the alleged money laundering scheme; "encourag[ing] foreign corporations" to join in alleged fraud is not a predicate offense for Plaintiff's RICO claim.  Accordingly, "any damage to [Plaintiff's] business reputation[] was indirect and too remote a consequence of [Mr. Harbert, Sr.'s] alleged racketeering activity directed against third parties...." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 954 (8th Cir. 1999).  In any event, "[d]amage to reputation is generally considered personal injury and thus is not an injury to 'business or property' within the meaning of [the RICO statute]." *Id.*  Plaintiff's Civil RICO claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion to Dismiss.

Dated:  August 9, 2007                                  Respectfully submitted,

                                                                              /s/ Roger S. Goldman
                                                                             Roger S. Goldman
                                                                             (D.C. Bar No. 333294)
                                                                             LATHAM & WATKINS LLP
                                                                             555 11th Street, N.W.
                                                                             Suite 1000
                                                                             Washington, D.C. 20004
                                                                             Tel: (202) 637-2200
                                                                             Fax: (202) 637-2201
                                                                             Email: roger.goldman@lw.com

Of Counsel:
Matthew H. Lembke
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Attorneys for Defendants Bill L. Harbert, Sr.
and Harbert International Establishment, Inc.

## CERTIFICATE OF SERVICE

  I, Roger S. Goldman, hereby certify on this 9th day of August, 2007 that I filed the foregoing {Reply Brief in Support of Motion of Defendants Bill L. Harbert, Sr. and Harbert International Establishment, Inc. to Dismiss} via the Court's CM/ECF system, which will send a notice of electronic filing to the following CM/ECF users:

**Mark Butler Bierbower**
mbierbower@hunton.com

  I further certify that I had the foregoing documents sent via certified mail and Federal Express, postage pre-paid to the following non CM/ECF user:

**Hoda Elemary**
21 Le Conte
Laguna Niguel, CA 92677


        /s/ Roger S. Goldman
         Roger S. Goldman