**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. HODA ELEMARY, | NO: 1:07-cv-00654-RCL |
| Plaintiff, | |
| v. | Hon. Royce C. Lamberth |
| PHILIPP HOLZMANN A.G.; WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR., | Oral Argument Requested |
| Defendants. | |

## CERTAIN DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendants Bill L. Harbert, Sr., Billy Harbert, Jr., B.L. Harbert International, LLC and Harbert International Establishment, Inc. (collectively, "Moving Defendants") hereby request that this Court take judicial notice of the materials attached to the Declaration of Roger Goldman as Exhibits 1 and 2. These materials are submitted in support of (a) the Reply Brief in Support of Motion of Defendants Billy Harbert, Jr. and B.L. Harbert International, LLC to Dismiss; (b) the Reply Brief in Support of Motion of Defendants Bill L. Harbert, Sr. and Harbert International Establishment, Inc. to Dismiss; and (c) the Reply Brief in Support of Motion of Certain Defendants to Transfer Venue, filed concurrently herewith. In support of this Motion, Moving Defendants submit the accompanying Memorandum of Law.

Dated: August 9, 2007

Respectfully submitted,

_/s/ Roger S. Goldman_____
Roger S. Goldman
(D.C. Bar No. 333294)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200

Fax: (202) 637-2201
Email: roger.goldman@lw.com

Of Counsel:
Matthew H. Lembke
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Attorneys for Defendants B.L. Harbert
International, LLC, Harbert International
Establishment, Inc., Bill L. Harbert, Sr., and
Billy Harbert, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DR. HODA ELEMARY,

Plaintiff,

v.

PHILIPP HOLZMANN A.G.; WACHOVIA BANK, N.A.; B.L. HARBERT INTERNATIONAL, LLC; SABBIA AKTIENGESELLSCHAFT; HARBERT INTERNATIONAL ESTABLISHMENT, INC.; BILL L. HARBERT, SR.; AND BILLY HARBERT, JR.,

Defendants.

NO: 1:07-cv-00654-RCL

Hon. Royce C. Lamberth

Oral Argument Requested

## MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' SECOND REQUEST FOR JUDICIAL NOTICE

### I.    LEGAL STANDARD

Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 16 (D.D.C. 2001). Under Rule 201(d), a district court shall take judicial notice "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

### II.    DESCRIPTION OF DOCUMENTS SUBJECT TO JUDICIAL NOTICE

Defendants Bill L. Harbert, Sr., Billy Harbert, Jr., B.L. Harbert International, LLC and Harbert International Establishment, Inc. ("Moving Defendants") respectfully request that the Court take judicial notice of the following documents, attached as Exhibits 1 and 2, which are court records in matters related to the instant suit. Judicial notice is appropriate because these documents cannot reasonably be disputed, and these documents are not being submitted to

determine the truth or falsity of the allegations they contain.[1]  The attached documents are

"capable of accurate and ready determination by resort to resources whose accuracy cannot

reasonably be questioned."  F.R.E. 201(b).  *See Sibley v. Breyer*, 456 F. Supp. 2d 43, 45 (D.D.C.

2006) (stating that the court may take judicial notice of public records from other proceedings);

*Weil v. Markowitz*, 829 F.2d 166, 173 n. 15 (D.C. Cir. 1987) (taking judicial notice of a related

proceeding in another court).  Therefore, Defendants hereby respectfully request that the Court

take judicial notice of the following documents:

- Notice of Motion and Motion of Certain Defendants to Transfer Venue in *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal. filed June 20, 2007), attached as Exhibit 1; and
- Statement of Non-Opposition to Motion of Certain Defendants to Transfer Venue in *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal. filed July 30, 2007), attached as Exhibit 2.


Dated:  August 9, 2007                                  Respectfully submitted,

                                                         /s/ Roger S. Goldman
                                                        Roger S. Goldman
                                                        (D.C. Bar No. 333294)
                                                        LATHAM & WATKINS LLP
                                                        555 11th Street, N.W.
                                                        Suite 1000
                                                        Washington, D.C. 20004
                                                        Tel: (202) 637-2200
                                                        Fax: (202) 637-2201
                                                        Email: roger.goldman@lw.com

                                                        Of Counsel:
                                                        Matthew H. Lembke
                                                        BRADLEY ARANT ROSE & WHITE LLP
                                                        One Federal Place
                                                        1819 Fifth Avenue North

---

[1]  Judicial notice of the court records merely establishes the existence of the litigation and that the allegations and statements contained in the respective filings were made in the litigation. *See, e.g., Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-30 (5th Cir. 1998).

Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Attorneys for Defendants B.L. Harbert
International, LLC, Harbert International
Establishment, Inc., Bill L. Harbert, Sr., and
Billy Harbert, Jr.

**CERTIFICATE OF SERVICE**

I, Roger Goldman, hereby certify on this 9th day of August 2007, that I filed the foregoing {Second Request for Judicial Notice, Memorandum of Law and Declaration of Roger S. Goldman} via the Court's CM/ECF system, which will send a notice of electronic filing to the following CM/ECF users:

**Mark Butler Bierbower**
mbierbower@hunton.com

I further certify that I had the foregoing documents sent via certified mail and Federal Express, postage pre-paid to the following non CM/ECF user:

**HODA ELEMARY**
21 Le Conte
Laguna Niguel, CA 92677

<u>/s/ Roger Goldman</u>
Roger Goldman

## DECLARATION OF ROGER S. GOLDMAN

1.      I am an attorney licensed to practice law in the District of Columbia and the United States District Court for the District of Columbia.  I am also a partner with Latham & Watkins LLP, and counsel for Defendants Bill L. Harbert, Sr., Billy Harbert, Jr., B.L. Harbert International, LLC and Harbert International Establishment, Inc.  I have personal knowledge of all the facts alleged herein, and would competently testify thereto in a court of law.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Notice of Motion and Motion of Certain Defendants to Transfer Venue in *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal. filed June 20, 2007).

3.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Statement of Non-Opposition to Motion of Certain Defendants to Transfer Venue in *Elemary v. Steering*, No. CV07-3644 RGK (PJWx) (C.D. Cal. filed July 30, 2007).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge, and that this declaration was executed on August 9, 2007, in Washington, D.C.

Roger S. Goldman

1  LATHAM & WATKINS LLP
      David J. Schindler (Bar No. 130490)
2        david.schindler@lw.com
      Yasmin N. Best (Bar No. 235959)
3        yasmin.ebst@lw.com
   633 West Fifth Street, Suite 4000
4  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
5  Facsimile: (213) 891-8763

6

7  BRADLEY ARANT ROSE & WHITE, LLP
      Matthew H. Lembke (admitted *pro hac vice*)
   One Federal Place
8  1819 Fifth Ave North
   Birmingham, AL 35203
9  Telephone: (205) 521-8000
   Facsimile: (205) 521-8800

10

11 Attorneys for Defendants Bill L. Harbert, Sr.
   and Billy Harbert, Jr.

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                   WESTERN DIVISION

16

17 DR. HODA ELEMARY,                  CASE NO. CV07-03644 R (AGRx)

18          Plaintiff,                **NOTICE OF MOTION AND MOTION
                                       OF CERTAIN DEFENDANTS TO
19      v.                             TRANSFER VENUE;
                                       MEMORANDUM OF POINTS AND
20 JERRY L. STEERING, BILL L.          AUTHORITIES IN SUPPORT**
   HARBERT, SR., BILLY HARBERT,
21 JR., AND DOES 1 – 25, INCLUSIVE,    **[[Proposed] Order filed concurrently
                                       herewith]**
22          Defendants.
                                       Date:  August 6, 2007
23                                     Time:  10:00 AM
                                       Place: Courtroom 8 (Judge Real)
24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    **TO PLAINTIFF AND HER COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** on August 6, 2007, or as soon thereafter

3    as the matter may be heard in Courtroom 8 of the Honorable Manuel L. Real ,

4    located at 312 North Spring Street, Los Angeles, California, 90012, Defendants Bill

5    L. Harbert, Sr. ("Mr. Harbert, Sr.") and Billy Harbert, Jr. ("Mr. Harbert, Jr.") will

6    and hereby does move the Court to transfer venue to the United States District Court

7    for the Northern District of Alabama.

8         This Motion is made on the grounds that a transfer of venue would be a

9    proper exercise of this Court's discretion in light of the Northern District of

10   Alabama's substantial connection to potential witnesses, the claims in Plaintiff's

11   Complaint, the parties' contact and relationships, and relevant records, as well as the

12   Central District of California's lack of connection to any properly joined

13   Defendants, Plaintiff's claims, the witnesses, or records.

14        This Motion is based on this Notice of Motion and Motion; the accompanying

15   Memorandum of Points and Authorities; the accompanying [Proposed] Order; the

16   Motion of Defendant Bill L. Harbert, Sr. to Dismiss, filed contemporaneously

17   herewith; the Motion of Billy Harbert, Jr. to Dismiss, filed contemporaneously

18   herewith; the pleadings and papers filed in this action; and such further argument

19   and matters as may be offered at the time of the hearing of this motion.

20        This Motion is made following the conference of counsel pursuant to L.R. 7-

21   3, which took place on June 5, 2007.

22   Dated: June 20, 2007

                                          Respectfully submitted,

23                                             LATHAM & WATKINS LLP

24

25                                     By

26                                         Yasmin N. Best

27                                         Attorneys for Defendants
                                      Bill L. Harbert, Sr. and

28                                         Billy Harbert, Jr.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

I.    INTRODUCTION ....................................................................................... 1

II.   ARGUMENT ............................................................................................... 2

    A.    The Northern District of Alabama Would Be a Proper
        Venue for Plaintiff's Claims. ............................................................. 3

    B.    Balancing the Relevant Factors Leaves No Doubt that
        Transfer is Appropriate and Would Place this Action in a
        Significantly More Convenient District. .......................................... 4

        1.    Plaintiff's Choice Of Forum ...................................................... 4

        2.    Convenience Of The Witnesses And Parties .......................... 6

            a.    Non-Party Witnesses ..................................................... 6

            b.    Party Witnesses .............................................................. 9

        3.    Familiarity Of The Forum With Applicable Law ................. 10

        4.    Ease Of Access To Evidence .................................................... 13

        5.    The Parties' Contacts With The Chosen Forum ................... 13

        6.    Differences In The Cost Of Litigation In The Two
            Forums ......................................................................................... 14

    C.    The Doctrine Of Collateral Estoppel Requires That This
        Second Attempt By Plaintiff To Bring Her Claims In
        This Jurisdiction Be Transferred. .................................................. 14

III.  CONCLUSION ........................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Bandai Am., Inc. v. Brown,*
   2002 WL 31417189 (C.D. Cal. June 1, 2002)..............................................5

*Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.,*
   2006 WL 1582091 (C.D. Cal. June 6, 2006)..............................................2

*Chrysler Capital Corp. v. Woehling,*
   663 F. Supp. 478 (D. Del. 1987) ..............................................................4

*Decker Coal Co. v. Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986) ...................................................................4

*Denham v. Farmers Ins. Co.,*
   213 Cal. App. 3d 1061 (1989) ...............................................................12

*DIRECTV, Inc. v. EQ Stuff, Inc.,*
   207 F. Supp. 2d 1077 (C.D. Cal. 2002) ...................................................4

*Elemary v. Billy Harbert, Jr., et al.,*
   Case No. CV06-4723 RGK (PJWx) (C.D. Cal. filed July 28, 2006)................1

*Fidelity & Deposit Co. of Md. v. Advance Indus. Constr., LLC,*
   2006 WL 752943 (N.D. Ill. Mar. 21, 2006) .............................................9

*Fields v. Legacy Health Sys.,*
   413 F.3d 943 (9th Cir. 2005) .................................................................10

*Garemendi v. Mission Ins. Co.,*
   31 Cal. Rptr. 3d 395 (2005) ..................................................................10

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,*
   820 F. Supp. 503 (C.D. Cal. 1992) ..........................................................2

*Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.,*
   844 F. Supp. 1163 (S.D. Tex. 1994) .........................................................6

*Henson v. Celtic Life Ins. Co.,*
   621 So. 2d 1268 (Ala. 1993)..................................................................11

*Hill v. Potter,*
   352 F.3d 1142 (7th Cir. 2003) ...............................................................16

*Hoffman v. Blaski,*
   363 U.S. 335 (1960)................................................................................3

*Hope v. Otis Elevator Co.,*
   389 F. Supp. 2d 1235 (E.D. Cal. 2005) ....................................................6

*IBM Credit Corp. v. Definitive Computer Servs., Inc.,*
   1996 WL 101172 (N.D. Cal. Feb. 28, 1996).............................................4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MOTION OF CERTAIN DEFENDANTS
TO TRANSFER VENUE

*In re Cantrell,*
   329 F.3d 1119 (9th Cir. 2003) .................................................................. 15

*In re Eastern Dist. Repetitive Stress Injury Litig.,*
   850 F. Supp. 188 (E.D.N.Y. 1984) ........................................................ 6, 14

*In re Harmon,*
   250 F.3d 1240 (9th Cir. 2001) .................................................................. 15

*Int'l Bus. Machine Corp. v. Bajorek,*
   191 F.3d 1033 (9th Cir. 1999) .................................................................. 13

*Jacobs v. CBS Broadcasting, Inc.,*
   291 F.3d 1173 (9th Cir. 2002) .................................................................. 15

*Jolly v. Eli Lilly & Co.,*
   44 Cal. 3d 1103, 751 P.2d 923 (1988) ...................................................... 11

*Jones v. GNC Franchising, Inc.,*
   211 F.3d 495 (9th Cir. 2000) ...................................................................... 4

*Machado v. Superior Court,*
   55 Cal. Rptr. 3d 902 (2007) ...................................................................... 15

*MTS Sys. Corp. v. Hysitron, Inc.,*
   2006 WL 2547698 (N.D. Cal. Sept. 1, 2006) ............................................ 4

*Patton v. Cox,*
   276 F.3d 493 (9th Cir. 2002) .................................................................... 10

*Pennwalt Corp. v. Purex Indus., Inc.,*
   659 F. Supp. 287 (D. Del. 1986) .............................................................. 13

*Peterson v. Kennedy,*
   771 F.2d 1244 (9th Cir. 1985) .................................................................... 5

*Roslan v. Permea, Inc.,*
   21 Cal. Rptr. 2d 66 (1993) ........................................................................ 11

*State Street Capital Corp. v. Dente,*
   855 F. Supp. 192 (S.D. Tex. 1994) ............................................................ 6

*Tatum v. Schering Corp.,*
   523 So. 2d 1042 (Ala. 1988) ................................................................ 11, 12

*Van Dusen v. Barrack,*
   376 U.S. 612 (1964) .............................................................................. 2, 13

*Van Winkle v. Allstate Ins. Co.,*
   290 F. Supp. 2d 1158 (C.D. Cal. 2003) .................................................... 12

*Vanguard Indus. Corp. v. Alabama Power Co.,*
   455 So. 2d 837 (Ala. 1984) ...................................................................... 11

*Washington Mut. Bank v. Superior Court*,
  15 P.3d 1071 (Cal. 2001)................................................................10

*Zeta-Jones v. Spice House*,
  372 F. Supp. 2d 568 (C.D. Cal. 2005) ..............................................9

## STATUTES

28 U.S.C. § 1391(a)(2)....................................................................3

28 U.S.C. § 1404(a) ....................................................................2, 3

Ala. Code § 6-11-21(a) ..................................................................11

Ala. Code § 6-2-3 ..........................................................................11

Cal. Civ. Code § 1431.2(a) ............................................................11

Cal. Civ. Code § 3294 ....................................................................11

Cal. Civ. Code § 3333.2(b) ............................................................12

## TREATISES

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (Matthew
  Bender 3d ed.)........................................................................6, 14

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3     Defendants Bill L. Harbert, Sr. and Billy Harbert, Jr. ("Movants")

4  respectfully move that this case be transferred to the United States District Court

5  for the Northern District of Alabama.  This case should be transferred because of

6  that District's substantial connection to potential witnesses, the claims in Plaintiff's

7  Complaint (the "Complaint"), the parties' contract and relationships, and relevant

8  records.  By contrast, the Central District of California has virtually *no* connection

9  to any of the proper Defendants, Plaintiff's claims, the witnesses, or records.

10     Furthermore, as this Court may recall, Plaintiff previously filed an action

11  against Movants and numerous other individuals and entities asserting the same

12  claims as in this new lawsuit.  *See Elemary v. Billy Harbert, Jr., et al.*, Case No.

13  CV06-4723 RGK (PJWx) (C.D. Cal. filed July 28, 2006).  Because the majority of

14  events on which Plaintiff based her claims took place in Alabama, this Court

15  granted a motion filed by several defendants in that case to transfer that action to

16  the United States District Court for the Northern District of Alabama.  *See* Exhibit

17  3 ("Civil Minutes") to Defendants' Request for Judicial Notice in Support of Their

18  Notice of Removal ("RJN")(filed June 5, 2007).  After the transfer, Plaintiff

19  quickly dismissed her complaint.  *See* RJN Exhibit 4, Notice of Voluntary

20  Dismissal.  Because the issue of whether transfer is appropriate is identical in this

21  case, this Court's order transferring the first case and the doctrine of collateral

22  estoppel dictate that this action be transferred for the same reasons.

23     In this action, Plaintiff, a resident of the Central District of California, brings

24  various claims against three named Defendants, only one of whom is a California

25  resident.  As explained by Movants in the Notice of Removal, the California

26  Defendant, Jerry L. Steering, has been fraudulently joined because Plaintiff fails to

27  identify any facts whatsoever on which any of the four causes of action she brings

28  against Mr. Steering could succeed as a matter of law.  *See* Notice of Removal at

1  ¶¶ 6 – 8. Accordingly, Movants are the only proper Defendants in this case, and

2  both are residents of the Northern District of Alabama. *See* Declaration of Billy L.

3  Harbert, Jr. ("Harbert Decl.") ¶¶ 2, 8; Compl. at ¶¶ 3–4.

4  Plaintiff's Complaint asserts ten state law causes of action. Almost all of

5  these claims sound in tort, although certain of her claims are based on the existence

6  of a contract. Virtually all of her claims relate to the termination of her status as an

7  independent contractor by an Alabama resident, which she purports occurred

8  because of wrongful actions in Alabama by Movants.

9  **II.    ARGUMENT**

10  Plaintiff's claims, if not dismissed by this Court pursuant to motions to

11  dismiss filed by Movants contemporaneously herewith, should be transferred to the

12  Northern District of Alabama for the convenience of the necessary witnesses in

13  this case and to prevent the waste of time and money. Plaintiff's claims are based

14  on her relationship with individuals and businesses located in the Northern District

15  of Alabama, and this District has no significant connection to those claims other

16  than Plaintiff's residence here.

17  Pursuant to the federal statute governing transfer of venue, "[f]or the

18  convenience of parties and witnesses, in the interest of justice, a district court may

19  transfer any civil action to any other district or division where it might have been

20  brought." 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste

21  of time, energy and money, and to protect litigants, witnesses and the public

22  against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S.

23  612, 616 (1964) (internal quotation marks omitted).

24  As a threshold matter, Section 1404(a) is applicable only to cases that are

25  initially filed in a proper venue. *See, e.g., Broadcast Data Retrieval Corp. v. Sirius*

26  *Satellite Radio, Inc.*, 2006 WL 1582091, at *2 (C.D. Cal. June 6, 2006) (quoting

27  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506

28  (C.D. Cal. 1992)). As Movants demonstrate in their respective Motions to

1   Dismiss, this District is not a proper venue for any of Plaintiff's claims, and those

2   claims should therefore be dismissed.  In the event that the Court finds that venue

3   is proper as to some or all claims against either or both Movants, however,

4   Movants request that the action be transferred to the Northern District of Alabama.

5       **A.    The Northern District of Alabama Would Be a Proper Venue for**

6           **Plaintiff's Claims.**

7       Venue for this case is proper in the Northern District of Alabama.  Under

8   Section 1404(a), a court may only transfer an action to a court where the plaintiff

9   could have brought her claims in the first place.  This action could have been

10  properly brought in the Northern District of Alabama, because (1) that court would

11  have subject matter jurisdiction; (2) the only proper Defendants would be subject

12  to personal jurisdiction there; and (3) venue is proper in that court.  *See Hoffman v.*

13  *Blaski*, 363 U.S. 335, 343–44 (1960).

14      Had this case been brought in the Northern District of Alabama, that court's

15  subject matter jurisdiction would be satisfied, as it is in this Court, by the diversity

16  of citizenship between Plaintiff and the Defendants properly joined to this action

17  and because the amount in controversy exceeds $75,000.  *See, e.g.*, Compl. at pp.

18  31–32 (listing various specific damages amounts greater than $75,000 sought by

19  Plaintiff).  Because both properly named Defendants herein are residents of the

20  Northern District of Alabama, the district court there would have personal

21  jurisdiction over both of them.  Finally, venue is proper in "a judicial district in

22  which a substantial part of the events or omissions giving rise to the claim

23  occurred."  28 U.S.C. § 1391(a)(2).  A substantial portion of Plaintiff's allegations

24  concern activities that purportedly occurred in Alabama.  *See, e.g.*, Compl. at

25  ¶¶ 11, 14–15, 17, 19, 24, 27, 30, 38–40, 45, 55, 59, 76, 79–80, 85–86.

26      Because the Northern District of Alabama would have jurisdiction over this

27  action and the properly joined Defendants and would be a proper venue, Plaintiff

28  could have brought her action in that court.  Accordingly, the threshold

1    requirement for transfer under § 1404(a) is satisfied.

2    **B.    Balancing the Relevant Factors Leaves No Doubt that Transfer is**

3    **Appropriate and Would Place this Action in a Significantly More**

4    **Convenient District.**

5    After establishing that another district would be a proper venue for the

6    plaintiff's claims, an analysis of a number of factors should be conducted to

7    determine whether transfer is appropriate in the particular case before the court:

8    > [T]he court may consider: (1) the plaintiff's choice of
     > forum, (2) the convenience of the witnesses and parties,
9    > (3) the familiarity of the forum with applicable law, (4)
     > the ease of access to evidence, (5) the parties' contacts
10   > with the chosen forum, and (6) the differences in the cost
     > of litigation in the two forums.

11
12   *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1082 (C.D. Cal. 2002)

13   (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), and

14   *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

15   1986)).  These factors significantly favor the transfer of this action.

16   **1.    Plaintiff's Choice Of Forum**

17   Typically, the first factor of the transfer analysis, plaintiff's choice of forum,

18   is entitled to significant weight.  However, "where the forum lacks any significant

19   contact with the activities alleged in the complaint, plaintiff's choice of forum is

20   given considerably less weight, even if the plaintiff is a resident of the forum."

21   *IBM Credit Corp. v. Definitive Computer Servs., Inc.*, 1996 WL 101172, at *2

22   (N.D. Cal. Feb. 28, 1996); *accord MTS Sys. Corp. v. Hysitron, Inc.*, 2006 WL

23   2547698, at *3 (N.D. Cal. Sept. 1, 2006); *Chrysler Capital Corp. v. Woehling*, 663

24   F. Supp. 478, 482 (D. Del. 1987).

25   In the ultimately successful motion to transfer the first action filed in this

26   Court by Plaintiff, certain defendants therein argued that this forum lacked

27   significant contact with the activities alleged in the complaint in that action.  *See*

28   Exhibit A, Mot. of Certain Defts. to Transfer Venue (the "First Mot. to Transfer")

1    at 5.  As noted above, the factual bases of Plaintiff's Complaint in this new action

2    are not materially different from the allegations in the case currently before this

3    Court, so Plaintiff's chosen forum again has little relevance to the claims at issue

4    here.

5        This Court disagreed with this position in its opinion in the previous case,

6    finding that "many of the activities alleged, although occurring in Alabama, were

7    directed at Plaintiff in California.  In other words, California was the recipient

8    locale of Defendants' threatening phone calls, forged letters, and all other alleged

9    conspiratorial acts directed at Plaintiff."  RJN Exhibit 3 at 5.  Movants

10   respectfully request that the Court reconsider its position on this issue, and in

11   support of this request Movants note that several courts have found that the use of

12   the mails or telephone by non-residents of a forum to communicate with a forum

13   resident did not constitute sufficient contacts with the forum to create personal

14   jurisdiction over the non-residents.  *See, e.g.*, *Peterson v. Kennedy*, 771 F.2d 1244,

15   1262 (9th Cir. 1985) ("Both this court and the courts of California have concluded

16   that ordinarily "use of the mails, telephone, or other international communications

17   simply do not qualify as purposeful activity invoking the benefits of the [forum]

18   state.") (alteration in original) (footnote and internal quotation marks omitted)

19   (citing cases); *Bandai Am., Inc. v. Brown*, 2002 WL 31417189, at *5 (C.D. Cal.

20   June 1, 2002) (quoting *Peterson* and further noting that "the act of sending several

21   'threatening' letters to California is insufficient to create personal jurisdiction")

22   (internal quotation marks omitted) (citing cases).  Because the law governing

23   specific personal jurisdiction over non-residents is based on a notion of "contacts"

24   between the conduct and the forum equivalent to the principle underlying this first

25   factor in the transfer analysis, the governing precedent suggests that Plaintiff's

26   chosen forum has little or no relevance to the claims at issue in this case.

27   Accordingly, this factor, which virtually always favors a plaintiff opposing

28

1 transfer,[1] should be given little weight here.

2        **2.    Convenience Of The Witnesses And Parties**

3      The chosen venue's convenience for the witnesses "is the most important

4 factor in determining whether to transfer because of the inconvenience of the

5 forum." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005);

6 *see also In re Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194

7 (E.D.N.Y. 1984); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.

8 Supp. 1163, 1166 (S.D. Tex. 1994).  More specifically, "it is the convenience of

9 non-party witnesses, rather than that of party witnesses, that is accorded greater

10 weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F.

11 Supp. 192, 198 (S.D. Tex. 1994) (citing cases).  Because of this distinction, the two

12 groups will be considered separately below.

13        **a.    Non-Party Witnesses**

14      One commentator has noted that "the location of the majority of non-party

15 witnesses in one of the two districts generally will tip the balance in favor of that

16 district, regardless of where the party witnesses and their employees reside."  17

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.13[1][f][iii]

18 (Matthew Bender 3d ed.).  Although it is obviously premature for Movants to have

19 developed any plan for which witnesses they will call in this action, Plaintiff

20 references a number of non-parties in her Complaint.  A significantly greater

21 number of those non-parties identified by Plaintiff reside in the Northern District

22 of Alabama than in any other district, while just two of the identified non-parties

23 are California residents.  Almost all of the identified non-parties who are not

24 Alabama residents reside in states significantly closer and more convenient to the

25 Northern District of Alabama than to this forum.

26 ———————————

27     [1]  *See, e.g., Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991)
(observing that "no doctorate in astrophysics is required to deduce that trying a

28 case where one lives is almost always a plaintiff's preference").

1    The identified non-parties who reside in the Northern District of Alabama

2    witnesses include the following: **1)** Evangeline Hoover, executive assistant to

3    Defendant Bill L. Harbert, Sr. ("Mr. Harbert, Sr."), whom Plaintiff alleges was part

4    of a conspiracy to forge letters in Mr. Harbert, Sr.'s name and to terminate Plaintiff

5    (Compl. ¶¶ 17, 38, 55, 60; Harbert Decl. ¶ 14); **2)** Sandy Hand, Mr. Harbert, Sr.'s

6    housekeeper, who allegedly spied on Plaintiff and Mr. Harbert, Sr. (Compl. ¶ 55;

7    Harbert Decl. ¶ 15); **3)** a "rogue Federal Bureau of Investigation" agent, not named

8    in this Complaint but identified in the previous action as Alabama resident Billy

9    Bryan, who allegedly offered to kill Plaintiff in exchange for money (Compl. ¶ 21);

10   **4)** Earl Hilliard ("Mr. Hilliard"), a former U.S. Congressman, who Plaintiff asserts

11   in her Complaint was the victim of an attempted murder at the direction of Mr.

12   Harbert, Jr. (Compl. ¶¶ 23, 27, 85-86; Harbert Decl. ¶ 16); **5)** Anne Moulton, who

13   is Mr. Harbert, Sr.'s daughter and the sister of Defendant Billy L. Harbert, Jr.

14   ("Mr. Harbert, Jr."), and whom Plaintiff accuses of secretly granting to Mr.

15   Harbert, Jr. power of attorney for their father (Compl. ¶ 38; Harbert Decl. ¶ 17); **6)**

16   Elizabeth Harbert Cornay, also Mr. Harbert, Sr.'s daughter and sister of Mr.

17   Harbert, Jr., and whom Plaintiff also accuses in her Complaint of secretly granting

18   to Mr. Harbert, Jr. power of attorney for their father (Compl. ¶ 38; Harbert Decl.

19   ¶ 18); **7)** Rusty Moulton, brother in law of Mr. Harbert, Jr., who Plaintiff alleges in

20   her Complaint connected Mr. Harbert, Jr. with the man whom Plaintiff accuses of

21   the attempted murder of Mr. Hilliard (Compl. ¶ 85; Harbert Decl. ¶ 19); and **8)** any

22   notaries public who reside in the Northern District of Alabama and notarized a

23   document whose authenticity is disputed in this litigation. *See, e.g.*, Incorporated

24   Schedule to Plaintiff's Compl. at v (discussing involvement of Alabama notary

25   public Carla Faile).

26   Plaintiff also identifies in her Complaint the following non-parties who are

27   not residents of the Northern District of Alabama: **1)** William M. Sharp, Sr., a

28   resident of the State of Florida, a tax attorney whom Plaintiff accuses of, among

1    other things, conspiring with Movants to have her terminated (Compl. ¶¶ 15, 38-

2    39, 55; Harbert Decl. ¶ 20); **2)** Robert Southby, who resides in Dothan, Alabama

3    (located in the Middle District of Alabama) and allegedly attempted to murder Mr.

4    Hilliard at the behest of Mr. Harbert, Jr. (Compl. ¶¶ 85-86); **3)** Bryan Lavine, an

5    Atlanta, Georgia attorney accused of threatening Plaintiff's life and who Plaintiff

6    claims has "admitted in evidence" the conspiracy Plaintiff asserts in this action

7    (Compl. ¶¶ 21, 24; Harbert Decl. ¶ 21) **4)** June Ann Sauntry, another Atlanta,

8    Georgia attorney who Plaintiff claims has "admitted in evidence" the conspiracy

9    Plaintiff asserts in this action (Compl. ¶ 24; Harbert Decl. ¶ 22) **5)** Robert J. Dole,

10   a former U.S. Senator who now works for Alston & Bird in Washington, D.C., and

11   whom Plaintiff references on several occasions in her Complaint as having

12   knowledge of the parties' alleged actions (Compl. ¶¶ 19-20, 26, 44); and **6)** any

13   notaries public who notarized a document while in the District of Columbia. *See,*

14   *e.g.,* Compl. at Ex. B, H.

15        These non-parties all reside in the Northern District of Alabama or live

16   much closer, by well over a thousand miles, to that District than to this District.[2]

17   There are only two persons mentioned in the Complaint who reside in this District:

18   **1)** Dr. Alexander H. Tischler, a physician who allegedly treated Plaintiff for

19   injuries suffered in the alleged assault against her (Compl. ¶ 87); and **2)** Jerry

20

21   [2] The non-party most distant from the Northern District of Alabama is located
     in or near Washington, D.C. A non-stop flight from Washington's Dulles

22   International Airport to Birmingham International Airport takes one hour and fifty
     minutes to travel the 638 miles between the two. Conversely, a non-stop flight

23   from Dulles to Los Angeles International Airport takes five hours and forty-nine
     minutes and covers 2,288 miles. *See* Exhibit A (United Airlines printouts). Travel

24   time to the two potential districts is a relevant consideration in a "convenience of
     the witnesses" analysis. *See, e.g., In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th

25   Cir. 2004) ("When the distance between an existing venue for trial of a matter and
     a proposed venue under § 1404(a) is more than 100 miles, the factor of

26   inconvenience to witnesses increases in direct relationship to the additional
     distance to be traveled."); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp.

27   106, 112 (D. Del. 1992); *accord Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D.
     Cal. 1991) (finding no difference in convenience between two districts because

28   difference in travel time for many defendants would be negligible).

1  Steering, the fraudulently joined Defendant who is alleged to have witnessed a

2  purportedly slanderous statement by Mr. Harbert, Jr. (Compl. ¶¶ 2, 31-34, 60).

3      Because almost all of the non-party witnesses identified by Plaintiff in her

4  Complaint live in the Northern District of Alabama or are significantly closer to

5  that District than this one, this factor comes down squarely and inarguably on the

6  side of Movants.

7              **b.    Party Witnesses**

8      Although the convenience of the parties is not as significant a factor as the

9  convenience of non-party witnesses, this factor also supports transfer of this action

10  to the Northern District of Alabama.  As previously noted, Plaintiff is the only

11  proper party who is a resident of this District, and neither of Movants have

12  significant contacts with this District.

13      Plaintiff is also in a much better position to bear the burden of travel related

14  to this litigation than is Mr. Harbert, Sr.  Plaintiff is an experienced world traveler,

15  as demonstrated by the references to her work in the Middle East in her Complaint,

16  and has spent much time in Washington, D.C., across the country from her home.

17  *See* Compl. ¶¶ 8, 10, 20, 26, 29, 49.   She has been to Birmingham, Alabama on

18  numerous occasions to meet with Mr. Harbert, Sr.  Harbert Decl. ¶ 13.

19  Conversely, Mr. Harbert, Sr. is elderly with significant health problems, and now

20  rarely if ever travels.  *See* Harbert Decl. ¶ 10.  A court should take note of medical

21  obstacles to travel when considering a motion to transfer venue on convenience

22  grounds.  *See, e.g., Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568, 576 (C.D. Cal.

23  2005) (granting motion to transfer venue in part because "traveling to California

24  [from Nevada] may pose a greater inconvenience to [the president of a corporate

25  defendant] because of his medical condition"); *Fidelity & Deposit Co. of Md. v.*

26  *Advance Indus. Constr., LLC*, 2006 WL 752943, at *3 (N.D. Ill. Mar. 21, 2006)

27  (finding transfer appropriate where "one of the Defendants[] is elderly and has

28  medical conditions that would make it difficult for him to travel").

1    On balance, this factor favors the convenience of Movants as non-residents

2  of this District over the convenience of Plaintiff, who travels extensively, in

3  bringing this action in her home forum.  One of the Movants essentially cannot

4  travel at all, and requiring Movants to travel across the country to defend

5  themselves would result in precisely the sort of inefficiencies and inconvenience

6  that federal law seeks to prevent.

7          **3.      Familiarity Of The Forum With Applicable Law**

8          In determining what law to apply, "[f]ederal courts sitting in diversity must

9  apply 'the forum state's choice of law rules to determine the controlling

10  substantive law.'"  *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005)

11  (quoting *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)).  California employs a

12  three-step "governmental interest analysis" to determine what law should govern

13  claims when a conflicts issue is present: "In order to persuade a California court to

14  apply the law of another forum, the proponent must invoke the law of the foreign

15  jurisdiction, show that it materially differs from California law, and demonstrate

16  how applying that law will further the interest of the foreign jurisdiction."

17  *Garemendi v. Mission Ins. Co.*, 31 Cal. Rptr. 3d 395, 403 (Cal. Ct. App. 2005)

18  (citing *Washington Mut. Bank v. Superior Court*, 15 P.3d 1071, 1080 (Cal. 2001)).

19  Under this test, as explained below, Alabama law should apply to Plaintiff's claims

20  regardless of where they are brought, and accordingly the Northern District of

21  Alabama will be more familiar with the applicable law.[3]

22          There are a number of significant and material differences between Alabama

23  and California law.  In the interest of brevity, only a few will be listed here, but it

24  _____

25      [3]   Although Movants believe that Alabama law applies here, Movants' motions
to dismiss filed concurrently herewith assume that, as Plaintiff claims, California
26  law applies.  *See, e.g.,* Motion of Billy L. Harbert, Jr. to Dismiss; Motion of Bill L.
Harbert, Sr. to Dismiss.  As those motions discuss in more detail, Plaintiff's
27  Complaint should nevertheless be dismissed as failing to state a claim upon which
relief can be granted under California law.
28

1    goes without saying that the various laws, rules, exceptions, and standards relevant

2    to the numerous claims brought by Plaintiff in the ten counts of her Complaint are

3    not identical in Alabama and California. For instance, one or both Movants may

4    put forth a statute of limitations defense to some or all of Plaintiff's claims. Under

5    California law, the statute of limitations is subject to a discovery rule that

6    "provides that the accrual date of a cause of action is delayed until the plaintiff is

7    aware of her injury and its negligent cause." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d

8    1103, 1109, 751 P.2d 923 (1988). However, Alabama's discovery rule is

9    applicable only to fraud claims. *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268,

10   1274 (Ala. 1993) (citing Ala. Code § 6-2-3).

11          The two states also apportion damages differently in cases, such as this one,

12   with more than one defendant. In Alabama, the traditional rule of joint and several

13   liability applies to compensatory damages, *Tatum v. Schering Corp.*, 523 So. 2d

14   1042, 1048 (Ala. 1988), and juries are not permitted to apportion separate amounts

15   against joint tortfeasors. *Vanguard Indus. Corp. v. Alabama Power Co.*, 455 So.

16   2d 837, 838 (Ala. 1984). California courts use a modified joint and several

17   liability rule in which a co-defendant's liability for non-economic damages is

18   limited to that defendant's percentage of fault as found by the jury. Cal. Civ. Code

19   § 1431.2(a). California law also requires that all damages must be apportioned

20   among the "universe of tortfeasors," including non-joined defendants. *Roslan v.*

21   *Permea, Inc.*, 21 Cal. Rptr. 2d 66, 67 (Cal. Ct. App. 1993). This distinction in

22   apportionment of damages would significantly affect Movants' potential liabilities

23   in this action.

24          Finally, Alabama and California law differ in regards to awards of punitive

25   damages. In Alabama, punitive awards against individual defendants are capped at

26   three times compensatory damages or $500,000, whichever is greater. Ala. Code

27   § 6-11-21(a). California law does not contain any such limitation on punitive

28   damages, except in medical malpractice actions. *Compare* Cal. Civ. Code § 3294

1  (California's punitive damages statute, which makes no mention of any caps or

2  limitations on possible awards), *and* Cal. Civ. Code § 3333.2(b) (limiting non-

3  economic damages in actions against health care providers to $250,000).

4      These are just a few of a number of significant differences between

5  California and Alabama law that would be material to Plaintiff's claims.  Because

6  it is clear that the law of the two states differs, if Alabama has a greater interest

7  than California in having its law applied, then this Court would, under the standard

8  of *Jolly* as set out above, apply Alabama law to this case.

9      Alabama has strong interests in having its law apply to Plaintiff's claims

10 because the large majority of the events giving rise to her claims occurred in

11 Alabama.  To discuss only the examples provided above, Alabama has consciously

12 chosen not to establish a discovery rule that would toll the statute of limitations for

13 all claims.  To allow California law and its discovery rule to apply to events that

14 occurred in Alabama would significantly impair Alabama's interest in the

15 predictability of the litigation consequences of one's actions while in the state.  To

16 apply California law and allow apportionment of damages between Movants based

17 on fault would undermine the "strong policy considerations" behind Alabama's

18 retention of joint and several liability.  *Tatum*, 523 So. 2d at 1048.  Finally, to

19 ignore Alabama's legislatively created caps on punitive damages in a case

20 centering on Movants' actions in Alabama would disregard that state's strong

21 interests in favor of protecting its residents against unfair punitive awards.

22     California's interest in this litigation, on the other hand, is negligible.  Under

23 California conflicts law, once material differences in the competing laws have been

24 established, "the 'comparative impairment' approach is used to determine which

25 state's interest would be more impaired if its policy were subordinated to the

26 policy of the other state."  *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp. 2d 1158,

27 1166 (C.D. Cal. 2003) (citing *Denham v. Farmers Ins. Co.*, 213 Cal. App. 3d 1061,

28 1066 (1989).  Alabama's interest would clearly be much more impaired by having

1    the laws of California applied to actions by Alabama defendants and taking place

2    within Alabama than would California's interest by having one of its residents

3    subjected to Alabama law for actions taken within and in regards to Alabama.

4        Accordingly, the *Jolly* standard having been satisfied, this Court would

5    likely apply the substantive law of Alabama were it to retain the case.  If the Court

6    were to transfer this action, the court in the Northern District of Alabama would be

7    required to follow the same analysis of California's choice of law rules and would

8    arrive at the same result—that Alabama law is applicable to Plaintiff's claims.  *See*

9    *Int'l Bus. Machine Corp. v. Bajorek*, 191 F.3d 1033, 1037 (9th Cir. 1999) (noting

10   that "the choice of law rules of the transferor state apply"); *see also Van Dusen v.*

11   *Barrack*, 376 U.S. 612, 627 (1964).  Because the Northern District of Alabama is

12   presumably much more experienced with the laws of Alabama than this Court, this

13   factor weighs heavily in Movants' favor.

14        **4.    Ease Of Access To Evidence**

15        Because virtually none of the events and occurrences that are the subject of

16   this action took place in California, there is essentially no evidence that would be

17   easier to access in this District than in the Northern District of Alabama.  Because

18   many of the events took place in the latter District, and Movants are located there

19   and maintain their business records there (Harbert Decl. ¶¶ 2, 8, 12), it follows that

20   a substantially larger percentage of the evidence relative to this action is found in

21   the Northern District of Alabama.  Although this factor is relatively less important

22   than some of the other factors, given "the comparatively low cost of transporting

23   documents," *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 290 (D. Del.

24   1986), it is yet another factor supporting transfer of this action to Alabama.

25        **5.    The Parties' Contacts With The Chosen Forum**

26        Movants do not have significant contacts with the chosen forum. Movants

27   here incorporate by reference the Declaration of Billy L. Harbert, Jr., filed

28   simultaneously herewith, on the topic of Movants' lack of contacts with the Central

1    District of California.  Harbert Decl. ¶¶ 2–8.  Mr. Harbert, Jr. has been to

2    California only once in the last twenty-five years for any reason other than for

3    pleasure, and Mr. Harbert, Sr. has not committed any act or omission in California

4    that is related to Plaintiff's claims in this action.  Any argument by Plaintiff that

5    this factor favors retention of this action by this Court would necessarily be

6    without merit.

7          **6.**      **Differences In The Cost Of Litigation In The Two Forums**

8          Because of travel costs for Movants and a number of witnesses, the total

9    costs of litigating this action in California will be significantly higher than if the

10   litigation took place in Alabama.  Accordingly, this factor strongly favors transfer

11   of this action.

12         As one commentator has observed, "[e]ven when witnesses are willing to

13   travel to distant Districts to testify, if transfer would obviate the need for such

14   travel and the attendant expense on the witnesses or the party calling them, courts

15   are more inclined to order a transfer."  JAMES WM. MOORE ET AL., MOORE'S

16   FEDERAL PRACTICE § 111.13[1][j] (Matthew Bender 3d ed.); *see also In re E. Dist.*

17   *Repetitive Stress Litig.*, 850 F. Supp. at 194.  It would obviously be much less

18   expensive for the parties and the large number of non-party witnesses who reside

19   in the Northern District of Alabama to simply drive to the courthouse in

20   Birmingham than to purchase plane tickets, often on short notice, to fly to Los

21   Angeles.  Such trips would also entail other significant costs, such as lodging,

22   meals, and ground transportation.  Clearly, the costs to the parties of litigating in

23   California *vis a vis* Alabama would be exponentially greater.  Therefore, this factor

24   strongly favors transfer of this action.

25   **C.**    **The Doctrine Of Collateral Estoppel Requires That This Second**

26          **Attempt By Plaintiff To Bring Her Claims In This Jurisdiction Be**

27          **Transferred.**

28         As noted above, Plaintiff brought claims based on these same facts against

1    Movants in an action that was transferred to the Northern District of Alabama.

2    Because this Court has already decided the issue of whether the Northern District

3    of Alabama is a more convenient forum for claims based on these facts, the

4    doctrine of collateral estoppel requires the same result in the present case.

5         Because this is a diversity action, this Court applies the law of the forum

6    state regarding the preclusive effect of collateral estoppel. *See, e.g., Jacobs v. CBS*

7    *Broadcasting, Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002) (citing cases).  In

8    California, collateral estoppel applies when the following requirements are met:

9         First, the issue sought to be precluded from relitigation
         must be identical to that decided in a former proceeding.
10        Second, this issue must have been actually litigated in the
         former proceeding.  Third, it must have been necessarily
11        decided in the former proceeding.  Fourth, the decision in
         the former proceeding must be final and on the merits.
12        Finally, the party against whom preclusion is sought must
         be the same as, or in privity with, the party to the former
13        proceeding.

14   *In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003) (quoting *In re Harmon*, 250

15   F.3d 1240, 1245 (9th Cir. 2001)); *accord Machado v. Superior Court*, 55 Cal. Rptr.

16   3d 902, 909 (Cal. Ct. App. 2007).  This Court's February 23, 2007, decision

17   transferring Plaintiff's claims satisfies all of the above requirements for preclusion.

18        First, the issue decided by this Court in Plaintiff's first lawsuit is identical in

19   all material ways to the issue at present: whether it will be more convenient to

20   litigate Plaintiff's claims against Movants based on her allegedly wrongful

21   termination here or in Alabama.  There is no difference in the present lawsuit and

22   the lawsuit filed in 2006 that is material to the consideration of this issue.

23        Second, there can be no doubt that the issue of whether Plaintiff's claims

24   should be transferred to the Northern District of Alabama was "actually litigated"

25   in Plaintiff's first lawsuit.  Certain of the Defendants moved to transfer, Plaintiff

26   filed a response in opposition to that motion, and this Court determined that the

27   motion was due to be granted.  The granting of that motion ended the litigation of

28   the transfer issue.

1    Third, the issue of whether convenience called for the transfer of the case

2  was of course "necessarily decided" in that case; in fact, it was the only issue

3  decided.  Next, the decision is clearly final: not only is there no immediate right of

4  appeal from a court's order transferring venue pursuant to 28 U.S.C. § 1404, but

5  Plaintiff voluntarily dismissed that action after the transfer.  *See Hill v. Potter*, 352

6  F.3d 1142, 1144-45 (7th Cir. 2003) (noting that transfer orders are not appealable

7  and that the test for finality for collateral estoppel purposes is "whether the District

8  court has finished with the case") (citing cases); RJN Exhibit 4.  Finally, Plaintiff,

9  the party against whom preclusion is sought, is the same party as in the previous

10  proceeding.

11    Because all of the elements for collateral estoppel are met here, the same

12  result must follow as in the first case, and accordingly Plaintiff's claims, if not

13  dismissed pursuant to Movants' Motions to Dismiss, must be transferred to the

14  Northern District of Alabama.

15  **III.    CONCLUSION**

16    For the foregoing reasons, this Court should transfer this case to the

17  Northern District of Alabama.

18

19  Dated:  June 20, 2007                    Respectfully submitted,

20                                           LATHAM & WATKINS LLP

21

22                                           By *Yas Best*

23                                              Yasmin N. Best

24                                              Attorneys for Defendants
                                                Bill L. Harbert, Sr.
25                                              and Billy Harbert, Jr.

26  DC\999770.1

27

28

**EXHIBIT  A**

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

5 : 00

1  LATHAM & WATKINS LLP
     David J. Schindler (Bar No. 130490)
2    Yasmin N. Best (Bar No. 235959)
   633 West Fifth Street, Suite 4000
3  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  LATHAM & WATKINS LLP
     Roger S. Goldman (*pro hac vice* pending)
6    Nathaniel A. Vitan (*pro hac vice* pending)
   555 Eleventh Street, NW
7  Suite 1000
   Washington, DC 20004
8  Telephone: (202) 637-2200
   Facsimile: (202) 637-2201
9
   BRADLEY ARANT ROSE & WHITE, LLP
10   Matthew H. Lembke (*pro hac vice* pending)
   One Federal Place
11 1819 Fifth Ave North
   Birmingham, AL 35203
12 Telephone: (205) 521-8000
   Facsimile: (205) 521-8800
13
   Attorneys for Defendants Evangeline H. Hoover, Alan
14 Hall, James Rein, Billy L. Harbert, Jr., Bill Harbert
   International Construction, Inc., B.L. Harbert
15 International, LLC, Harbert International
   Establishment, Inc., William M. Sharp, Sr., and Sharp
16 & Associates, P.A.

17           UNITED STATES DISTRICT COURT
18           CENTRAL DISTRICT OF CALIFORNIA
19                  WESTERN DIVISION

20
   DR. HODA ELEMARY,                    CASE NO. CV06-4723 RGK (PJWX)
21
              Plaintiff,                **NOTICE OF MOTION AND MOTION
22                                       OF CERTAIN DEFENDANTS TO
       v.                                TRANSFER VENUE;
23                                       MEMORANDUM OF POINTS AND
   BILLY HARBERT, JR., ET AL.,           AUTHORITIES IN SUPPORT;
24                                       [PROPOSED] ORDER**
              Defendants.
25                                       [Filed Contemporaneously Herewith:
                                         Declarations of Alan Hall, Billy L.
26                                       Harbert, Jr., Evangeline Hoover, James
                                         Rein, and William M. Sharp, Sr.]
27
                                         Date:   February 5, 2007
28                                       Time:   9:00 AM
                                         Place:  Courtroom 850 (Judge Klausner)

17

1    **TO PLAINTIFF AND HER COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE THAT** at 9:00 a.m. on February 5, 2007, or as

3    soon thereafter as the matter may be heard in Courtroom 850 of the Honorable R.

4    Gary Klausner, located at 255 E. Temple Street, Los Angeles, California 90012,

5    Defendants Evangeline H. Hoover, Alan Hall, James Rein, Billy L. Harbert, Jr.,

6    Bill Harbert International Construction, Inc., B.L. Harbert International, LLC,

7    Harbert International Establishment, Inc., William M. Sharp, Sr., and Sharp &

8    Associates, P.A. (collectively, "Movants") will and hereby do move the Court to

9    transfer venue to the United States District Court for the Northern District of

10   Alabama.

11       This Motion is made on the grounds that a transfer of venue would be

12   a proper exercise of this Court's discretion in light of the Northern District of

13   Alabama's substantial connection to potential witnesses, the claims in Plaintiff's

14   First Amended Complaint (the "Complaint"), the parties' contract and

15   relationships, and relevant records, as well as the Central District of California's

16   lack of connection to any of the Defendants, Plaintiff's claims, the witnesses, or

17   records.

18       This Motion is based on this Notice of Motion and Motion; the

19   accompanying Memorandum of Points and Authorities; the Motion of Defendant

20   Bill L. Harbert, Sr. to Dismiss, filed contemporaneously herewith; the Motion of

21   Billy L. Harbert, Jr. to Dismiss, filed contemporaneously herewith; the

22   Declarations of Billy L. Harbert, Jr., Evangeline Hoover, James Rein, Alan Hall,

23   and William M. Sharp, Sr., all filed contemporaneously; the accompanying

24   [Proposed] Order; the pleadings and papers filed in this action; and such further

25   argument and matters as may be offered at the time of the hearing of this motion.

26       This Motion is made following the conference of counsel pursuant to

27   L.R. 7-3, which took place on December 4, 2006.

28

1  Dated: December 11, 2006

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LATHAM & WATKINS LLP

By _____
Yasmin N. Best

Attorneys for Defendants
Evangeline H. Hoover, Alan Hall,
James Rein, Billy L. Harbert, Jr., Bill
Harbert International Construction,
Inc., B.L. Harbert International, LLC,
Harbert International Establishment,
Inc., William M. Sharp, Sr., and
Sharp & Harrison, P.A.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MOTION OF CERTAIN DEFENDANTS
TO TRANSFER VENUE

19

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... v

I.    INTRODUCTION ............................................................................ 1

II.   ARGUMENT .................................................................................. 2

      A.    The Northern District of Alabama Would Be a Proper
            Venue for Plaintiff's Claims. ............................................. 3

      B.    Balancing the Relevant Factors Leaves No Doubt that
            Transfer is Appropriate and Would Place this Action in a
            Significantly More Convenient District. ............................ 4

            1.    Plaintiff's Choice Of Forum ...................................... 4

            2.    Convenience Of The Witnesses And Parties ............. 5

                  a.    Non-Party Witnesses ...................................... 6

                  b.    Party witnesses .............................................. 8

            3.    Familiarity of the forum with applicable law ........... 9

            4.    Ease Of Access To Evidence ...................................... 12

            5.    The Parties' Contacts With The Chosen Forum ....... 13

            6.    Differences In The Cost Of Litigation In The Two
                  Forums ..................................................................... 13

III.  CONCLUSION ............................................................................... 14

1

## TABLE OF AUTHORITIES

2

### CASES

3

4    *Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.,*
     2006 WL 1582091 (C.D. Cal. June 6, 2006).........................................2

5

6    *Burstein v. Applied Extrusion Techs., Inc.,*
     829 F. Supp. 106 (D. Del. 1992) .........................................................7

7

8    *Chedid v. Boardwalk Regency Corp.,*
     756 F. Supp. 941 (E.D. Va. 1991) .......................................................4

9

10   *Decker Coal Co. v. Commonwealth Edison Co.,*
     805 F.2d 834 (9th Cir. 1986) ...............................................................4

11   *Denham v. Farmers Ins. Co.,*
12     213 Cal. App. 3d 1061 (Cal. Ct. App. 1989)......................................11

13   *Dicken v. United States,*
14     862 F. Supp. 91 (D. Md. 1994) ...........................................................4

15   *DIRECTV, Inc. v. EQ Stuff, Inc.,*
       207 F. Supp. 2d 1077 (C.D. Cal. 2002)............................................1, 4
16

17   *Fidelity & Deposit Co. of Md. v. Advance Indus. Constr., LLC,*
       2006 WL 752943 (N.D. Ill. Mar. 21, 2006) ........................................8
18

19   *Fields v. Legacy Health System,*
       413 F.3d 943 (9th Cir. 2005) ...............................................................9
20

21   *Garamendi v. Mission Ins. Co.,*
       131 Cal. App. 4th 30 (Cal. Ct. App. 2005)..........................................9
22

23   *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,*
       820 F. Supp. 503 (C.D. Cal. 1992).......................................................2
24

25   *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.,*
       844 F. Supp. 1163 (S.D. Tex. 1994).....................................................5
26

27   *Henson v. Celtic Life Ins. Co.,*
       621 So. 2d 1268 (Ala. 1993)...............................................................10

28   *Hope v. Otis Elevator Co.,*
       389 F. Supp. 2d 1235 (E.D. Cal. 2005) ................................................5

1    *IBM v. Bajorek*,
2        191 F.3d 1033 (9th Cir. 1999) ....................................................................12

3    *IBM Credit Corp. v. Definitive Computer Services, Inc.*,
4        1996 WL 101172 (N.D. Cal. Feb. 28, 1996) ..............................................4

5    *Icon Indus. Controls Corp. v. Cimetrix, Inc.*,
6        921 F. Supp. 375 (W.D. La. 1996) ..............................................................4

7    *In re Eastern Dist. Repetitive Stress Injury Litig.*,
8        850 F. Supp. 188 (E.D.N.Y. 1994) ....................................................4, 5, 13

9    *In re Volkswagen AG*,
10       371 F.3d 201 (5th Cir. 2004) ......................................................................7

11   *Jolly v. Eli Lilly & Co.*,
12       44 Cal. 3d 1103 (Cal. 1988) ......................................................................10

13   *Jones v. GNC Franchising, Inc.*,
14       211 F.3d 495 (9th Cir. 2000) ......................................................................4

15   *MTS Systems Corp. v. Hysitron, Inc.*,
16       2006 WL 2547698 (N.D. Cal. Sept. 1, 2006) ............................................4

17   *Patton v. Cox*,
18       276 F.3d 493 (9th Cir. 2002) ......................................................................9

19   *Pennwalt Corp. v. Purex Indus., Inc.*,
20       659 F. Supp. 287 (D. Del. 1986) ..............................................................12

21   *Pratt v. Rowland*,
22       769 F. Supp. 1128 (N.D. Cal. 1991) ..........................................................7

23   *Reese v. Trism Specialized Carriers, Inc.*,
24       718 So. 2d 49 (Ala. Civ. App. 1997) ........................................................10

25   *Roslan v. Permea, Inc.*,
26       17 Cal. App. 4th 110, 113 (Cal. Ct. App. 1993) ......................................10

27   *Roth v. Garcia Marquez*,
28       942 F.2d 617 (9th Cir. 1991) ......................................................................5

*State Street Capital Corp. v. Dente*,
    855 F. Supp. 192 (S.D. Tex. 1994) ............................................................5

*Tatum v. Schering Corp.*,
    523 So. 2d 1042 (Ala. 1988)............................................................................10, 11

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).......................................................................................2, 12

*Van Winkle v. Allstate Ins. Co.*,
    290 F. Supp. 2d 1158 (C.D. Cal. 2003).................................................................11

*Vanguard Indus. Corp. v. Alabama Power Co.*,
    455 So. 2d 837 (Ala. 1984).................................................................................10

*Washington Mutual Bank v. Superior Court*,
    24 Cal. 4th 906 (Cal. 2001)...................................................................................9

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006).................................................................................3

*Zeta-Jones v. Spice House*,
    372 F. Supp. 2d 568 (C.D. Cal. 2005).....................................................................8

**STATUTES**

28 U.S.C. § 1391(a)(2)....................................................................................................3

28 U.S.C. § 1404(a)........................................................................................................2

ALA. CODE § 6-11-21(a)................................................................................................10

ALA. CODE § 6-2-3.........................................................................................................10

CAL. CIV. CODE § 1431.2(a)..........................................................................................10

CAL. CIV. CODE § 3294...................................................................................................10

CAL. CIV. CODE § 3333.2(b)..........................................................................................10

**OTHER AUTHORITIES**

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.13
    (Matthew Bender 3d ed.)...........................................................................5, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

vii

MOTION OF CERTAIN DEFENDANTS
TO TRANSFER VENUE

23

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Defendants Evangeline H. Hoover, Alan Hall, James Rein, Billy L. Harbert,

4    Jr., Bill Harbert International Construction, Inc., B.L. Harbert International, LLC,

5    Harbert International Establishment, Inc., William M. Sharp, Sr., and Sharp &

6    Associates, P.A. (collectively, "Movants") respectfully move that this case be

7    transferred to the United States District Court for the Northern District of

8    Alabama.[1]  This case should be transferred because of that district's substantial

9    connection to potential witnesses, the claims in Plaintiff's First Amended

10   Complaint (the "Complaint"), the parties' contract and relationships, and relevant

11   records.  By contrast, the Central District of California has virtually *no* connection

12   to any of the Defendants, Plaintiff's claims, the witnesses, or records.  Nearly

13   every relevant factor favors transfer of this case to the Northern District of

14   Alabama, whereas only the least relevant factor weakly favors retention of this

15   action by this Court.  *See DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077,

16   1082 (C.D. Cal. 2002) (reciting factors).

17   In this action, Plaintiff, a resident of the Central District of California, brings

18   various claims against a total of twenty-two Defendants, none of whom is a

19   California resident.  Of those Defendants, eight individuals are residents of the

20   Northern District of Alabama, while three companies have their principal place of

21   business in that district.  Three other Defendants are companies based in Europe.

22   The remaining corporate Defendant is a national banking association

23   headquartered in the State of North Carolina.  Two individuals, as well as a

24   Defendant law firm, are residents of the State of Georgia.  One individual and his

25   related professional association are Florida residents.  The final two Defendants are

26

27   ───────────────

     [1]    Plaintiff's Complaint names Defendant Sharp & Associates, P.A. under its

28   former name, Sharp and Harrison, P.A.

1    individual residents of the State of Maryland and the State of New Jersey. *See*

2    Declaration of Alan Hall, attached as Exhibit A to Certain Defendants' Declarations

3    in Support of Motion to Dismiss and Motion to Transfer (filed contemporaneously

4    herewith) ("Hall Decl."), at ¶¶ 2, 7, 10, 12, 15-25; Declaration of Billy L. Harbert,

5    Jr., attached as Exhibit B to Certain Defendants' Declarations in Support of Motion

6    to Dismiss and Motion to Transfer (filed contemporaneously herewith) ("Harbert

7    Decl.") at ¶¶ 2, 8; Declaration of Evangeline H. Hoover, attached as Exhibit C to

8    Certain Defendants' Declarations in Support of Motion to Dismiss and Motion to

9    Transfer (filed contemporaneously herewith) ("Hoover Decl.") at ¶ 2; Declaration

10   of James Rein, attached as Exhibit D to Certain Defendants' Declarations in

11   Support of Motion to Dismiss and Motion to Transfer (filed contemporaneously

12   herewith)  ("Rein Decl.") at ¶ 2; Declaration of William M. Sharp, Sr., attached as

13   Exhibit E to Certain Defendants' Declarations in Support of Motion to Dismiss and

14   Motion to Transfer (filed contemporaneously herewith) ("Sharp Decl.") at ¶ 2;

15   Compl., Incorporated Sched. at v-vi.

16       Plaintiff's Complaint asserts ten state law causes of action and one claim for

17   violation of the federal Racketeer Influenced and Corrupt Organizations Act.

18   Plaintiff's state law claims sound largely in tort, although she also alleges a breach

19   of contract by one of the Defendants.  Virtually all of her claims relate to the

20   termination of her status as an independent contractor by an Alabama resident,

21   which she purports occurred because of wrongful actions by, principally, certain

22   Defendants residing in the Northern District of Alabama.

23   **II.    ARGUMENT**

24       Pursuant to a federal statute governing transfer of venue, "[f]or the

25   convenience of parties and witnesses, in the interest of justice, a district court may

26   transfer any civil action to any other district or division where it might have been

27   brought." 28 U.S.C. § 1404(a).  The purpose of this statute is "to prevent the waste

28   of time, energy and money, and to protect litigants, witnesses and the public

1    against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S.

2    612, 616 (1964) (internal quotation marks omitted).

3        As an initial matter, § 1404(a) is applicable only to cases that are initially

4    filed in a proper venue. *See, e.g., Broadcast Data Retrieval Corp. v. Sirius*

5    *Satellite Radio, Inc.*, 2006 WL 1582091, at *2 (C.D. Cal. June 6, 2006) (quoting

6    *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506

7    (C.D. Cal. 1992)). As noted in Movants' various motions to dismiss filed with this

8    Court, Movants do not believe this district to be a proper venue for virtually any of

9    Plaintiff's claims in this action, and accordingly Movants argue that those claims

10   should be dismissed. However, in the event that the Court finds that venue is

11   proper, as to some or all claims against some or all Defendants, Movants request,

12   by way of this motion, that the action be transferred to the Northern District of

13   Alabama.

14       A.    **The Northern District of Alabama Would Be a Proper Venue for**

15             **Plaintiff's Claims.**

16       A court may only transfer an action under § 1404(a) to a court where the

17   plaintiff could have brought her claims in the first place. This action could have

18   been properly brought in the Northern District of Alabama. Venue is proper in "a

19   judicial district in which a substantial part of the events or omissions giving rise to

20   the claim occurred." 28 U.S.C. § 1391(a)(2). A substantial portion of Plaintiff's

21   allegations concern activities that purportedly occurred in Alabama. *See, e.g.*, First

22   Amended Compl. ("Compl.") at ¶¶ 32-33, 35-37, 46, 49, 51-52, 54, 65, 71, 79, 88,

23   91, 95, 102. Furthermore, those Defendants who are not Alabama residents have

24   significant contacts with Alabama that are related to Plaintiff's claims in this

25   action. Therefore, personal jurisdiction over all of the Defendants would exist in

26   the Northern District of Alabama were this case to be transferred. *See, e.g., Yahoo!*

27   *Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th

28   Cir. 2006) (noting that courts may exercise specific personal jurisdiction when

there is a "relationship between the defendant's forum contacts and the plaintiff's claim"). Because the Northern District of Alabama would have jurisdiction and would be a proper venue, Plaintiff could have brought her action in that court and thus the threshold requirement for transfer under § 1404(a) is satisfied.

**B.    Balancing the Relevant Factors Leaves No Doubt that Transfer is Appropriate and Would Place this Action in a Significantly More Convenient District.**

After establishing that another district would be a proper venue for the plaintiff's claims, an analysis of a number of factors should be conducted to determine whether transfer is appropriate in the particular case before the court:

> [T]he court may consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the familiarity of the forum with applicable law, (4) the ease of access to evidence, (5) the parties' contacts with the chosen forum, and (6) the differences in the cost of litigation in the two forums.

*DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d at 1082 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), and *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). These factors significantly favor the transfer of this action.

**1.    Plaintiff's Choice Of Forum**

Typically, a plaintiff's choice of forum is entitled to significant weight. However, "where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." *IBM Credit Corp. v. Definitive Computer Services, Inc.*, 1996 WL 101172, at *2 (N.D. Cal. Feb. 28, 1996); *accord MTS Systems Corp. v. Hysitron, Inc.*, 2006 WL 2547698, at *3 (N.D. Cal. Sept. 1, 2006).[2]

---

[2]    A number of courts outside of the Ninth Circuit have reached the same conclusion. *See, e.g., Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp.

1    In this case, there is no question that California lacks significant contact with

2    the activities alleged in the complaint.  In her "Facts Common to All Causes of

3    Action," Compl. ¶¶ 8-20, the only event that Plaintiff asserts took place in this

4    district is an alleged assault of Plaintiff.[3]  *See* Compl. ¶¶ 16(d), 53.  However,

5    Plaintiff's claims are not for assault or personal injury.  Because Plaintiff's chosen

6    forum has little or no relevance to any of the claims at issue in this case, this factor,

7    which virtually always favors a plaintiff opposing transfer,[4] should be given little

8    weight here.

9        **2.    Convenience Of The Witnesses And Parties**

10    The chosen venue's convenience for the witnesses "is the most important

11    factor in determining whether to transfer because of the inconvenience of the

12    forum."  *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005);

13    *see also In re Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194

14    (E.D.N.Y. 1984); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.

15    Supp. 1163, 1166 (S.D. Tex. 1994).  More specifically, "it is the convenience of

16    non-party witnesses, rather than that of party witnesses, that is accorded greater

17    weight in a transfer of venue analysis."  *State Street Capital Corp. v. Dente*, 855 F.

18    Supp. 192, 198 (S.D. Tex. 1994) (citing cases).  Because of this distinction, the two

19    groups will be considered separately below.

20    

21    375, 383 (W.D. La. 1996) ("[D]eference [to plaintiff's choice of forum] is lessened
      when the operative facts of the dispute occur outside the plaintiff's chosen

22    forum."); *Dicken v. United States*, 862 F. Supp. 91, 92-93 (D. Md. 1994); *In re
      Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 194 (E.D.N.Y.

23    1994) ("[W]hen a plaintiff's chosen forum has no connection to the events which
      gave rise to the claim for relief, plaintiff's choice of forum is a less weighty

24    consideration.") (internal quotations omitted); *Chedid v. Boardwalk Regency
      Corp.*, 756 F. Supp. 941, 944 (E.D. Va. 1991).

25    [3]   As noted in the Motion to Dismiss filed by Defendant Billy L. Harbert, Jr.,
      the allegations concerning involvement by Mr. Harbert, Jr. with the purported

26    assault are baseless.  *See* Harbert Decl. ¶ 11.

27    [4]   *See, e.g., Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991)
      (observing that "no doctorate in astrophysics is required to deduce that trying a

28    case where one lives is almost always a plaintiff's preference").

1

### a.    Non-Party Witnesses

2    One commentator has noted that "the location of the majority of non-party

3    witnesses in one of the two districts generally will tip the balance in favor of that

4    district, regardless of where the party witnesses and their employees reside."  17

5    JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.13[1][f][iii]

6    (Matthew Bender 3d ed.).  Although it is obviously premature for the Defendants

7    to have developed any plan for which witnesses they will call in this action,

8    Plaintiff references a number of non-parties in her Complaint.  A significantly

9    greater number of those non-parties identified by Plaintiff reside in the Northern

10   District of Alabama than anywhere else, while just two of the identified non-parties

11   are California residents.  Almost all of the identified non-parties who are not

12   Alabama residents reside in states significantly closer and more convenient to the

13   Northern District of Alabama than they do to Plaintiff's chosen forum.

14   The identified non-parties who reside in the Northern District of Alabama

15   witnesses include the following: **1)** Henry F. Frohsin, an attorney who represented

16   Mr. Harbert, Sr. (Compl. ¶ 49; Harbert Decl. ¶ 12); **2)** Sandy Hand, Mr. Harbert,

17   Sr.'s housekeeper (Compl. ¶ 91; Harbert Decl. ¶13); **3)** Billy Bryan, a Federal

18   Bureau of Investigation agent who allegedly offered to kill Plaintiff in exchange

19   for money (Compl. ¶ 54); **4)** Earl Hilliard ("Mr. Hilliard"), a former U.S.

20   Congressman, who Plaintiff asserts in her Amended Complaint was the victim of

21   an attempted murder at the direction of Mr. Harbert, Jr. (Compl. ¶¶ 51-52); **5)**

22   Anne Moulton, who is Mr. Harbert, Sr.'s daughter and the sister of Defendant Billy

23   L. Harbert, Jr. ("Mr. Harbert, Jr."), and who Plaintiff accuses of secretly granting

24   to Mr. Harbert, Jr. power of attorney for their father (Compl. ¶ 32; Harbert Decl.

25   ¶ 9); **6)** Elizabeth Harbert Cornay, also Mr. Harbert, Sr.'s daughter and sister of

26   Mr. Harbert, Jr, and who Plaintiff also accuses in her Amended Complaint of

27   secretly granting to Mr. Harbert, Jr. power of attorney for their father (Compl.

28   ¶ 32; Harbert Decl. ¶ 9); **7)** Rusty Moulton, brother in law of Mr. Harbert, Jr., who

1    Plaintiff alleges in her Complaint connected Mr. Harbert, Jr. with the man who

2    Plaintiff accuses of the attempted murder of Mr. Hilliard (Compl. ¶ 51; Harbert

3    Decl. ¶ 16); and **8)** any Alabama notaries public who notarized a document while

4    in the Northern District of Alabama. *See, e.g.*, Compl. Exs. C-E.

5         Plaintiff also identifies in her Complaint the following non-parties who are

6    not residents of the Northern District of Alabama: **1)** Robert Southby, who is from

7    Dothan, Alabama (located in the Middle District of Alabama), who Plaintiff

8    accuses of attempting to murder Mr. Hilliard at the behest of one or more

9    Defendants (Compl. ¶¶ 51-52); **2)** William D. Dillon, who is the Department of

10   Justice attorney referenced in Plaintiff's Complaint and who works in Atlanta,

11   Georgia (Compl. ¶ 47; Harbert Decl. ¶ 19); **3)** Charles F. Rule, a Washington, D.C.

12   attorney referenced in Plaintiff's Complaint (Compl. ¶ 47; Harbert Decl. ¶ 17); **4)**

13   Robert J. Dole ("Mr. Dole"), a former U.S. Senator who now works for Alston &

14   Bird in Washington, D.C. and who Plaintiff references numerous times in her

15   Complaint (Harbert Decl. ¶ 18); and **5)** any notaries public who notarized a

16   document while in the District of Columbia. *See, e.g.*, Compl. Exs. A, D, G.

17        These non-parties all reside in the Northern District of Alabama or live

18   much closer, by well over a thousand miles, to that district than to this district.[5]

19   There are only two persons mentioned in the Complaint who reside in this District:

20

21       [5] The non-parties most distant from the Northern District of Alabama are located in and around Washington, D.C. A non-stop flight from Washington's Dulles International Airport to Birmingham International Airport takes one hour

22   and fifty minutes to travel the 638 miles between the two. Conversely, a non-stop flight from Dulles to Los Angeles International Airport takes five hours and forty-

23   nine minutes and covers 2,288 miles. *See* Exhibit A. [United Airlines printouts]. Travel time to the two potential districts is a relevant consideration in a

24   "convenience of the witnesses" analysis. *See, e.g., In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("When the distance between an existing venue for

25   trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the

26   additional distance to be traveled."); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 112 (D. Del. 1992); *accord Pratt v. Rowland*, 769 F. Supp. 1128,

27   1132 (N.D. Cal. 1991) (finding no difference in convenience between two districts because difference in travel time for many defendants would be negligible).

28

1) Dr. Alexander H. Tischler, a physician who allegedly treated Plaintiff for injuries suffered in the alleged assault against her (Compl. ¶ 53); and 2) Jerry Steering, in front of whom Mr. Harbert, Jr. purportedly slandered Plaintiff (Compl. ¶ 96).

Because almost all of the non-parties identified by Plaintiff in her Complaint live in the Northern District of Alabama or are closer to that district than this one, this factor comes down squarely and inarguably on the side of Defendants.

**b.    Party witnesses**

Although the convenience of the parties is a less significant factor than the convenience of non-party witnesses, this factor also supports transfer of this action to the Northern District of Alabama. As previously noted, Plaintiff is the only party who is a resident of this district, and in fact most, if not all, of the Defendants have no contacts whatsoever with this district.

Moreover, Plaintiff is in a much better position to bear the burden of travel related to this litigation than are many of the twenty-two Defendants. Plaintiff is an experienced world traveler, as demonstrated by the references to her work in the Middle East in her Complaint, and has spent much time in Washington, D.C., across the country from her home. *See* Compl. ¶¶ 4, 9-10, 12, 24, 28, 85. She has been to Birmingham, Alabama on numerous occasions to meet with Mr. Harbert, Sr. Hoover Decl. ¶ 10. Conversely, two of the Defendants who reside in the Northern District of Alabama are elderly with health problems, and now rarely if ever travel. *See, e.g.*, Hoover Decl. ¶ 7; Harbert Decl. ¶ 10 (regarding Mr. Harbert, Sr.). A court should take note of medical obstacles to travel when considering a motion to transfer venue on convenience grounds. *See, e.g., Zeta-Jones v. Spice House*, 372 F. Supp. 2d 568, 576 (C.D. Cal. 2005) (granting motion to transfer venue in part because "traveling to California [from Nevada] may pose a greater inconvenience to [the president of a corporate defendant] because of his medical condition"); *Fidelity & Deposit Co. of Md. v. Advance Indus. Constr., LLC*, 2006

1    WL 752943, at *3 (N.D. Ill. Mar. 21, 2006) (finding transfer appropriate where

2    "one of the Defendants[] is elderly and has medical conditions that would make it

3    difficult for him to travel").[6]

4        On balance, this factor favors the convenience of the twenty-two Defendants

5    who do not reside in this District over the convenience of Plaintiff, who has

6    traveled extensively, in bringing this action in her home forum.  Several of the

7    Defendants essentially cannot travel at all, and requiring them to travel, en masse,

8    across the country to defend themselves would result in precisely the sort of

9    inefficiencies and inconvenience that federal law seeks to prevent.

10        **3.    Familiarity of the forum with applicable law**

11        In determining what law to apply, "[f]ederal courts sitting in diversity must

12    apply 'the forum state's choice of law rules to determine the controlling

13    substantive law.'" *Fields v. Legacy Health System*, 413 F.3d 943, 950 (9th Cir.

14    2005) (quoting *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)).  California

15    employs a three-step "governmental interest analysis" to determine what law

16    should govern claims when a conflicts issue is present: "In order to persuade a

17    California court to apply the law of another forum, the proponent must invoke the

18    law of the foreign jurisdiction, show that it materially differs from California law,

19    and demonstrate how applying that law will further the interest of the foreign

20    jurisdiction." *Garamendi v. Mission Ins. Co.*, 131 Cal. App. 4th 30, 41 (Cal. Ct.

21    App. 2005) (citing *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906,

22    919-20 (Cal. 2001)).  Under this test, as explained below, Alabama law should

23

24        [6]  Of course, the Northern District of Alabama is a far more convenient forum for most of the other Defendants, who are either Alabama residents or residents of

25    states that are significantly closer and more convenient to Alabama than California. *See* Sharp Decl. ¶ 9 ("To the extent I must participate in this action, it would be far

26    more convenient for me to travel to Birmingham, Alabama to do so because there are direct flights from Tampa to Birmingham with a duration of approximately 80

27    minutes.  By contracts, there are few nonstop flights from Tampa to California, and travel time from Tampa to California usually involves approximately five hours

28    each way.").

                          9    MOTION OF CERTAIN DEFENDANTS
TO TRANSFER VENUE

1  apply to Plaintiff's claims regardless of where they are brought, and accordingly

2  the Northern District of Alabama will be more familiar with the applicable law.[7]

3      There are a number of significant and material differences between Alabama

4  and California law. In the interest of brevity, only a few will be listed here, but it

5  goes without saying that the various laws, rules, exceptions, and standards relevant

6  to the numerous claims brought by Plaintiff in the eleven counts of her Complaint

7  are not identical in Alabama and California. For instance, some Defendants may

8  put forth a statute of limitations defense on some or all of Plaintiff's claims. Under

9  California law, the statute of limitations is subject to a discovery rule that

10 "provides that the accrual date of a cause of action is delayed until the plaintiff is

11 aware of her injury and its negligent cause." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d

12 1103, 1109 (Cal. 1988). However, Alabama's discovery rule is applicable only to

13 fraud claims. *Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993)

14 (citing ALA. CODE § 6-2-3).

15     Furthermore, the two states apportion damages differently in cases, such as

16 this one, with multiple defendants. In Alabama, the traditional rule of joint and

17 several liability applies to compensatory damages, *Tatum v. Schering Corp.*, 523

18 So. 2d 1042, 1048 (Ala. 1988), and juries are not permitted to apportion separate

19 amounts against joint tortfeasors. *Vanguard Indus. Corp. v. Alabama Power Co.*,

20 455 So. 2d 837, 838 (Ala. 1984); *Reese v. Trism Specialized Carriers, Inc.*, 718 So.

21 2d 49, 51 (Ala. Civ. App. 1997). California courts use a modified joint and several

22 liability rule in which a co-defendant's liability for non-economic damages is

23 limited to that defendant's percentage of fault as found by the jury. CAL. CIV.

24

25     [7]  Although Movants believe that Alabama law applies here, the various
    motions to dismiss filed concurrently herewith assume that, as Plaintiff claims,
26  California law applies. *See, e.g.*, Motion of Bill L. Harbert, Sr. to Dismiss at 3-20.
    (filed Dec. 11, 2006). As those motions discuss in more detail, Plaintiff's
27  Amended Complaint should nevertheless be dismissed as failing to state a claim
    upon which relief can be granted under California law.
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

MOTION OF CERTAIN DEFENDANTS
TO TRANSFER VENUE

33

1  CODE § 1431.2(a). California law also requires that all damages must be

2  apportioned among the "universe of tortfeasors," including non-joined defendants.

3  *Roslan v. Permea, Inc.*, 17 Cal. App. 4th 110, 113 (Cal. Ct. App. 1993). This

4  distinction in apportionment of damages would significantly affect Defendants'

5  potential liabilities in this action.

6       Finally, Alabama and California law differ in regards to awards of punitive

7  damages. In Alabama, punitive awards against individual defendants are capped at

8  three times compensatory damages or $500,000, whichever is greater. ALA. CODE

9  § 6-11-21(a). California law does not contain any such limitation on punitive

10  damages, except in medical malpractice actions. *Compare* CAL. CIVIL CODE

11  § 3294 (California's punitive damages statute, which makes no mention of any

12  caps or limitations on possible awards), *and* CAL. CIVIL CODE § 3333.2(b) (limiting

13  non-economic damages in actions against health care providers to $250,000).

14       These are just a few of a number of significant differences between

15  California and Alabama law that would be material to Plaintiff's claims. Because

16  it is clear that the law of the two states differs, if Alabama has a greater interest

17  than California in having its law applied, then this Court would, under the standard

18  of *Jolly* as set out above, apply Alabama law to this case.

19       Alabama has strong interests in having its law apply to Plaintiff's claims

20  because the large majority of the events giving rise to her claims occurred in

21  Alabama. To discuss only the examples provided above, Alabama has consciously

22  chosen not to establish a discovery rule that would toll the statute of limitations for

23  all claims. To allow California law and its discovery rule to apply to events that

24  occurred in Alabama would significantly impair Alabama's interest in the

25  predictability of the litigation consequences of one's actions while in the state. To

26  apply California law and allow apportionment of damages between Defendants

27  based on fault would undermine the "strong policy considerations" behind

28  Alabama's retention of joint and several liability. *Tatum*, 523 So. 2d at 1048.

1    Finally, to ignore Alabama's legislatively created caps on punitive damages in a

2    case centering on Defendants' actions in Alabama would disregard that state's

3    strong interests in favor of protecting its residents against unfair punitive awards.

4         California's interest in this litigation, on the other hand, is negligible.  Under

5    California conflicts law, once material differences in the competing laws have been

6    established, "the 'comparative impairment' approach is used to determine which

7    state's interest would be more impaired if its policy were subordinated to the

8    policy of the other state." *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp. 2d 1158,

9    1166 (C.D. Cal. 2003) (citing *Denham v. Farmers Ins. Co.*, 213 Cal. App. 3d 1061,

10   1066 (Cal. Ct. App. 1989).  The State of Alabama's interest would clearly be much

11   more impaired by having the laws of California applied to actions by Alabama

12   defendants and taking place within Alabama than would California's interest by

13   having one of its residents subjected to Alabama law for actions taken within and

14   in regards to Alabama.

15        Accordingly, the *Jolly* standard having been satisfied, this Court would

16   likely apply the substantive law of Alabama were it to retain the case.  If the Court

17   were to transfer this action, the court in the Northern District of Alabama would be

18   required to follow the same analysis of California's choice of law rules and would

19   arrive at the same result – that Alabama law is applicable to Plaintiff's claims.  *See*

20   *IBM v. Bajorek*, 191 F.3d 1033, 1037 (9th Cir. 1999) (noting that "the choice of

21   law rules of the transferor state apply"); *see also Van Dusen v. Barrack*, 376 U.S.

22   612, 627 (1964).  Because the Northern District of Alabama is presumably much

23   more experienced with the laws of Alabama than this Court, this factor weighs

24   heavily in Movants' favor.

25        **4.    Ease Of Access To Evidence**

26        Because virtually none of the events and occurrences that are the subject of

27   this action took place in California, there is essentially no evidence that would be

28   easier to access in this district than in the Northern District of Alabama.  Because

1  many of the events took place in the latter district, and many of the Defendants are
2  located there and maintain their business records there, a substantially larger
3  percentage of the evidence relative to this action is found in the Northern District
4  of Alabama. Hall Decl. ¶ 7, 10, 12; Hoover Decl. ¶ 9. Although this factor is
5  relatively less important than some of the other factors, given "the comparatively
6  low cost of transporting documents," *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F.
7  Supp. 287, 290 (D. Del. 1986), it is yet another factor supporting transfer of this
8  action to Alabama.

9          **5.     The Parties' Contacts With The Chosen Forum**
10         Movants here incorporate by reference the individual Movants'
11  Declarations, filed simultaneously herewith, on the topic of Defendants' lack of
12  contacts with the Central District of California. Hall Decl. at ¶ 2-25; Hoover Decl.
13  at ¶ 2-9; Rein Decl. at ¶ 2-7; Harbert Decl. ¶ 2-10; Sharp Decl. ¶ 4-6. Most of the
14  individual Defendants have never been to California except for pleasure, and those
15  who have been to the district on business did not commit any act or omission there
16  that is related to Plaintiff's claims in this action. Any argument by Plaintiff that
17  this factor favors retention of this action by this Court would necessarily be
18  without merit.

19         **6.     Differences In The Cost Of Litigation In The Two Forums**
20         As one commentator has noted, "[e]ven when witnesses are willing to travel
21  to distant districts to testify, if transfer would obviate the need for such travel and
22  the attendant expense on the witnesses or the party calling them, courts are more
23  inclined to order a transfer." JAMES WM. MOORE ET AL., MOORE'S FEDERAL
24  PRACTICE § 111.13[1][j] (Matthew Bender 3d ed.); *see also In re Eastern Dist.*
25  *Repetitive Stress Litig.*, 850 F. Supp. at 194. It would obviously be much less
26  expensive for the large numbers of parties and non-party witnesses who reside in
27  the Northern District of Alabama to simply drive to the courthouse in Birmingham
28

13                                    MOTION OF CERTAIN DEFENDANTS
                                        TO TRANSFER VENUE

1    than to purchase plane tickets, often on short notice, to fly to Los Angeles.[8] Such

2    trips would also entail other significant costs, such as lodging, meals, and ground

3    transportation. Clearly, the costs to the parties of litigating in California *vis a vis*

4    Alabama would be exponentially greater. Therefore, this factor strongly favors

5    transfer of this action.

6    **III.    CONCLUSION**

7        In sum, the Central District of California has virtually no connection to the

8    Defendants, witnesses, or claims in Plaintiff's Complaint; the overwhelming

9    majority of the parties and identified non-parties either live in or much closer to the

10    Northern District of Alabama than to this District; and the cost of litigation would

11    be exceedingly high for the numerous Defendants if this action were retained in

12    this district. Because five of the six relevant factors favor transfer, several of them

13    strongly, and only one factor tepidly favors Plaintiff simply because she chose this

14    forum, this action should be transferred to the Northern District of Alabama.

15    Dated: December 11, 2006        Respectfully submitted,

16                               LATHAM & WATKINS LLP

17

18                               By

19                                  Yasmin N. Best

20                                 Attorneys for Defendants Evangeline
                                 H. Hoover, Alan Hall, James Rein,

21                                 Billy L. Harbert, Jr., Bill Harbert
                                 International Construction, Inc., B.L.

22                                 Harbert International, LLC, Harbert
                                 International Establishment, Inc.,

23                                 William M. Sharp, Sr., and Sharp &
                                 Harrison, P.A.

24

25

26

   [8] It is likely that some of the Defendants could not physically travel to Los

27    Angeles if it became necessary. Those Defendants could travel by car to the
   courthouse in Birmingham, however.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

MOTION OF CERTAIN DEFENDANTS
TO TRANSFER VENUE



EXHIBIT A

///// **U N I T E D**

Fly **Ted**

# Flights Search ≫ Select ≫ Review ≫ Purchase

Please confirm the details of your itinerary and enter the passenger information below. Click **Continue to purchase** to proceed.

**Total price: USD 259.30**

View price breakdown
View fare rules

Mon, Dec 18, 2008 - IAD to BHM

| | | | | |
|---|---|---|---|---|
| United 7247 Operated by: United Express/mesa Airlines | Depart: IAD 04:61 PM Arrive: BHM 05:41 PM | Non-stop 1h 50m Bombardier CRJ-200 638 miles traveled | Fare basis code: N/A H3NX Booking class: H Economy 638 Award miles No Meal Service | Select seats |

PenaltyCXL BY FLT DATE OR NOVALUE
NONREF/CHG100PLUSFAREDIF/

**Additional information:**

**Mileage Plus Members: Please log in**

Add your Mileage Plus number to this reservation to earn miles for this itinerary and to fill in passenger details stored in your united.com profile.

Mileage Plus number or email address

Password                          **Login**

☐ Remember my Mileage Plus number

Login Help    Forgot your password?

**Passenger(s) Information**

Please enter required information for each passenger below.

Program rules for specific frequent flyer programs are subject to change. Applying a frequent flyer number to the flight you are booking does not guarantee that the flight is eligible for accrual in the program you have chosen. Frequent flyer credit for code share flights are based on the operating carrier rules.

**Adult1**

*First name:          M.I.:     *Last name:

| Airline | Frequent flyer airline | Frequent flyer number |
|---|---|---|
| United | United ▾ | |

Special request

Mileage Plus

Earn 17,500 mil
save $25 on thi
Plus, first year f

**Appl**
and use it

//// **U N I T E D**                                         Fly **Ted**

## Flights Search ›› Select ›› Review ›› Purchase

Please confirm the details of your itinerary and enter the passenger information below. Click
**Continue to purchase** to proceed.

**Total price: USD 536.30**                    View price breakdown
                                               View fare rules

Wed, Dec 20, 2006 - IAD to LAX

| United 0211 | Depart: IAD 06:00 AM | Non-stop | Fare basis code: | N/A |
| | Arrive: LAX 08:49 AM | 5h 49m | EA7BIZN | Select seats |
| | | Airbus A320 | Booking class: E | |
| | | 2,288 miles traveled | Economy | |
| | | | 2288 Award miles | |
| | | | Food for Purchase | |

PenaltyCXL BY FLT DATE OR NOVALUE
NONREF/CHG100PLUSFAREDIF/

**Additional Information:**

**Mileage Plus Members: Please log in**

Add your Mileage Plus number to this reservation to earn miles for this itinerary and to fill in
passenger details stored in your united.com profile.

Mileage Plus number or email address

Password                                                          **Login**

☐  Remember my Mileage Plus number

Login Help    Forgot your password?

**Passenger(s) information**

Please enter required information for each passenger below.

Program rules for specific frequent flyer programs are subject to change. Applying a frequent flyer
number to the flight you are booking does not guarantee that the flight is eligible for accrual in the
program you have chosen. Frequent flyer credit for code share flights are based on the operating
carrier rules.

**Adult1**

*First name:          M.I.:    *Last name:

Airline    Frequent flyer airline          Frequent flyer number

United    [United ▾]

Meal request          Special request

Mileage Plus

Earn 17,500 mil
save $25 on thi
Plus, first year f

Appl
and use it

40

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071-2007.

On **December 11, 2006**, I served the following document described as:

**NOTICE OF MOTION AND MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED ORDER]**

by serving a true copy of the above-described document in the following manner:

### BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

BRIAN J. JACOBS
467 SOUTH ARNAZ DRIVE
SUITE 319A
LOS ANGELES, CA 90048

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 11, 2006**, at Los Angeles, California.

Lisa R. Perez

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071-2007.

On **June 20, 2007**, I served the following document described as:

## NOTICE OF MOTION AND MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

> BRIAN J. JACOBS
> 467 SOUTH ARNAZ DRIVE
> SUITE 319A
> LOS ANGELES, CA 90048

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 20, 2007**, at Los Angeles, California.

_____
Lisa R. Perez

1   **Brian J. Jacobs (State Bar No. 107788)**
    **467 South Arnaz Drive, Suite 319A**
2   **Los Angeles, California 90048**
    **(310) 770-6874 (Telephone)**
3   **(310) 858-6489 (Facsimile)**

4   Attorneys for Plaintiff
    Dr. Hoda Elemary

5

6

7              **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA**

9                   **WESTERN DIVISION**

10  DR. HODA ELEMARY,              )   Case No. CV07-03644 RGK (PJWx)
                                   )
11           Plaintiff,            )   **STATEMENT OF NON-OPPOSITION**
                                   )   **TO MOTION OF CERTAIN**
12  vs.                            )   **DEFENDANTS TO TRANSFER VENUE**
                                   )
13  JERRY L. STEERING, et al.,     )   Date:  August 6, 2007
                                   )   Time:  9:00 a.m.
14           Defendants.           )   Ctrm.:  Hon. R. Gary Klausner
                                   )
15  ─────────────────────────────

16

17

18       TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

19       Pursuant to L.R. 7-9, Plaintiff hereby advises Defendants herein and the

20  Court that Plaintiff will not oppose the Motion of Certain Defendants to Transfer

21  Venue.

22                              Respectfully submitted,

23

24  Dated:  July 30, 2007

25                              Brian J. Jacobs
                                Attorney for Plaintiff

26

27

28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 467 South Arnaz Drive, Suite 319A, Los Angeles, California 90048.

On July 30, 2007, I served the foregoing document described as **STATEMENT OF NON-OPPOSITION TO MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE** on the interested parties in this action by facsimile and by placing true copies thereof enclosed in (a) sealed envelope(s) addressed as follows:

LATHAM & WATKINS LLP
David J. Schindler
Yasmin N. Best
633 West Fifth Street
Suite 4000
Los Angeles, CA 90071-2007
(213) 891-8763

BRADLEY ARANT ROSE & WHITE LLP
Matthew H. Lembke
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8800

I deposited this envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

BRIAN J. JACOBS
Type or Print Name

Signature

STATEMENT OF NON-OPPOSITION TO MOTION OF CERTAIN DEFENDANTS TO TRANSFER VENUE