IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NUMBER: CV-07-654 |
| PHILIPP HOLZMANN A.G., et al., | ) |
|     Defendants. | ) |

DEFENDANT'S REPORT PURSUANT TO LOCAL RULE 16.3
---

In accordance with Local Rule 16.3, counsel for Defendant and Counter-Plaintiff Bill L. Harbert, Sr. ("Mr. Harbert"), the only Defendant remaining in this case, submit this report regarding their attempts to confer with pro se Plaintiff and Counter-Defendant Hoda Elemary ("Ms. Elemary") to address the initial matters set forth in Local Rule 16.3(c). Despite repeated attempts by Mr. Harbert's counsel to have a substantive discussion regarding these initial matters, Ms. Elemary refused to do so, as is set forth in further detail below. Accordingly, in support of his proposed schedule and other positions on these matters, Mr. Harbert states as follows:

    1.    Counsel for Mr. Harbert and Ms. Elemary, in her pro se capacity, agreed to have a telephone conference on March 18, 2008, regarding the matters set forth in Local Rule 16.3(c). Prior to this telephone conference, on March 14, 2008, Mr. Harbert's counsel sent by overnight delivery to Ms. Elemary's home address a draft of a Joint Report of Parties Pursuant to Local Rule 16.3. A true and correct copy of that draft report, and the cover letter sent therewith, is submitted herewith as Exhibit A.

2. Immediately after the March 18, 2008, conference call began, Ms. Elemary stated that she had received the draft report and cover letter attached hereto as Exhibit A, but that she was not willing to engage in a discussion of those matters at that time. Instead, she requested that the telephone conference be rescheduled to March 27, 2008, and that Mr. Harbert's counsel send her a revised draft report that contained blanks in which she could insert her proposed dates. Mr. Harbert's counsel sent by overnight delivery to Ms. Elemary's home address such a revised draft report, containing blanks as she requested. A true and correct copy of that revised draft report, and the cover letter sent therewith, is submitted herewith as Exhibit B.

3. When Mr. Harbert's counsel telephoned Ms. Elemary at the appointed time on March 27, 2008, Ms. Elemary again indicated that she was unwilling to discuss this matter, despite the approaching April 1, 2008 deadline set by the Court. She requested that the telephone conference again be rescheduled to March 31, 2008.

4. On March 31, 2008, counsel for Mr. Harbert again telephoned Ms. Elemary. Immediately after that conference began, Ms. Elemary stated that there was no reason to discuss any of these matters that Local Rule 16.3(c) requires to be discussed and addressed in a report to the Court because, she stated, she wanted to address such matters in writing. She further stated that she would later that day be sending Mr. Harbert's counsel, via facsimile, a document addressing these matters and setting forth her position. However, no such document was received by Mr. Harbert's counsel as of 2:00 p.m. on April 1, 2008, the date of this Court's deadline for the parties' to submit their proposals regarding the 16.3(c) initial matters.

5. In light of the above dilatory and evasive tactics by Ms. Elemary, Mr. Harbert requests that the Court order that a scheduling conference be held, and that the parties or their attorney be required to attend that conference in person.

6. In regards to his proposed schedule and positions regarding the matters set forth in Local Rule 16.3(c), Mr. Harbert states as follows:

A. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The Court has already disposed of a number of Plaintiff's claims after the original defendants filed motions to dismiss. However, due to certain disputes of material fact, Defendant does not presently believe that all of the remaining claims and counter-claims asserted in this case can be resolved by dispositive motions. Defendant believes that at least one of Plaintiff's remaining claims is likely to be disposed of by dispositive motion.**

B. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Defendant does not anticipate the joinder of additional parties. However, if it is determined that some additional party or parties need to be joined, Defendant agrees to do so within 45 days of the Court's entry of a scheduling order in this case.**

C. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Defendant believes that this case should not be assigned to a magistrate judge.**

D. Whether there is a realistic possibility of settling the case.

**Defendant does not believe there is a realistic possibility of settling this case.**

E. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**Defendant does not believe ADR procedures would be helpful in this case.**

F. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Defendant believes that at least one of Plaintiff's remaining claims may be resolved through a dispositive motion, and Defendant proposes that any**

3

        **dispositive motions be filed no later than <u>August 15, 2008</u>, with responses to such motions due on <u>August 29, 2008</u>, and reply briefs in support of such motions due by <u>September 5, 2008</u>.**

G.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

        **Defendant does not stipulate that initial disclosures be dispensed with in this case. Defendant is prepared to make initial disclosures on or before April 10, 2008.**

H.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

        **Unless otherwise as set forth below, Defendant will comply with the federal and local rules, and applicable law, with regard to discovery, motions practice and pre-trial disclosures. All discovery will be commenced in time to be completed by <u>July 31, 2008</u>. Supplements under Fed. R. Civ. P. 26(e) will be due by <u>July 1, 2008</u>.**

I.      Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

        **Although Defendant does not presently anticipate that this case will require expert witnesses, Defendant proposes that the following deadlines should apply if any party later decides to use an expert witnesses. Reports from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by May 15, 2008, and any such experts shall be made available for deposition by no later than May 30, 2008. Reports from retained experts from Defendant are due by June 30, 2008, and any such experts shall be made available for deposition by not later than July 15, 2008.**

J.      In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

        **Defendant believes that this item is inapplicable to this case.**

K.      Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

> **Defendant believes that neither the trial nor discovery in this case should be bifurcated or managed in phases.**

L.  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

>   **Defendant requests a pretrial conference on <u>August 25, 2008</u>.**

M.  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

>   **Defendant believes that this case will be ready for trial on or after <u>September 22, 2008</u> and that the Court should proceed to set a firm trial date on or after that date at any time that is convenient for the Court.**

N.  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

>   **With respect to discovery of electronically stored information ("ESI"), Defendant believes that there is no ESI relevant to Plaintiff's remaining claims or Defendant's counterclaims. Defendant would also propose that final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed by both parties 30 days before trial. Objections to witness and exhibit lists are to be filed within 15 days after receipt of final list.**

Dated: April 1, 2008

Respectfully submitted,

/s/ Roger S. Goldman
Roger S. Goldman
(D.C. Bar No. 333294)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: roger.goldman@lw.com

Of Counsel:
Nathaniel A. Vitan
(D.C. Bar No. 477402)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: nathaniel.vitan@lw.com

Matthew H. Lembke
   (admitted *pro hac vice*)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Attorneys for Defendant Bill L. Harbert, Sr.

## CERTIFICATE OF SERVICE

I, Roger S. Goldman, hereby certify that on this 1st day of April, 2008, I caused a true and correct copy of the foregoing Report Pursuant to Local Rule 16.3 to be served, via certified mail, postage pre-paid, upon the following:

Hoda Elemary
21 Le Conte
Laguna Niguel, California 92677

/s/ Roger S. Goldman
Roger S. Goldman



**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000  FAX 205.521.8800
WWW.BRADLEYARANT.COM

Matthew H. Lembke

Direct Dial: (205) 521-8560
Direct Fax: (205) 488-6560
mlembke@bradleyarant.com

March 14, 2008

**VIA FEDERAL EXPRESS**

Ms. Hoda Elemary
21 Le Conte
Laguna Niguel, CA 92677

RE:  Elemary v. Harbert; CV-07-654
     United States District Court for the District of Columbia

Dear Ms. Elemary:

Enclosed please find a draft of the report we will have to file after our telephone conference next Tuesday, March 18, at 2:00 p.m. Pacific time. We can discuss the details of this report during that conference.

Very truly yours,

*[signature: Matt Lembke]*

Matthew H. Lembke
MHL:slb
Enclosure
cc:   Roger S. Goldman, Esq. (via fax, w/encl.)

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. HODA ELEMARY, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NUMBER: CV-07-654
 )
PHILIPP HOLZMANN A.G., et al., )
 )
    Defendants. )

DRAFT

## JOINT REPORT OF PARTIES PURSUANT TO LOCAL RULE 16.3

In accordance with Local Civil Rule 16.3, pro se Plaintiff and Counter-Defendant Hoda Elemary ("Plaintiff") and counsel for Defendant and Counter-Plaintiff Bill L. Harbert, Sr. ("Defendant"), the only Defendant remaining in this case, conferred via telephone on March 18, 2008. The parties have conferred regarding each of the fourteen matters set forth in Local Civil Rule 16.3(c). A succinct statement of the parties' positions regarding these matters is set forth below.

(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

    **The Court has already disposed of a number of Plaintiff's claims after the original defendants filed motions to dismiss. However, due to certain disputes of material fact, the parties do not presently believe that all of the remaining claims and counter-claims asserted in this case can be resolved by dispositive motions. Defendant believes that at least one of Plaintiff's remaining claims is likely to be disposed of by dispositive motion.**

(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

    **The parties do not anticipate the joinder of additional parties. However, if it is determined that some additional party or parties need to be joined, the**

parties agree to do so within 45 days of the Court's entry of a scheduling order in this case.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties agree that this case should not be assigned to a magistrate judge.**

(4) Whether there is a realistic possibility of settling the case.

**The parties do not believe there is a realistic possibility of settling this case.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties do not believe ADR procedures would be helpful in this case.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Defendant believes that at least one of Plaintiff's remaining claims may be resolved through a dispositive motion, and the parties jointly propose that any dispositive motions be filed no later than August 15, 2008, with responses to such motions due on August 29, 2008, and reply briefs in support of such motions due by September 5, 2008.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties do not stipulate that initial disclosures be dispensed with in this case. Both parties are prepared to make initial disclosures on or before April 10, 2008.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Unless otherwise as set forth below, the parties will comply with the federal and local rules, and applicable law, with regard to discovery, motions practice and pre-trial disclosures. All discovery will be commenced in time**

to be completed by <u>July 31, 2008</u>. Supplements under Fed. R. Civ. P. 26(e) will be due by <u>July 1, 2008</u>.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Although the parties do not presently anticipate that this case will require expert witnesses, the following deadlines should apply if any party later decides to use any expert witnesses. Reports from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by May 15, 2008, and any such experts shall be made available for deposition by no later than May 30, 2008. Reports from retained experts from the defendant are due by June 30, 2008, and any such experts shall be made available for deposition by not later than July 15, 2008.**

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**The parties agree that this item is inapplicable to this case.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The parties agree that neither the trial nor discovery in this case should be bifurcated or managed in phases.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The parties request a pretrial conference on <u>August 25, 2008</u>.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**The parties agree that this case will be ready for trial on or after <u>September 22, 2008</u> and that the Court should proceed to set a firm trial date on or after that date at any time that is convenient for the Court.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

With respect to discovery of electronically stored information ("ESI"), the parties agree that there is no ESI relevant to Plaintiff's remaining claims or Defendant's counterclaims. The parties would also propose that final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed by both parties 30 days before trial. Objections to witness and exhibit lists are to be filed within 15 days after receipt of final list.

Plaintiff has reviewed this Report of the Parties' Planning Meeting and consents to the attorneys for the Defendant e-filing this report.

Respectfully submitted this the ____ day of March, 2008.

| | |
|---|---|
| _____ <br> Hoda Elemary <br> *Pro se plaintiff and Counter-defendant* <br> 21 Le Conte <br> Laguna Niguel, CA 92677 | _____ <br> Roger S. Goldman <br> (D.C. Bar No. 333294) <br> *Attorney for Defendant and Counter-Plaintiff Bill L. Harbert, Sr..* <br> Latham & Watkins LLP <br> 555 11th Street, N.W. <br> Suite 1000 <br> Washington, D.C. 20004 |



**Bradley Arant**

BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000  FAX 205.521.8800
WWW.BRADLEYARANT.COM

Matthew H. Lembke

Direct Dial: (205) 521-8560
Direct Fax: (205) 488-6560
mlembke@bradleyarant.com

March 18, 2008

**VIA FEDERAL EXPRESS**

Ms. Hoda Elemary
21 Le Conte
Laguna Niguel, CA 92677

RE:   Elemary v. Harbert; CV-07-654
      United States District Court for the District of Columbia

Dear Hoda:

Enclosed please find a revised copy of the Joint Report of Parties Pursuant to Local Rule 16.3. We have made the revisions you requested and have included blanks for you to state your position. As we discussed, we will have another phone call at 10:30 a.m. Pacific time on Thursday, March 27, to attempt to reach compromise on our respective positions. We anticipate that you will send me your proposal prior to that call. If you choose to fax it to me, my fax number if 205-488-6560.

Although you had requested that I send a copy of this to Brian Jacobs at the Fedex station in Beverly Hills, I have elected not to do that. As you know, Mr. Jacobs is not counsel of record in the case. Until he enters an appearance, I do not believe it is appropriate for me to send anything to him.

I also enclose a copy of the Answer and Counterclaim that was filed by Mr. Harbert on February 21, 2008. That pleading, along with others, has been served on you by Certified Mail. We have received at least one of those Certified Mail packages back showing it was unclaimed. Please be aware that the Federal Rules of Civil Procedure state that service by U.S. Mail is effective. If you desire to have pleadings served on you at some other address, please advise us immediately.

Very truly yours,

*/s/ Matthew Lembke/*

Matthew H. Lembke
MHL:slb
Enclosure
cc:   Nathan Vitan, Esq. (w/encl.)

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. HODA ELEMARY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NUMBER: CV-07-654 |
| PHILIPP HOLZMANN A.G., et al., | ) ) ) |
| Defendants. | ) |

## JOINT REPORT OF PARTIES PURSUANT TO LOCAL RULE 16.3

In accordance with Local Civil Rule 16.3, pro se Plaintiff and Counter-Defendant Hoda Elemary ("Plaintiff") and counsel for Defendant and Counter-Plaintiff Bill L. Harbert, Sr. ("Defendant"), the only Defendant remaining in this case, conferred via telephone on March 18, 2008. The parties have conferred regarding each of the fourteen matters set forth in Local Civil Rule 16.3(c). A succinct statement of the parties' positions regarding these matters is set forth below.

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The Court has already disposed of a number of Plaintiff's claims after the original defendants filed motions to dismiss. However, due to certain disputes of material fact, the parties do not presently believe that all of the remaining claims and counter-claims asserted in this case can be resolved by dispositive motions. Defendant believes that at least one of Plaintiff's remaining claims is likely to be disposed of by dispositive motion.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate the joinder of additional parties. However, if it is determined that some additional party or parties need to be joined, the**

1/1678925.2

parties agree to do so within 45 days of the Court's entry of a scheduling order in this case.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties agree that this case should not be assigned to a magistrate judge.**

(4) Whether there is a realistic possibility of settling the case.

**The parties do not believe there is a realistic possibility of settling this case.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties do not believe ADR procedures would be helpful in this case.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Defendant believes that at least one of Plaintiff's remaining claims may be resolved through a dispositive motion, and Defendant proposes that any dispositive motions be filed no later than August 15, 2008, with responses to such motions due on August 29, 2008, and reply briefs in support of such motions due by September 5, 2008. Plaintiff proposes that any dispositive motions be filed no later than _____, with responses to such motions due by _____, and reply briefs in support of such motions due by _____.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties do not stipulate that initial disclosures be dispensed with in this case. Defendant requests that initial disclosures be exchanged on or before April 10, 2008. Plaintiff proposes that initial disclosures be exchanged on or before _____.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Unless otherwise as set forth below, the parties will comply with the federal and local rules, and applicable law, with regard to discovery, motions practice and pre-trial disclosures. Defendant proposes that all discovery be commenced in time to be completed by <u>July 31, 2008</u>, and that supplements under Fed. R. Civ. P. 26(e) will be due by <u>July 1, 2008</u>. Plaintiff proposes that all discovery be commenced in time to be completed by _____, and that supplements under Fed. R. Civ. P. 26(e) will be due by _____.**

(9)  Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Although the parties do not presently anticipate that this case will require expert witnesses, Defendant proposes the following deadlines if any party later decides to use an expert witnesses: Reports from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by May 15, 2008, and any such experts shall be made available for deposition by no later than May 30, 2008. Reports from retained experts from the defendant shall be due by June 30, 2008, and any such experts shall be made available for deposition by not later than July 15, 2008.**

**Plaintiff proposes the following deadlines if any party later decides to use an expert witnesses: Reports from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by _____, and any such experts shall be made available for deposition by no later than _____. Reports from retained experts from the defendant shall be due by _____, and any such experts shall be made available for deposition by not later than _____.**

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**The parties agree that this item is inapplicable to this case.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The parties agree that neither the trial nor discovery in this case should be bifurcated or managed in phases.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

1/1678925.2

3

**Defendant proposes that a pretrial conference be held on August 25, 2008. Plaintiff proposes that a pretrial conference be held on _____.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Defendant states that this case will be ready for trial on or after September 22, 2008 and that the Court should, at any time that is convenient for the Court, proceed to set a firm trial date on or after that date. Plaintiff states that this case will be ready for trial on or after _____ and that the Court should, at any time that is convenient for the Court, proceed to set a firm trial date on or after that date.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**With respect to discovery of electronically stored information ("ESI"), the parties agree that there is no ESI relevant to Plaintiff's remaining claims or Defendant's counterclaims. The parties would also propose that final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed by both parties 30 days before trial. Objections to witness and exhibit lists are to be filed within 15 days after receipt of final list.**

Plaintiff has reviewed this Report of the Parties' Planning Meeting and consents to the attorneys for the Defendant e-filing this report.

Respectfully submitted this the ____ day of March, 2008.

| | |
|---|---|
| Hoda Elemary<br>*Pro se plaintiff and Counter-defendant*<br>21 Le Conte<br>Laguna Niguel, CA 92677 | Roger S. Goldman<br>(D.C. Bar No. 333294)<br>*Attorney for Defendant and Counter-Plaintiff Bill L. Harbert, Sr.*<br>Latham & Watkins LLP<br>555 11th Street, N.W.<br>Suite 1000<br>Washington, D.C. 20004 |