IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. HODA ELEMARY,              )
                               )
        Plaintiff,             )
              v.               )  CIVIL ACTION NUMBER: CV-07-654 *RCL*
                               )
PHILIPP HOLZMANN A.G., et al., )
                               )
        Defendants.            )

## JOINT REPORT OF PARTIES PURSUANT TO LOCAL RULE *16.3*

In accordance with Local Civil Rule 16.3, Plaintiff, in Propria Persona, Hoda Elemary ("Plaintiff") and counsel for defendant Bill L. Herbert ("Defendant"), conferred via telephone on March 18, 2008. The Parties have agreed to disagree on the dates and the language. The Parties, at Plaintiff's suggestion agreed to submit each of their proposals in to one another in writing then to the Court. Plaintiff had complied with the compromise on March 31, 2008, but Defendant has not responded to date.

Attached hereto as Exhibit "A" and incorporated collectively herein by this reference are true and correct copies of a). Plaintiff's March 31,2008 proposal to opposing Counsel and b). Matthew H. Lembke's March 18, 2008 confirming Plaintiff's cooperation but Mr. Lembke changes some of the facts and conclusions of the call to placate his client Billy Harbert, Jr.

Dated: April 16, 2008

Respectfully submitted,

_____
Dr. Hoda Elemary
21 Le Conte Laguna Niguel, CA 92677
Tel: (949) 499-1010
Fax: (949) 499-4141

**RECEIVED**
APR 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Dr. Hoda Elemary*
*21 La Ponte Estates/Gold Riviera*
*Laguna Niguel, CA 92677*
*(949) 499-1010*
*(949) 499-1141 ~ fax*

March 31, 2008

Roger S. Goldman
**Latham & Watkins**
555 11th St., Ste.1000
Washington, D.C. 20004

Matthew H. Lembke
BRADLEY ARANT
One Federal Place,
1819 Fifth Avenue North
Birmingham, AL 35203

Dear Messrs. Goldman and Lembke:

Based on our compromise during our telephonic conversation two weeks ago, I am affirming to you the preferred dates and the earliest date Plaintiff ("Dr. Hoda Elemary") can be released either from assignments by the United States or Medical Procedures.

As I informed you, Plaintiff's schedule is unavailable for this season until the general election and the inauguration are accomplished in January 2009. It would not only be unconstitutional but you will not be allowed by the United States to deprive Plaintiff from serving her Country or earning a meager living during this political season in light of the fact that your client Billy Harbert, Jr. had frozen Plaintiff's funds, ruined my credit and forced his father under coercion from making the agreed upon (in writing) monthly financial installments to Plaintiff. By forcing his father to breach his contract with Plaintiff through a legally recorded threat to expose his father of the seven Million dollars taken from John Murdock Harbert, Your client has no right to demand expeditious conclusion of this case. It is the Plaintiff's prerogative to affirm "Justice delayed is Justice denied", but she chose not to do so. It would be a colossal injustice that would merit publicity, if Billy Harbert, Jr., who had saved the funds owed plaintiff, under seven contacts, for himself, would now interfere with Plaintiff by manipulating the Court to apply preference while he is withholding Plaintiff's funds.

In summation of our lengthy conversation Plaintiff's position is that while she categorically opposes the language of your enclosed four page Joint report. To be practical, Plaintiff agrees with the factual content of points1-3,disagrees with the factual content and language of Points4-7. Point 7 date would be in May 2009 and the earliest March 30, 2009.Plaintif agrees with the compliance part of Point 8 the earliest date for discovery would be completed by July 31, 2009. Plaintiff disagrees with points 9-13. On Point 13 trial would be concluded on September 20, 2009 or before. Plaintiff agrees with point 14 as it is written in Rule16.3 but objects to your writing in response to Point 14.

*Dr. Hoda Elemary*
In Propria Persona

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DRAFT

DR. HODA ELEMARY,       )
                        )
    Plaintiff,           )
                        )
v.                      )   CIVIL ACTION NUMBER: CV-07-654
                        )
PHILIPP HOLZMANN A.G., et al., )
                        )
    Defendants.          )

## JOINT REPORT OF PARTIES PURSUANT TO LOCAL RULE 16.3

In accordance with Local Civil Rule 16.3, pro se Plaintiff and Counter-Defendant Hoda Elemary ("Plaintiff") and counsel for Defendant and Counter-Plaintiff Bill L. Harbert, Sr. ("Defendant"), the only Defendant remaining in this case, conferred via telephone on March 18, 2008. The parties have conferred regarding each of the fourteen matters set forth in Local Civil Rule 16.3(c). A succinct statement of the parties' positions regarding these matters is set forth below.

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The Court has already disposed of a number of Plaintiff's claims after the original defendants filed motions to dismiss. However, due to certain disputes of material fact, the parties do not presently believe that all of the remaining claims and counter-claims asserted in this case can be resolved by dispositive motions. Defendant believes that at least one of Plaintiff's remaining claims is likely to be disposed of by dispositive motion.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate the joinder of additional parties. However, if it is determined that some additional party or parties need to be joined, the**

1/1678925.2

parties agree to do so within 45 days of the Court's entry of a scheduling order in this case.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties agree that this case should not be assigned to a magistrate judge.**

(4) Whether there is a realistic possibility of settling the case.

**The parties do not believe there is a realistic possibility of settling this case.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties do not believe ADR procedures would be helpful in this case.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Defendant believes that at least one of Plaintiff's remaining claims may be resolved through a dispositive motion, and the parties jointly propose that any dispositive motions be filed no later than August 15, 2008, with responses to such motions due on August 29, 2008, and reply briefs in support of such motions due by September 5, 2008.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties do not stipulate that initial disclosures be dispensed with in this case. Both parties are prepared to make initial disclosures on or before April 10, 2008.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Unless otherwise as set forth below, the parties will comply with the federal and local rules, and applicable law, with regard to discovery, motions practice and pre-trial disclosures. All discovery will be commenced in time**

to be completed by <u>July 31, 2008</u>. Supplements under Fed. R. Civ. P. 26(e) will be due by <u>July 1, 2008</u>.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Although the parties do not presently anticipate that this case will require expert witnesses, the following deadlines should apply if any party later decides to use any expert witnesses. Reports from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure are due from the plaintiff by May 15, 2008, and any such experts shall be made available for deposition by no later than May 30, 2008. Reports from retained experts from the defendant are due by June 30, 2008, and any such experts shall be made available for deposition by not later than July 15, 2008.**

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**The parties agree that this item is inapplicable to this case.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The parties agree that neither the trial nor discovery in this case should be bifurcated or managed in phases.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The parties request a pretrial conference on <u>August 25, 2008</u>.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**The parties agree that this case will be ready for trial on or after <u>September 22, 2008</u> and that the Court should proceed to set a firm trial date on or after that date at any time that is convenient for the Court.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

With respect to discovery of electronically stored information ("ESI"), the parties agree that there is no ESI relevant to Plaintiff's remaining claims or Defendant's counterclaims. The parties would also propose that final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed by both parties 30 days before trial. Objections to witness and exhibit lists are to be filed within 15 days after receipt of final list.

Plaintiff has reviewed this Report of the Parties' Planning Meeting and consents to the attorneys for the Defendant e-filing this report.

Respectfully submitted this the ___ day of March, 2008.

_____
Hoda Elemary
*Pro se plaintiff and Counter-defendant*
21 Le Conte
Laguna Niguel, CA 92677

_____
Roger S. Goldman
(D.C. Bar No. 333294)
*Attorney for Defendant and Counter-Plaintiff Bill L. Harbert, Sr..*
Latham & Watkins LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004



**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000  FAX 205.521.8800
WWW.BRADLEYARANT.COM

Matthew H. Lembke

Direct Dial: (205) 521-8560
Direct Fax: (205) 488-6560
mlembke@bradleyarant.com

March 18, 2008

**VIA FEDERAL EXPRESS**

Ms. Hoda Elemary
21 Le Conte
Laguna Niguel, CA 92677

    RE:    Elemary v. Harbert; CV-07-654
              United States District Court for the District of Columbia

Dear Hoda:

Enclosed please find a revised copy of the Joint Report of Parties Pursuant to Local Rule 16.3. We have made the revisions you requested and have included blanks for you to state your position. As we discussed, we will have another phone call at 10:30 a.m. Pacific time on Thursday, March 27, to attempt to reach compromise on our respective positions. We anticipate that you will send me your proposal prior to that call. If you choose to fax it to me, my fax number if 205-488-6560.

Although you had requested that I send a copy of this to Brian Jacobs at the Fedex station in Beverly Hills, I have elected not to do that. As you know, Mr. Jacobs is not counsel of record in the case. Until he enters an appearance, I do not believe it is appropriate for me to send anything to him.

I also enclose a copy of the Answer and Counterclaim that was filed by Mr. Harbert on February 21, 2008. That pleading, along with others, has been served on you by Certified Mail. We have received at least one of those Certified Mail packages back showing it was unclaimed. Please be aware that the Federal Rules of Civil Procedure state that service by U.S. Mail is effective. If you desire to have pleadings served on you at some other address, please advise us immediately.

Very truly yours,

*/s/ Matthew Lembke*

Matthew H. Lembke
MHL:slb
Enclosure
cc:    Nathan Vitan, Esq. (w/encl.)

PROOF OF SERVICE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my address is 467 South Arnaz Drive, Suite 319, Los Angeles, California 90048.

**On April 18, 2008,** I served the foregoing document Entitled " JOINT REPORT OF PARTIES PURSUANT TO LOCAL RULE 16.3" on interested parties in this action by placing true copies thereof enclosed in (a) sealed envelope (s) addressed as follows:

Matthew H. Lembke
BRADLEY ARANT ROSE &
WHITE LLP One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

Roger S. Goldman
**Latham & Watkins LLP**
**555 11th street, N.W.**
**Suite 1000**
**Washington, D.C. 20004**

I deposited this envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

April 18, 2008

BRIAN J. JACOBS
Type or Print Name    Signature