**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DR. HODA ELEMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER:  CV-07-654 |
| | ) | |
| PHILIPP HOLZMANN A.G., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUBMISSION OF
JOINT REPORT OF PARTIES PURSUANT TO LOCAL RULE 16.3
AND PLAINTIFF'S OPPOSITION TO ORDER TO SHOW CAUSE**

Defendant Bill L. Harbert ("Mr. Harbert") submits this response to the Joint Report of Parties Pursuant to Local Rule 16.3 (Doc. 46) and Plaintiff's Opposition to Order to Show Cause (Doc. 44) filed by Plaintiff Hoda Elemary on April 18, 2008.  Both of these documents contain material inaccuracies, and they represent a continuing belief by Ms. Elemary that the ordinary rules of litigation do not apply to her.  Mr. Harbert further states as follows:

1.      Ms. Elemary never showed her purported Joint Report to Mr. Harbert's counsel prior to submitting it.  The suggestion in the Joint Report that it is the outgrowth of an agreement by the parties to submit separate scheduling proposals to the Court is false.  In fact, Ms. Elemary refused to engage in any discussion of the scheduling issues as required by the Court's order dated March 3, 2008.  See Defendant's Report Pursuant to Local Rule 16.3 at ¶¶ 1-4 (Doc. 37).  Mr. Harbert's counsel had no choice but to submit a unilateral proposal to the Court on April 1, 2008.

2.    In an apparent effort to convince the Court that she complied with the Court's order, Ms. Elemary attaches to her Joint Report a letter that she purportedly sent to Mr. Harbert's counsel on March 31, 2008.  Neither of those counsel, however, ever received that letter by U.S. Mail or otherwise.  Decl. of Matthew H. Lembke at ¶ 4 (attached as Ex. A); Decl. of Roger S. Goldman at ¶ 4(attached as Ex. B); Decl. of Nathaniel A. Vitan at ¶ 3 (attached as Ex. C).  The first time that they ever saw it was when they received it by electronic transmission from the clerk's office on April 22, 2008.  Lembke Decl. at ¶ 4; Goldman Decl. at ¶ 4; Vitan Decl. at ¶ 3.

3.    Taking a different tack, Ms. Elemary also claims that she should be excused from compliance with the Court's order due to a medical condition beyond her control.  While she notes that a California state court continued two trial dates in another case she filed against Mr. Harbert due to her alleged medical condition, she fails to mention that the same court refused to continue trial dates on that basis in March 2008.  *See, e.g., Elemary v. Harbert*, Case No. SD025099, Superior Court of State of Calif., L.A. County, Minute Order dated March 19, 2008 (attached as Ex. D).  Indeed, the California judge was presented with evidence showing that there is substantial reason to believe that the continuance that he granted in January 2008 was procured through false statements by Ms. Elemary about her medical condition.  *See Elemary v. Harbert*, Case No. SD025099, Superior Court of State of Calif., L.A. County, Transcript of Proceedings on March 20, 2008, at 31-33 (attached as Ex. E); Declaration of Dena Kravitz (attached as Ex. F).  As a result, the California judge required Ms. Elemary to provide specific medical evidence in support of motions to continue the March 2008 trial setting, which she did not provide.  *See Elemary v. Harbert*, Case No. SD025099, Superior Court of State of Calif., L.A. County, Notice of Ruling Re Respondent's *Ex Parte* Application, Feb. 25, 2008 (attached as Ex. G).

Ms. Elemary submits no evidence explaining why any medical condition prevented her compliance with the Court's March 3, 2008, order.  Indeed, even if one credits the Affidavit of Dr. Tornay that she submitted claiming that she would need medical tests for eight weeks from the time he gave the affidavit on January 17, 2008, that eight-week period expired on March 13, 2008, prior to the time this Court allowed for the parties to confer about the schedule.

Furthermore, although Ms. Elemary claims to have been unaware of legal proceedings in March 2008 due somehow to medical tests that she was allegedly undergoing, she fails to mention that she appeared in court in Santa Monica, California on March 19 and 20, 2008. Lembke Decl. at ¶ 7.  Indeed, following her court appearance on March 19, she invited Mr. Harbert's counsel to join her for a sandwich at a restaurant.  *Id.*

4.      In the attachments to the Joint Report that she submitted, Plaintiff proposes a schedule that would drag this case out for an unreasonable period.  Plaintiff's suggestion that she is unavailable until January 2009 to participate in this litigation that she initiated is absurd.  In the letter attached to the Joint Report, she claims some unspecified employment conflict related to the upcoming general election and the presidential inauguration.  In her opposition to the order to show cause (Doc. 44), she advances a different contention, claiming that she is "an expert on Nuclear Terrorism in the world [sic] most troubled region."   Indeed, she states, "Plaintiff's success has compelled every Court in the land (that she has been in front [sic]) to rule that Plaintiff's schedule in serving Our National security takes precedent [sic] over any Court's deadline if it is not previously agreed on amongst the parties in open court."  Plaintiff, however, provides no citation to any case in which any court has ever taken such an action, nor does she provide a scintilla of evidence to support her preposterous claims that she is a secret government agent.

5.      As this Court is aware, this is the latest in a string of cases that Ms. Elemary has filed against Mr. Harbert and his family dating back nearly two years to July 2006.  The interests of justice and fairness compel the swiftest possible resolution of this matter.  Ms. Elemary's suggestion that the case cannot be ready for trial before late 2009 is another effort to string-out this litigation against Mr. Harbert and should be rejected.  The case involves three straightforward claims that can be adjudicated in an efficient manner.

6.      Mr. Harbert respectfully requests that the Court order an in-person scheduling conference.


Dated: April 25, 2008                                    Respectfully submitted,


                                                         /s/ Roger S. Goldman
                                                         Roger S. Goldman
                                                         (D.C. Bar No. 333294)
                                                         LATHAM & WATKINS LLP
                                                         555 11th Street, N.W.
                                                         Suite 1000
                                                         Washington, D.C. 20004
                                                         Tel: (202) 637-2200
                                                         Fax: (202) 637-2201
                                                         Email: roger.goldman@lw.com


                                                         Of Counsel:
                                                         Matthew H. Lembke
                                                            (admitted *pro hac vice*)
                                                         BRADLEY ARANT ROSE & WHITE LLP
                                                         One Federal Place
                                                         1819 Fifth Avenue North
                                                         Birmingham, AL 35203
                                                         Tel: (205) 521-8000
                                                         Fax: (205) 521-8800
                                                         Email: mlembke@bradleyarant.com

                                                         Attorneys for Defendant Bill L. Harbert, Sr.

**CERTIFICATE OF SERVICE**

I, Roger S. Goldman, hereby certify that on this 25th day of April, 2008, I caused a true and correct copy of Defendant's Response To Plaintiff's Submission Of Joint Report Of Parties Pursuant To Local Rule 16.3 And Plaintiff's Opposition To Order To Show Cause to be served, via certified mail, postage pre-paid, upon the following:

Hoda Elemary
21 Le Conte
Laguna Niguel, California 92677

/s/ Roger S. Goldman
Roger S. Goldman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. HODA ELEMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: CV-07-654 |
| | ) | |
| PHILIPP HOLZMANN A.G., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MATTHEW H. LEMBKE

I, Matthew H. Lembke, declare as follows:

1.     I am a partner in the Birmingham, Alabama office of Bradley Arant Rose & White LLP and am counsel of record for Defendant and Counter-Plaintiff Bill L. Harbert, Sr. ("Mr. Harbert"). I am competent to testify to the matters contained in this declaration, which are true and correct based on my personal knowledge.

2.     On April 18, 2008, Plaintiff Hoda Elemary filed a document entitled Joint Report of Parties Pursuant to Local Rule 16.3.

3.     Ms. Elemary did not seek my agreement to the contents of the purported Joint Report prior to its submission.

4.     Attached to the purported Joint Report was a letter dated March 31, 2008, from Hoda Elemary addressed to Roger Goldman and me. Although the letter is addressed to me at my business address, I never received it by U.S. Mail or otherwise. The first time I ever saw it was when I received an electronic version of the purported Joint Report from the clerk of court.

5.     In the letter, Ms. Elemary purports to confirm an earlier telephone conversation in which she claims to have provided "the earliest date [she] can be released from assignments by

the United States and Medical Procedures." She also claims to have advised me that she would not be available until after the presidential inauguration in January 2009. Finally, she also describes the telephone conversation as "lengthy."

6.    Ms. Elemary's descriptions of her telephone conversation with me are false. During brief telephone conversations that I had with her on March 18, 2008, and March 27, 2008, she refused to have any discussion of specific scheduling issues. Instead, she stated that she disagreed with Mr. Harbert's proposed schedule and would submit her suggested schedule in writing to me. I never received any such proposal from her.

7.    I saw Ms. Elemary appear in a courtroom on March 19 and 20, 2008, in Santa Monica, California in connection with the lawsuit she brought there against Mr. Harbert. Following her appearance in that courtroom on March 19, 2008, she invited me to have a sandwich with her.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 24, 2008.

_Matthew H. Lembke_
Matthew H. Lembke

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. HODA ELEMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER:  CV-07-654 |
| | ) | |
| PHILIPP HOLZMANN A.G., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF ROGER S. GOLDMAN

I, Roger S. Goldman, declare as follows:

1.    I am a partner in the Washington, D.C. office of Latham & Watkins and am counsel of record for Defendant and Counter-Plaintiff Bill L. Harbert, Sr. ("Mr. Harbert").  I am competent to testify to the matters contained in this declaration, which are true and correct based on my personal knowledge.

2.    On April 18, 2008, Plaintiff Hoda Elemary filed a document entitled Joint Report of Parties Pursuant to Local Rule 16.3.

3.    Ms. Elemary did not seek my agreement to the contents of the purported Joint Report prior to its submission.

4.    Attached to the purported Joint Report was a letter dated March 31, 2008, from Hoda Elemary addressed to Matthew Lembke and me.  Although the letter is addressed to me at my business address, I never received it by U.S. Mail or otherwise.  The first time I ever saw it was when I received an electronic version of the purported Joint Report from the clerk of court.

5.    In the letter, Ms. Elemary purports to confirm an earlier telephone conversation in which she claims to have provided "the earliest date [she] can be released from assignments by

the United States and Medical Procedures." She also claims to have advised me that she would not be available until after the presidential inauguration in January 2009. Finally, she also describes the telephone conversation as "lengthy."

6.     Ms. Elemary's descriptions of her telephone conversation with me are false. I have never had any conversation with her pertaining to scheduling issues for this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 24, 2008.

_____
Roger S. Goldman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. HODA ELEMARY,                          )
                                           )
      Plaintiff,                   )
                                           )
v.                                         )    CIVIL ACTION NUMBER:  CV-07-654
                                           )
PHILIPP HOLZMANN A.G., et al.,             )
                                           )
      Defendants.                  )

DECLARATION OF NATHANIEL A. VITAN

     I, Nathaniel A. Vitan , declare as follows:

     1.    I am an attorney in the Washington, D.C. office of Latham & Watkins LLP and,

working with Roger S. Goldman of this office, was counsel of record for Defendant and

Counter-Plaintiff Bill L. Harbert, Sr. ("Mr. Harbert").  I am competent to testify to the matters

contained in this declaration, which are true and correct based on my personal knowledge.

     2.    On April 18, 2008, Plaintiff Hoda Elemary filed a document entitled Joint Report

of Parties Pursuant to Local Rule 16.3.  Ms. Elemary did not seek my agreement to the contents

of the purported Joint Report prior to its submission.

     3.    Attached to the purported Joint Report was a letter dated March 31, 2008, from

Hoda Elemary addressed to Matthew Lembke and Roger Goldman.  The first time I ever saw this

letter was when I received an electronic version of the purported Joint Report from the clerk of

court.

     4.    I participated with Mr. Lembke and Ms. Elemary in a brief conversation on

March 18, 2008.  In that conversation, she refused to have any discussion of specific scheduling

issues.  Instead, she stated that she disagreed with Mr. Harbert's proposed schedule and would

submit her suggested schedule in writing.  I never received any such proposal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on April 24, 2008.

_____
Nathaniel A. Vitan

2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| Date | 03-19-08 | | Dept: WEG |
| Honorable | MICHAEL I. LEVANAS | Judge | Deputy Clerk |
| Honorable | | Judge Pro Tem | Court Assistant |
| 6 | J. STAFFORD | Deputy Sheriff | Reporter |

E. GOLDSTEIN
M. MOHAMMADI
NONE

3:00 pm    SD025099

Hoda Elemary (X)                 Counsel For Petitioner:   In Pro Per (X)
VS.
Bill L. Harbert (N/A)            Counsel For Respondent:   not appearing

NATURE OF PROCEEDINGS: PETITIONER'S EX PARTE APPLICATION FOR AN
ORDER BASED ON THE SUPERIOR COURT MARCH 18, 2008 LETTER WITH
RESPECT TO AN INVESTIGATION OF THE HONORABLE MICHAEL I.
LEVANAS' BIASD AND CORRUPT CONDUCT IN THE INSTANT CASE;

Dr. Hoda Elemary personally appeared in court at
approximately 3:00 p.m. on March 19, 2008 to request ex
parte relief. The Court denies her requested relief as there
is no sufficient basis for ex parte relief is set forth her
moving papers.

The matter remains on calendar for trial in Department G on
Thursday, March 20, 2008 at 1:30 p.m..

A copy of this minute order is sent via fax to:

Hoda Elemary 949-499-4141

Farha Taki 310-444-6330

Page 1 of 1

DEPT:  WEG

MINUTES ENTERED
03-19-08
COUNTY CLERK

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2             FOR THE COUNTY OF LOS ANGELES

3  DEPARTMENT WE G       HON. MICHAEL L. LEVANAS, JUDGE

4

5  HODA ELEMARY,             )

6        PETITIONER,     )

7     AND               )  NO. SD025099

8  BILL L. HARBERT,       )

9        RESPONDENT.     )

10  ———————————————————————————)

11

12

13        REPORTER'S TRANSCRIPT OF PROCEEDINGS

14          THURSDAY, MARCH 20, 2008

15

16  APPEARANCES:

17  FOR PETITIONER:     IN PROPRIA PERSONA

18

19

20  FOR RESPONDENT:    HARRIS, GINSBERG

21                 BY:  LARRY A. GINSBERG, ESQ.
                      -AND-

22                    FAHI TAKESH, ESQ.
                 6500 WILSHIRE BOULEVARD

23                 SUITE 1870
                 LOS ANGELES, CALIFORNIA 90048

24

25  COPY

26

27

28                 LAUREN B. JONES, CSR NO. 7007
                 OFFICIAL REPORTER

1

```
 1   CASE NUMBER:          SD025099
 2   CASE NAME:            ELEMARY AND HARBERT
 3   LOS ANGELES, CA       THURSDAY, MARCH 20, 2008
 4   DEPARTMENT WE G       HON. MICHAEL L. LEVANAS, JUDGE
 5   REPORTER:             LAUREN B. JONES, CSR NO. 7007
 6   TIME:                 P.M. SESSION
 7
 8   APPEARANCES:
 9        (THE PETITIONER IN PROPRIA PERSONA; THE
10        RESPONDENT BY AND THROUGH HIS COUNSEL
11        LARRY A. GINSBERG, ESQ., AND FAHI TAKESH,
12        ESQ.)
13
14        THE COURT:  THIS IS THE ELEMARY AND HARBERT
15   MATTER.  IF WE COULD HAVE PARTY AND COUNSEL COME
16   FORWARD.
17        MR. GINSBERG:  GOOD AFTERNOON, YOUR HONOR.  LARRY
18   GINSBERG AND FAHI TAKESH -- OF HARRIS, GINSBERG -- ON
19   BEHALF OF RESPONDENT.  ALSO, PRESENT IS MATTHEW LEMBKE,
20   WHO HAS BEEN ADMITTED PRO HAC VICE, AND THE RESPONDENT'S
21   SON, MR. BILL HARBERT, JR.
22        THE COURT:  AND WE HAVE HODA ELEMARY PRESENT.
23        THE PETITIONER:  DEAD, BUT PRESENT.  I'M SICK,
24   YOUR HONOR.
25        THE COURT:  YOU MAY BE SEATED.
26            THE COURT HAS RECEIVED DR. ELEMARY'S NOTICE
27   OF UNAVAILABILITY CALLED FOR, WHICH CONTAINS A REQUEST
28   TO DISQUALIFY MYSELF PURSUANT TO CODE OF CIVIL
```

1   PROCEDURE.

2        THE PETITIONER:  NO, IT DOES NOT.  I'M SORRY.  IF

3   IT IS UNDERSTOOD THAT WAY, PLEASE TAKE IT BACK.  I DON'T

4   REQUEST ANYTHING OF YOU.  IT IS NOT FOR ME OR FOR YOU TO

5   DECIDE ANYTHING.  THIS MATTER IS IN THE HANDS OF THE

6   JUDICIARY.  THIS MATTER IS IN HANDS OF CHIEF JUSTICE

7   RONALD GEORGE.

8             I'M NOT GOING TO HAVE SOME EVIDENCE IN

9   FRONT OF ME TAKEN AWAY AS THOUGH IT DIDN'T MEAN

10  ANYTHING.  I MEAN, WE HAVE GOT TO DEAL WITH THIS ISSUE.

11  I'M HAPPY TO ATTEND A TRIAL TODAY, BUT THERE ARE ISSUES

12  I'VE BEEN ASKED TO RAISE WITH YOUR HONOR, AND UNLESS WE

13  CAN RAISE THEM, I CAN'T ATTEND THE TRIAL.

14       THE COURT:  ALL RIGHT.  LET ME FINISH MY COMMENTS

15  BECAUSE WHAT I'M TRYING TO DO IS GIVE YOU MY IMPRESSION

16  OF WHAT YOU FILED, AND WE'LL SEE WHERE WE GO.  SO I'M

17  GOING TO ASK THAT YOU NOT RESPOND UNTIL I TELL YOU AT

18  LEAST WHAT I FILED WITH THIS COURT, AND THEN YOU CAN BE

19  HEARD.  THE COURT --

20            WE'LL START AGAIN.  THE COURT HAS RECEIVED

21  DR. ELEMARY'S NOTICE OF UNAVAILABILITY, WHICH CONTAINS

22  THEREIN A REQUEST TO DISQUALIFY MYSELF FROM FURTHER

23  PROCEEDINGS -- FROM FURTHER --

24       THE PETITIONER:  IT REALLY DOESN'T SAY THAT.

25       THE COURT:  EXCUSE ME.  DR. ELEMARY.  EXCUSE ME.

26       THE PETITIONER:  IT --

27       THE COURT:  I TOLD YOU --

28       THE PETITIONER:  YOU'RE CHANGING WORDS, AND I WILL

1  NOT SIT IN MENDACITY.  I WILL NOT DO IT.  I DID NOT ASK

2  YOU TO STEP ASIDE.  IT'S NOT FOR ME BECAUSE YOU'RE

3  PUTTING --

4          THE JUDGE IS PUTTING WORDS IN MY MOUTH.  I

5  AM NOT ASKING THE JUDGE TO RECUSE HIMSELF ANYMORE.

6  THIS IS NOT MY --

7       THE COURT:  I'M GOING TO ASK YOU TO WAIT UNTIL.

8  I'M DONE, AND THEN I'LL HEAR ANYTHING THAT YOU WOULD

9  LIKE TO RESPOND, AND SO YOU'RE GOING TO NEED TO USE --

10  SHOW SOME PAY PATIENCE.  IF YOU WANT TO WRITE DOWN A

11  NOTE IF THERE'S SOMETHING YOU THINK YOU NEED TO BRING TO

12  MY ATTENTION, I'LL BE HAPPY TO HEAR FROM YOU.

13          THE NOTICE OF UNAVAILABILITY FILED TODAY

14  CONTAINING A REQUEST TO DISQUALIFY MYSELF PURSUANT TO

15  CODE OF CIVIL PROCEDURE SECTIONS 170-170.9, 170.6

16  PARAGRAPHS 1 AND 2.

17          THE COURT WILL NOTE THAT ANY 170.6 REQUEST

18  FOR DISQUALIFICATION IS CLEARLY UNTIMELY.

19          WITH RESPECT TO THE QUALIFICATION,

20  DISQUALIFICATION REQUEST PURSUANT TO 170 THROUGH

21  170.9, THE COURT WILL PREPARE AND FILE ITS MOTION TO

22  STRIKE AND ON ANSWER.  I INTEND THAT MY RESPONSIVE

23  DECLARATION WILL BE SERVED ON THE PARTIES, WILL BE

24  PREPARED AND READY TO BE SERVED ON THE PARTIES ON

25  MARCH 27TH AT 1:30 P.M.

26          IN ANY EVENT, MS. HODA ELEMARY, DR. HODA

27  ELEMARY, AND COUNSEL FOR MR. HARBERT ARE ORDERED TO

28  APPEAR IN DEPARTMENT G, 1:30 ON MARCH 27TH, 2008, AND BE

```
 1    PREPARED TO PROCEED TO TRIAL DEPENDING ON MY ACTIONS.
 2              ALL RIGHT.  ANYTHING FURTHER?  WOULD YOU
 3    LIKE TO RESPOND?
 4         THE PETITIONER:  YES, YOUR HONOR.  I AM RESPONDING
 5    TO WHAT YOU JUST SAID.  HE ASKED ME TO RESPOND.  EXCUSE
 6    ME.  I AM RESPONDING.
 7         MR. GINSBERG:  BEFORE --
 8         THE PETITIONER:  YOUR HONOR, WE CANNOT RUN A
 9    KANGAROO COURT.  THIS IS NOT THE SADDAM HUSSEIN
10    COURTROOM.  PLEASE TELL ME IF IT IS, AND I'M GOING TO
11    WALK OUT.
12         THE COURT:  MA'AM, I'M GOING ALLOW HIM TO MAKE A
13    COMMENT , AND THEN YOU CAN RESPOND.
14         MR. GINSBERG:  THANK YOU.  BEFORE PETITIONER
15    PROCEEDS, WE ARE HERE TODAY FOR THE FIRST DAY OF TRIAL.
16    THIS IS THE FIFTH OR SIXTH BITE AT THE APPLE.  IT'S NOT
17    EVEN A MOTION.  I THINK IN THIS RESPECT, RESPONDENT --
18    PETITIONER IS PROBABLY CORRECT.  IT'S NOT A REQUEST TO
19    DO ANYTHING.
20              THIS IS MERELY WHAT APPEARS TO BE THE FORTH
21    OF FIFTH BITE AT THE SAME APPLE TO CREATE A RUSE IN THIS
22    PROCESS, WHICH FURTHER DELAYS, FURTHER OBFUSCATES AND
23    DOES NOT PERMIT US TO GET TO THE CASE AT HAND.
24              I WOULD ASK THAT YOUR HONOR SIMPLY REST ON
25    YOUR PRELIMINARY DECISION, WHICH HAS JUST BEEN
26    ENUNCIATED AND ACTUALLY NOT PERMIT THE PETITIONER TO
27    FURTHER DISTRACT THIS PROCEEDING BY HAVING FURTHER
28    COMMENT ON WHATEVER THIS IS THAT SHE FILED TODAY.  WE
```

 1   ARE SIMPLY HERE FOR TRIAL.  WE NEED TO PROCEED.

 2        THE COURT:  ALL RIGHT.  THANK YOU, DR. ELEMARY.

 3        THE PETITIONER:  YES.  YOUR HONOR, WHERE IN THE

 4   DOCUMENT IT'S A THREE AND A HALF -- IT'S TWO AND A HALF

 5   PAGES.  IT'S IN FRONT OF YOU; CORRECT?  I'M GOING TO BE

 6   VERY GENTLE WITH YOU BECAUSE I UNDERSTAND YOU LIKE TO

 7   CHANGE A FEW WORDS, AND THAT'S OKAY.  I COME FROM THE

 8   MIDDLE EAST.  THAT'S WHAT THEY DO A LOT, AND I ABHOR IT

 9   WHEN THEY DO IT.  I ABHOR IT WHEN ANYBODY DOES IT.  SHOW

10   ME WHERE BECAUSE I'M STRAIGHTFORWARD.  WHERE DOES IT

11   SHOW THAT I HAVE A ASKED FOR RECUSAL FOR

12   DISQUALIFICATION?

13        THOSE WORDS HAVE NOT BEEN USED.  WHAT HAS

14   BEEN USED TO IS TO HOLD PROCEEDING PENDING.  I MEAN,

15   WITH ALL DUE RESPECT, YOU HAVE WENT THROUGH THIS WHOLE

16   THING BECAUSE YOU WANT TO ISSUE YOUR STRIKE ORDER WHEN

17   IT DOESN'T BELONG HERE BECAUSE I'M NOT ASKING FOR THAT.

18        IT'S LIKE YOU'RE GIVING ME AN APPLE.  I

19   DIDN'T ASK FOR AN APPLE.  SO WHY ARE YOU GIVING ME AN

20   APPLE?  I DON'T WANT IT.  THANK YOU.  SO MY QUESTION IN

21   FRONT OF THE COURT.  SHOW ME WHERE THE RECUSAL

22   DISQUALIFICATION IS AND THE ACTUAL LANGUAGE, TO BE

23   EXACT, FOR EVERYBODY?

24        THE COURT:  PAGE 1.  PAGE 1 LINE 23.  "PETITIONER

25   DR. HODA ELEMARY," AND THEN IN PARENTHESIS,

26   "PETITIONER," CLOSED PAREN, "RESUBMITS ITS REQUEST TO

27   HALT FURTHER ACTIONS ON THE INSTANT CASE IN ACCORDANCE

28   WITH CODE OF CIVIL SECTION PROCEDURE 170-170.9:

```
 1  170.6, PARAGRAPHS 1 AND 2.
 2       THE PETITIONER:  NO, BUT IT'S -- I THINK THE
 3  MISUNDERSTANDING HERE IS THAT -- EXCUSE ME.  THE
 4  MISUNDERSTANDING HERE IS THAT I RESUBMIT.  I RESUBMIT
 5  WHAT I DATED YESTERDAY, WHICH WAS PENDING THE FACT THAT
 6  THE SENIOR MEMBERSHIP OF THE SUPERIOR COURT HAVE
 7  INSTRUCTED ME.  IT IS NO LONGER -- THE EVIDENCE DOESN'T
 8  BELONG TO ME ANYMORE.
 9            ONCE I PASS THE EVIDENCE TO THEM, THEY CAN
10  DO AS THEY PLEASE WITH IT, CHOSE WHATEVER PIECES THEY
11  WANT.  I CANNOT ASK -- IT WOULD BE -- IT WOULD BE GOING
12  AGAINST INSTRUCTIONS TO ASK YOU TO DISQUALIFY.  SO IF
13  YOU WANT ME JUST TO APPEAR THAT I'VE GONE AGAINST, YOU
14  KNOW, THE POWERS THAT BE OF THE SUPERIOR COURT, I WILL
15  DO SO AT SOMEBODY ELSE'S EXPENSE, BUT I'M NOT ASKING
16  YOU.  I SUBMITTED YOU A PAPER YESTERDAY.  YOU DENIED IT.
17  I'M RESUBMITTING THAT PAPER TODAY.
18       THE COURT:  LET ME MAKE IT VERY CLEAR.  ARE YOU
19  ASKING THAT THIS COURT BE DISQUALIFIED?
20       THE PETITIONER:  I CAN'T ASK THAT AT THIS POINT.
21  I CAN'T, DESPITE WHAT MR. GINSBERG REPEATED AND DESPITE
22  WHAT YOUR HONOR HAVE SAID.  I AM NOT AT LIBERTY TO ASK
23  IT BECAUSE IF YOU GO -- EXCUSE ME.  IF YOU GO TO JUDGE
24  ROSENBERG AND GIVE HIM A PROBLEM, IT'S HIS PROBLEM TO
25  RESOLVE.  IT WOULD BE INSULTING AS HECK TO GIVE A
26  PROBLEM TO JUDGE ROSENBERG AND THEN FOR YOU TO START
27  ACTING WHILE IT'S IN HIS HANDS.  IT'S ABOVE ME.  IT IS
28  IN THE JUDICIAL PROCESS, AND I AM NOT GOING TO COMPETE
```

```
 1   WITH THE PROCEEDING JUDGE, CZULEGER AND MC COY, ETC.,
 2   ETC.  I'M NOT GOING TO DO THAT.
 3        THE COURT:  DR. ELEMARY, WHAT YOU ARE REFERRING TO
 4   IS A LETTER OF COMPLAINT THAT YOU FILED AGAINST ME AND
 5   THAT THAT LETTER, THEN, WAS SENT BACK TO YOU, AND THEY
 6   SAID, "WELL" --
 7        THE PETITIONER:  NO.  OUR --
 8        THE COURT:  THAT IS IN CHARGE OF FAMILY LAW
 9   MATTER, AND THERE IS NO ACTION PENDING, EXCEPT THAT
10   SOMEONE IS GOING TO REVIEW YOUR COMPLAINT LETTER AND
11   WILL MAKE A DETERMINATION AS TO WHETHER THERE'S ANY
12   MERIT OF NOT.
13        THE PETITIONER:  THAT'S A PRESUMPTION, YOUR HONOR.
14        THE COURT:  THAT IS A SEPARATE ISSUE.  YOU'RE
15   REQUESTING THIS COURT TO RECUSE OR BE DISMISSED.  THAT
16   IS A DIFFERENT MATTER THAN YOU'RE REQUESTING TODAY, THAT
17   I BE DISQUALIFIED TO HANDLE THIS CASE PURSUANT TO CODE
18   OF CIVIL PROCEDURE 170 -- 170.0, 170.6.
19        THE PETITIONER:  THAT DOESN'T TAKE ABOUT
20   DISQUALIFICATION.  THAT HAS NOTHING TO DO WITH -- I
21   MEAN, YOUR HONOR, LET ME -- YOU HAVE -- YOU HAVE THAT.
22   IN FACT, I -- FOR THE CONVENIENCE OF THE COURT, HERE IS
23   THE CODE.  IT'S ABOUT WHEN DOES A TRIAL COMMENCE.  A
24   TRIAL COMMENCES WHEN MY FIRST WITNESS IS SWORN IN.  A
25   TRIAL COMMENCES WHEN I MAKE AN OPENING STATEMENT.  A
26   TRIAL COMMENCES, AND THOSE ARE THE WAYS IT IS RULED
27   UPON, WHETHER A TRIAL IS COMMENCING OR NOT.
28             SO I AM NOT HERE TO COMMENCE A TRIAL UNTIL
```

1    YOU TRY TO FIND ME WHERE I SAY I WISH FOR YOU TO

2    DISQUALIFY YOURSELF BECAUSE YOU WISH TO READ IT FOR YOUR

3    CONVENIENCE IN ONE FASHION, AND YOU'RE TAKING AWAY MY

4    RIGHT TO SIMPLY STATE TO YOU FOR THE TIME BEING UNTIL

5    THE COURT WILL -- AND THE COURT IS RULING BECAUSE OF

6    HODA ELEMARY.  THEY'RE RULING BECAUSE OF LETTER AND

7    OTHER INFORMATION THEY'VE RECEIVED FROM THE UNITED

8    STATES CONGRESS.

9            SO FOR YOU TO SIMPLY -- I ALSO HAVE AN

10   ACTUAL RECORD OF THE CHAMBERS OF ONE OF THE SENIOR

11   JUDGES STATING THAT THERE IS GOING TO BE A 30-DAY

12   INVESTIGATION.

13       MR. GINSBERG:  YOUR HONOR, I MOVE THIS TO STRIKE

14   THIS ENTIRE PRESENTATION.

15       THE PETITIONER:  EXCUSE ME.  YOU THEN COME ALONG

16   AND SAY, "SO IT'S JUST A LETTER," AND, YOU KNOW, THE

17   CONGRESS DOESN'T EXIST, AND THE 30-DAY INVESTIGATION

18   DOESN'T EXIST.  FINE.  I KNOW WHAT THE FACTS ARE, AND I

19   WOULD ASK YOU TO FIND DISQUALIFICATION BEFORE YOU START

20   SAYING THAT I'VE ASKED YOU TO DISQUALIFY.  SO I'M NOT.

21       THE COURT:  THEN I WILL.

22       THE PETITIONER:  I'M NOT.  I DON'T WANT YOU TO

23   DISQUALIFY YOURSELF.  IT'S NOT FOR ME.  IF THE COURT

24   WANTS YOU DISQUALIFIED.  THAT'S THEIR BUSINESS.  I AM

25   NOT.

26       THE COURT:  OKAY.

27       THE PETITIONER:  I AM SUCH A LITTLE PEBBLE.  I

28   WOULDN'T ASK YOU TO DISQUALIFY.

```
 1          THE COURT:  I WILL INTERPRET THAT YOU ARE --
 2          THE PETITIONER:  I'M NOT WITHDRAWING ANYTHING.
 3    I'VE NEVER MADE SUCH A REQUEST.
 4          THE COURT:  THEN, I WILL RETURN THIS PAPER TO YOU.
 5          THE PETITIONER:  NO.  NO.  I DON'T WANT IT
 6    RETURNED BECAUSE IT IS FILED, AND IT IS FILED WITH THE
 7    COURT ON THE BASIS OF THAT CODE, AND THE CODE STATES
 8    ISSUES ITS -- IT'S IN THAT SECOND PART HERE, YOUR HONOR.
 9          THE COURT:  IS THAT UNDER 170.6?
10          THE PETITIONER:  YEAH.
11          THE COURT:  OKAY.  I HAVE TO EXPLAIN SOMETHING
12    THAT YOU MAY NOT UNDERSTAND.
13          THE PETITIONER:  UH-HUH.
14          THE COURT:  I HAVE MADE NUMEROUS RULINGS IN THIS
15    MATTER, AND IN ORDER FOR YOU TO FILE A 170.6, YOU HAVE
16    TO DO IT WITHIN 10 DAYS OF YOUR FIRST APPEARANCE IN MY
17    COURT.  IT IS CLEARLY UNTIMELY.  I'VE STRICKEN IT.  I'M
18    ONLY RESPONDING TO YOUR OTHER CODE SECTIONS THAT YOU
19    CLAIM THAT YOU WANT ME DISQUALIFIED.  NOW I'M HEARING
20    THAT YOU SAY DO YOU NOT WANT ME DISQUALIFIED.
21          THE PETITIONER:  I CAN'T.  I CAN'T ANYMORE.  I
22    COULD HAVE TWO WEEKS AGO, BEFORE THIS WHOLE THING GOT
23    WHERE IT IS NOW, BUT I CAN'T ANYMORE.  SO I -- IT IS
24    WRONG.
25          THE COURT:  I WILL INTERPRET THAT AS YOU'RE
26    WITHDRAWING YOUR REQUEST.
27          THE PETITIONER:  I'M SORRY.
28          THE COURT:  NOW YOU'RE TELLING ME YOU DO NOT
```

1  INTEND TO PERSONALLY ASK ME TO DISQUALIFY MYSELF.

2          THE PETITIONER:  YES.

3          THE COURT:  OKAY.

4               THEN, THERE IS NO BASIS.

5          THE PETITIONER:  I AM ASKING YOU FOR SOMETHING

6  ELSE, AND WHAT I'M ASKING YOU FOR IS THE DEFINITION OF A

7  COMMENCEMENT OF TRIAL.  I'M NOT USING THAT AS SOMETHING

8  IS BEING PUT IN TERMS OF EMOTION A MOTION IN FRONT OF

9  YOU.  I'M SAYING THAT A COMMENCEMENT OF TRIAL BEGINS

10 WITH MY WHEN FIRST WITNESS IS SWORN IN.

11         THE COURT:  YOU'VE ALREADY TALKED ABOUT THAT.

12 THAT'S UNDER 170.6.  OKAY?

13         THE PETITIONER:  WELL, THAT'S WHAT I'M REFERRING

14 TO, YOUR HONOR.  ARE YOU DENYING THAT THAT IS WHEN A

15 TRIAL BEGINS, THAT THERE IS SPECIFIC DEFINITIONS OF WHEN

16 DOES A TRIAL BEGIN?  THE FACT THAT I'M SITTING HERE --

17 I'M NOT SPEAKING ABOUT ANYTHING CONCERNING THE TRIAL

18 ISSUE.  I AM CONCERNING MYSELF WITH ONE THING AND ONE

19 THING ONLY.

20              IT'S YOUR UNDERSTANDING, AND PERHAPS I

21 WASN'T CLEAR ENOUGH, BUT I DON'T SEE THAT I'VE STATED

22 "DISQUALIFY" ANYWHERE IN THE PAPERWORK HERE.  I MAY HAVE

23 DONE THAT IN THE PAST.

24         THE COURT:  I WILL READ A PORTION OF 170.6,

25 PARAGRAPH 2.  "IF DIRECTED TO TRIAL OF A CAUSE THERE" --

26 "WHERE THERE IS A MASTER CALENDAR, THE MOTION SHALL BE

27 MADE TO THE JUDGE SUPERVISING THE MASTER CALENDAR NO

28 LATER THAN THE TIME THE CASE IS ASSIGNED."

 1              THAT'S NOT OUR SITUATION HERE.  THIS IS A
 2   CASE THAT WAS DIRECTLY TRANSFERRED TO THIS COURT MONTHS
 3   AGO, AND WE HAVE BEEN INVOLVED IN MANY HEARINGS AND
 4   MOTIONS.  I'VE RULED ON THESE THINGS, AND YOU HAVE TEN
 5   DAYS FROM THE TIME THAT YOU KNOW THE MATTER IS ASSIGNED
 6   TO MY COURT UNDER THOSE CIRCUMSTANCES TO FILE A 170.6.
 7              IT'S CLEARLY UNTIMELY, AND I'M NOW GOING TO
 8   TAKE YOU AT YOUR WORD THAT YOU ARE NOT REQUESTING THAT I
 9   DISQUALIFY MYSELF PURSUANT TO 170-170.9, AND WE WILL
10   PROCEED WITH TRIAL.
11        THE PETITIONER:  WELL, I CAN'T -- BUT, YOUR HONOR,
12   I HAVE BEEN ASKED NOT TO PROCEED.
13        THE COURT:  BASED ON THAT, I AM MOVING TO STRIKE
14   YOUR NOTICE OF UNAVAILABILITY AND ANYTHING IN IT THAT
15   WOULD INDICATE THAT YOU'RE REQUESTING THIS COURT TO
16   DISQUALIFY YOURSELF.
17        THE PETITIONER:  YOU SEE, YOUR HONOR, I HAVE TO
18   UNDERSTAND, AND I'LL TELL YOU WHY I CANNOT MOVE WITH
19   TRIAL, AND I'LL GIVE YOU VERY SPECIFIC EXAMPLE.
20        THE COURT:  LET ME ASK YOU THIS:  I'M GOING TO GET
21   SOME PARAMETERS HERE.  WE'RE HERE FOR TRIAL.  THE
22   ISSUE --
23        THE PETITIONER:  I'M WILLING TO GO ALONG WITH YOU
24   IF YOU CAN EXPLAIN THIS TO ME.  IT SAYS HERE --
25        MR. GINSBERG:  YOUR HONOR.
26        THE PETITIONER:  I'M READING YOUR OWN RULING.
27        MR. GINSBERG:  THIS IS --
28        THE PETITIONER:  "PRECLUDED FROM PRODUCING OR

12

1  USING ANY DOCUMENTS DESCRIBING HER AS 'MARRIED.'" WHAT

2  IS THE --

3              I FORGOT.  WHAT IS THIS TRIAL ABOUT?

4  DIDN'T YOU SAY IT'S ABOUT -- SOMETHING ABOUT VALIDITY OF

5  MARRIAGE?  HOW CAN YOU PREVENT ME FROM USING ANYTHING

6  THAT REFERENCED MARRIAGE AND SAY, "WELL, GO AHEAD AND

7  PROVE IT."  WELL, I MEAN --

8        MR. GINSBERG:  YOUR HONOR --

9        THE PETITIONER:  YOU KNOW YOU'VE GOT TO REALIZE AT

10  THAT THERE IS A FREEDOM IN JUSTICE AND THAT I AM FREE TO

11  MAKE MY OWN OPENING STATEMENT.  I AM FREE TO DO WHATEVER

12  I PLEASE BUT --

13        THE COURT:  LET HE DO THIS, MA'AM:  I'M GOING TO

14  ALLOW EACH PARTY TO GIVE ME A BRIEF OPENING STATEMENT.

15        THE PETITIONER:  I CANNOT PARTICIPATE IN TRIAL,

16  AND I'D LIKE TO MAKE A STATEMENT BEFORE I LEAVE.

17        THE COURT:  I DON'T --

18        MR. GINSBERG:  YOUR HONOR --

19        THE COURT:  YOU'RE NOT GOING TO LEAVE, MA'AM,

20  BECAUSE IF YOU DO UNDER THESE CIRCUMSTANCE, YOU WILL NOT

21  HAVE PRESENTED ANY EVIDENCE TO THE COURT THAT WOULD --

22        THE PETITIONER:  I HAVE --

23        YOUR EVIDENCE -- YOU HAVE TAKEN IT AWAY.  HERE,

24  YOUR HONOR.  YOU WANT ME NOT TO SHOW YOU ANY EVIDENCE,

25  ANY MARRIAGE PAPERS, ANY MARRIAGE CONTRACTS, ANY

26  RECORDINGS, ANY -- I MEAN, YOU HAVE TAKEN OUT

27  EVERYTHING.  LIKE, I'LL GIVE AN EXAMPLE.  VERY --

28        THE COURT:  DR. ELEMARY, THAT'S A HEARING WE HAD.

```
 1   IT'S PROPERLY NOTICED HEARING.

 2         THE PETITIONER:  BUT I'M SORRY.  I HAVE NOT BEEN

 3   NOTIFIED OF IT, AND YOU WERE AWARE AND HAD ACCEPTED THE

 4   FACT THAT I WAS UNAVAILABLE FOR THAT PERIOD OF TIME,

 5   AND, IN FACT, YOUR OWN ACTION, YOU HAVE VACATED THE 30TH

 6   AND 31ST OF JANUARY.  AM I INCORRECT?

 7         MR. GINSBERG:  YOUR HONOR, THIS IS --

 8         THE PETITIONER:  SO I WAS -- EXCUSE ME.  PROVE TO

 9   ME THAT I KNEW ABOUT FEBRUARY 22ND.

10         THE COURT:  ALL RIGHT.  MA'AM, I'M NOT GOING TO DO

11   THAT.  IF YOU DON'T BELIEVE THAT THAT --

12         THE PETITIONER:  I KNOW I DIDN'T.

13         THE COURT:  YOU CAN MOVE AND GO TO THE COURT OF

14   APPEALS AND ASK THEM TO REVIEW IT.

15         THE PETITIONER:  WELL, I'VE DONE THAT IN MY OWN

16   WAY THROUGH THE POWERS THAT BE, AND IT'S BEING

17   PROCESSED, AND, SO, IF YOU WILL FORGIVE ME, YOUR HONOR,

18   THIS IS NOT PERSONAL.  THIS IS PROFESSIONAL, AND JUST TO

19   BE VERY CLEAR, UNTIL THE MATTER IS RESOLVED OF MY

20   STATEMENT THAT --

21               AND I'M HAPPY TO BE SWORN IN,

22   MS. GOLDSTEIN.

23         THE COURT:  YOU KNOW, THAT'S A GOOD POINT.  LET'S

24   HAVE DR. ELEMARY STAND, RAISE YOUR RIGHT HAND.

25         THE PETITIONER:  ABSOLUTELY.

26         THE COURT:  OKAY.

27         THE PETITIONER:  COME ON.

28         THE CLERK:  YOU DO SOLEMNLY STATE THE TESTIMONY
```

14

1  YOU ARE ABOUT TO GIVE IN THE CAUSE NOW PENDING BEFORE

2  THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH, AND

3  NOTHING BUT THE TRUTH SO HELP YOU GOD.

4       THE PETITIONER:  I DO, ABSOLUTELY.

5       THE COURT:  NOW, WHAT I'M GOING TO DO.  I'M NOW

6  GOING TO HAVE TO EXERCISE SOME CONTROL OVER THIS

7  PROCEEDING, WHICH MEANS THAT I'M GOING TO GIVE YOU AN

8  IDEA OF WHAT'S GOING TO HAPPEN.  THIS IS A PETITION.

9       THE PETITIONER:  I CAN'T ANSWER YOU ANY QUESTIONS.

10      THE COURT:  FOR SEPARATION.

11      THE PETITIONER:  I'M SORRY.

12      THE COURT:  THIS IS A PETITION YOU FILED FOR LEGAL

13 SEPARATION.  THERE IS A RESPONSE CHALLENGING --

14           MA'AM, IF YOU CONTINUE TO TALK OF ME, THE

15 REPORTER CAN'T TAKE DOWN BOTH OF US; SO I'M GOING TO ASK

16 YOU PLEASE ALLOW ME TO AT LEAST MAKE A STATEMENT AS TO

17 WHERE WE ARE.

18      THE PETITIONER:  CAN I RESPOND TO YOU?

19      THE COURT:  NO.  WE'RE GOING TO PROCEED TO TRIAL,

20 MA'AM, AT THIS POINT.  I'M TRYING TO GIVE A SENSE OF

21 WHERE WE ARE.  OKAY.

22      THE PETITIONER:  I KNOW WHERE WE ARE.  I KNOW

23 WHERE WE ARE.  YOU'RE GOING TO GO TO TRIAL WITHOUT ME.

24      THE COURT:  THEN, LET'S PROCEED.  IT'S YOUR

25 OPPORTUNITY TO EITHER MAKE AN OPENING STATEMENT OR CALL

26 YOUR FIRST WITNESS OR PRESENT WITNESSES YOURSELF.  YOU

27 CAN CHOOSE --

28      MR. GINSBERG:  YOUR HONOR, RESPONDENT --

```
1          THE PETITIONER:  I'M SORRY.

2                  JUST A MOMENT.  HOLD ON.  HOLD ON.  I WANT

3   TO RESPOND TO THE JUDGE.  THE JUDGE SAID CALL MY

4   WITNESSES.  I WOULD LIKE TO CHOOSE MY WITNESS AND BRING

5   THEM OVER.  JUST A MOMENT.

6                  ARE YOU SAYING TO ME THAT I CAN BRING

7   WITNESSES?

8          EXCUSE ME.  JUST A MOMENT.  JUST A MOMENT.  I

9   WANT YOU TO TELL ME.

10                 HE JUST STATED ON RECORD THAT -- "TO CALL

11  YOUR FIRST WITNESS."

12         THE COURT:  OKAY.  PLEASE NAME YOUR FIRST WITNESS.

13         THE PETITIONER:  I'M SORRY.

14      MR. GINSBERG:  THIS IS --

15              YOUR HONOR, THIS IS A MOCKERY.

16      THE PETITIONER:  YOU KNOW, WHO'S INTERRUPTING WHO

17  NOW?

18              NOW, JUST A MOMENT.  I WILL DO -- THAT'S

19  FINE.  I'LL BEGIN A TRIAL ON THOSE BASES.  YOU JUST TOLD

20  ME TO GO AHEAD.  NOW, LET ME READ YOU WHAT YOU RULED.

21  YOU RULED THAT I COULD NOT HAVE THE A SINGLE WITNESS.

22      THE COURT:  MA'AM.  YOU NEED TO CALL A WITNESS.

23  YOU NEED TO PRESENT EVIDENCE OR YOU CAN TESTIFY ON THE

24  STAND, YOU CAN CALL ANY WITNESS.

25      THE PETITIONER:  BUT YOU SAID "ANY WITNESS."

26      THE COURT:  DO YOU HAVE ANY WITNESS TO CALL.

27      THE PETITIONER:  I HAVE MANY WITNESSES TO CALL.

28      THE COURT:  THEN, CALL YOUR FIRST WITNESS.
```

1    THE PETITIONER:  YEAH, BUT THE POINT OF IT IS HOW

2   CAN I CALL A FIRST WITNESS WHEN YOU HAVE RULED FROM

3   PRODUCING ANY WITNESS?

4    THE COURT:  OKAY, MA'AM.  I'M GOING TO GIVE A

5   CHOICE.  OKAY?

6    THE PETITIONER:  NO.  NO.  NO.  NO.  NO.  NO.  I

7   DON'T UNDERSTAND.  IS THIS ENGLISH OR WHAT?

8    THE COURT:  DO NOT INTERRUPT ME FURTHER, OR I WILL

9   ASK THAT YOU TAKE A TIME-OUT BECAUSE YOU --

10    THE PETITIONER:  I'LL TAKE TEN TIMES OUT.

11    THE COURT:  COUNSEL HAS JUST INDICATED --

12    THE PETITIONER:  COUNSEL HAS GONE TOO FAR.  I'M

13   SICK, AND I'M HAVING TO FIGHT YOU BECAUSE YOU'RE PLAYING

14   A GAME.  THE GAME IS YOU WILL NOT LIVE TO YOUR WORD.

15   YOUR WORD IS WHAT YOU RULED BY.  YOU SAID, "DO NOT

16   PRODUCE ANY WITNESS, AND NOW YOU TELL ME CALL YOUR FIRST

17   WITNESS.  HOW CAN I CALL A FIRST WITNESS WITHOUT

18   PRODUCING?

19    THE COURT:  THANK YOU.

20     MR. GINSBERG, DO YOU WANT --

21    MR. GINSBERG:  YES, YOUR HONOR.

22    THE PETITIONER:  I'D LIKE TO KNOW HOW WE CAN BEGIN

23   TRIAL.  MY ISSUE HERE IS THIS, IS THAT THIS --

24    THE COURT:  MA'AM, NOW YOU'RE YELLING.

25    THE PETITIONER:  IS THIS KANGAROO COURT IS TRYING

26   TO GET ME TO CALL MY WITNESS.

27    THE COURT:  LET'S DO IT.

28    THE PETITIONER:  THEY PRECLUDED ME FROM CALLING MY

1  WITNESS IN AN ORDER ON THE 22ND OF FEBRUARY THAT THEY

2  GOT TOGETHER AND KEPT IT A SECRET FROM ME SO THEY CAN

3  HAVE WHATEVER ORDERS THEY WANT, AND SOME OF THESE ORDERS

4  WERE DISCUSSED WITH MR. LEMBKE, AND I WILL GIVE YOU VERY

5  SPECIFIC --

6       MR. GINSBERG:  BEFORE PETITIONER GOES INTO THIS --

7       THE COURT:  PETITIONER HAS THE FLOOR RIGHT NOW.

8       THE PETITIONER:  I'M SORRY.  IT DOESN'T MAKE A

9  DIFFERENCE WHAT HE HAS BECAUSE WHAT YOU'RE DOING IS

10  YOU'RE STEPPING ON JUSTICE.  EITHER YOU WANT ME TO CALL

11  THE WITNESS OR YOU DON'T, BUT -- EXCUSE ME.  EVERYBODY

12  HERE IS GETTING MY MONEY FOR NOTHING BECAUSE IT'S A

13  CHARADE.  YOU PEOPLE THINK JUSTICE IS LIKE HA, HA, HA,

14  AND IF MR. BUSH WANTS TO THINK SO, THAT'S FINE AND

15  DANDY, BUT TO BE HONEST WITH YOU, IT DOESN'T WORK IN THE

16  MIDDLE EAST, AND IT DOESN'T WORK IN A DECENT COURT IN

17  THE UNITED STATES.

18       NOW, IF THIS IS -- IF THIS IS IRAQ, PLEASE

19  ME SO I CAN GET MY THINGS AND GO.

20       THE COURT:  MA'AM, I'M GOING TO ORDER YOU AT THIS

21  TIME TO NOT SAY ANYTHING TO ALLOW MR. GINSBERG TO HAVE

22  AN OPPORTUNITY TO SPEAK, AND PLEASE DO NOT INTERRUPT

23  HIM.  OKAY?  HE HAS DONE HIS BEST NOT TO INTERRUPT YOU.

24       THE PETITIONER:  HE HAS DONE HIS BEST?  HE'S

25  INTERRUPTED ME 10 TIMES.

26       MR. GINSBERG:  IT'S AN IMPOSSIBILITY, YOUR HONOR.

27       THE COURT:  YOU JUST INTERRUPTED ME.  THAT'S HOW

28  SILLY THIS PROCESS --

1    THE PETITIONER: OKAY. YOUR HONOR, I JUST

2    WANTED -- I HAVE A QUESTION IN FRONT OF YOU. RATHER

3    THAN ANSWER ME, YOU WANT HIM TO SPEAK. FINE. IF YOU

4    WILL ANSWER ME AFTER HE SPEAKS, I'LL BE QUIET.

5        MR. GINSBERG: PETITIONER IS MAKING A MOCKERY OF

6    THE PROCESS, OF THIS COURT.

7        THE PETITIONER: I MEAN WHO'S ACTING?

8        MR. GINSBERG: SHE HAS FAILED TO ABIDE BY ANY OF

9    THE RULES, ANY OF THE PROCEDURES. SHE HAS FAILED TO

10   PROVIDE ANY INFORMATION --

11       THE PETITIONER: YOU PEOPLE THINK YOU'LL EVER GET

12   AWAY WITH THIS?

13       MR. GINSBERG: -- BY STATUTE AND BY RULE. NO

14   WITNESS LIST, NO EXHIBIT LIST, NO COOPERATION IN

15   DISCOVERY. RESPONDENT HAS BEEN DRAGGED INTO THIS

16   PROCESS BY THE PETITIONER IN THIS CONTINUING MOCKERY,

17   AND IF THERE'S ANYONE WHO HAS MADE ANY SEMBLANCE OF A

18   KANGAROO COURT OUT OF THIS, IT IS THE PETITIONER, HER

19   STATEMENTS, AND HER CONTINUING REFUSAL AND FAILURE TO

20   ABIDE BY THE COURT'S DIRECTION AND ORDERS.

21           AT THIS JUNCTURE, THE RESPONDENT SHOULD BE

22   PERMITTED TO PROVIDE TO THE COURT THE MOTIONS IN LIMINE

23   WHICH ARE REQUIRED IN THIS PROCESS, GIVEN THE COMPLETE

24   AND UTTER FAILURE OF THE PETITIONER TO ADHERE TO

25   RULE 1 OF THE PROCESS. PETITIONER DOES NOT -- DESPITE

26   HER APPARENT MISCONCEPTION IN THIS IDEA, SHE DID YOU NOT

27   GET TO COME TO THIS COURT, IGNORE THE RULES, IGNORE THE

28   PROCESS, IGNORE EVERY PROTOCOL BY WHICH THE REST OF THE

1    US HAVE TO ABIDE, AND THEN CLAIM THAT IT IS SOMEHOW THE

2    RESPONSIBILITY OF THIS COURT, OF MY OFFICE, OR OF THE

3    RESPONDENT.  IT IS NOT PERMITTED UNDER THE CODE, AND SO

4    IF BY VIRTUE OF MOVING THIS FORWARD, FRANKLY, IF THE

5    PETITIONER NEEDS TO BE HELD IN CONTEMPT AND REMOVED FROM

6    THIS COURT SO THAT WE CAN PROCEED IN THE TRIAL PROCESS

7    THAT IS WELL ESTABLISHED IN THE STATUTE AND WELL

8    ESTABLISHED IN RULE 14 AND WELL ESTABLISHED IN THE

9    LOCAL -- LOCAL RULES OF THIS COURT, THEN THIS COURT, IT

10   IS RESPECTFULLY SUGGESTED, SHOULD HOLD PETITIONER IN

11   CONTEMPT, REMOVE HER FROM THIS DEPARTMENT, AND PERMIT

12   THIS PROCESS TO PROCEED BECAUSE OTHERWISE, WHAT WE JUST

13   EXPERIENCED AND WHAT WE'VE BEEN EXPERIENCING AGAIN AND

14   AGAIN SINCE AUGUST IS SIMPLY GOING TO CONTINUE.

15        THE COURT:  ALL RIGHT.

16        MR. GINSBERG:  AND SO RESPONDENT DOES PERMIT THAT

17   WE BE PERMITTED TO PRESENT OUR MOTIONS IN LIMINE AS IS

18   REQUIRED BY THE LOCAL RULES.

19        THE COURT:  ALL RIGHT.  HAVE YOU GIVEN HER A COPY

20   OF THOSE MOTIONS IN LIMINE?

21        MR. GINSBERG:  I HAVE NOT.  WE HAVE THEM ALL.  FOR

22   THE RECORD, THE FIRST MOTION IN LIMINE --

23        THE PETITIONER:  EXCUSE ME, YOUR HONOR.  HE ASKED

24   YOU TO ME YOU PUT OUT OF COURT.  ARE YOU GOING TO DO IT,

25   YOUR HONOR?  I WISH YOU BE VERY HONEST AND DO WHAT YOU

26   THINK IS BEST ACCORDING TO YOUR UNDERSTANDING OF

27   JUSTICE.  IF YOU IF YOU WANT ME TO LEAVE, YOU KNOW, YOU

28   CAN JUST ASK ME BECAUSE I'D LIKE TO GO.

```
 1        I AM A SICK WOMAN, AND THIS MAN HAS --
 2   WANTS TO GO INTO MOTIONS IN LIMINE.  HE'S ATTACKED ME ON
 3   ISSUES.  HE ASKED ME FOR A LIST.  I HAVE THOSE LISTS, BY
 4   THE WAY, AND I'M HAPPY TO PRESENT THEM, BUT I'D LIKE TO
 5   KNOW WHAT DOES THIS RULING MEAN?  IS THIS -- I MEAN, WHO
 6   OPTION MOCKING WHO?  THERE IS A RULING HERE THAT SAYS
 7   I'M NOT TO PRODUCE A WITNESS.
 8        THE COURT:  MA'AM, I'M NOT GOING TO CONTINUE TO
 9   TALK ABOUT A RULING BECAUSE I'M NOT GOING TO EXPLAIN TO
10   YOU WHAT OCCURRED AT A HEARING THAT YOU DIDN'T APPEAR
11   AT.
12        THE PETITIONER:  BECAUSE I DIDN'T KNOW ANYTHING
13   ABOUT IT, AND YOU KNEW I DIDN'T KNOW.
14        THE COURT:  NO.  THAT'S NOT TRUE.
15        THE PETITIONER:  WELL, COME ON.  YES, YOU DID,
16   BECAUSE I HAVE TOLD YOU SO, AND I'VE WRITTEN YOU FIVE
17   FILED DOCUMENTS.
18        THE COURT:  I'M GOING TO ALLOW -- WE WERE TALKING
19   ABOUT MOTIONS IN LIMINE.  YOU MAY NOW IDENTIFY YOUR
20   MOTIONS IN LIMINE.
21        MR. GINSBERG:  THE FIRST MOTION IN LIMINE --
22        THE PETITIONER:  I'M SORRY.  THE ISSUE HERE IS
23   THAT WHAT HE ASKED ME TO DO, I CAN DO, BUT I WANT YOUR
24   HONOR TO WITHDRAW THIS RULING BECAUSE EITHER I CAN
25   PRESENT WITNESSES --
26        JUST A MOMENT.
27        THE COURT:  THAT REQUEST IS DENIED.  THAT REQUEST
28   IS DENIED.  LET'S MOVE ON TO THE MOTIONS IN LIMINE.
```

```
 1          THE PETITIONER:  BUT YOU SAID HERE IN THE RULING
 2   NOT TO PRODUCE WITNESSES.  SO HOW CAN I PRODUCE
 3   WITNESSES WHEN YOU SAY "DON'T"?
 4          THE COURT:  OKAY, MA'AM.  LET'S MOVE ON.
 5               MOTIONS IN LIMINE, COUNSEL.
 6          MR. GINSBERG:  THANK YOU.  THE FIRST MOTION IN
 7   LIMINE -- I AM PRESENTING A COPY TO MS. ELEMARY -- IS
 8   MOTION IN LIMINE TO EXCLUDE PETITIONER FROM CALLING
 9   WITNESSES OR INTRODUCING EXHIBITS OR ANY OTHER
10   INFORMATION AT THE TIME OF TRIAL, AND I AM PROVIDING AN
11   ORIGINAL TO THE CLERK TO THE CLERK.
12               THE SECOND MOTION IN LIMINE, WHICH I WOULD
13   LIKE TO BE GIVEN THE OPPORTUNITY --
14          THE PETITIONER:  I'M NOT --
15          MR. GINSBERG:  WHETHER IT'S TIMELY -- WHEN IT IS
16   TIMELY TO PROCEED.
17          THE PETITIONER:  I HAVEN'T TALKED ABOUT ANYTHING.
18   I'M JUST WONDERING HOW FAR IT GOES ON BECAUSE IT IS A
19   ONE-MAN TRIAL.  IT IS A ONE-PARTY TRIAL.  NOW, YOU
20   REFUSE TO ANSWER MY QUESTION ABOUT DIFFERENCE BETWEEN
21   YOUR RULING AND WHAT AND HIM ARE ASKING ME.  I'VE BEEN
22   ASKED TO PROVIDE WITNESSES.  I HAVE THEM.  THEY'RE
23   SITTING OUTSIDE.
24          THE COURT:  LET'S PROCEED WITH YOUR SECOND MOTION
25   IN LIMINE.
26          MR. GINSBERG:  THE SECOND MOTION IN LIMINE, YOUR
27   HONOR, IS AN ORAL MOTION FOR ENTRY OF JUDGMENT
28   AGAINST -- IN FAVOR OF THE RESPONDENT FINDING
```

22

1    ADJUDICATION OF NONMARRIAGE AS IS REQUESTED.

2         THE PETITIONER:  YES, MR. GINSBERG.

3         MR. GINSBERG:  AND I AM PROVIDING TO MS. ELEMARY A

4    MEMORANDUM OF POINTS AND AUTHORITIES.

5         THE PETITIONER:  I AM NOT ACCEPTING ANYTHING

6    BECAUSE I'M NOT IN TRIAL.  YOUR HONOR, I MAKE A

7    STATEMENT VERY CLEAR.  I AM NOT PARTY TO THIS TRIAL.  SO

8    HIM PRESENTING ANY ME WITH ANYTHING -- IT'S LIKE

9    RIDICULOUS.  IT'S LIKE RIDICULOUS.  FOR HIM TO --

10   ANYBODY IN THE ROOM, BUT I AM NOT ACCEPTING BECAUSE I'M

11   JUST WATCHING HOW FAR THIS NONSENSE CONTINUES, AND I

12   WANT A RECORD OF IT SO THAT THE POWERS THAT BE CAN

13   RECOGNIZE THAT THIS GOES --

14        THE COURT:  THE RECORD WILL REFLECT THAT YOU

15   CONTINUE TO INTERRUPT NOT ONLY THE COURT, BUT

16   MR. GINSBERG WHEN I ASK HIM TO IDENTIFY DOCUMENTS AND DO

17   THAT, MA'AM.

18        THE PETITIONER:  BUT HE DOESN'T HAVE TO GIVE IT TO

19   ME.

20        THE COURT:  YOU ARE NOT HELPING --

21        THE PETITIONER:  YOUR HONOR, HE DOESN'T NEED TO

22   GIVE IT TO ME BECAUSE THAT MEANS I'M PARTY TO THE TRIAL.

23   I AM NOT PARTY TO THIS TRIAL.  IS THAT UNDERSTOOD, YOUR

24   HONOR?  I AM NOT.

25        THE COURT:  AS I UNDERSTAND IT, YOU'RE THE

26   PETITIONER.  SO LET'S MOVE ON.

27        THE PETITIONER:  NO.  IF YOU THINK I'M PART OF THE

28   TRIAL -- JUST A MOMENT.

23

1    IF YOU THINK I'M PART OF THE TRIAL, PLEASE

2  STATE SO I CAN --

3    THE COURT:  I BELIEVE YOU'RE PART OF THIS TRIAL.

4    THE PETITIONER:  SO I AM LEAVING NOW.  I AM NOT

5  PART OF ANY TRIAL.  THIS IS DOCUMENTS I AM NOT HERE FOR.

6  I AM HERE FOR WHAT THEIR RULING MEANT, BUT YOU WON'T

7  EXPLAIN IT TO ME, AND YOU WANT ME TO PROVIDE WITNESSES

8  EVEN THOUGH YOU SAID, "DON'T PROVIDE WITNESSES."  SO

9  UNTIL YOU MAKE UP YOUR MIND, WHAT IT IS THAT YOU WANT?

10  YOU DON'T WANT ME TO ME TO PROVIDE MARRIAGE PAPERS,

11  FINE.  THEN, YOU ASK ME TO VALIDATE THE MARRIAGE.  HOW

12  CAN YOU DO THAT?  I MEAN IT ESCAPES LOGIC.  I'M SORRY.

13  THE LAW IS LOGIC.

14    YOUR HONOR, GOOD DO HAVE KNOWN YOU.  GOOD

15  LUCK TO YOU, AND WE'LL SEE YOU IN SOME OTHER --

16    THE COURT:  ALL RIGHT.  THE RECORD WILL REFLECT

17  THAT DR. ELEMARY IS LEAVING.

18    I AM GOING TO INDICATE TO YOU, MA'AM, I

19  WILL PROCEED WITH THIS HEARING.

20    THE PETITIONER:  I CAN'T HELP YOU.  I MEAN, YOU'VE

21  BEEN PAID BY THE RESPONDENT, AND THAT'S -- YOU DO

22  WHATEVER YOU WANT.  GOOD LUCK TO YOU.

23    (THE PETITIONER EXITED THE COURTROOM

24    AT 3:50 P.M.)

25    THE COURT:  OKAY.  THE RECORD WILL REFLECT SHE

26  JUST WALKED OUT OF THE COURTROOM.

27    MR. GINSBERG:  THANK YOU, YOUR HONOR.

28    THE COURT:  WHAT WAS YOUR NEXT MOTION?

1    MR. GINSBERG: I HAD PROVIDED -- WHAT I WAS SAYING
2  I HAD PROVIDED TO PETITIONER BEFORE SHE LEFT AND HAVE
3  FILED WITH THE COURT THE ORIGINAL THE MEMORANDUM OF
4  POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S ORAL
5  MOTION FOR JUDGMENT AND WOULD LIKE TO NEXT IN ORDER --
6  PETITIONER WAS REFERRING TO, AND, YOUR HONOR, WE'VE BEEN
7  IN A DISCUSSION WITH REGARD TO THE ORDER ISSUED
8  EMANATING FROM FEBRUARY 22 HEARING.  THAT ORDER HAS NOT
9  YET BEEN -- IT'S BEEN SUBMITTED VERY RECENTLY TO YOUR
10  HONOR.

11    IT HAS NOT BEEN ENTERED YET AS ORDER OF
12  COURT.  SO AS A MATTER OF HOUSEKEEPING AND GIVEN THAT
13  THAT ORDER IS AN EXCLUSION ORDER WITH REGARD TO A
14  VARIETY OF PIECES OF EVIDENCE AND PIECES OF INFORMATION
15  FROM THE PETITIONER, WE'D LIKE TO MAKE SURE THAT THAT
16  ORDER HAS BEEN ENTERED.

17    THE COURT:  YOU CAN SUBMIT THAT.
18    MR. GINSBERG:  WE'LL CLARIFY THAT WITH THE CLERK.
19    THANK YOU.  I WOULD LIKE A LIKE TO --
20    WITH REGARD TO THE MOTIONS IN LIMINE, YOUR
21  HONOR, OBVIOUSLY, WE ARE IN A VERY UNUSUAL SITUATION
22  WITH THIS PRESENTATION.  I HAVE OFFERS OF PROOF.

23    I WOULD INDICATE FOR THE RECORD THAT WE HAD
24  PREPARED A FORM OF THE MOTION FOR ENTRY OF JUDGMENT,
25  WHETHER THE PETITIONER DID APPEAR AND WHETHER SHE DID
26  NOT APPEAR.

27    AS YOUR HONOR WILL RECALL AND THE RECORD
28  CLEAR HAS CLEARLY EVIDENCED SINCE AUGUST, THERE HAVE

1   BEEN MANY, MANY, MANY REPRESENTATIONS BY THE PETITIONER

2   THAT SHE WOULD NOT APPEAR FOR TRIAL AS RECENTLY AS A

3   VOICE MAIL LEFT FOR ME, AND I WON'T BORE THE RECORD WITH

4   READING THE TRANSCRIPTION INTO THE RECORD BECAUSE AS

5   RECENTLY -- THERE'S AS A VOICE MAIL ACTUALLY LEFT ON MY

6   PARTNER, MS. TAKESH, AT 4:49 P.M. ON MARCH 19, 2009;

7   (SIC) SHE INDICATED THAT SHE WOULD ABSOLUTELY NOT BE

8   HERE TODAY FOR TRIAL OR FRIDAY AND THAT SHE, QUOTE,

9   "WON'T BE BACK UNTIL MONDAY," CLOSED QUOTE.

10          I AM GOING TO, FOR THE RECORD, SET FORTH A

11  RECITATION WITH YOUR HONOR'S PERMISSION OF THE REQUESTS

12  FOR CONTINUANCE AND SOME OF THE REPRESENTATIONS MADE

13  BECAUSE I DO THINK THAT IN THIS CASE, THE RECORD IS

14  TAKING ON A EVEN MORE OF AN IMPACT AND AN IMPORT THAN IN

15  OUR NORMAL FAMILY LAW TRIALS.

16      THE COURT:  ALL RIGHT.  YOU MAY --

17      MR. GINSBERG:  I JUST WANT TO INDICATE, AGAIN,

18  WHAT I WAS SAYING FOR BEFORE FOR THE RECORD, I'M NOT

19  GOING TO FILE A MEMO OF POINTS OF AUTHORITIES THAT WE

20  PREPARED IN THE EVENT THE PETITIONER DID NOT APPEAR.

21  IT'S LARGELY DUPLICATIVE OF WHAT I HAVE FILED AND THE

22  ORAL MOTION THAT I'LL MAKE WITH REGARD TO AN ENTRY OF

23  JUDGMENT, ASSUMING THAT PETITIONER DOESN'T COME BACK AND

24  WE ARE SOMEHOW THROWN INTO A DIFFERENT PROCESS.  I WANT

25  TO CONFIRM FOR THE RECORD --

26          MAY I BE SEATED, YOUR HONOR?

27      THE COURT:  YES.

28      MR. GINSBERG:  I WANT TO CONFIRM FOR THE RECORD

1    THAT THE PETITIONER HAS BEEN IN RECEIPT OF THE NOTICE OF

2    TRIAL FOR WELL IN EXCESS OF 15 DAYS.  THIS TRIAL DATE

3    HAS BEEN SET FOR A SUBSTANTIAL PERIOD OF TIME, AND, IN

4    FACT, THE ORIGINAL TRIAL DATE OF DECEMBER 4TH WAS SET,

5    WE BELIEVE, IN SEPTEMBER BASED UPON THE STIPULATION OF

6    PARTIES AND COUNSEL, AND AT THE TIME, PETITIONER WAS

7    REPRESENTED BY RICHARD MASSON, M-A-S-S-O-N.

8            THE PARTIES STIPULATED, THROUGH COUNSEL, TO

9    THE ADVANCING OF THE TRIAL DATE BASED UPON THE ADVANCED

10   AGE OF THE RESPONDENT.  THE PETITIONER HAS BEEN PRESENT

11   WHEN ALL THE TRIAL DATES HAD BEEN ENUNCIATED.  SHE HAS,

12   THROUGH THIS PROCESS, SOUGHT THE CONTINUANCES OF SEVERAL

13   OF THE TRIAL DATES, INCLUDING THOSE FOR DECEMBER 4,

14   2007; JANUARY 9, 2008, WHICH TO BE CLEAR AND TO BE FAIR,

15   I UNDERSTAND THE COURT ALSO HAD A CONFLICT ON THAT DATE,

16   BUT THE PETITIONER DID REQUEST THAT CONTINUANCE; AND

17   ALSO THE TRIAL DATES OF JANUARY 30TH AND JANUARY 31,

18   2008.

19           NOW, THESE REQUESTS WERE OFTEN COUCHED AS

20   NOTICES OF UNAVAILABILITY BY THE PETITIONER AND WERE

21   NOT, IN FACT, PRESENTED AS REQUESTS FOR CONTINUANCE.

22           HAVING SAID THAT AND THIS COURT HAVING

23   ACCOMMODATED TO A GREAT EXTENT THE VARIOUS REQUESTS OF

24   THE PETITIONER WITH REGARD TO THESE DATES, THE FINAL

25   EFFORT, WHICH, AGAIN AS I SAID BEFORE, HAS BEEN THE

26   THIRD OR FOURTH OR TENTH BITE AT THIS PARTICULAR APPLE.

27           THE FINAL EFFORT ON THE PART OF PETITIONER

28   IS TO DELAY THIS TRIAL, WHICH SHE HAS BROUGHT TO THIS

```
 1    COURT BY FILING THIS ACTION, HAS BEEN BY ACCUSING THIS
 2    COURT OF CORRUPTION HAVING A SECRET HEARING ON FEBRUARY
 3    22, WHICH RESULTED IN THE EXCLUSION ORDERS WHICH WERE
 4    THE SUBJECT OF SOME DISCUSSION EARLIER.
 5              SHE IS NOW APPARENTLY SEEKING THE
 6    INTERVENTION OF DEPARTMENT 1 OR OF DEPARTMENT 2 OF THE
 7    LOS ANGELES SUPERIOR COURT WITH REGARD TO THAT, AND I
 8    WANT TO STATE FOR THE RECORD AND FOR THE RECORD IN
 9    PROCEEDING WITH TRIAL, THAT WITH REGARD DO THIS, THE
10    PRIOR EFFORT BY THE PETITIONER TO HAVE YOUR HONOR
11    RECUSED AND THIS COURT RECUSED, THAT HAD TO DO WITH THE
12    PRESENTATION OF AN IDEA THAT THIS COURT WAS SOMEHOW
13    ENGAGED IN A BRIBERY SCANDAL WITH CONNOLLY OYLER, AN
14    ATTORNEY WHOM APPARENTLY THE PETITIONER HAD MET WITH.
15    MR. OYLER IS ON RESPONDENT'S WITNESS LIST, SHOULD WE
16    NEED TO GET TO THAT POINT, AND, AGAIN, TO REITERATE, THE
17    PURPOSE OF THIS PRESENTATION, SO RECORD IS CLEAR -- IF
18    THE PETITIONER DOES NOT PROCEED IN THIS TRIAL AND
19    RESPONDENT'S POSITION IS THAT SHE CANNOT, GIVEN HER
20    FAILURE TO COMPLY WITH THE RULES OF THE STATUTE.
21              IF SHE ATTEMPTS TO PROCEED, WE WANT THE
22    RECORD CLEAR, RESPONDENT WANTS THE RECORD CLEAR THAT, IN
23    FACT, EVERY ACCOMMODATION HAS BEEN MADE BY THIS COURT
24    BASED UPON THE VARIOUS REPRESENTATIONS AND, WE BELIEVE,
25    MISREPRESENTATIONS OF THE PETITIONER.
26              ONE OF THE REQUESTS WITH REGARD TO THE
27    CONTINUANCE HAD TO DO WITH THE PURPORTED ILLNESS OF THE
28    PETITIONER.  THE PETITIONER MADE A REQUEST FOR A
```

1   CONTINUANCE OF THIS TRIAL AS RECENTLY AS THIS PAST

2   TUESDAY, THE 18TH OF MARCH.  SHE GAVE NOTICE TO MY

3   OFFICE.  WE APPEARED.  SHE APPEARED TELEPHONICALLY VERY

4   LATE IN THE DAY, AT ABOUT 4:20 P.M., AND HER STATEMENT

5   TO THE COURT AT THAT TIME, THROUGH THE DOCUMENTS, THAT

6   SHE FAXED TO MY OFFICE AND TO THE COURT WAS THAT IF SHE

7   HAD TO COME TO COURT TODAY, HER STOMACH WOULD EXPLODE.

8   THIS WAS ON THE HEARING, AND I'M NOT STATING THAT

9   EUPHEMISTICALLY.  THAT WAS THE PHRASE SHE USED, THAT HER

10  STOMACH WOULD EXPLODE.

11              SHE HAD STATED PREVIOUSLY TO THIS COURT IN

12  FURTHERANCE OF AND IN SUPPORT OF A PRIOR REQUEST FOR

13  CONTINUANCE WHICH HAD TO DO WITH THE TRIAL DATES OF

14  JANUARY 30TH IS AND 31, 2008, THAT SHE WAS AT

15  CEDARS-SINAI HOSPITAL; THAT SHE HAD BEEN IN THE HOSPITAL

16  FOR, QUOTE, A COUPLE OF DAYS, CLOSED QUOTE, AND THAT SHE

17  COULD, THEREFORE, NOT PROCEED.  SHE -- WITH TRIAL ON

18  JANUARY 30 AND JANUARY 31ST.

19              YOUR HONOR ACCOMMODATED THAT REQUEST,

20  CONTINUED THE JANUARY 30TH AND 31 TRIAL DATES, KEPT IN

21  PLACE THE PREVIOUSLY SET TRIAL DATES OF MARCH 20 AND

22  27TH, AND YOUR HONOR ISSUED A VERY SPECIFIC ORDER OF

23  WHICH NOTICE HAS BEEN PROVIDED TO THE PETITIONER WHICH

24  WAS SPECIFICALLY THAT IF THE PETITIONER WAS TO MAKE ANY

25  REQUEST TO CONTINUE THIS TRIAL FOR HEALTH REASONS OR

26  OTHERWISE, SHE HAD TO DO SO BY FEBRUARY 29, 2008.

27              SHE ALSO HAD TO PROVIDE -- IT WAS -- AND

28  WAS ORDERED TO PROVIDE, IN SUPPORT OF THAT MOTION, ANY

1  DECLARATIONS OF MEDICAL PERSONNEL, CEDARS-SINAI, OR

2  DR. TORNAY, OR OTHERWISE WITH REGARD TO ANY SUPPORT FOR

3  CLAIMED MEDICAL NEED FOR CONTINUANCE.

4           SHE WAS ALSO ORDERED IN THAT APPLICATION --

5  AND SHE WERE TO MAKE IT BY FEBRUARY 29TH -- TO PROVIDE

6  ANY WAIVERS FOR THIS COURT AND FOR RESPONDENT SO THAT --

7  WITH REGARD TO ANY MEDICAL PERSONNEL WHO MAY BE TREATING

8  HER SEE THAT RESPONDENT COULD PROCEED TO SEEK DISCOVERY

9  AND TO EVALUATE THE PETITIONER'S NOW MANY, MANY TIMES'

10 REPEATED CLAIMS THAT SHE WAS TOO ILL TO PROCEED.

11          SHE FAILED TO PROVIDE ANY MOTION FOR

12 CONTINUANCE BY FEBRUARY 29, INSTEAD, CHOOSING TO FILE --

13 NOT TO "FILE," BUT TO GIVE THE EX PARTE APPLICATION FOR

14 MARCH 18TH, WHICH I MENTIONED A MOMENT AGO, AND THEN AT

15 APPROXIMATELY 5:40 P.M., ON THE 18TH, GAVE TELEPHONIC

16 NOTICE TO MY OFFICE THAT SHE WOULD BE APPEARING AGAIN ON

17 MARCH 19TH, SEEKING A CONTINUANCE OF THE TRIAL, AND, IN

18 FACT, NOTWITHSTANDING THE FACT WHAT SHE WAS CLAIMING TO

19 BE TOO ILL TO APPEAR FOR TRIAL OR TO COME TO THIS

20 COURTHOUSE, SHE DID, IN FACT, APPEAR IN COURTHOUSE.

21          I WAS NOT PRESENT, BUT MR. LEMBKE, WHO IN

22 THE COURTROOM, WAS PRESENT AND SAW THAT SHE WAS IN THIS

23 COURTROOM, AND SHE APPARENTLY MADE A FURTHER EFFORT TO

24 TRY TO CONTINUE THE TRIAL, AT WHICH POINT, AS AN OFFER

25 OF PROOF, THE PETITIONER SAW MR. LEMBKE OUTSIDE AND

26 JUST, BASICALLY, SAID TO HIM, "HEY, MAT, LET'S GO HAVE A

27 SANDWICH." I MAY BE PARAPHRASING, BUT THAT'S LARGELY

28 WHAT SHE SAID. SO SHE, AT THAT POINT, WAS NOT TOO ILL

1  TO ENJOY THAT POTENTIAL MEAL, AND SHE SHOWED UP TODAY,

2  AND SHE SHOWED UP TODAY, AND SHE SHOWED UP TODAY WITH

3  WHAT WE HAVE EXPERIENCED OVER THE MONTHS TO BE -- WELL,

4  I WON'T GET INTO A DESCRIPTION OF WHAT I BELIEVE THE

5  PETITIONER'S PRESENTATION IS.

6           HAVING SAID THAT, I WANTED TO MAKE SURE

7  THAT THE COURT HAS ON ITS RECORD BEFORE THIS COURT THE

8  RECITATION OF THE MANY, MANY EFFORTS BY PETITIONER TO

9  AVOID THIS TRIAL, WHICH SHE HAS BROUGHT, TO AVOID THE

10 POSSIBILITY OF LOSING THIS CASE, WHICH SHE HAS BROUGHT,

11 AND IT IS RESPONDENT'S POSITION IN SUPPORT -- WHICH IS

12 SUPPORTED BY THE MOTIONS IN LIMINE AND THE MOTION FOR

13 JUDGMENT THAT WHAT SHOULD HAPPEN AT THIS POINT IS

14 PETITIONER HAS -- HAVING 15 DAYS' NOTICE OF THIS TRIAL,

15 CHOOSING TO ABSENT HERSELF FROM THIS TRIAL, CHOOSING TO

16 ABSENT HERSELF FROM ANY OF THE STATUTORY OR OTHER

17 REQUIREMENTS, AND NOT ABIDE BY THE RULES OF THIS COURT

18 OR THE STATUTES OF THE STATE OF CALIFORNIA.

19           THE PETITIONER HAS, IN FACT, WAIVED HER

20 RIGHT TO PRESENT ONE IOTA OF TESTIMONY, ARGUMENT,

21 OPENING STATEMENT, WITNESSES, EXHIBITS, INFORMATION, OR

22 ANY KIND OF PRESENTATION TO THIS COURT IN SUPPORT OF HER

23 CLAIMS.  WHAT RESPONDENT REQUESTS AT THIS JUNCTURE IS

24 THAT THE COURT PERMIT THE ARGUMENT ON THE MOTIONS IN

25 LIMINE.

26           ONE SECOND, YOUR HONOR, IF I MAY.

27           FOR THE RECORD, MS. TAKESH REMINDS ME THAT

28 WITH REGARD TO THE 15-DAY NOTICE AND THE COURT'S ABILITY

1  TO PROCEED WITH A TRIAL ONCE A PARTY HAS 15 DAYS'

2  NOTICE, THAT IS SET FORTH IN C.C.P. 594 FOR THE RECORD.

3        SO WHAT WE WOULD LIKE TO DO, WHAT

4  RESPONDENT WOULD LIKE TO DO, IS TO PROCEED TO ARGUE THE

5  MOTIONS IN LIMINE, TO PRESENT AS NECESSARY OR AS DEEMED

6  NECESSARY BY THIS COURT OFFERS OF PROOF WITH REGARD TO

7  WHAT THE RESPONDENT WOULD PRESENT IN HIS CASE, BUT THE

8  COURT -- BUT THE RESPONDENT WILL ONLY DO THAT IF DEEMED

9  NECESSARY BY THIS COURT AFTER HEARING THE MOTIONS IN

10 LIMINE.

11        IT IS, TO SUMMARIZE, RESPONDENT'S POSITION

12 THAT GIVEN PETITIONER'S STATUS, HER VOLUNTARY -- HER

13 VOLUNTARILY ABSENTING HERSELF FROM THIS PROCESS, AND HER

14 CONTINUED FAILURES TO ABIDE BY THE RULES AND THE

15 PROCEDURE, IT IS RESPONDENT'S POSITION THAT THIS COURT

16 HAS THE AUTHORITY TO PROCEED TO JUDGMENT AND TO PROCEED

17 TO JUDGMENT BASED ON THE PAPERS FILED AND THE REQUEST

18 SET FORTH IN THE RESPONSE TO THE PETITION.

19        RESPONDENT IS VERY COGNITIVE, HOWEVER, OF

20 THE FACT THAT THIS COURT WOULD PREFER, NO DOUBT, TO HAVE

21 SOME INFORMATION BEFORE IT THAT ASSERTS JUDGMENT.  SO

22 ALTHOUGH PETITIONER HAS FAILED TO PRESENT ANY NECESSARY

23 EVIDENCE AND HAS BEEN PRECLUDED, WE BELIEVE, FROM

24 PRESENTING ANY NECESSARY EVIDENCE, WE ARE AVAILABLE AND

25 READY TO PROVIDE TO YOUR HONOR OFFERS OF PROOF SO THAT

26 WE COULD PROCEED TO JUDGMENT ON BEHALF OF RESPONDENT.

27        THE COURT:  LET ME ASK A COUPLE OF QUESTIONS IN

28 TERMS OF THE HISTORY OF THIS CASE.  WHEN DR. ELEMARY

1    REPRESENTED SHE HAD BEEN IN THE HOSPITAL FOR TWO DAYS,

2    WAS -- WAS THERE ANY INFORMATION PRESENT TO THIS COURT

3    REGARDING WHETHER SHE HAD BEEN HOSPITALIZED?

4         MR. GINSBERG:  YES, YOUR HONOR, IF I MAY, AND I

5    CAN OFFER THIS ON TWO BASES.  WE HAD SUBMITTED A -- AN

6    APPLICATION TO YOUR HONOR, WHICH IS SET FORTH IN

7    RESPONDENT'S EX PARTE APPLICATION OF FEBRUARY 8TH, AND

8    IF YOUR HONOR REFERS TO THAT -- AND I HAVE AN ADDITIONAL

9    COPY IF IT WILL HELP, THERE IS A DECLARATION OF DENA

10   KRAVITZ, K-R-A-V-I-T-Z, WHO IS AN ASSOCIATE IN MY

11   OFFICE.  MS. KRAVITZ IS PRESENT IN THE COURTROOM IF YOUR

12   HONOR NEEDS TO ASK ANY DIRECT QUESTIONS, AND IN THAT

13   DECLARATION, IF I MAY PARAPHRASE, IT STATES, "THAT UPON

14   HEARING FROM THE PETITIONER THROUGH THIS COURT, THAT" --

15   NOT "THROUGH THIS COURT," BUT WHEN SHE WAS ON THE PHONE

16   WITH THIS COURT, THAT SHE WAS --

17        THE COURT:  LET ME MAKE IT CLEAR.  SHE APPEARED ON

18   THE -- IN THE HEARING TO CONTINUE THE JANUARY 30TH, 31ST

19   TRIAL DATES ON JANUARY 23RD.  SHE WAS ON THE PHONE.

20        MR. GINSBERG:  THAT'S CORRECT.

21        THE COURT:  OKAY.  GO AHEAD.

22        MR. GINSBERG:  SHE CLAIMED THAT SHE WAS ON THE

23   PHONE FROM CEDARS-SINAI, AND IF, IN REFERRING TO THE

24   TRANSCRIPT OF THE HEARING OF JANUARY 23, IF I MAY QUOTE,

25   AGAIN, JUST FOR THE RECORD -- FOR THE RECORD, I'M

26   SETTING TO PAGE 2 OF THE TRANSCRIPT, LINE 6.

27        THE COURT ASKED, "LET ME ASK A COUPLE

28   QUESTIONS.  FIRST OF ALL, WHERE ARE YOU?

1               "THE PETITIONER:  I'M IN CEDARS-SINAI.

2               "OKAY.  AND WHAT IS YOUR PROBLEM, CURRENT

3      PROBLEM?

4               "THE PETITIONER:  I'M GETTING TREATED OF

5      PNEUMONIA.  I'M HAVING INTERNAL BLEEDING, AND I'M NOT

6      WELL. "

7               AT PAGE 3, LINE 6, THE COURT:

8

9               "WHEN DID YOU CHECK YOURSELF IN TO CEDARS

10     SINAI?

11              "THE PETITIONER, A COUPLE OF DAYS AGO."

12              SO IN RESPONSE TO YOUR HONOR'S QUESTIONS,

13     THE PETITIONER STATE THAT HAD SHE WAS IN CEDARS-SINAI.

14     FRANKLY, GIVEN THE HISTORY OF EVERYTHING THAT HAS

15     TRANSPIRED AND THE CREDIBILITY ISSUES THAT THE

16     RESPONDENT HAS WITH THE PETITIONER WE DIDN'T BELIEVE IT.

17     SO WE DISPATCHED MS. KRAVITZ TO THE HOSPITAL, AND SHE

18     MANAGED TO DESCRIBE FOR YOUR HONOR WAS SHE WENT THROUGH,

19     BUT THAT IS SET FORTH IN DETAIL IN THE DECLARATION DATED

20     AND SIGNED BY MS. KRAVITZ ON FEBRUARY 7, WHICH WAS FILED

21     WITH THIS COURT ON FEBRUARY 8TH.

22         THE COURT:  OKAY.  THE NEXT POINT THAT I WANTED TO

23     ASK ABOUT IS THAT ON JANUARY 23RD, '08, IT WAS MY MEMORY

24     THAT DR. ELEMARY WAS ON THE TELEPHONE, AND THEN SHE

25     WAS -- WE LOST HER.

26              SHE WAS ON THE PHONE FOR A SUBSTANTIAL

27     PERIOD OF TIME.  WE HEARD HER ARGUMENT, AND THEN AT SOME

28     POINT, THE LINE WENT DEAD.

1    MR. GINSBERG:  WHEN YOU SAY, "WE LOST HER," YOUR

2    HONOR, OR, "THE LINE WENT DEAD," AND I CAN SITE TO HER

3    LANGUAGE IN THE TRANSCRIPT.  SHE, IN FACT, HUNG UP THE

4    PHONE, AND IF I MAY RECITE --

5    THE COURT:  I THINK -- I'M LOOKING AT PAGE 18 OF

6    THE TRANSCRIPT, LINE 3.  THE PETITIONER -- WELL, FIRST

7    OF ALL, THE COURT, AT LINE 2, SAYS -- "THE COURT" --

8    OKAY.  I'LL -- I'LL -- I'M GOING -- ESSENTIALLY, I'M

9    GOING TO RULE.

10    "THE PETITIONER:  I AM DONE.  I AM SORRY

11    THAT HE HAS THIS MISUNDERSTANDING, AND THE DOCTOR WANTED

12    TO TESTIFY IN PERSON.  SO MR. GINSBERG WOULD HAVE ASKED

13    HIM A HUNDRED QUESTIONS, BUT HE REFUSED.  THERE'S

14    NOTHING ELSE I CAN DO, YOUR HONOR, AND THEN COURT SAID,

15    "OKAY.  BASED ON EVERYTHING BEFORE ME -- THE COURT

16    AND -- BASED UPON NUMBER WITHIN THE PETITIONER'S, AND

17    THEN, "OKAY.  THE RECORD WILL REFLECT THAT SHE HAS HUNG

18    UP."

19    ESSENTIALLY, THE LINE WENT DEAD AS I WAS

20    ABOUT TO RULE.

21    GO AHEAD.

22    AND THEN I GUESS THE OTHER POINT THAT I

23    WANTED TO MAKE IS THAT WHEN SHE MADE THE REQUEST FOR A

24    CONTINUANCE ON JANUARY 23RD, YOU'VE ALREADY INDICATED

25    THE SPECIFIC ORDER THAT I MADE WITH RESPECT TO WHAT SHE

26    NEEDED TO DO IF, IN FACT, SHE WAS GOING TO MAKE A MOTION

27    TO CONTINUE MARCH 20TH HEARING DATE, WHICH INDICATED

28    THAT HAD SHE NEEDED TO GET A CURRENT DECLARATION FROM A

```
 1  DOCTOR, TALKING ABOUT WHAT HER CURRENT TREATMENT IS,
 2  WHAT HER CURRENT ISSUES WERE, AND SHE CAME BACK TO THIS
 3  COURT AND ASKED AT A LATER DATE TO CONTINUE THIS MATTER,
 4  AND SHE ATTACHED THE SAME DECLARATION FROM DR. TORNAY
 5  THAT SHE HAD ATTACHED TO HER MOTION TO CONTINUE THE
 6  JANUARY 30TH HEARING.
 7            IT WAS A DECLARATION DATED JANUARY 17TH.
 8  THERE WAS THERE WAS ABSOLUTELY NO NEW INFORMATION BEFORE
 9  THIS COURT REGARDING ANY DOCTOR ASIDE FROM THE FACT THAT
10  HER REQUEST WAS LATE IN SPITE OF ALL THE SPECIFIC ORDERS
11  THE COURT HAD MADE REGARDING WHEN SHE HAD TO MAKE HER
12  REQUEST TO CONTINUE SO THAT THE RESPONDENT WOULD HAVE AN
13  OPPORTUNITY TO INVESTIGATE WHETHER SHE WAS ACTUALLY ILL.
14  IN FILING THAT DECLARATION JUST DAYS AGO, SHE ATTACHED
15  NO NEW DECLARATIONS, NO NEW INFORMATION, NOTHING WOULD
16  INDICATE AS TO WHAT HER CURRENT CIRCUMSTANCES WERE FROM
17  ANY MEDICAL DOCTOR.
18            GO AHEAD.
19       MR. GINSBERG:  YOUR HONOR, I WANT TO STATE FOR THE
20  RECORD -- AND I MAY HAVE MISSPOKE EARLIER -- NOW,
21  ACTUALLY, I DID NOT.  I WANTED TO STATE FOR RECORD THAT
22  RESPONDENT'S -- RESPONDENT FILED AN EX PARTE
23  APPLICATION, WHICH WAS HEARD ON FEBRUARY 8TH.  THE COURT
24  RULED ON THAT AND A NOTICE OF RULING WHICH INCORPORATED
25  BY REFERENCE JANUARY 23, 2008, ORDER THAT WE'VE BEEN
26  TALKING ABOUT.
27            THE COURT AMENDED THAT ORDER TO INCLUDE ALL
28  THE THINGS I'VE BEEN TALKING ABOUT, ABOUT THE WAIVER AND
```

1   PROVIDING THE DOCTOR'S INFORMATION; SO IT WAS ACTUALLY

2   ON FEBRUARY 8TH THAT THE COURT ADDED THAT ADDITIONAL

3   QUALIFICATION TO THE ABILITY OF THE PETITIONER TO FILE A

4   MOTION TO CONTINUE, AND, FOR THE RECORD, THAT NOTICE OF

5   RULING WAS SERVED, ON DR. HODA ELEMARY AT 21 LA CONTE,

6   C-O-N-T-E, LAGUNA NIGUEL, CALIFORNIA, 92677, ON FEBRUARY

7   12, 2008, AND ON BRIAN JACOBS, ESQ., WHO YOUR HONOR WILL

8   RECALL HAS HAD A -- SOME KIND OF UNDEFINED, PERIPHERAL

9   INVOLVEMENT IN THIS MATTER, IN FURTHERANCE OF WHAT ONE

10  COULD CALL A NOTICE OF ASSOCIATION ARE, AND AT

11  MR. JACOBS' ADDRESS FOR 467 SOUTH ARNAZ DRIVE, SUITE

12  319, LOS ANGELES, CALIFORNIA, 90048.

13          SO THOSE ORDERS, YOUR HONOR, IN THE EVENT

14  THAT THERE WAS ANY CONCERN THAT PETITIONER HUNG UP OR

15  WAS NOT ON THE PHONE TO HEAR CERTAIN PARTS OF IT, THOSE

16  WERE INCORPORATED IN THE NOTICE OF RULING WHICH WERE SET

17  FORTH ON -- I'M SORRY, WHICH WERE SERVED ON FEBRUARY 12.

18          IN ADDITION, AND TO BE CLEAR, AT PARAGRAPH

19  1 OF THAT NOTICE OF RULING, PETITIONER RECEIVED NOTICE,

20  AS DID MR. JACOBS, THAT IT -- THE COURT HAD SET

21  ADDITIONAL TRIAL DATES IN THIS MATTER THROUGH MAY 5, 6,

22  7, AND 8, AND TO BE CLEAR, QUOTE, I'M READING FROM PAGE

23  2, LINE 6, OF THAT NOTICE, QUOTE, THE COURT ORDERS THAT

24  MARCH 20 AND MARCH 27TH, 2008, TRIAL DATES, AT 1:30

25  P.M., IN DEPARTMENT G OF THE LOS ANGELES SUPERIOR COURT

26  WEST DISTRICT, REMAIN IN PLACE AND NOT CONTINUED.

27          THE COURT:  RIGHT, AND I WILL INDICATE THAT AFTER

28  THE LINE WENT DEAD DURING OUR JANUARY 23RD HEARING, THE

```
 1   COURT MADE THOSE SPECIFIC ORDERS REGARDING, THE NEED TO
 2   FILE THE MOTION WITH THE DETAILED DOCTOR'S DECLARATION.
 3   YOU'RE JUST SAYING THAT THAT WAS NEVER INCORPORATED IN
 4   AN ORDER AFTER HEARING, BUT IT WAS SERVED ON HER AT
 5   LEAST BY FEBRUARY 8TH.
 6        MR. GINSBERG:  FEBRUARY 12 --
 7        THE COURT:  FEBRUARY 12.
 8        MR. GINSBERG:  -- RULING FROM THE FEBRUARY 8TH EX
 9   PARTE APPLICATION.
10        THE COURT:  WELL, ACTUALLY, THOSE ORDERS WERE MADE
11   AS A PART OF THE JANUARY 23RD ORDER.
12        MR. GINSBERG:  THEY WERE, AND THEN THEY WERE
13   SLIGHTLY AMENDED ON FEBRUARY 8TH, WHICH IS NOT REALLY OF
14   IMPORT.
15        THE COURT:  ALL RIGHT.  WELL, THE COURT WILL
16   INDICATE THAT BASED ON DR. ELEMARY'S CONDUCT TODAY, IT'S
17   CLEAR THAT SHE VOLUNTARILY EXISTED THE COURTROOM IN THE
18   MIDDLE OF OUR PROCEEDING, VOLUNTARILY, AND I BELIEVE IT
19   IS CONNECTED WITH HER DESIRE NOT TO PROCEED WITH THIS
20   CASE AND TO DELAY THE CASE, AND THAT IS SORT OF
21   CONSISTENT WITH HER PATTERN.  I WILL INDICATE THAT EVEN
22   AFTER SHE HUNG UP AFTER JANUARY 23, 08, I CONTINUED THAT
23   IN SPITE OF FACT -- WHETHER SHE HUNG UP OR WHETHER SHE
24   GOT DISCONNECTED, I DID CONTINUE THAT BUT WAS CONCERNED
25   THAT WE NEEDED TO KNOW MORE SPECIFIC AND DETAILED
26   INFORMATION ABOUT HER ALLEGED OR -- HER MEDICAL
27   CONDITION, WHICH I -- WHICH I THOUGHT WAS NOT EXACTLY
28   SPECIFICALLY DESCRIBED BY DR. TORNAY IN HIS JANUARY 17
```

38

1    DECLARATION.

2            I THINK IT LEFT A LOT TO BE DESIRED, AND

3    THAT'S WHY I MADE THE SPECIFIC ORDER THAT THERE WAS

4    ANOTHER REQUEST TO CONTINUE.  IT WAS TO HAVE A NEW

5    DECLARATION, AND RESPONDENT WAS TO HAVE THE OPPORTUNITY

6    TO DEPOSE THE DOCTOR.

7            MR. GINSBERG:  AND, YOUR HONOR, IF I MAY, I WOULD

8    NOT WANT THE RECORD TO BE WITHOUT A STATEMENT ON BEHALF

9    OF RESPONDENT AND THROUGH ME.  THAT IS NOT EXPERIENCE IN

10   THE WAY THIS CASE HAS BEEN MANAGED BY THIS COURT FROM

11   THE BEGINNING THAT WITH REGARD TO WHETHER IT WAS THE

12   REQUEST THAT MATTERS BE HEARD AT 1:30, WHETHER IT WAS

13   THE REQUEST FOR HEARING FOR EX PARTE APPLICATIONS WHEN

14   THERE WAS, IN FACT, NO PROPERLY PREPARED OR PRESENTED

15   EX PARTE APPLICATION BY THE PETITIONER OR WHETHER IT

16   HAS, AS EVIDENCED BY THE RECORD TODAY -- THE WILLINGNESS

17   OF THIS COURT TO PERMIT PETITIONER TO PRESENT HER

18   POSITION STATEMENTS, IF YOU WILL, OR HER ARGUMENTS TO

19   THIS COURT, NO MATTER HOW OFFENSIVE, OR CONTEMPTIBLE, OR

20   RUDE I MAY HAVE THOUGHT THEY WERE, I THOUGHT THIS COURT

21   HAS THROUGH THE -- FROM THE BEGINNING, PERMITTED

22   PETITIONER TO, FOR LACK OF A BETTER TERM, ACT OUT AS SHE

23   HAS CONSISTENTLY DONE, AND WE THANK YOU FOR THAT IN

24   PRESERVE THE RECORD SO THAT WE MAY ULTIMATELY GET TO A

25   JUDGMENT AND THAT MR. HARBERT IS NOT SUBJECTED TO ANY

26   FURTHER OF THESE TYPES OF ACTIONS, HOPEFULLY, ONCE WE

27   HAVE AN ADJUDICATION ON THIS MATTER.

28            THE COURT:  OKAY.  HOW DO YOU WANT THE COURT TO

39

1   PROCEED?  BECAUSE, OBVIOUSLY, PETITIONER HAS NOT

2   PRESENTED -- IS NOT HERE TO PRESENT EVIDENCE.

3        MR. GINSBERG:  WHAT I THINK -- WHAT RESPONDENT

4   WOULD REQUEST IS THAT GIVEN THE TIME PARAMETERS OF

5   TODAY, THAT I BE PERMITTED TO PRESENT LIMITED ARGUMENT

6   ON THE MOTION IN LIMINE AND ON THE ORAL MOTION FOR

7   JUDGMENT.  I WOULD ASK THAT YOUR HONOR CONSIDER THOSE

8   AND OUR -- RESPONDENT'S REQUEST WOULD BE THAT WE THEN

9   PROCEED WITH OFFER OF PROOF WHETHER IT'S A -- NEXT

10  THURSDAY, THE 27TH, I DON'T THINK WE'LL HAVE TIME TODAY

11  AND THAT WE PROVIDE TO YOUR HONOR SUFFICIENT BASIS,

12  ASSUMING YOUR HONOR WISHES TO HAVE IT OR WISHES TO HAVE

13  FURTHER INFORMATION THAN IS SET FORTH IN THE MOTIONS,

14  THAT WE PROCEED WITH THE OFFERS OF PROOF SO THAT WE MAY,

15  IN FACT, REQUEST AND SEEK THE JUDGMENT ON BEHALF OF

16  RESPONDENT.

17        IT IS RESPONDENT'S POSITION AND PERSPECTIVE

18  THAT THE COURT HAS JURISDICTION, THE ABILITY, AND THE

19  EVIDENTIARY BASIS TO GRANT THE JUDGMENT IN FAVOR OF

20  RESPONDENT BASED ON THE INFORMATION THE LAWS, THE

21  CITATIONS AND THE EVIDENCE SET FORTH IN THE MOTIONS.

22        AGAIN, HOWEVER, RESPONDENT IS COGNIZANT OF

23  THE DESIRE OF THIS COURT TO HAVE A RECORD, AND WE WOULD

24  CERTAINLY BE WILLING TO PROCEED WITH OFFERS OF PROOF AT

25  LEAST IF NOT THE FULL CASE.  I WANT THIS COURT TO

26  UNDERSTAND, I WANT THE RECORD TO BE VERY CLEAR.

27  RESPONDENT IS ABSOLUTELY PREPARED TO PRESENT HIS FULL

28  CASE, WHICH INCLUDES IMPEACHMENT EVIDENCE AND TESTIMONY

```
 1   WITH REGARD TO PLAINTIFF'S -- PLAINTIFF'S POSITION,
 2   WHICH INCLUDES DEPOSITION TESTIMONY FROM VAN HOOVER, THE
 3   57-YEAR SECRETARY, I BELIEVE, OF MR. HARBERT; TO PRESENT
 4   THE EVIDENCE FROM MR. IAN EDGE, WHO IS THE EXPERT
 5   DESIGNATED ON THE ISSUES OF VALIDITY OF EGYPTIAN
 6   MARRIAGES AND EGYPTIAN ISLAMIC LAW, TO HAVE THE
 7   PRESENTATION OF DEPOSITION TESTIMONY FROM THE PETITIONER
 8   HERSELF WHICH IMPEACHES HER OWN POSITION; AND, FURTHER,
 9   TO HAVE TESTIMONY FROM MR. HARBERT'S TWO DAUGHTERS, WHO
10   WILL COME TO LOS ANGELES IF NECESSARY TO TESTIFY WITH
11   REGARD TO THEIR INTERACTIONS WITH THE PETITIONER AND
12   THEIR KNOWLEDGE OF HER KNOWLEDGE OF THEIR FAMILY OF
13   PETITIONER'S DECEASED WISE -- I'M SORRY, RESPONDENT'S
14   DECEASED WIFE, JOY HARBERT; AND, SPECIFIC, BASICALLY THE
15   ENTIRE EVIDENCE IN SUPPORT OF THE POSITION THAT
16   PETITIONER'S ASSERTIONS AND PETITIONER'S POSITIONS
17   CANNOT BE TRUE, AND EVEN IF THEY WERE TRUE, UNDER
18   CALIFORNIA LAW, SHE COULD NOT ESTABLISH A VALID MARRIAGE
19   OR A PUTATIVE MARRIAGE BASED UPON THE EVIDENCE.
20        THE COURT:  OKAY.  AS I UNDERSTAND IT, THIS IS THE
21   BIFURCATED ISSUE OF THE VALIDITY OF THE MARRIAGE.  SHE'S
22   ASSERTED IT'S VALID.  YOU'RE ASSERTING IT'S NOT.  SHE
23   WOULD HAVE THE BURDEN IN THAT SITUATION OF PRODUCING
24   EVIDENCE.  SHE'S PRODUCED NO EVIDENCE.  SO YOU'RE ASKING
25   TO PUT ON EVIDENCE EVEN THOUGH SHE'S PRODUCED NO
26   EVIDENCE.
27        MR. GINSBERG:  WHAT WE WOULD ASK FOR, WHICH IS SET
28   FORTH IN THE MOTION FOR JUDGMENT AND IN THE MOTION IN
```

1   LIMINE -- WHAT WE WOULD ASK FOR IS THAT THE PETITIONER'S
2   REQUEST BEFORE THIS COURT OF THE FINDING OF A VALID
3   MARRIAGE OR A -- ANY KIND OF PUTATIVE MARRIAGE, THAT
4   THAT BE DENIED BY THIS COURT BASED ON THE FAILURE TO
5   PRODUCE ANY EVIDENCE; HOWEVER, THERE'S AN ASSERTIVE
6   REQUEST BEFORE THIS COURT WHICH RESPONDENT BELIEVES IS
7   VERY, VERY IMPORTANT ON A GOING-FORWARD BASIS, THAT WE
8   HAVE -- I'VE NEVER DONE THIS BEFORE BECAUSE IT'S NEVER
9   COME UP BEFORE, A JUDGMENT OF NONMARRIAGE; THAT, IN
10  FACT, BY VIRTUE OF THE PETITIONER'S FAILURE TO PRESENT
11  ANY EVIDENCE IN SUPPORT OF HER POSITION, NOT JUST THAT
12  PETITIONER'S POSITION IS DENIED, NOT JUST THAT THERE'S A
13  DISMISSAL WITH PREJUDICE, BUT THERE'S AN A AFFIRMATIVE
14  ADJUDICATION OF NONMARRIAGE BASED ON THAT FAILURE, TO
15  ME, ANY EVIDENTIARY BURDEN.
16         THE PURPOSE, SO THE RECORD AND SO THAT YOUR
17  HONOR IS CLEAR, IS THAT THIS IS THE SIXTH OR SEVENTH
18  CASE -- EIGHTH -- SIXTH, SEVENTH, OR EIGHTH.  THIS IS
19  ONE OF MANY CASES, MANY CIVIL ACTIONS BROUGHT BY THE
20  PETITIONER AGAINST MR. HARBERT AND HIS FAMILY.
21         THIS IS A VEXATIOUS LITIGANT WHO HAS -- AND
22  I USE THIS WORD CAREFULLY -- WHO HAS TERRORIZED THIS
23  FAMILY IN SEEKING MONETARY RELIEF AND MONETARY DAMAGES
24  FROM THEM.  THOSE, TO THE EXTENT THEY STILL EXIST, ARE
25  BEING BROUGHT ELSEWHERE, ONE OF WHICH, YOUR HONOR, WAS
26  FILED IN COURTHOUSE, AS A CIVIL ACTION, THE VERY SAME
27  DAY THAT THIS LEGAL SEPARATION ACTION WAS FILED.
28         NOW, THE CONCERN BY THE HARBERT FAMILY AND

42

```
 1   BY MR. HARBERT, THE RESPONDENT, IS THAT IF THERE IS NO
 2   AFFIRMATIVE ADJUDICATION OF NONMARRIAGE, THERE IS
 3   NOTHING PRECLUDING THE PETITIONER FROM FILING A DIVORCE
 4   ACTION, A LEGAL SEPARATION ACTION, OR SOME OTHER MARITAL
 5   ACTION IN ANY OTHER JURISDICTION.  THE REQUEST IS THAT
 6   WE HAVE AN AFFIRMATIVE FINDING OF NONMARRIAGE, AN
 7   ADJUDICATION OF NONMARRIAGE SO THAT FULL FAITH AND
 8   CREDIT CAN BE BROUGHT TO THIS COURT'S DETERMINATION, AND
 9   THAT SHOULD THE PETITIONER CONTINUE ON THIS PATH -- AND
10   WE HAVE NO REASON TO BELIEVE THAT SHE'S NOT GOING TO --
11   THERE IS A DEFENSE, AT LEAST A LINE OF DEFENSE, FROM THE
12   FAMILY LAW TYPE OF ACTION.
13        THE COURT:  SO IF I WOULD MAKE A FINDING THAT
14   SHE'S PRODUCED NO EVIDENCE AND ON THAT BASIS, GRANT YOUR
15   JUDGMENT, THAT'S NOT A JUDGMENT IN FAVOR OF RESPONDENT?
16        MR. GINSBERG:  YES.  IF THE COURT GRANTS OUR
17   JUDGMENT, WHICH IS THE REQUEST BEFORE YOU AS FAR AS THE
18   MOTION IN THE MEMO OF POINTS AND AUTHORITIES, WHICH I
19   WOULD ASK THAT YOU REVIEW, IF THE -- THAT IS SUPPORTABLE
20   IN YOUR HONOR'S MIND -- AND I'M DEFERRING TO YOUR HONOR
21   -- IF THE JUDGMENT BEING REQUESTED IS SUPPORTED BY THAT,
22   IS CORRECT, AND WE BELIEVE IT IS, THEN WE'RE FINISHED.
23        THE COURT:  AS OPPOSED TO MAKING A FINDING THAT
24   THERE'S NO EVIDENCE BEING PRESENTED BY PETITIONER AND,
25   THEREFORE, THE DAY THE CASE IS DISMISSED, YOU WANT A
26   JUDGMENT, AS OPPOSED TO A DISMISSAL.
27        MR. GINSBERG:  WE WANT A JUDGMENT OF NONMARRIAGE.
28   IT IS VERY IMPORTANT, AND I WOULD ASK THAT YOUR HONOR --
```

```
 1  AND THESE ARE ALL BECAUSE OF THIS ANIMAL THAT IS BEING
 2  CREATED BY THIS, WHICH, AT LEAST I HAVE NOT DEALT WITH
 3  IN THE PAST BECAUSE IT IS A VERY UNIQUE CIRCUMSTANCE, I
 4  WOULD ASK THAT YOUR HONOR REVIEW THE MEMORANDUM OF
 5  POINTS AND AUTHORITIES, OF WHICH I KNOW YOU WILL, IN
 6  SUPPORT OF THE MOTION FOR JUDGMENT, AND WILL ALSO FOR
 7  THE RECORD, FILE AN ADDITIONAL MEMO OF POINTS AND
 8  AUTHORITIES, WHICH I REFERENCED EARLIER, WHICH WE HAD
 9  PREPARED IN THE EVENT THE PETITIONER DID NOT APPEAR AND
10  WAS NOT GOING TO BE PRESENTING ANY CASE BECAUSE THE LAW
11  IS THAT AS LONG AS PETITIONER HAD 15 DAYS' NOTICE AND
12  THE ISSUE IS PRESENTED AND RIGHT BEFORE THIS COURT,
13  BASED UPON THE RESPONSE FILED BY THE RESPONDENT THAT
14  THERE CAN BE AN ADJUDICATION, THE RESPONDENT'S POSITION
15  IS BASED ON THE FAILURE TO PROSECUTE BY THE PETITIONER
16  AND FAILURE TO PROVIDE THE EVIDENCE, THAT THIS COURT HAS
17  THE ABILITY AND JURISDICTION TO ENTER THE JUDGMENT IN
18  FAVOR OF RESPONDENT AND MS. TAKESH REMINDED ME, LEST WE
19  FORGET, NO MATTER WHAT THE PETITIONER PROVES -- AND,
20  AGAIN, THIS IS CITED IN THE POINTS AND AUTHORITIES, NO
21  MATTER WHAT PETITIONER PROVES, IF SHE PROVES A MARRIAGE
22  OR A PUTATIVE MARRIAGE, IT'S BIGAMUS, AND THAT BIGAMUS
23  MARRIAGE, BASED ON ALL THE EVIDENCE, CANNOT BE MADE
24  ANYTHING BUT VOID BY THIS COURT.  THERE'S NO
25  JURISDICTION WITHIN CALIFORNIA TO TAKE THAT MARRIAGE,
26  WHICH IS NOT COUNTENANCED UNDER CALIFORNIA LAW AND MAKE
27  IT VALID.
28          THE COURT:  OKAY, AND THAT WAS COVERED IN YOUR
```

```
 1   TRIAL BRIEF.

 2        MR. GINSBERG:  THAT'S CORRECT, AND EXPANDED UPON

 3   IN THE POINTS AND AUTHORITIES.  WE TRIED NOT TO REPEAT

 4   OURSELVES TOO MUCH.

 5        THE COURT:  OKAY.  IF YOU WOULD LIKE TO MAKE ANY

 6   FURTHER ARGUMENT, I AM GOING TO READ THE MOTION IN

 7   LIMINE AND THE OTHER TWO MOTIONS THAT YOU FILED.

 8        MR. GINSBERG:  AND I APPRECIATE THE ABILITY TO

 9   ARGUE FURTHER.  FRANKLY, YOUR HONOR -- FRANKLY, I DON'T

10   KNOW THAT I NEED FURTHER ARGUMENT ON THE POINTS AND

11   AUTHORITIES, WHICH HAVE BEEN SUBMITTED OR ON THE MOTION

12   IN LIMINE, IN LOOKING AT MY NOTES, FRANKLY, AND

13   REVIEWING THE MOTION, I THINK THAT WE HAVE TOUCHED ON

14   MOST EVERY ISSUE THAT IS SET FORTH.  I WOULD OFFER TO

15   FILE AND WOULD ASK THAT I BE PERMITTED TO FILE THE

16   WRITTEN OFFER OF PROOF -- WHICH, IF WE WERE TO PROCEED

17   IN THIS COURT --

18        THE COURT:  WELL, LET ME DO THIS:  I'M NOT GOING

19   TO ACCEPT THAT.  YOU HAVE FILED A TRIAL BRIEF, WHICH I

20   THINK PROBABLY LAYS OUT THE PICTURE THAT IS READ IN THAT

21   DOCUMENT.

22        MR. GINSBERG:  IT DOES.

23        THE COURT:  I DON'T NEED IT AT THIS POINT, BUT SO

24   I'M CLEAR, ARE THE MOTIONS IN LIMINE TO EXCLUDE

25   PETITIONER FROM CALLING WITNESSES OR PRODUCING

26   EXHIBITS -- ISN'T THAT SOMEWHAT MOOT BY THE FACT THAT

27   SHE HAS LEFT -- VOLUNTARILY LEFT THE PROCEEDING AS THE

28   PETITIONER AND HAS PRODUCED NO EVIDENCE.
```

1      MR. GINSBERG:  I DON'T KNOW THAT IT'S MOOT ONLY

2  BECAUSE GIVEN THE NATURE AND CIRCUMSTANCES OF WHAT HAS

3  GONE ON, SHE MAY REAPPEAR AT ANY MOMENT, AND I THINK

4  THAT THAT MOTION IS WELL SUPPORTED BY THE LAW AND THE

5  FACTS AND I THINK THAT FOR THE RECORD, THERE NEEDS TO BE

6  AN AFFIRMATIVE GRANTING OF THAT MOTION BASED ON WHAT

7  COULD POSSIBLY HAPPEN IN THE FUTURE, WHICH WE'RE TRYING

8  TO PRECLUDE.  I DO THINK -- I WON'T USE THE WORD "MOOT.".

9      I THINK IT IS OF LESS IMPORT WITH REGARD TO

10  THE ISSUES BEFORE US IF THE COURT GRANTS THE MOTION FOR

11  JUDGMENT BECAUSE THEN THAT MOTION FOR JUDGMENT IS

12  LARGELY BASED ON OR THE RULING OF THIS COURT WOULD BE

13  LARGELY BASED ON A FINDING THAT, IN FACT, PETITIONER IS

14  PRECLUDED FROM PRESENTING ANY EVIDENCE, HAS FAILED TO DO

15  SO, AND HAS VOLUNTARILY ABSENTED HERSELF IN THE PROCESS.

16  ONE BECOMES, I THINK, SUBSUMED WITHIN THE OTHER.

17      THE COURT:  OKAY, WELL, AT LEAST, AT THIS POINT,

18  THE COURT IS CLEAR THAT SHE HAS VOLUNTARILY ABSENTED

19  HERSELF FROM THIS PROCEEDING AS THE PETITIONER.  SHE

20  WALKED OUT IN THE MIDDLE OF OUR TRIAL AND INDICATED

21  SHE -- YOU COULD DO WHAT YOU WANT.  I'M NOT SURE WHAT

22  THE COMMENT WAS.

23      NORMALLY, IN THAT SITUATION, THE COURT

24  WOULD THEN RULE IN FAVOR OF -- OR NOT RULE IN FAVOR.

25  THAT'S WHAT YOU WANT ME TO DO.  YOU WOULD DENY THE

26  REQUEST BASED ON NO EVIDENCE, AND IT WOULD BE -- THAT

27  WOULD BE A FAILURE TO PRODUCE EVIDENCE AT TRIAL, WHICH

28  IS -- YOU KNOW, HAS SOME EFFECT, BUT YOU WANT ME TO GO

```
 1   FURTHER AND HAVE ME MAKE AN AFFIRMATIVE FINDING OF
 2   NONMARRIAGE.
 3          MR. GINSBERG:  THIS IS THE REQUEST AS SET FORTH IN
 4   THE RESPONSE TO THE PETITION FILED BY THE RESPONDENT,
 5   AND WE BELIEVE THAT BASED UPON THE LAW SUBMITTED TO YOU
 6   IN WHAT YOU HAVE BEFORE YOU, THAT THAT AFFIRMATIVE
 7   FINDING, DUE TO THE FAILURE TO PROSECUTE -- YOU WILL AND
 8   THE FAILURE BY PETITIONER TO MEET HER BURDEN OF PROOF
 9   AND THE FACT THAT EVEN IF SHE DID SUCCEED IN
10   ESTABLISHING BY A PREPONDERANCE OF THE EVIDENCE
11   CONSISTING OF A VALID MARRIAGE OR PUTATIVE MARRIAGE,
12   THAT THERE COULD NOT CONVERT THAT TO A VALID MARRIAGE IN
13   CALIFORNIA BECAUSE IT IS BIGAMUS.
14          THE COURT:  OKAY.  THE COURT WILL REVIEW THE
15   MOTIONS.  THE MATTER WILL BE CONTINUED TO THE EXISTING
16   DATE MARCH 27TH.
17          MR. GINSBERG:  THANK YOU VERY MUCH, YOUR HONOR.
18             (THE PROCEEDINGS WERE ADJOURNED.)
19   //
20
21
22
23
24
25
26
27
28
```

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                  FOR THE COUNTY OF LOS ANGELES

 3
    DEPARTMENT WE G        HON. MICHAEL L. LEVANAS, JUDGE
 4

 5  PLAINTIFF,                    )
                                  )
 6           PETITIONER,          )    NO. SD025099
                                  )
 7      AND                       )
                                  )
 8  DEFT,                         )    REPORTER'S
                                  )    CERTIFICATE
 9           RESPONDENT.          )
    _____)
10

11

12

13       I, LAUREN B. JONES, OFFICIAL REPORTER OF THE

14  SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

15  COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID

16  CORRECTLY REPORT THE PROCEEDINGS CONTAINED HEREIN AND

17  THAT THE FOREGOING PAGES 1 THROUGH 46, INCLUSIVE,

18  COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT OF THE

19  PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

20  ABOVE-ENTITLED CAUSE ON MARCH 20, 2008.

21

22            DATED THIS  25TH  DAY OF MARCH, 2008.

23

24

25

26

27
                          LAUREN B. JONES, CSR NO. 7007
28                        OFFICIAL REPORTER
```

In re Elemary/Harbert                                                     L.A.S.C. Case No. SD 025 099

1                          **DECLARATION OF DENA J. KRAVITZ**

2

3          I, DENA J. KRAVITZ, declare as follows:

4          1.       I am an attorney at law duly licensed to practice before all courts of the State of

5    California, and am an associate with the firm of Harris • Ginsberg LLP, attorneys of records for

6    Respondent herein. I have firsthand, personal knowledge of the facts stated herein, and if called as

7    a witness, I could and would competently testify thereto.

8          2.       I understand that Petitioner claimed on January 23, 2008 to the Court that she had

9    been admitted to Cedars Sinai Medical Center ("Hospital") to undergo surgery a "couple of days"

10   earlier for some tests.

11         3.       Based on prior representations Petitioner has made to the Court, it was my further

12   understanding that Petitioner was scheduled to have surgery on January 28, 2008. Attached as

13   **Exhibit "J"** and incorporated herein by this reference is a true and correct copy of a pleading from

14   Petitioner stating that she would be having surgery on January 28, 2008 (and thus would be unable

15   to attend trial on January 30 and 31, 2008).

16         4.       On January 28, 2008 I went to the Hospital at approximately 10:30 a.m. Upon

17   arriving at the North Tower parking lot, I used the courtesy/information telephone to inquire as to

18   the whereabouts of Petitioner, whom I believed was either in surgery or about to have surgery.

19         5.       Based upon past visits I have made to the Hospital, it is my experience that one can

20   use the courtesy phone to find out where a patient is located and/or whether he or she has been

21   released.

22         6.       After providing the operator with Petitioner's first and last name, Hoda Elemary, and

23   the proper spelling of same, the operator was unable to locate Petitioner, and explained that there did

24   not appear to be a person by the name of Hoda Elemary at the Hospital.

25         7.       Based on my review of the Declaration of Dr. Tornay previously filed by Petitioner,

26   it appeared that Petitioner's surgery involved gastro-intestinal issues. As such, I relayed that to the

27   operator, who then suggested I speak to a volunteer in the Seventh Floor waiting room which was

28   the GI (Gastro-intestinal) floor.

                                                        1

DECLARATION OF DENA J. KRAVITZ
ce F:\1255\Pleadings\dca.020808.DK.exparte.wpd 10:41 AM

In re Elemary/Ha... ert

L.A.S.C. Case No. SD 025 099

1       8.     I then proceeded to the Seventh Floor waiting room where I spoke to a volunteer, Ms.

2  Polin. I explained to Ms. Polin that it was my understanding that Petitioner was having surgery that

3  day, although perhaps she already had surgery or was having surgery later this week. I observed Ms.

4  Polin review her records and flip through the pages of what appeared to be the Hospital surgery

5  schedule. She asked me repeatedly to confirm the name of the Petitioner.

6       9.     Based on her puzzled look, it appeared as though she was unable to find Petitioner's

7  name on the schedule. She confirmed as much by stating that there was no such patient awaiting

8  surgery in the GI department.

9      10.    As I was unsure where in the Hospital Petitioner might be staying, I suggested to Ms.

10  Polin that perhaps she was somewhere else in the Hospital. I then observed Ms. Polin search through

11  her computer and pick up the telephone and call someone. I heard her inquire as to whether the

12  Hospital had a record of Petitioner. Ms. Polin stated that there was no record of Petitioner in the

13  Hospital.

14      11.    I then went to the Information Booth on the street level of the North Tower, where

15  I spoke to a volunteer named Liz. After requesting that they locate this patient, I observed Liz typing

16  on her computer. Liz stated that she could not find any record of Petitioner on the Hospital's

17  computer.

18      12.    Based upon my past experience visiting the Hospital, I am aware that regardless of

19  which Tower a patient is in, the volunteers have access to the location of the patients in all towers.

20  However, to be certain, as I was in the North Tower, I confirmed with Liz that she was also looking

21  at records of patients admitted in the South Tower.

22      13.    Since it appeared that the Hospital had no record of Petitioner, I inquired as to

23  whether the Hospital had any record of Petitioner's doctor, Dr. Tornay. Liz appeared to enter his

24  name and information into the computer. Liz stated that she had no record of Dr. Tornay.

25      14.    I then went to the Case Management Department which is located on the second floor.

26  Upon inquiring about the whereabouts of Petitioner, I observed the person search through his

27  computers. He stated that he could not find a patient by the name of Hoda Elemary.

28  ///

2

DECLARATION OF DENA J. KRAVITZ

ce F:\1255\Pleadings\dca.020808.DK.exparte.wpd 4:19 PM

In re Elemary/Ha_~ert                                    L.A.S.C. Case No.  SD 025 099

15.    As stated above, it is my experience that when a person is attempting to locate a patient in the Hospital, the employees and/or volunteers do furnish this information.  The fact that I was repeatedly told that no one could locate Petitioner in the Hospital records or in the Hospital leads me to believe that Petitioner was not admitted to Cedars Sinai, nor was she undergoing surgery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of February 2008 at Los Angeles, California.

DENA J. KRAVITZ

DECLARATION OF DENA J. KRAVITZ

3

ce  F:\1255\Pleadings\dea.020808.DK.exparte.wpd 4:19 PM

1 | HARRIS · GINSBERG LLP
Larry A. Ginsberg (State Bar No. 125556)
2 | Fahi Takesh (State Bar No. 186665)
6500 Wilshire Boulevard
3 | Suite 1870
Los Angeles, California 90048
4 |
Telephone: (310) 444-6333
5 |
Attorneys for Respondent,
6 | BILL L. HARBERT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 2 5 2008

John A. Clarke, Executive Officer/Clerk

By A. Williams, Deputy

7

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES

11

12 | In re Matter of

13 | Petitioner:    HODA ELEMARY

14 | and

15 | Respondent:   BILL L. HARBERT

CASE NO. SD 025 099

NOTICE OF RULING RE RESPONDENT'S
*EX PARTE* APPLICATION

DATE: February 8, 2008
TIME: 1:30 p.m.
DEPT: G

16 |      Respondent's *Ex Parte* application with regard to the issues set forth below came on for

17 | hearing at 1:30 p.m. on February 8, 2008 in Department G of the Los Angeles Superior Court,

18 | West District, the Honorable Michael I. Levanas, Judge Presiding.   Petitioner was not present,

19 | but submitted a written response to Respondent's *ex parte* application.  Respondent was not

20 | present, but was represented by his counsel, Harris Ginsberg, LLP by Larry A. Ginsberg.  The

21 | issues presented by Respondent to the Court in the subject *ex parte* application were as follows:

22 |      1.    That the Court set four additional trial dates close to the March 27, 2008 trial date

23 | in this matter.

24 |      2.    That all trial dates in this matter commence at 8:30 a.m.

25 |      3.    That Petitioner execute an authorization for the release of her medical records

26 | from Cedars Sinai Medical Center.

27 |      4.    That Petitioner produce all medical records in connection with her claimed

28 | surgery of January 28, 2008 and in support of her claim that she is too ill to attend trial.

1

NOTICE OF RULING
CE F:\1255\Pleadings\nra021208.notice of ruling 11:29 AM

In re ELEMARY/HARBERT _____ L.A.S.C. Case No. SD 025 099

1    5.    That Petitioner accept service of a Notice of Deposition and Request to Produce

2  Documents directed to her claimed physician, Dr. Anthony Tornay.

3    Based upon the moving and responsive papers of the parties, the Court ordered as

4  follows:

5    1.    Additional trial dates are set in this matter for May 5, 6, 7 and 8, 2008 at 1:30 p.m.

6  in Department G of the Los Angeles Superior Court, West District.  The Court orders that the

7  March 20 and March 27, 2008 trial dates at 1:30 p.m. in Department G of the Los Angeles

8  Superior Court, West District, remain in place and are not continued.

9    2.    Respondent's request that all trial dates in this matter commence at 8:30 a.m. is

10  denied.

11    3.    With regard to the medical records and authorizations requested in Respondent's

12  requests numbered 3 through 5 above, said requests are denied.  However, the Court orders as

13  follows:

14    a. The Court finds that the document entitled, "Notice of Involuntary Inability to

15  Respond or Present Petitioner's Defense Commencing on January 28, 2008 Through March 26,

16  2008, at Which Time Petitioner Will Be Fully Recuperated Having Undergone the Necessary

17  Medical Procedures; Recuperation Will Succeed Only If Respondent Ceases and Decisists [Sic]

18  from Her Horasing [Sic] Petitioner, Who Will Not Be Aware of Nor See Any Legal Documents

19  for Eigth [Sic] Weeks," ostensibly dated January 31, 2008 and ostensibly set for March 27, 2008

20  is not a Motion to continue any presently set trial dates.  The Court finds that said document

21  appears to be nothing more than a further Notice of Unavailability in this matter filed by

22  Petitioner.  The Court further notes that the subject document does not have attached to it the

23  requisite and ordered medical and other information as set forth in the Court's Order of January

24  23, 2008, even if it were deemed such a Motion to continue trial.

25    b. The Court iterates its Order of January 23, 2008 whereby Petitioner is ordered

26  to file and serve any documents in support of any potential request to continue the trial dates in

27  this matter by not later than February 29, 2008 by 3:00 p.m.

28  / / /

2

In re ELEMARY/HARBERT                                    L.A.S.C. Case No. SD 025 099

1         c. The Court amends its January 23, 2008 Order with regard to the filing of any

2 Motion to Continue the Trial by Petitioner as follows:

3         i.   In the event Petitioner files a Motion to continue any of the trial dates in

4 this matter (which must be filed and served by not later than 3:00 p.m. on February 29, 2008),

5 said Motion must attach a medical authorization executed by Petitioner in a form acceptable to

6 Cedars-Sinai Medical Center, Dr. Anthony Tornay, and/or any other medical service providers

7 indicated, waiving any and all doctor/patient or other medical privileges with regard to Cedars-

8 Sinai Medical Center or any services provided by said entity, or any of its affiliates or employees,

9 Dr. Anthony Tornay, or any other provider of medical service or advice for Petitioner. Said

10 authorizations must specifically state and shall effectively and fully waive any applicable

11 privileges with regard to any information concerning Petitioner's medical conditions, or status

12 from December 1, 2007 through and including the dates of production of information set by

13 Respondent's counsel through or from the Cedars-Sinai Medical Center, Dr. Anthony Tornay, or

14 otherwise, and shall specifically instruct the immediate provision of all such documentation and

15 information to this Court and to Respondent's attorney's office.

16         ii.   In the event Petitioner files any Motion to continue any trial dates in this

17 matter as set forth herein, failure to attach to said Motion full and complete waivers and

18 authorizations as set forth above with regard to the production of medical information from and

19 after December 1, 2007, shall render the subject Motion defective on its face.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

NOTICE OF RULING
CE F:\1255\Pleadings\nra021208.notice of ruling 11:29 AM

In re ELEMARY/HARBERT                                    L.A.S.C. Case No. SD 025 099

1        iii.  In the event Petitioner files any Motion to continue any of the trial dates in

2    this matter, in furtherance of the above-referenced authorizations and waivers, Respondent shall

3    be permitted to immediately proceed with any reasonable or necessary discovery (including the

4    deposition of Petitioner's doctors) relevant to Petitioner's medical condition or care from and

5    after December 1, 2007 through and including the date of the completion of the subject

6    discovery.

7

8    Dated: February 0 , 2008                    HARRIS • GINSBERG, LLP

9

10

11                                    By: _____

12                                    LARRY A. GINSBERG
                                      Attorney for Respondent

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF RULING
CE F:\1255\Pleadings\nra021208.notice of ruling 11:29 AM

1

<u>PROOF OF SERVICE</u>

2

    I am over the age of eighteen years and not a party to the within action.  My business

3

address is Harris • Ginsberg LLP, 6500 Wilshire Boulevard, Suite 1870, Los Angeles, California

4

90048.

5

    On February 12, 2008, I served the within document(s) described as *NOTICE OF*

6

*RULING RE: RESPONDENT'S EX PARTE APPLICATION* on the interested parties in this

7

action as follows:

8

☒    **BY MAIL** - I caused such envelope, with first-class postage thereon fully prepaid, to be
deposited in a recognized place of deposit of the U.S. mail for collection and mailing to

9

the office/residence of the addressee(s) noted below and on the date shown above
following ordinary business practices.  I am aware that on motion of the party served,

10

service is presumed invalid if postal cancellation date or postage meter date is more than
one day after date of deposit for mailing in affidavit.

11

☐    **BY FEDERAL EXPRESS** - I caused each such envelope to be delivered by Federal

12

Express mail service to the addresses(s) noted below.

13

☐    **BY FACSIMILE SERVICE** - I caused a true copy thereof to be transmitted on the date
shown below from telecopier (310) 444-6330 to the telecopier number published for the

14

addressee(s) as noted below.

15

☐    **BY PERSONAL SERVICE** - I **(delivered) caused** each document identified herein to
be delivered by hand to the addressee(s) noted below.

16

17

| ADDRESSEE(S)/ADDRESS(ES) | FAX NUMBER(S) |
|---|---|
| Dr. Hoda Elemary<br>21 Le Conte<br>Laguna Niguel, CA 92677<br>(949) 715-2022 | 949 499-4141 |
| Brian J. Jacobs, Esq.<br>467 South Arnaz Drive<br>Suite 319A<br>Los Angeles, CA 90048 | 310-858-6489 |

18

19

20

21

22

23

24

    I declare under penalty of perjury under the laws of the State of California that the above

25

is true and correct.

26

    Executed on February 12, 2008, at Los Angeles, CA 90048.

27

28

Martha N. Valdez

PROOF OF SERVICE

xxx FA\255\Proof of Service\POS.MV.wpd 11:57 AM

1