**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DR. HODA ELEMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER:  CV-07-654 |
| | ) | |
| PHILIPP HOLZMANN A.G., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Bill L. Harbert, Sr. ("Mr. Harbert") respectfully submits this Reply Brief in support of his Motion for Partial Summary Judgment ("Motion") filed on April 8, 2008.[1]  For the reasons set forth in the Motion, as well as those set forth below, Mr. Harbert is entitled to summary judgment with respect to Count 7 of Plaintiff's Complaint:

**I.     Plaintiff Failed to Submit Any Extrinsic Evidence Establishing the Intent of
the Parties and Has Not Alleged Any Ambiguity in the Language of the Release.**

In her response to the Motion, Plaintiff Hoda Elemary ("Ms. Elemary") urged this Court to consider extrinsic evidence of the intent of the parties regarding the scope of the Release. Notwithstanding that argument, Plaintiff did not submit any extrinsic evidence to support her position.  Although Ms. Elemary in her brief in opposition to the Motion cites to an "Elemary Declaration" to support her position, she failed to submit any such declaration.  Pl.'s Response at 7-10.  As a result, the court should not consider Ms. Elemary's unsupported assertions.  *See* Fed.

---

[1] Although Ms. Elemary included a certificate of service indicating that she had sent her opposition to the Motion to counsel for Mr. Harbert by U.S. Mail on April 18, 2008, neither of Mr. Harbert's counsel have received the service copy as of April 28, 2008.  The first time that Mr. Harbert's counsel saw Ms. Elemary's opposition was on April 22, 2008, when they received an electronic copy from the clerk's office.

R. Civ. Pro 56(e); *Anderson v. Chevron Corp.*, 933 F. Supp. 52, 61 (D.D.C. 1996) ("[p]laintiffs' boldly unsupported assertion is plainly insufficient to survive summary judgment").

Even if the missing declaration has been submitted, Ms. Elemary still would fall short with her argument. Under California law, extrinsic evidence is admissible only where it is relevant to interpret ambiguity in the language in the contract. *See Pacific Gas*, 69 Cal. 2d at 39 ("extrinsic evidence is not admissible to add to, detract from, or vary the terms of written contract"); E. Allan Farnsworth, Farnsworth on Contracts § 7.12, p. 480 (3d ed. 2004). In order to create a genuine issue of material fact, a party must "come forward with extrinsic evidence sufficient to render the contract reasonably susceptible to [an] alternate interpretation." *Trident Center v. Connecticut General Life Ins. Co.*, 847 F. 2d 564, 570 n.6 (9th Cir. 1988) (applying California law). Here, Ms. Elemary does not contend that the Release is ambiguous or reasonably susceptible to two interpretations. Instead, she asks the Court to ignore the plain language of the Release and to rewrite it to reflect what she now claims to have been the intent of the parties. In short, because Ms. Elemary's assertion that the "parties only intended the Release to cover matters related to the California and Alabama lawsuit" does not establish any ambiguity in the Release, Pl.'s Response at 9, her argument would fail even if she had presented a supporting declaration.

## II.     The Plain Language of the Release Unambiguously Applies to Plaintiff's Civil RICO Claim.

The Court should also reject Ms. Elemary's erroneous and unsupported argument that the Release does not extend to her claim under 18 U.S.C. § 1964 (Civil RICO) because her damages "were not suffered until 2004 at the earliest." Pl.'s Response Motion, p. 10. Plaintiff simply misconstrues the scope of the Release. The Release clearly and unambiguously covers her Civil RICO claims. The Release encompasses three categories of claims. First, the Release covers

claims that Ms. Elemary "had, may have had, now have, or hereafter can shall or may have against [Mr. Harbert] for or by reason of any matter, cause, or thing whatsoever, to and including the date of this Settlement Agreement." Release at ¶ 3.  Second, the Release includes any and all claims Ms. Elemary "had [or] may have had" as of that date against Mr. Harbert that actually were or could have been asserted against him in the California or Alabama lawsuits.  *Id*.  Finally, the Release also bars any and all of Ms. Elemary's claims which "were, or might, or could have been asserted" against him as a result of the four specific activities listed in the Release.  *Id*.

Ms. Elemary does not dispute that her RICO claim arises "by reason of [a] matter" that occurred prior to the date of the Settlement Agreement.  Indeed, she expressly alleged as much in her Complaint.  Complaint at ¶ 92.  Accordingly, the claim falls squarely with the first category of claims that were released.  Even if one accepts for the sake of argument her contention that she could not have brought her Civil RICO claim as part of the lawsuits settled in connection with the Release because her damages did not accrue until later, that does not mean that she can escape the consequences of the Release she signed.  That only means that the second and separate category of claims being released might not provide an alternative basis for entry of summary judgment on the Civil RICO count.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in the Motion, Mr. Harbert is entitled to summary judgment with respect to Count Seven of Plaintiff's Complaint.

Dated: April 28, 2008                                        Respectfully submitted,


                                                            /s/ Roger S. Goldman
                                                            Roger S. Goldman
                                                            (D.C. Bar No. 333294)
                                                            LATHAM & WATKINS LLP
                                                            555 11th Street, N.W.
                                                            Suite 1000
                                                            Washington, D.C. 20004
                                                            Tel: (202) 637-2200
                                                            Fax: (202) 637-2201
                                                            Email: roger.goldman@lw.com


                                                            Of Counsel:
                                                            Matthew H. Lembke
                                                               (admitted *pro hac vice*)
                                                            BRADLEY ARANT ROSE & WHITE LLP
                                                            One Federal Place
                                                            1819 Fifth Avenue North
                                                            Birmingham, AL 35203
                                                            Tel: (205) 521-8000
                                                            Fax: (205) 521-8800
                                                            Email: mlembke@bradleyarant.com

                                                            Attorneys for Defendant Bill L. Harbert, Sr.

**CERTIFICATE OF SERVICE**

I, Roger S. Goldman, hereby certify that on this 28th day of April, 2008, I caused a true and correct copy of the foregoing Reply Brief In Support Of Defendant's Motion For Partial Summary Judgment to be served, via certified mail, postage pre-paid, upon the following:

Hoda Elemary
21 Le Conte
Laguna Niguel, California 92677

/s/ Roger S. Goldman
Roger S. Goldman