IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. HODA ELEMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: CV-07-654 |
| | ) | |
| PHILIPP HOLZMANN A.G., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)

Defendants B.L. Harbert International, LLC ("HILLC"); Harbert International Establishment, Inc. ("HIE"); and Billy Harbert, Jr. (collectively, the "Moving Defendants") move the Court, pursuant to Federal Rule of Civil Procedure 54(b), to make an express determination that there is no just reason for delay and to direct entry of a final judgment as to all claims against the Moving Defendants in this case.  In support of this motion, the Moving Defendants state as follows:

1. On February 6, 2008, the Court entered an Order (Doc. 30) granting the motion to dismiss filed by HILLC and Mr. Harbert, Jr. (Doc. 13).  The Order expressly dismissed all of "Plaintiff's claims against Billy Harbert and HILLC." *Id.*

2. The Order also granted in part the motion to dismiss filed by HIE and Bill L. Harbert, Sr. (Doc. 14).  Specifically, the Order dismissed all of Plaintiff's claims against HIE. Doc. 30.

3. The Court explained in a Memorandum Opinion issued contemporaneously with the Order that Plaintiff's three claims against Mr. Harbert, Jr. were due to be dismissed for failure to state a claim on which relief may be granted (Counts One, Five, and Six) and lack of

personal jurisdiction (Counts Five and Six).  Doc. 31 at 45.  The Court further explained that Plaintiff's two claims against HILLC were due to be dismissed for failure to state a claim upon which relief may be granted (Counts One and Five) and lack of personal jurisdiction (Count Five).  *Id.*  Finally, the Court noted that Plaintiff's sole claim against HIE (Count Five) was due to be dismissed for failure to state a claim and lack of personal jurisdiction.  *Id.*

4. By virtue of its Order dated February 6, 2008, the Court has finally adjudicated Plaintiff's claims against the Moving Defendants.

5. When "multiple parties are involved" in an action, Rule 54(b) gives the Court discretion to "direct the entry of a final judgment as to one or more but fewer than all of the … parties" only upon (1) "an express determination that there is no just reason for delay" and (2) "upon an express direction for the entry of judgment."  Entry of a Rule 54(b) judgment is appropriate here because the Court dismissed Plaintiff's claims against each of the Moving Defendants.  Doc. 30.

6. There is no just reason to delay the entry of final judgment as to all claims asserted against the Moving Defendants.

7. A proposed order is attached hereto as Exhibit A for the Court's consideration.

WHEREFORE, the Moving Defendants request that the Court make an express determination that there is no just cause for delay and direct entry of final judgment as to all claims against them in this case.

Dated: May 19, 2008                                         Respectfully submitted,


                                                            /s/ Matthew H. Lembke
                                                            Matthew H. Lembke
                                                               (admitted *pro hac vice*)

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Tel: (205) 521-8000
Fax: (205) 521-8800
Email: mlembke@bradleyarant.com

Of Counsel:
Roger S. Goldman
(D.C. Bar No. 333294)
LATHAM & WATKINS LLP
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: roger.goldman@lw.com

Attorneys for Defendants Bill L. Harbert
International, LLC; Harbert International
Establishment, Inc.; Billy L. Harbert, Jr.;
and Bill L. Harbert, Sr.

## CERTIFICATE OF SERVICE

I, Roger S. Goldman, hereby certify that on this 19th day of May, 2008, I caused a true and correct copy of the foregoing Motion for Entry of Final Judgment Under Rule 54(b) to be served, via certified mail, postage pre-paid, upon the following:

Hoda Elemary
21 Le Conte
Laguna Niguel, California 92677

/s/ Matthew H. Lembke
Matthew H. Lembke

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. HODA ELEMARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: CV-07-654 |
| | ) |
| PHILIPP HOLZMANN A.G., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

THIS CAUSE came before the Court on a Motion for Entry of Final Judgment Under Rule 54(b) filed by Defendants B.L. Harbert International, LLC; Harbert International Establishment, Inc; and Billy L. Harbert, Jr. (collectively, the "Moving Defendants"). The Court, having reviewed the submissions of the parties, hereby

ORDERS and ADJUDGES that Defendants' Motion for Entry of Final Judgment Under Rule 54(b) is GRANTED. By virtue of the Court's order dated February 6, 2008, the Court has finally adjudicated plaintiff's claims against the Moving Defendants. The Court makes the express determination that there is no just cause for delay and hereby DIRECTS entry of judgment in favor of Defendants B.L. Harbert International, LLC; Harbert International Establishment, Inc; and Billy L. Harbert, Jr. and against plaintiff.

DONE AND ORDERED, this the ____ day of _____, 2008.

_____
Royce C. Lamberth
United States District Judge