UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. HODA ELEMARY, *pro se*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-654 (RCL) |
| PHILLIP HOLZMANN A.G., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

On February 6, 2008, this Court dismissed [31] plaintiff's claims against defendants Billy Harbert, Jr., B.L. Harbert International, LLC, and Harbert International Establishment, Inc., in their entirety. These three defendants have now moved for entry of final judgment [50] pursuant to Federal Rule of Civil Procedure 54(b). Plaintiff has filed no opposition to this motion.

Rule 54(b) provides that "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). In considering a Rule 54(b) motion, "a district court must first determine that it is dealing with a 'final judgment'" – that is, "'an ultimate disposition of a claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). "Once having found finality, the district court must go on to determine whether there is any just reason for delay," and in doing so, it must "take into account judicial administrative interests as well as the equities involved." *Id.* at 8. In

particular, district courts must "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* (quoting *Mackey*, 351 U.S. at 438).

Here, the Court's February 6, 2008 dismissal order did ultimately dispose of plaintiff's claims against these three defendants. (*See* Order of Feb. 6, 2008 [30].) The Court determined plaintiff had failed to state claims against them on which relief could be granted. (*See* Mem. Op. of Feb. 6, 2008 [31].) Plaintiff did not seek reconsideration of the Court's order, and she has not moved to amend her complaint.

Nonetheless, the Court finds the "historic federal policy against piecemeal appeals" provides just reason for delay in entering final judgment for these defendants. *See Mackey*, 351 U.S. at 438. If the Court enters final judgment as to them, plaintiff may immediately appeal the Court's dismissal order, even though three claims against defendant Bill L. Harbert, Sr. remain pending. *See* 28 U.S.C. § 1291 (2008). Thus, "judicial administrative interests" counsel against granting defendants' motion, and defendants offer nothing to suggest the equities favor a different result. They have made no showing that they will suffer harm of any sort should entry of final judgment be delayed until plaintiff's claims against Bill L. Harbert, Sr. have been fully adjudicated. Hence, because piecemeal appeals are disfavored, the Court concludes just reason for delay exists. It is therefore

ORDERED that defendants' motion for entry of final judgment [50] is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, August 18, 2008.